BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER    4750
mbronster@bchlaw.net
JOHN HOSHIBATA         3141
jhoshibata@bchlaw.net
JEANNETTE HOLMES CASTAGNETTI   7211
jcastagnetti@bchlaw.net
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawai`i  96813
Telephone No.:    (808) 524-5644
Facsimile No.:    (808) 599-1881

LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY       7535
hemplaw@hawaiian.net
3175 Elua Street
Lihue, Hawai`i  96766
Telephone No.:    (808) 823-0000
Facsimile No.:    (808) 632-2332

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DARLA ABBATIELLO, | CIVIL NO. CV04 00562 SOM BMK |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS |
| vs. | K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | PIGAO'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT; *(caption continued on next page)* |
| Defendants. | |

```
)  DECLARATION OF COUNSEL;
)  EXHIBITS 1 - 4; CERTIFICATE OF
)  SERVICE
)
)  Hearing:
)  Date:       January 27, 2006
)  Time:       2:00 pm
)  Judge:      Barry M. Kurren
)
)  Trial Date: October 11, 2006
```

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS
K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S
MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT

I.  INTRODUCTION

Plaintiff Darla Abbatiello opposes the Motion of Defendants K.C. Lum, Wilfred Ihu, Gordon Isoda and Dean Pigao For Leave To File A Third Party Complaint, filed December 27, 2005.[1]

Plaintiff has sued Defendants Kauai Police Department ("KPD), the County of Kauai ("County"), Wilfred Ihu (then Acting Chief of Police), K.C. Lum (then Acting Assistant Chief and current Police Chief), Gordon Isoda (then Acting Assistant Chief), Dean Pigao (then Acting Assistant Chief), and Sergeant Irvil Kapua for violations of her civil rights, retaliation, and various pendent state law claims. Originally, Plaintiff sued the individual moving parties in their individual

---

[1] Defendants County of Kauai and Kauai Police Department filed a statement no position and non-appearance on January 6, 2006.

and in their official capacities. Subsequently, Plaintiff agreed to dismiss all claims against the moving parties in their individual capacities. *See Exhibit 1.*

Defendants KC Lum, Wilfred Ihu, Gordon Isoda, and Dean Pigao ("Moving Defendants") now seek leave to file a third party complaint against *former* KPD Chief of Police, George Freitas ("Chief Freitas"), in his official capacity.

As discussed below, the Moving Defendants have not satisfied the conditions of Rule 14 of the *Federal Rules of Civil Procedure* for a sufficient and appropriate third party complaint. To satisfy Rule 14, a moving party must add a person who is not a party who is or may be liable to the movant. By seeking to assert a third-party complaint against former Chief Freitas in his official capacity, the Moving Defendants have not added a new party to this litigation. Moreover, by naming former Chief Freitas in his official capacity, Chief Freitas cannot be held liable – in full or in part – the Moving Defendants. Lastly, allowing the Moving Defendants to bring an official capacity claim against a former KPD employee will unnecessarily complicate this case.

II.   FACTUAL AND PROCEDURAL BACKGROUND

In early January 2004, Plaintiff, then a 15 year KPD veteran and the first female officer promoted to the Narcotics/Vice Unit, informed her superior officers that she received information from a suspect which implicated Defendant

2

Kapua - a KPD sergeant[2] - in criminal activity.  *Complaint, ¶¶ 15 – 33.*  Specifically, the suspect informed Plaintiff that a known drug dealer paid money to Defendant Kapua for protection and "tip-offs" on search warrants. *Id. ¶ 26*.

After reporting the information (that she was duty-bound to report) to her superior officers, Defendant Kapua began intimidating and harassing Plaintiff.  *Id. ¶¶ 35 – 39.*  He used profanities towards her in the workplace and in a crowded public restaurant while in uniform.  *Id. ¶ 38*.  Plaintiff's Narcotics/Vice criminal investigations were also compromised.  Suspects were "tipped off" before Officer Abbatiello executed search warrants.  *Id. ¶ 40*.  Plaintiff even received a death threat in April 2004 when she found that someone wrote her name next to the word 'death' in her dictionary.  *Id. ¶ 46*.

Fearing for her safety, Plaintiff asked that Defendant Kapua be ordered to stay away from her.  *Id. ¶¶ 33, 39*.  KPD took no official action with respect to the stay away order and the harassment by Defendant Kapua continued.  *Id*.

Having been harassed and intimidated by Defendant Kapua, and effectively "iced-out" of Vice, Plaintiff requested a temporary transfer.  *Id. ¶¶ 41 –*

---

[2] There is some ambiguity about whether Defendant Kapua was a KPD sergeant or a detective at the time.

3

*43*.  Plaintiff was transferred on April 2, 2004.  Shortly thereafter and without any prior notice, Plaintiff was demoted and received a reduction in pay.  *Id*. *¶ 45 , 47*.

Plaintiff filed her Complaint on September 14, 2004 asserting the following claims:

| | | |
|---|---|---|
| Count I: | Violation of Plaintiff's civil rights entitling Plaintiff to relief under 42 USC §§ 1983 and 1985; | |
| Count II: | Conspiracy to violate civil rights in violation of 42 USC § 1983; | |
| Count III: | Discrimination and retaliation against Plaintiff in violation of Hawai`i's Whistleblower's Protection Act (Haw. Rev. Stat. Ch. 378 et seq.); | |
| Count IV: | Wrongful termination in violation of public policy pursuant to Haw. Rev. Stat. Ch. 378 et seq.; | |
| Count V: | Negligent supervision/retention; | |
| Count VI: | Intentional infliction of emotional distress; | |
| Count VII: | Negligent infliction of emotional distress; | |
| Count VIII: | Violation of rights secured to Plaintiff pursuant to the Constitution of the State of Hawai`i. | |

Plaintiff named the Moving Defendants, in their individuals and official capacities, Kapua (individually and in his official capacity), the County, and KPD as Defendants.

4

III.   THIS MOTION

More than a year after Plaintiff filed her Complaint, the Moving Defendants seek to drag in *former* KPD Police Chief, George Freitas, who had nothing whatsoever to do with any of the facts of this case. Specifically, the Moving Defendants claim that former Chief Freitas negligently supervised and retained Defendant Kapua, and that he be held responsible for contribution and indemnity. *Exhibit A attached to Motion of Moving Defendants at ¶¶ 8 – 19.*

Former Chief Freitas served as KPD's Chief from 1995 to October 2003 when he retired from KPD. This was long before any of the events alleged in Plaintiff's complaint. *See Exhibit* 2. In spite of the obvious dis-connect in time and in facts, the Moving Defendants contend that "had Chief Freitas taken some action" in response to an incident involving Defendant Kapua in <u>1999</u>, Defendant Kapua "<u>might have been</u>" relieved of his duty or reassigned. *Memorandum in Support of Motion at 4.* In other words, *perhaps* if Chief Freitas *possibly* disciplined Defendant Kapua, the Moving Defendants, the County, and KPD *might not* have retaliated against Plaintiff and *maybe would not* have violated Plaintiff's civil rights.

Such speculative assertions cannot support the requisites of Fed. R. Civ. P. 14. Specifically, the Moving Defendants have failed to show how their

5

proposed third-party complaint would add a new party who is or may be liable to them for all or part of Plaintiff's claims against the Moving Defendants.

IV.   ARGUMENT

   A.   Defendants Do Not Meet the Requisites of Fed. R. Civ. P. 14

Although the Moving Defendants cite to Rule 14 of the *Federal Rules of Civil Procedure* as authority for their Motion, they fail to set forth the Rule and they fail to explain how their motion meets the requirements of Rule 14. Rule 14 governs third-party practice. It provides in pertinent part:

> (a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff.

Moving Defendants seek to add former Chief Freitas as a third-party defendant in his "capacity as former Chief of Police" of KPD and assert claims for negligent supervision/retention and contribution/indemnity. *Proposed Third-Party Complaint, p.2.* In other words, the Moving Defendants are suing Chief Freitas in his official capacity.

Rule 14 requires that the third-party defendant (former Chief Freitas) be a new party to the litigation. By suing Chief Freitas in his official capacity, the Moving Defendants are simply asserting a claim against the County and KPD. As

6

such, the Moving Defendants have not added a new party to the litigation or "a person who is not a party" – they are merely asserting a claim against an entity that is already a party – the County.   Thus, the basic requirement of Rule 14 is not met.

A suit against a state's agencies or against its officers or agents in their official capacities is a suit against the state and not against its officers or agents in their individual capacities.  <u>Makanui v. Department of Education</u>, 6 Haw. App. 397, 406, 721 P.2d 165, 171  (1986) (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).  Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  <u>Graham</u>, 473 U.S. at 166, 105 S.Ct. at 3105 (quoting <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978)).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  <u>Id</u>. (citation omitted). "It is not a suit against the official personally, for the real party in interest is the entity."  <u>Id</u>.

Since the County and KPD are already defendants in this litigation, the Moving Defendants' Third Party Complaint does not comply with Rule 14 which requires a third-party plaintiff to be a person not a party to the litigation.  By

7

naming former Chief Freitas in his official capacity, the Moving Defendants are merely attempting to assert claims against the County. As such, the Moving Defendants would not be adding a new party to their third-party complaint. Therefore, the Motion should be denied.

The Moving Defendants also fail to meet the requirement under Rule 14 that the third-party defendant "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff." Since the third-party complaint names former Chief Freitas in his official capacity and not in his individual capacity, only the County would be liable to the third-party plaintiff (the Moving Defendants). Former Chief Freitas, as a third-party defendant in his official capacity, would <u>not</u> be liable. Accordingly, the requirement under Rule 14 that the third-party defendant "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff" has not been met. Accordingly, this Court should deny the Motion.

Finally, Rule 14 requires that the proposed third-party defendant would be liable to the Moving Defendants for all or part of Plaintiff's claims <u>against them</u>. However, all claims that would give rise to individual liability against the Moving Defendants have now been conditionally dismissed. *See Exhibit* 1.

Counsel for Defendant Gordon Isoda (one of the Moving Defendants) and counsel for the other Moving Defendants proposed, drafted, and circulated a stipulation to dismiss claims against Isoda in his individual capacity. *See Declaration of John Hoshibata and Exhibits 3* and 4. Counsel for the Moving Defendants agreed to enter into a stipulation. *See Exhibit 1*. On December 16, 2005, counsel for Plaintiff signed, in good faith, the stipulation dismissing Plaintiff's claims against the Moving Defendants in their individual capacities without prejudice. *Hoshibata Declaration*.

The "Stipulation for Partial Dismissal Without Prejudice As To Plaintiff's Claims Against Defendants Gordon Isoda, K.C. Lum, Wilfred M. Ihu And Dean Pigao In Their Individual Capacities" ("Stipulation") was signed by John Hoshibata, one of Plaintiff's counsel, on December 16, 2005, after repeated requests to do so by David J. Minkin, Esq., counsel for defendants Lum, Ihu, Isoda and Pigao, and by Jonathan L. Ortiz, Esq., counsel for defendant Isoda. *See, Declaration of John Hoshibata.* At this time, it is simply a matter of completing ministerial acts to have the stipulation final.

Counsel for Moving Defendants have long taken the position that their clients should not be involved in this litigation in their individual capacities. Counsel have - over a long period of time - represented that such is their legal position and have lobbied long and hard for that position to be memorialized by

9

way of the Stipulation that they drafted and presented. Given the likely procedural posture of the case (i.e., there will only be official capacity claims against the Moving Defendants), there is no valid basis to bring in Chief Freitas.[3]

Assuming that the stipulation is entered, only official capacity claims will remain against the Moving Defendants.  As such, only the County would be liable to Plaintiff, and Rule 14 does not allow the Moving Defendants to add Chief Freitas.

B.  Plaintiff will be Prejudiced by the Third-Party Complaint.

*If* this Court finds that the Moving Defendants have met the requirements of Rule 14, the Court has discretion to deny the Motion.  The decision whether to permit impleader is left to the discretion of the trial court. Irwin v. Mascott, 94 F. Supp.2d 1052, 1056 (N.D. Cal. 2000).  "[A] court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case."  Id. (citing Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 439 n. 6 (3d Cir. 1971), cert. denied, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed. 2d 479 (1972) (In deciding whether to permit impleader, a court must consider the following: (1) prejudice to the

---

[3] Plaintiff questions whether the purpose is to attempt to seek to disqualify Bronster Crabtree & Hoshibata for its past representation of Chief Freitas.

original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of motion to implead.)).

If this Court were to permit the third party complaint, it would unnecessarily add an additional party and additional counsel. The jury would be confused about why they have to decide who amongst many KPD employees are responsible, when in fact all that needs to be decided is whether Plaintiff is entitled to recover.

The stipulation provides that the County and KPD will be liable for the conduct of the Moving Defendants. It specifically states that the County and KPD "shall not raise defenses that the acts or omissions of [the Moving Defendants] were outside the course and scope of their employment with the Kauai Police Department and/or the County of Kauai, unless evidence is revealed to the contrary during discovery." *Exhibit 1 at ¶ 3*. Thus, the County will held liable for any wrongs done by the Moving Defendants in their official capacities.

The Moving Defendants bring this Motion sixteen months after Plaintiff filed her Complaint. This Court should question whether the Motion is brought in good faith or is an improper attempt to disqualify Plaintiff's counsel. As set forth by Exhibit 2 attached hereto, it was publicly known that counsel for Plaintiff represented former Chief Freitas in his lawsuit against the County, the then Mayor of Kauai, and various Kauai Police Commissioners. See *Freitas vs.*

11

*County of Kauai, et al.*, Civ. No. CV01-00851 SOM LEK.  By seeking to implead former Chief Freitas, the Moving Defendants will undoubtedly seek to have Plaintiff's counsel removed from the case.

V.   CONCLUSION

This Court should deny the Moving Defendants' motion.  The Moving Defendants have not met their burden and have failed to meet the requirements of Fed. R. Civ. P. 14.  Their proposed third-party complaint does not add a new party to this action.  Moreover, the proposed third-party defendant cannot be held liable – in whole in party – to the Moving Defendants for Plaintiff's claims.  Lastly, Plaintiff would be prejudiced by a third-party complaint that would confuse the jury.

Accordingly, Plaintiff respectfully asks this Court to deny the Motion in its entirety.

DATED:  Honolulu, Hawai`i, January 12, 2006.

      /s/ Jeannette H. Castagnetti
MARGERY S. BRONSTER
JOHN HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
DANIEL G. HEMPEY
Attorneys for Plaintiff
DARLA ABBATIELLO