**ORIGINAL**

McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN  #3639-0
BECKY T. CHESTNUT  #7756-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293
Email: minkin@m4law.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 13 2006

at 2 o'clock and ___ min P.M.
SUE BEITIA, CLERK

Attorneys for Defendants
K.C. LUM, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, <br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>Defendants. | CIVIL NO. CV04-00562 SOM BMK<br><br>DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT (FILED 12/27/05); DECLARATION OF DAVID J. MINKIN; EXHIBIT "D"; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:   January 27, 2006<br>Time:   2:00 p.m.<br>Magistrate Judge Barry M. Kurren<br><br>**Trial Date: October 11, 2006** |

129884.1

**DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT (FILED 12/27/05)**

## I. INTRODUCTION

Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao (collectively "Defendants"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, hereby submit their Reply Memorandum in Support of their Motion for Leave to File Third Party Complaint (filed December 27, 2005) ("Motion") and in response to the arguments and statements made in Plaintiff's Memorandum in Opposition ("Memo in Opp") filed electronically on January 12, 2006 at 3:41 p.m.

## II. ARGUMENT

Plaintiff asserts that this Court should deny the Motion because (1) Chief Freitas is not a new party, (2) he cannot be held liable, and (3) his addition as a named defendant "will unnecessarily complicate this case." See Memo in Opp at 2. Nothing is further from the truth. And there is no good basis, either factually or legally, to preclude the addition of George Freitas as a Third Party Defendant.[1]

---

[1] Plaintiff's Memo in Opp violates Rule 7.4 of the Local Rules of Practice for the United States District Court for the District of Hawaii and was filed three (3) days late. Defendants' Counsel received the Memo in Opp on 1/12/06 at 3:42 p.m. See Declaration of David J. Minkin and Exhibit "D". Simultaneously with the filing of this Reply, Defendants will be filing their Motion to Strike the Memorandum in Opposition ("Motion to Strike") and an Ex Parte Motion to Shorten Time for the Hearing on the Motion to Strike.

As noted in the Memo in Support to the Motion, the Complaint alleges broadly that Defendant Kapua "has a reputation for having a violent temper and background," Complaint ¶ 27, and that he "has had numerous internal complaints lodged against him," id. ¶ 28. Without providing specific--or even approximate--dates, Plaintiff alleges a number of <u>undated</u> incidents in which Defendant Kapua purportedly committed misconduct, such as threatening dispatchers and beating a suspect. <u>See, e.g.</u>, Complaint ¶¶ 26 - 30. Plaintiff thus alleges a longstanding pattern of misconduct by Defendant Kapua, unchecked by KPD.

The Complaint also alleges that Defendants Ihu and Lum, who were both acting police chiefs for periods after Chief Freitas' departure, "indirectly caused the misconduct by Sergeant Kapua" "by reason of their acquiescence in a longstanding practice or custom which constitutes the standard operating procedure of the Kauai Police Department under Acting Chiefs Ihu and Lum." Complaint ¶ 68. The Complaint alleges that Defendants Ihu and Lum, the KPD and the County "were negligent in their supervision of Sergeant Kapua" and that they had the opportunity to exercise control over him. Complaint ¶¶ 89-90.

However, at times relevant to the Complaint, and for approximately eight years, proposed Third-Party Defendant Freitas was the KPD Chief of Police, and therefore had the very same authority over the hiring, supervision, and

discipline of police officers, including Defendant Kapua. See Memo in Opp at 5. This authority included the duty to investigate and resolve complaints of police misconduct.

In fact, the Defendants have learned in discovery that according to KPD documents, during the month of October 1999, an unidentified source alleged that Defendant Kapua revealed official, confidential information with regard to vice operations to a relative of a suspect upon whom a warrant was to be served. See Letter from KPD Deputy Chief Paul Hurley to Inspector Alvin Yoshida dated October 11, 1999, attached to the Memo in Support as Exhibit "B". Although an investigation was ordered, and the accusation was confirmed, See Letter from Vice Commander Clayton K. Arinaga to Inspector Alvin Yoshida dated October 7, 1999, attached to the Memorandum in Support as Exhibit "C", Chief Freitas took no action against Defendant Kapua, and Defendant Kapua was not criminally charged, relieved of duty or disciplined in any way.

Plaintiff claims that George Freitas is not a new party as the County of Kauai is already named as his employer. If all Plaintiff sought was relief from the County of Kauai there would have been no need to identify Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao as parties. But Plaintiff did identify and bring suit against the named Defendants in both their individual and official capacities. See Complaint. It has taken months to get Plaintiffs to stipulate to

dismiss Defendants in their individual capacities. Curiously, Plaintiff still seeks judgment against them in their official capacity notwithstanding the legal authority cited by Plaintiff in her Memo in Opp. See Memo in Opp at 7. Even as of January 12, 2006, Plaintiff refuses to dismiss them from the lawsuit even though they will only remain as defendants in their official capacities.[2]

Defendants have the right pursuant to Rule 14 of the Federal Rules of Civil Procedure to identify George Freitas as a Third Party Defendant for liability purposes. Contrary to Plaintiff's assertion that it is speculation to name Freitas, it is precisely the need to identify him as a Third Party Defendant to guarantee that his name is on the verdict form. Only with him named as a Third Party Defendant will the jury in its deliberations be able to determine whether the actions and/or inactions of Freitas as Chief rather than the conduct of the Defendants contributed to and/or caused the alleged employer negligence in supervision/retention of employee as claimed by Plaintiff in Count V. See Complaint ¶¶ 88-91.

It is pure speculation and conjecture for the Plaintiff to claim that the addition of George Freitas will "complicate" the case and "confuse" the jury. Memo in Opp at 2 and 11. The number of existing defendants -- let alone the number of defense counsel --should never be the basis to preclude the proper

---

[2] In a telephone discussion on January 12, 2006, with one of Plaintiff's attorneys, Defendants' counsel was asked to submit a letter on this issue of dismissal of defendants in their official capacities for the review and consideration of Plaintiff and her counsel.

addition of a third party defendant. As this Court well knows, there are various procedures both pretrial and at trial to insure that all parties receive a fair jury trial.

Finally, Plaintiff asserts that it is improper to bring the motion now and seeks to imply a nefarious motive for doing so. Somehow forgotten by the Plaintiff was the production of documents on August 31, 2005 and September 8, 2005 exceeding two thousand pages. See Declaration of David J. Minkin. Additionally there was the Amended Rule 16 Scheduling Order filed September 28, 2005, which established March 10, 2006, as the deadline for all motions to join additional parties. See Amended Rule 16 Scheduling Order filed 9/28/05.

Plaintiff cannot avoid the inevitability of George Freitas being added as a Third Party Defendant by creatively crafting her Complaint to avoid any mention of him while at the same time identifying actions of Defendant Kapua that form the supposed basis of liability on a claim of negligent supervision and/or retention against the Defendants which allegedly occurred when Freitas was the Chief of Police.

As this Court knows, defense counsel has the ethical and legal responsibility to vigorously represent clients without regard for the dilemma that may befall Plaintiff's counsel given their prior representations. For Plaintiff's counsel to either initiate this action without due consideration to this potential

matter or now to blame defense counsel should not preclude the filing of the Third Party Complaint.

## III. CONCLUSION

In sum, without waiving attorney-client privilege, it would be imprudent to attempt to add a third party defendant without the appropriate basis in fact as evidenced by the discovery following proper consultation with one's clients in the appropriate time frame permitted by the Court. Accordingly, Defendants Lum, Ihu, Isoda and Pigao respectfully request that this Honorable Court grant their Motion for Leave to File Third Party Complaint against George Freitas as it is proper, appropriate and warranted given the claims asserted by Plaintiff herein.

DATED: Honolulu, Hawaii, January 13, 2006.

_____
DAVID J. MINKIN
BECKY T. CHESTNUT

Attorneys for Defendants
K.C. LUM, WILFRED M. IHU,
GORDON ISODA, and DEAN PIGAO