IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, ) | CIVIL NO. CV04-00562 SOM BMK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION |
| vs. ) | |
| ) | |
| COUNTY OF KAUAI, KAUAI ) | |
| POLICE DEPARTMENT, K.C. LUM, ) | |
| WILFRED M. IHU, GORDON ) | |
| ISODA, DEAN PIGAO, IRVIL ) | |
| KAPUA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   INTRODUCTION

Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda, and Dean Pigao (collectively "Defendants") respectfully request that this Court enter an order striking Plaintiff's Memorandum in Opposition to Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion For Leave to File Third Party Complaint, filed January 12, 2006 ("Opposition"). Defendants' Motion for Leave to File Third-Party Complaint ("Motion") was submitted to the Court for filing on December 21, 2005, and a courtesy copy of the unfiled Motion was served to counsel for all parties via U.S. mail. (Decl. of David J. Minkin ("Decl. Minkin") ¶ 2.) Following receipt of the file-stamped copies from the Court on

129867.1

December 27, 2005, the file-stamped page of the Motion and the Notice of Hearing Motion were served to counsel for all parties via U.S. mail that same day. (Id. ¶ 2.) The Motion was assigned a hearing date of January 27, 2006. Plaintiff's Opposition was due on January 9, 2006, but was not filed until January 12, 2006, at 3:41 p.m. (Notice of Electronic filing, a true and correct copy of which is attached hereto as Exhibit "A" to Decl. Minkin.)

As such, Defendants respectfully request that this Court strike Plaintiff's Opposition as untimely.

## II.  ARGUMENT

The Opposition was untimely under Rule 7.4 of the Local Rules of Practice for the United States District Court for the District of Hawai`i ("Local Rules"), which states: "An opposition to a motion set for hearing shall be served and filed not less than eighteen (18) days prior to the date of hearing." LR 7.4. Accordingly, with the January 27, 2006, hearing date, Plaintiff's Opposition was **due on <u>January 9, 2006</u>**. However, Plaintiff **filed her Opposition on <u>January 12, 2006</u>**. Plaintiff's Opposition should be stricken as untimely under Local Rule 7.4.

Courts have recognized the importance of adhering to filing deadlines to assist the district court in maintaining docket control and deciding motions effectively and efficiently. See Leong v. Potter, 347 F.3d 1117 (9th Cir. 2003)

129867.1

2

(holding that it was not an abuse of discretion to enforce court's procedural rules by striking a request for an adverse inference that was made in a supplemental brief that was over-length and filed late and no request for supplemental briefing had been made).[1] The case of Ramsdell v. Bowles, 64 F.3d 5 (1st Cir. 1995) is highly analogous and instructive here. There, on the day that her opposition to the defendants' motion for summary judgment was due, she moved for an extension of time to file her opposition. The plaintiff then filed her opposition the next day, one day late. The magistrate judge granted a motion to strike the opposition as untimely and issued a recommended decision granting the defendants' motion for summary judgment, which the district court adopted. The Ramsdell court found no abuse of discretion by the magistrate judge in striking the opposition as untimely.

---

[1] The Court of Appeals for the Seventh Circuit has stated:
> We lived in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996) (finding no abuse of discretion where district court denied plaintiff's third request for extension of time to oppose motion for summary judgment and granted motion to strike plaintiff's supporting materials filed one day late). See also Crowley v. L.L. Bean, Inc., 361 F.3d 22, 28 (1st Cir. 2004) ("Rules of civil procedure are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency. Within wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them.").

The facts in <u>Ramsdell</u> present a more compelling case for lenient treatment of the untimely filing than the facts in the instant case, and yet the court there found no abuse of discretion. There, the filing that was stricken was an opposition to a dispositive motion that was filed only one day late following a request for an extension of time to file the opposition made before the expiration of the relevant time period. Here, the Opposition was not in response to a dispositive motion but rather a motion to file a third-party complaint. The Opposition was filed three days late, not just one day late. Moreover, Plaintiff never requested an extension of time to file her Opposition but simply filed it late.[2]

Moreover, lack of familiarity with the Federal Rules of Civil Procedure and the Local Rules is not a basis for excusable neglect to excuse a tardy filing. See <u>Marane, Inc. v. McDonald's Corp.</u>, 755 F.2d 106, 111 (7th Cir. 1985) (stating that no member of the bar should be able to plead unfamiliarity with the Federal Rules of Civil Procedure in excuse of his or her tardiness). Plaintiff's stated reason for missing the submission deadline is that Defendants' service of their motion for leave to file third-party complaint was served by mail, resulting in a miscalculation of the deadline for submission of Plaintiff's opposition. (Letter

---

[2] On or before January 9, 2006, Plaintiff could have requested an extension of time to file her Opposition under Rule 6(b)(1) of the Federal Rules of Civil Procedure ("FRCP"). After January 9, 2006, Plaintiff could have sought the Court's permission to file her Opposition under Rule 6(b)(2). Plaintiff did neither but simply filed her Opposition late without seeking leave of Court.

129867.1

4

from J. Hoshibata to D. Minkin, dated 1/12/06, a true and correct copy of which is attached hereto as Exhibit "B" to Decl. Minkin.) Under Local Rule 7.4, however, "[a]n opposition to a motion set for hearing shall be served and filed not less than eighteen (18) days **prior to the date of hearing**." LR 7.4 (emphasis added). The deadline for submitting Plaintiff's opposition is not based on receipt of service of the motion. Plaintiff's lack of familiarity with Local Rule 7.4 does not excuse her tardy submission.

Accordingly, Plaintiff's Opposition should be stricken as untimely under Local Rule 7.4.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Honorable Court to strike Plaintiff's memorandum in opposition to their motion to file third-party complaint, filed on January 12, 2006.

DATED: Honolulu, Hawaii, January 13, 2006.

_____
DAVID J. MINKIN
BECKY T. CHESTNUT

Attorneys for Defendants
K.C. LUM, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO

129867.1

5