Daniel G. Hempey             7535
Law Office of Daniel G. Hempey
3175 Elua Street
Lihue, Hawaii 96766
Telephone No. (808) 632-0000
Facsimile No. (808) 632-2332
hemplaw@hawaii.rr.com

Margery S. Bronster              4750
John T. Hoshibata                3405
Jeannette Holmes Castagnetti     7211
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-5644
Facsimile No. (808) 599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM IN |
| | ) OPPOSITION TO DEFENDANTS |
| vs. | ) K.C. LUM, WILFRED M. IHU, |
| | ) GORDON ISODA AND DEAN |
| COUNTY OF KAUAI, KAUAI POLICE | ) PIGAO'S MOTION TO STRIKE |
| DEPARTMENT, K.C. LUM, WILFRED | ) PLAINTIFF'S MEMORANDUM IN |
| M. IHU, GORDON ISODA, DEAN | ) OPPOSITION TO DEFENDANTS |
| PIGAO, IRVIL KAPUA, | ) K.C. LUM, WILFRED M. IHU, |
| | ) *(caption continued on next page)* |

|  |  |
|---|---|
| Defendants. | ) GORDON ISODA AND DEAN<br>) PIGAO'S MOTION FOR LEAVE TO<br>) FILE THIRD PARTY COMPLAINT,<br>) FILED JANUARY 12, 2006, FILED<br>) ON JANUARY 18, 2006;<br>) DECLARATION OF COUNSEL;<br>) EXHIBIT "A"; CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>)<br>) <u>Hearing</u>:<br>) Date:    January 27, 2006<br>) Time:   2:00 pm<br>) Judge:  Barry M. Kurren<br>)<br>)<br>)<br>) Trial Date: October 11, 2006 |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT, <u>FILED JANUARY 12, 2006, FILED ON JANUARY 18, 2006</u>

I.   <u>INTRODUCTION</u>

Plaintiff Darla Abbatiello ("Plaintiff") opposes Defendants K.C. Lum, Wilfred Ihu, Gordon Isoda and Dean Pigao's "Motion to Strike Plaintiff's Memorandum in Opposition to Defendants K.C. Lum, Wilfred Ihu, Gordon Isoda and Dean Pigao's Motion for Leave to File Third Party Complaint, filed January 12, 2006", filed on January 18, 2006.

II.     PROCEDURAL BACKGROUND

On September 14, 2004, Plaintiff filed a complaint against the County of Kauai, Kauai Police Department, K.C. Lum, Wilfred M. Ihu, Gordon Isoda, Dean Pigao, and Irvil Kapua.  On December 21, 2006, Defendants K.C. Lum, Wilfred Ihu, Gordon Isoda and Dean Pigao (collectively "Defendants") submitted a Motion for Leave to File Third-Party Complaint ("Motion for Leave").  On that same day, Defendants mailed a courtesy copy of the Motion for Leave to all parties.  On December 27, 2006, a hearing for Defendants Motion for Leave was set for January 27, 2006.  On that same day, Defendants mailed a copy of the file-stamped page of the Motion for Leave and Notice of Hearing to the Motion for Leave at all parties.

On January 12, 2006, Plaintiff electronically filed a Memorandum in Opposition to Defendants' Motion for Leave ("Memorandum in Opposition").  On January 13, 2006, Defendants filed a Reply Memorandum in Support of Motion for Leave to filed Third-Party Complaint ("Reply").  On January 18, 2006, Defendants filed a Motion to Strike Plaintiff's Memorandum in Opposition ("Motion to Strike").

2

III.   ARGUMENT

    A.   Plaintiff's Memorandum in Opposition was timely filed

Plaintiff's Memorandum in Opposition was timely filed under Fed. R. Civ. P. 6.  Federal R. Civ. P. 6 states:

> **(a) Computation**.  In computing any period of time prescribed or allowed, by these rules, by the local rules of any district court,
>
> . . .
>
> **(e) Addition Time After Certain Kinds of Service**.  Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a).[1]

The Advisory Committee Notes to the 2005 Amendment to Fed. R. Civ. P. 6 states:

> Rule 6(e) is amended to remove any doubt as to the method for extending the time to respond after service by mail, . . . Three days are added after the prescribed period otherwise expires under Rule 6(a).

Plaintiff's Memorandum in Opposition was due on January 9, 2006, in accordance with Rule 7.4 of the Local Rules of Practice for the United States District Court for the District of Hawai'i ("Local Rules").  Local Rule 7.4 states "An opposition to a motion set for hearing shall be served and filed not less than eighteen (18) days prior to the date of hearing."  However, Plaintiff is afforded an additional 3 days to respond under Local Rule 7.4 when filing in compliance with Fed. R. Civ. P. 5(b)(2)(D).

---

[1] Effective December 1, 2005.

3

The 18-day filing requirement under Local Rule 7.4 is a period of time prescribed by the local rules of any district court. Local Rule 6.1 states "Unless otherwise specified in these rules, time periods prescribed or allowed shall be computed in accordance with Fed. R. Civ. P. 6," Nothing in Local Rule 7.4 specifies that Fed. R. Civ. P. 6 is inapplicable, therefore Fed. R. Civ. P. 6(a) and (e) are applicable to the 18-day filing requirement of Local Rule 7.4.

Plaintiff's Memorandum in Opposition was filed electronically on January 12, 2006 in accordance with Fed. R. Civ. P. 5(b)(2)(D). Therefore, Plaintiff's Memorandum in Opposition was timely filed.

B.   <u>Defendants failed to allege or demonstrate prejudice</u>

Defendants have not alleged and cannot show prejudice by the filing of Plaintiff's Memorandum in Opposition on January 12, 2006.

In <u>Enos v. Marsh</u>, 616 F. Supp. 32 (D. Haw. 1984), this court denied a defendant's motion to strike plaintiffs' late filing of a supplemental memorandum in opposition. 616 F. Supp. at 70-71. This court stated "The court notes first of all that the defendants have alleged no prejudice due to the late filing of the plaintiffs' memorandum. Indeed, the federal defendants have managed to file a reply memorandum," <u>Id.</u> at 71.

In <u>OWBR LLC v. Clear Channel Comm., Inc.</u>, 266 F. Supp.2d 1214

(D Haw. 2003), this court again denied defendants' motion to strike a late pleading because it found no prejudice would result from accepting the filing. 266 F. Supp.2d at 1217, fn 1.

After Defendants' attorney contacted Plaintiff's attorney regarding the Memorandum in Opposition, Plaintiff's attorney offered the Defendants an additional 3 days to file a reply. *See* Declaration of John Hoshibata and Exhibit "A". Defendants declined the offer and filed their Reply only one day after Plaintiff filed her Memorandum in Opposition. It should be noted that Defendants did not allege any prejudice in their Motion to Strike. Defendants cannot show any prejudice has resulted from the filing of Plaintiff's Memorandum in Opposition on January 12, 2006, therefore Defendants' Motion to Strike should be denied.

    C.    <u>Defendants have accepted the filing of Plaintiff's Memorandum in Opposition</u>

As stated above, Plaintiff filed her Memorandum in Opposition on January 12, 2006. No reply may be filed unless an opposition is first filed by the non-moving party. On January 13, 2006, Defendants filed the Reply in accordance with Local Rule 7.4. Defendants accepted Plaintiff's filing of the Memorandum in Opposition and responded accordingly; therefore, the Motion to Strike should be denied.

    D.    <u>Plaintiff's Memorandum in Opposition should be considered by the Court in the interest of administration of justice</u>

Defendants wish to join a Third Party Defendant represented by the County of Kauai and the Kauai Police Department.  Under Local Rule 7.4, a party not opposing a motion must file a statement of no opposition or no position.  The County of Kauai and Kauai Police Department did not file a statement of no opposition.  However, it is incumbent upon the court to decide matters upon the merits.  It would not be in the court's interest to strike Plaintiff's Memorandum in Opposition because it is the only responsive pleading to Defendants' Motion to Strike.

If Plaintiff's Memorandum in Opposition is stricken, at the hearing, Plaintiff intends to bring to the court's attention the case law we rely upon and will orally restate our arguments contained in the Memorandum in Opposition.

Under Local Rule 7.8, "A party who intends to rely at a hearing upon authorities not included in the brief or memorandum of law should provide to the court and opposing counsel copies of the authorities at the earliest possible time prior to the hearing."  Therefore, pursuant to Local Rule 7.8, we have provided the court and opposing counsel copies of the authorities we intend to rely upon at the hearing.

Striking Plaintiff's Memorandum in Opposition would be a waste of judicial resources because it only forces the court to engage in a lengthy hearing in which we restate the arguments in the Memorandum in Opposition.  In the interest of judicial economy, we urge this court to deny Defendants' Motion to Strike and consider Plaintiff's Memorandum in Opposition.

DATED:  Honolulu, Hawaii, January 23, 2006.

/s/ Jeannette Holmes Castagnetti
MARGERY S. BRONSTER
JOHN T. HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
DANIEL G. HEMPEY
  Attorneys for Plaintiff
  DARLA ABBATIELLO