

105 S.Ct. 3099  
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114  
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

Page 1

Briefs and Other Related Documents

Supreme Court of the United States  
KENTUCKY, dba Bureau of State Police, Petitioner  
v.  
James E. GRAHAM et al.  
**No. 84-849.**

Argued April 16, 1985.  
Decided June 28, 1985.

A § 1983 suit was brought against the Commissioner of the Kentucky State Police "individually and as Commissioner" seeking damages for alleged deprivation of federal constitutional rights in warrantless raid and arrest by the state police. The Commonwealth, which was sued only for fees should the plaintiff eventually prevail, was dismissed on Eleventh Amendment grounds. Following settlement, the plaintiff moved for costs and attorney fees. The United States District Court for the Western District of Kentucky awarded costs and fees against the Commonwealth. The Court of Appeals for the Sixth Circuit, in an unpublished opinion, 742 F.2d 1455, affirmed. Certiorari was granted. The Supreme Court, Justice Marshall, held that: (1) liability on the merits and responsibilities for fees go hand in hand and, hence, where a defendant has not been prevailed against, § 1988 does not authorize a fee award against that defendant; (2) a suit against a government official in his/her personal capacity cannot lead to imposition of fee liability on the governmental entity; and (3) instant suit was necessarily litigated as a personal-capacity action, thereby precluding fee award against the Commonwealth, notwithstanding that the Commissioner was sued in both his "individual" and "official" capacities.

Judgment of Court of Appeals reversed.

West Headnotes

**[1] Civil Rights 78 ⇐1482**

78 Civil Rights  
    78III Federal Remedies in General  
        78k1477 Attorney Fees  
            78k1482 k. Results of Litigation; Prevailing Parties. Most Cited Cases  
(Formerly 78k296, 78k13.17(13))  
If a plaintiff prevails in a suit covered by civil rights attorney fee statute [42 U.S.C.A. § 1988], fees should be awarded as costs unless special circumstances would render such an award unjust.

**[2] Civil Rights 78 ⇐1482**

78 Civil Rights  
    78III Federal Remedies in General  
        78k1477 Attorney Fees  
            78k1482 k. Results of Litigation; Prevailing Parties. Most Cited Cases  
(Formerly 78k296, 78k13.17(13))  
Liability on the merits and responsibility for fees go hand in hand and, thus, where a defendant in a suit covered by civil rights attorney fee statute [42 U.S.C.A. § 1988] has not been prevailed against, either because of legal immunity or on the merits, the act does not authorize a fee award against that defendant.

**[3] Federal Civil Procedure 170A ⇐2727**

170A Federal Civil Procedure  
    170AXIX Fees and Costs  
        170Ak2726 Result of Litigation  
            170Ak2727 k. Prevailing Party. Most Cited Cases

**Federal Civil Procedure 170A ⇐2737.3**

170A Federal Civil Procedure  
    170AXIX Fees and Costs  
        170Ak2737 Attorneys' Fees  
            170Ak2737.3 k. Bad Faith, Vexatiousness, Etc. Most Cited Cases  
Prevailing defendants generally are entitled to costs, but are entitled to fees only when the suit was vexatious, frivolous or brought to harass or embarrass the defendant. Fed.Rules Civ.Proc.Rule 54(d), 28 U.S.C.A.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099                                                                           Page 2
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

[4] **Civil Rights 78** ⚷1354

78 Civil Rights
    78III Federal Remedies in General
        78k1353 Liability of Public Officials
            78k1354 k. In General. Most Cited Cases
(Formerly 78k207(1), 78k13.7)
Personal-capacity civil rights suits seek to impose personal liability on a government official for actions he takes under color of state law; in contrast, official-capacity suits generally represent only another way of pleading an action against the entity of which the officer is an agent. 42 U.S.C.A. § 1983.

[5] **Civil Rights 78** ⚷1386

78 Civil Rights
    78III Federal Remedies in General
        78k1385 Parties
            78k1386 k. In General. Most Cited Cases
(Formerly 78k232, 78k13.11)
As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity and it is not a suit against the official personally, for the real party in interest is the entity. 42 U.S.C.A. § 1983.

[6] **Civil Rights 78** ⚷1354

78 Civil Rights
    78III Federal Remedies in General
        78k1353 Liability of Public Officials
            78k1354 k. In General. Most Cited Cases
(Formerly 78k207(1), 78k13.7)
While an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself. 42 U.S.C.A. § 1983.

[7] **Federal Civil Procedure 170A** ⚷361

170A Federal Civil Procedure
    170AII Parties
        170AII(I) Substitution
            170Ak352 Grounds
                170Ak361 k. Officer's Death or Separation from Office. Most Cited Cases
Should a government official die pending resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate; in an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor. Fed.Rules Civ.Proc.Rule 25(d)(1), 28 U.S.C.A.; F.R.A.P.Rule 43(c)(1), 28 U.S.C.A.; U.S.Sup.Ct.Rule 40, subd. 3, 28 U.S.C.A.

[8] **Civil Rights 78** ⚷1354

78 Civil Rights
    78III Federal Remedies in General
        78k1353 Liability of Public Officials
            78k1354 k. In General. Most Cited Cases
(Formerly 78k207(1), 78k13.7)
On the merits, to establish personal liability of a public official in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right, but more is required in an official-capacity action, for the governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. 42 U.S.C.A. § 1983.

[9] **Civil Rights 78** ⚷1351(1)

78 Civil Rights
    78III Federal Remedies in General
        78k1342 Liability of Municipalities and Other Governmental Bodies
            78k1351 Governmental Ordinance, Policy, Practice, or Custom
                78k1351(1) k. In General. Most Cited Cases
(Formerly 78k206(3), 78k13.4(1))
In an official-capacity suit under § 1983, the governmental entity's "policy or custom" must have played a part in the violation of federal law. 42 U.S.C.A. § 1983.

[10] **Civil Rights 78** ⚷1376(2)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099                                                                                                          Page 3
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

78 Civil Rights
   78III Federal Remedies in General
      78k1372 Privilege or Immunity; Good Faith and Probable Cause
         78k1376 Government Agencies and Officers
            78k1376(2) k. Good Faith and Reasonableness; Knowledge and Clarity of Law; Motive and Intent, in General. Most Cited Cases
(Formerly 78k214(2), 78k13.8(1))
An official in a personal-capacity § 1983 action may, depending on his position, be able to assert personal immunity defenses to liability, such as objectively reasonable reliance on existing law. 42 U.S.C.A. § 1983.

[11] **Civil Rights 78** ⚷1376(1)

78 Civil Rights
   78III Federal Remedies in General
      78k1372 Privilege or Immunity; Good Faith and Probable Cause
         78k1376 Government Agencies and Officers
            78k1376(1) k. In General. Most Cited Cases
(Formerly 78k214(1), 78k13.8(1))
In an official capacity action, the personal immunity defenses available to a public official sued in his personal capacity in a § 1983 suit are unavailable and the only immunities that can be claimed are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment. 42 U.S.C.A. § 1983; U.S.C.A. Const.Amend. 11.

[12] **Civil Rights 78** ⚷1465(2)

78 Civil Rights
   78III Federal Remedies in General
      78k1458 Monetary Relief in General
         78k1465 Exemplary or Punitive Damages
            78k1465(2) k. Government Liability. Most Cited Cases
(Formerly 78k275(2), 78k13.17(7))
Punitive damages are not available under § 1983 from a municipality, but are available in a suit against an official personally. 42 U.S.C.A. § 1983.

[13] **Civil Rights 78** ⚷1386

78 Civil Rights
   78III Federal Remedies in General
      78k1385 Parties
         78k1386 k. In General. Most Cited Cases
(Formerly 78k232, 78k13.11)
There is no longer a need to bring official-capacity actions against local government officials, because under *Monell*, local government officials can be sued directly under § 1983 for damages and injunctive or declaratory relief. 42 U.S.C.A. § 1983.

[14] **Federal Courts 170B** ⚷265

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
      170BIV(A) In General
         170Bk264 Suits Against States
            170Bk265 k. Eleventh Amendment in General; Immunity. Most Cited Cases

**Federal Courts 170B** ⚷268.1

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
      170BIV(A) In General
         170Bk268 What Are Suits Against States
            170Bk268.1 k. In General. Most Cited Cases
(Formerly 170Bk268)

**Federal Courts 170B** ⚷269

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
      170BIV(A) In General
         170Bk268 What Are Suits Against States
            170Bk269 k. State Officers or Agencies, Actions Against. Most Cited Cases
Unless a state has waived its Eleventh Amendment immunity [U.S.C.A. Const.Amend. 11] or Congress has overridden it, a state cannot be sued directly in its own name, regardless of the relief sought; thus, implementation of state policy or custom may be reached in federal court only because official-capacity

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099 Page 4
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

actions for prospective relief are not treated as actions against the state.

[15] **Civil Rights 78 ⇌1480**

78 Civil Rights
    78III Federal Remedies in General
        78k1477 Attorney Fees
            78k1480 k. Parties Entitled or Liable; Immunity. Most Cited Cases
(Formerly 78k294, 78k13.17(11))
A suit against a government official in his or her personal capacity cannot lead to imposition of fee liability on the government under civil rights attorney fee statute; victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him and unless a distinct cause of action is asserted against the entity itself, the entity is not even a party to a personal-capacity lawsuit and has no opportunity to present the defense; disapproving *Glover v. Alabama Department of Corrections*, 753 F.2d 1569. 42 U.S.C.A. § 1983.

[16] **Federal Civil Procedure 170A ⇌2731**

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2731 k. Persons Liable. Most Cited Cases
That a plaintiff has prevailed against one party does not entitle him to fees from another party, let alone from a nonparty. Fed.Rules Civ.Proc.Rule 25(d)(1), 28 U.S.C.A.; F.R.A.P.Rule 43(c)(1), 28 U.S.C.A.; U.S.Sup.Ct.Rule 40, subd. 3, 28 U.S.C.A.

[17] **Civil Rights 78 ⇌1480**

78 Civil Rights
    78III Federal Remedies in General
        78k1477 Attorney Fees
            78k1480 k. Parties Entitled or Liable; Immunity. Most Cited Cases
(Formerly 78k294, 78k13.17(11))
Permitting a § 1988 fee award against a governmental entity in an action against a government official in his/her personal capacity would be inconsistent with the *Monell* rule that a municipality cannot be made liable under § 1983 on a respondeat superior basis. 42 U.S.C.A. §§ 1983, 1988.

[18] **Civil Rights 78 ⇌1479**

78 Civil Rights
    78III Federal Remedies in General
        78k1477 Attorney Fees
            78k1479 k. Proceedings, Grounds, and Objections in General. Most Cited Cases
(Formerly 78k293, 78k13.17(10))
Just as Congress rejected making § 1983 a "mutual insurance" scheme, Congress sought to avoid making § 1988 a "relief fund for lawyers." 42 U.S.C.A. §§ 1983, 1988.

[19] **Civil Rights 78 ⇌1482**

78 Civil Rights
    78III Federal Remedies in General
        78k1477 Attorney Fees
            78k1482 k. Results of Litigation; Prevailing Parties. Most Cited Cases
(Formerly 78k296, 78k13.17(13))
Section 1988 does not create attorney fee liability where merits liability is nonexistent. 42 U.S.C.A. § 1988.

[20] **Civil Rights 78 ⇌1480**

78 Civil Rights
    78III Federal Remedies in General
        78k1477 Attorney Fees
            78k1480 k. Parties Entitled or Liable; Immunity. Most Cited Cases
(Formerly 78k294, 78k13.17(11))
Section 1983 damages action brought against Commissioner of Kentucky State Police to recover for alleged violation of federal constitutional rights in warrantless raid and arrest by state police was necessarily litigated as a personal-capacity action and it was error to award § 1988 fees against the Commonwealth, notwithstanding that complaint expressly named the Commissioner in both his "individual" and "official" capacities and that the Commonwealth was named as a defendant for limited purposes of fee award; given Eleventh Amendment doctrine and fact that the Commonwealth had not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099 Page 5
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

waived Eleventh Amendment immunity, there could be no doubt that the damages action did not seek to impose monetary liability on the Commonwealth and absent liability on the merits fees could not be awarded against the Commonwealth. 42 U.S.C.A. §§ 1983, 1988; U.S.C.A. Const.Amend. 11.

[21] **Federal Courts 170B ⚖=269**

170B Federal Courts
 170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
  170BIV(A) In General
   170Bk268 What Are Suits Against States
    170Bk269 k. State Officers or Agencies, Actions Against. Most Cited Cases
Eleventh Amendment bar remains in effect when state officials are sued for damages in their official capacity. U.S.C.A. Const.Amend. 11.

[22] **Federal Courts 170B ⚖=272**

170B Federal Courts
 170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
  170BIV(A) In General
   170Bk268 What Are Suits Against States
    170Bk272 k. Injunctive or Mandatory Relief; Declaratory Judgments. Most Cited Cases
In an injunctive or declaratory action grounded on federal law the state's Eleventh Amendment immunity [U.S.C.A. Const.Amend. 11] can be overcome by naming state officials as defendants.

[23] **Federal Courts 170B ⚖=272**

170B Federal Courts
 170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
  170BIV(A) In General
   170Bk268 What Are Suits Against States
    170Bk272 k. Injunctive or Mandatory Relief; Declaratory Judgments. Most Cited Cases
Monetary relief that is "ancillary" to injunctive relief is not barred by the Eleventh Amendment. U.S.C.A. Const.Amend. 11.

[24] **Civil Rights 78 ⚖=1354**

78 Civil Rights
 78III Federal Remedies in General
  78k1353 Liability of Public Officials
   78k1354 k. In General. Most Cited Cases
(Formerly 78k207(1), 78k13.7)

**Civil Rights 78 ⚖=1480**

78 Civil Rights
 78III Federal Remedies in General
  78k1477 Attorney Fees
   78k1480 k. Parties Entitled or Liable; Immunity. Most Cited Cases
(Formerly 78k294, 78k13.17(11))
Only in an official-capacity action is a plaintiff who prevails entitled to look for relief, both on the merits and for fees, to the governmental entity employing the offending official.
**\*\*3101 \*159 Syllabus** [FN*]

 FN* The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 287, 50 L.Ed. 499.

Respondents were arrested following the warrantless raid of a house in Kentucky by local and state police officers who were seeking a murder suspect. Claiming a deprivation of federal rights allegedly resulting from the police's use of excessive force and other constitutional violations accompanying the raid, respondents filed suit in Federal District Court under, *inter alia,* 42 U.S.C. § 1983, seeking money damages. Among the named defendants were the Commissioner of the Kentucky State Police, "individually and as Commissioner," and the Commonwealth of Kentucky, which was sued only for attorney's fees should respondents eventually prevail. The District Court, relying on the Eleventh Amendment, dismissed the Commonwealth as a party. On the second day of trial, the case was settled in favor of respondents, who then moved that the Commonwealth pay their costs and attorney's fees pursuant to 42 U.S.C. § 1988, which provides that in any action to enforce § 1983, the court may allow "the prevailing party ... a reasonable

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099  
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114  
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

Page 6

attorney's fee as part of the costs." The District Court granted the motion, and the Court of Appeals affirmed.

*Held:* Section 1988 does not allow attorney's fees to be recovered from a governmental entity when a plaintiff sues governmental employees only in their personal capacities and prevails; accordingly, since this case was necessarily litigated as a **\*\*3102** personal-capacity and not as an official-capacity action, it was error to award fees against the Commonwealth. Pp. 3104-3108.

(a) While § 1988 does not define the parties who must bear the costs, the logical place to look for recovery of fees is to the losing party. Liability on the merits and responsibility for fees go hand in hand. Where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant. Pp. 3104-3105.

(b) Personal-capacity suits seek to impose personal liability upon a government officer for actions he takes under color of state law, whereas official-capacity suits against an officer are generally treated as suits against the governmental entity of which the officer is an agent. With this distinction in mind, it is clear that a suit against a government officer**\*160** in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity. Pp. 3105-3107.

(c) To hold that fees can be recovered from a governmental entity following victory in a personal-capacity action against government officials would be inconsistent with the rule that the entity cannot be made liable on the merits under § 1983 on a *respondeat superior* basis. Nothing in § 1988's history suggests that fee liability was intended to be imposed on that basis. Section 1988 simply does not create fee liability where merits liability is nonexistent. P. 3107.

(d) Although the State Police Commissioner was named as a defendant in both his "individual" and "official" capacities and the Commonwealth was named as a defendant for the limited purpose of a fee award, there can be no doubt, given Eleventh Amendment doctrine, that the action did not seek to impose monetary liability on the Commonwealth. Absent waiver by a State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court, a bar that remains in effect when state officials are sued for damages in their official capacity. Accordingly, an official-capacity damages action could not have been maintained against the Commissioner in federal court. Respondents cannot seek damages from the Commonwealth simply by suing Commonwealth officials in their official capacity, nor did respondents' action on the merits become a suit against the Commonwealth by simply naming it as a defendant on the limited issue of fee liability. Pp. 3107-3108.

(e) *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522, did not alter the basic philosophy of § 1988 that fees and merits liability run together, nor did it hold or suggest that fees are available from a governmental entity simply because a government official has been prevailed against in his or her personal capacity. P. ----.

742 F.2d 1455, (CA 6 1984), reversed.

*George M. Geoghegan, Jr.,* Assistant Attorney General of Kentucky, argued the cause for petitioner. With him on the brief were *David L. Armstrong,* Attorney General, and *Cathy Cravens Snell.*
*Jack M. Lowery, Jr.,* argued the cause for respondents. With him on the brief was *Hollis L. Searcy.*\*
\* *Joyce Holmes Benjamin, H. Bartow Farr III, Paul M. Smith,* and *Joseph N. Onek* filed a brief for the National League of Cities et al. as *amici curiae* urging reversal.

**\*161** Justice MARSHALL delivered the opinion of the Court.
The question presented is whether 42 U.S.C. § 1988 allows attorney's fees to be recovered from a governmental entity when a plaintiff sues governmental employees only in their personal capacities and prevails.

I

On November 7, 1979, a Kentucky state trooper was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099    Page 7
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

murdered. Suspicion quickly focused on Clyde Graham, whose step-mother's car was found near the site of the slaying and whose driver's license and billfold were discovered in nearby bushes. That evening, 30 to 40 city, county, and state police officers converged on the house of Graham's father in Elizabethtown, Kentucky. Without a warrant, the police entered the home twice and eventually **\*\*3103** arrested all the occupants, who are the six respondents here. Graham was not among them. [FN1] According to respondents, they were severely beaten, terrorized, illegally searched, and falsely arrested. Kenneth Brandenburgh, the Commissioner of the State Police and the highest ranking law enforcement officer in Kentucky, allegedly was directly involved in carrying out at least one of the raids. An investigation by the Kentucky Attorney General's office later concluded that the police had used excessive force and that a "complete breakdown" in police discipline had created an "uncontrolled" situation. App. to Brief for Respondents 21-22.

> [FN1.] Clyde Graham was killed by a Kentucky state trooper a month later at a motel in Illinois.

Alleging a deprivation of a number of federal rights, respondents filed suit in Federal District Court. [FN2] Their complaint **\*162** sought only money damages and named as defendants various local and state law enforcement officers, the city of Elizabethtown, and Hardin County, Kentucky. Also made defendants were Commissioner Brandenburgh, "individually and as Commissioner of the Bureau of State Police," and the Commonwealth of Kentucky. The Commonwealth was sued, not for damages on the merits, but only for attorney's fees should the plaintiffs eventually prevail. [FN3] Shortly after the complaint was filed, the District Court, relying on the Eleventh Amendment, dismissed the Commonwealth as a party. Based on its Attorney General's report, the Commonwealth refused to defend any of the individual defendants, including Commissioner Brandenburgh, or to pay their litigation expenses.

> [FN2.] Respondents asserted causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as the Fourth, Fifth, Sixth, Eleventh, and Fourteenth Amendments. Complaint ¶ 13. Because the case was settled, there has been no need below to separate out or distinguish any of these purported causes of action. Before this Court, the parties briefed and argued the case as if it had been brought simply as a § 1983 action and we, accordingly, analyze it the same way. Our discussion throughout is therefore not meant to express any view on suits brought under any provision of federal law other than § 1983.

> [FN3.] The complaint states:
> "Pursuant to the provisions of 42 U.S.C. Sec. 1988, the Commonwealth of Kentucky, d/b/a Bureau of State Police is liable for the payment of reasonable attorney fees incurred in this action." Complaint ¶ 4(D).
> According to respondents, "[p]aragraph 4(D) ... states the sole basis for including the Commonwealth as a named party." Brief for Respondents 14.

On the second day of trial, the case was settled for $60,000. [FN4] The settlement agreement, embodied in a court order dismissing the case, barred respondents from seeking attorney's fees from any of the individual defendants but specifically preserved respondents' right to seek fees and court costs from the Commonwealth. Respondents then moved, pursuant to 42 U.S.C. § 1988, that the Commonwealth pay their costs and attorney's fees. At a hearing on this motion, the Commonwealth argued that the fee request had to be **\*163** denied as a matter of law, both because the Commonwealth had been dismissed as a party and because the Eleventh Amendment, in any event, barred such an award. Rejecting these arguments, the District Court ordered the Commonwealth to pay $58,521 in fees and more than $6,000 in costs and expenses. [FN5] In a short *per curiam* opinion relying solely on this Court's decision in *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Court of Appeals for the Sixth Circuit affirmed. *Graham v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099                                                                                                                     Page 8
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

Wilson, 742 F.2d 1455 (1984).

>    FN4. Five thousand dollars came from the city and $10,000 from the County. The remaining $45,000 was to be paid by Commissioner Brandenburgh, both personally and as agent for the "Kentucky State Police Legal Fund." The latter was not a named defendant but presumably represented the interests of the individual officers sued.

>    FN5. Petitioner did not appeal from the award of costs and expenses, and we therefore have no occasion to consider the appropriateness of these portions of the award.

We granted certiorari to address the proposition, rejected by at least two Courts **3104 of Appeals, FN6 that fees can be recovered from a governmental entity when a plaintiff prevails in a suit against government employees in their personal capacities. 469 U.S. 1156, 105 S.Ct. 900, 83 L.Ed.2d 916 (1985). We now reverse.

>    FN6. *Berry v. McLemore,* 670 F.2d 30 (CA5 1982) (municipal officials); *Morrison v. Fox,* 660 F.2d 87 (CA3 1981) (same). At least one Court of Appeals appears to have reached the same result as that of the lower court in this case. See *Glover v. Alabama Department of Corrections,* 753 F.2d 1569 (CA11 1985).

II

[1] [2] [3] This case requires us to unravel once again the distinctions between personal- and official-capacity suits, see *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), this time in the context of fee awards under 42 U.S.C. § 1988. The relevant portion of § 1988, enacted as the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, provides:
"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow *the prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs" (emphasis added).

*164 If a plaintiff prevails in a suit covered by § 1988, fees should be awarded as costs "unless special circumstances would render such an award unjust." S.Rep. No. 94-1011, p. 4 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5911; see *Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 737, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980). Section 1988 does not in so many words define the parties who must bear these costs. Nonetheless, it is clear that the logical place to look for recovery of fees is to the losing party-the party legally responsible for relief on the merits. That is the party who must pay the costs of the litigation, see generally Fed.Rule Civ.Proc. 54(d), FN7 and it is clearly the party who should also bear fee liability under § 1988.

>    FN7. See 6 J. Moore, W. Taggart, & J. Wicker, Moore's Federal Practice § 54.70[1], p. 1301 (1985) ("Costs" are awarded "against the losing party and as an incident of the judgment"); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2666, p. 173 (1983) (" 'Costs' refers to those charges that one party has incurred and is permitted to have reimbursed by his opponent as part of the judgment in the action").

We recognized as much in *Supreme Court of Virginia, supra.* There a three-judge District Court had found the Virginia Supreme Court and its chief justice in his official capacity liable for promulgating, and refusing to amend, a State Bar Code that violated the First Amendment. The District Court also awarded fees against these defendants pursuant to § 1988. We held that absolute legislative immunity shielded these defendants for acts taken in their legislative capacity. We then vacated the fee award, stating that we found nothing "in the legislative history of the Act to suggest that Congress intended to permit an award of attorney's fees to be premised on acts for which defendants would enjoy absolute legislative immunity." 446 U.S., at 738, 100 S.Ct., at 1978. FN8 *165 Thus, liability on the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099  
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114  
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

Page 9

merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant. [FN9] Cf. **\*\*3105**Pulliam v. Allen, 466 U.S. 522, 543-544, 104 S.Ct. 1970, 1981-1982, 80 L.Ed.2d 565 (1984) (state judge liable for injunctive and declaratory relief under § 1983 also liable for fees under § 1988).

> FN8. We did hold that the court and its chief justice in his official capacity could be enjoined from *enforcing* the State Bar Code and suggested that fees could be recovered from these defendants in their enforcement roles. Because the fee award had clearly been made against the defendants in their legislative roles, however, the award had to be vacated and the case remanded for further proceedings. That fees could be awarded against the Virginia Supreme Court and its chief justice pursuant to an injunction against enforcement of the Code further illustrates that fee liability is tied to liability on the merits.
>
> FN9. The rules are somewhat different with respect to prevailing defendants. Prevailing defendants generally are entitled to costs, see Fed.Rule Civ.Proc. 54(d), but are entitled to fees only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. See Hensley v. Eckerhart, 461 U.S. 424, 429, n. 2, 103 S.Ct. 1933, 1937, n. 2, 76 L.Ed.2d 40 (1983).
> We express no view as to the nature or degree of success necessary to make a plaintiff a prevailing party. See Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

A

Proper application of this principle in damages actions against public officials requires careful adherence to the distinction between personal- and official-capacity action suits. [FN10] Because this distinction apparently continues to confuse lawyers and confound lower courts, we attempt to define it more clearly through concrete examples of the practical and doctrinal differences between personal and official capacity actions.

> FN10. Personal-capacity actions are sometimes referred to as individual-capacity actions.

[4] [5] [6] [7] Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. See, *e.g.,* Scheuer v. Rhodes, 416 U.S. 232, 237-238, 94 S.Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." **\*166**Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Brandon, supra, 469 U.S., at 471-472, 105 S.Ct., at 878. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself. [FN11]

> FN11. Should the official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate. In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office. See Fed.Rule Civ.Proc. 25(d)(1); Fed.Rule App.Proc. 43(c)(1); this Court's Rule 40.3.

[8] [9] [10] [11] [12] [13] [14] On the merits, to establish *personal* liability in a § 1983 action, it is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099 Page 10
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

enough to show that the official, acting under color of state law, caused the deprivation of a federal right. See, *e.g., Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the deprivation, *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981) (quoting *Monell, supra,* 436 U.S., at 694, 98 S.Ct., at 2037); thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. *Monell, supra; Oklahoma City v. Tuttle,* 471 U.S. 808, 817-818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *id.,* at 827-828, 105 S.Ct., at 2437, 2438 (BRENNAN, J., concurring in judgment). [FN12] When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such ***167** as objectively reasonable reliance on existing law. See *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (absolute immunity); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (same); ****3106** *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (qualified immunity); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975) (same). In an official-capacity action, these defenses are unavailable. *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); see also *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). [FN13] The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment. While not exhaustive, this list illustrates the basic distinction between personal- and official-capacity actions. [FN14]

  FN12. See *Monell,* 436 U.S., at 694, 98 S.Ct., at 2037 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").

  FN13. In addition, punitive damages are not available under § 1983 from a municipality, *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), but are available in a suit against an official personally, see *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

  FN14. There is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages and injunctive or declaratory relief. See, *e.g., Memphis Police Dept. v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (decided with *Tennessee v. Garner* ) (damages action against municipality). Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (*per curiam* ). Thus, implementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State. See *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. "The course of proceedings" in such cases typically will indicate the nature of the liability sought to be imposed. *Brandon v. Holt,* 469 U.S. 464, 469, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985).

[15] [16] With this distinction in mind, it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity. A victory in a personal-capacity action is a victory against the individual defendant, rather than against the ***168** entity that employs him. Indeed, unless a distinct

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099 Page 11
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

cause of action is asserted against the entity itself, the entity is not even a party to a personal-capacity lawsuit and has no opportunity to present a defense. That a plaintiff has prevailed against one party does not entitle him to fees from another party, let alone from a nonparty. Cf. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Yet that would be the result were we to hold that fees can be recovered from a governmental entity following victory in a personal-capacity action against government officials.

### B

[17] [18] [19] Such a result also would be inconsistent with the statement in *Monell, supra,* that a municipality cannot be made liable under 42 U.S.C. § 1983 on a *respondeat superior* basis. Nothing in the history of § 1988, a statute designed to make effective the remedies created in § 1983 and similar statutes, suggests that fee liability, unlike merits liability, *was* intended to be imposed on a *respondeat superior* basis. On the contrary, just as Congress rejected making § 1983 a "mutual insurance" scheme, 436 U.S., at 694, 98 S.Ct., at 2037, Congress sought to avoid making § 1988 a " 'relief fund for lawyers.' " *Hensley, supra,* at 446, 103 S.Ct., at 1946 (opinion of BRENNAN, J.) (quoting 122 Cong.Rec. 33314 (1976) (remarks of Sen. Kennedy)). Section 1988 does not guarantee that lawyers will recover fees anytime their clients sue a government official in his personal capacity, with the governmental entity as ultimate insurer. Instead, fee liability runs with merits liability; if federal law does not make the government substantively liable on a *respondeat superior* basis, the government similarly is not liable for fees on that basis under § 1988. Section 1988 simply does not create fee liability where merits liability is non-existent.

### 3107 III

[20] [21] [22] [23] We conclude that this case was necessarily litigated as a personal-capacity action and that the Court of Appeals therefore erred in awarding fees against the Commonwealth of **\*169** Kentucky.[FN15] In asserting the contrary, respondents point out that the complaint expressly named Commissioner Brandenburgh in both his "individual" and "official" capacities and that the Commonwealth of Kentucky was named as a defendant for the limited purposes of a fee award. Nonetheless, given Eleventh Amendment doctrine, there can be no doubt that this damages action did not seek to impose monetary liability on the Commonwealth.[FN16]

> FN15. The city and county were sued directly as entities, but that aspect of the case is not before us.
>
> FN16. See also n. 3, *supra.*

The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.[FN17] See, *e.g., Ford Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). This bar remains in effect when State officials are sued for damages in their official capacity. *Cory v. White,* 457 U.S. 85, 90, 102 S.Ct. 2325, 2328, 72 L.Ed.2d 694 (1982); *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). That is so because, as discussed above, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents...." *Brandon, supra,* 469 U.S., at 471, 105 S.Ct., at 878.[FN18]

> FN17. The Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651 (1974). Because this action comes to us as if it arose solely under § 1983, see n. 2, *supra,* we cannot conclude that federal law authorized an official-capacity action for damages against Commissioner Brandenburgh to be brought in federal court.

As to legislative waiver of immunity, petitioners assert that the Commonwealth of Kentucky has not waived its Eleventh

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00562-KSC     Document 86-4     Filed 01/23/2006     Page 12 of 13

105 S.Ct. 3099                                                                                                                   Page 12
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

Amendment immunity. This contention is not disputed, and we therefore accept it for purposes of this case.

FN18. In an injunctive or declaratory action grounded on federal law, the State's immunity *can* be overcome by naming state officials as defendants. See *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); see also *Ex parte Young, supra.* Monetary relief that is "ancillary" to injunctive relief also is not barred by the Eleventh Amendment. *Edelman v. Jordan, supra,* 415 U.S., at 667-668, 94 S.Ct., at 1357-1358.

**\*170** Given this understanding of the law, an official-capacity action for damages could not have been maintained against Commissioner Brandenburgh in federal court. [FN19] Although respondents fail to acknowledge this point, they freely concede that money damages were never sought from the Commonwealth and could not have been awarded against it; [FN20] respondents cannot reach this same end simply by suing State officials in their official capacity. Nor did respondents' action on the merits become a suit against Kentucky when the Commonwealth was named a defendant on the limited issue of fee liability. There is no cause of action against a defendant for fees absent that defendant's liability for relief on the merits. See *supra,* at ----. Naming the Commonwealth for fees did not create, out of whole cloth, the cause of action on the merits necessary to support this fee request. Thus, no claim for merits relief capable of being asserted in federal court was asserted against the Commonwealth of Kentucky. In the absence of such a claim, the fee award against the Commonwealth must be reversed.

FN19. No argument has been made that the Commonwealth waived its Eleventh Amendment immunity by failing specifically to seek dismissal of that portion of the damages action that named Commissioner Brandenburgh in his official capacity. Nor is the Commonwealth alleged to have done so by allowing him to enter the settlement agreement; the Commonwealth did not even have notice of the settlement negotiations.

FN20. Brief for Respondents 17; Tr. of Oral Arg. 18.

### 3108IV

Despite the Court of Appeals' contrary view, the result we reach today is fully consistent with *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). *Hutto* holds only that, when a State in a § 1983 action has been prevailed against for relief on the merits, either because the State was a proper party defendant or because state officials properly were sued in their official capacity, fees may also be available from the State under § 1988. *Hutto* does not alter the basic philosophy of **\*171** § 1988, namely, that fee and merits liability run together. As a result, *Hutto* neither holds nor suggests that fees are available from a governmental entity simply because a government official has been prevailed against in his or her personal capacity.

Respondents vigorously protest that this holding will "effectively destro[y]" § 1988 in cases such as this one. Brief for Respondents 19. This fear is overstated. Fees are unavailable only where a governmental entity cannot be held liable on the merits; today we simply apply the fee-shifting provisions of § 1988 against a pre-existing background of substantive liability rules.

### V

[24] Only in an official-capacity action is a plaintiff who prevails entitled to look for relief, both on the merits and for fees, to the governmental entity. Because the Court's Eleventh Amendment decisions required this case to be litigated as a personal-capacity action, the award of fees against the Commonwealth of Kentucky must be reversed.

*It is so ordered.*

U.S.Ky.,1985.
Kentucky v. Graham

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

105 S.Ct. 3099 Page 13
473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114
**(Cite as: 473 U.S. 159, 105 S.Ct. 3099)**

473 U.S. 159, 105 S.Ct. 3099, 53 USLW 4966, 87 L.Ed.2d 114

Briefs and Other Related Documents (Back to top)

• 1985 WL 670222 (Appellate Brief) Brief for Petitioner (Feb. 28, 1985)
• 1985 WL 670223 (Appellate Brief) Motion for Leave to File Brief Amicus Curiae and Brief for the National League of Cities, the National Association of Counties, and the International City Management Association as Amici Curiae in Support of Petitioner (Feb. 28, 1985)
• 1984 WL 566115 (Appellate Brief) Brief for Respondents (Oct. 01, 1984)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.