ORIGINAL

McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN          #3639-0
BECKY T. CHESTNUT        #7756-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293
Email: minkin@m4law.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 4 2006

at \_\_\_ o'clock and \_\_\_ min \_\_\_ M
SUE BEITIA, CLERK

Attorneys for Defendants
K.C. LUM, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>　　　　Defendants. | CIVIL NO. CV04-00562 SOM BMK<br><br>DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT, FILED JANUARY 12, 2006; DECLARATION OF BECKY T. CHESTNUT; EXHIBIT "A"; CERTIFICATE OF SERVICE |

130570.1

)   Hearing:
)   Date:       January 27, 2006
)   Time:       2:00 p.m.
)   Magistrate Judge Barry M. Kurren
)
)   Trial Date:  October 11, 2006

**DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT, FILED JANUARY 12, 2006**

I.  **INTRODUCTION**

Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda, and Dean Pigao (collectively "Defendants"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, hereby submit their reply memorandum in support of their Motion to Strike Plaintiff's Memorandum in Opposition to Defendants K.C. Lum, Wilfred M. Ihu Gordon Isoda and Dean Pigao's Motion for Leave to File Third-Party Complaint, Filed January 12, 2006 ("Motion to Strike"). Under Rule 7.4 of the Local Rules of Practice for the United States District Court for the District of Hawai`i ("Local Rules"), Plaintiff's Memorandum in Opposition to Defendants K.C. Lum, Wilfred M. Ihu Gordon Isoda and Dean Pigao's Motion for Leave to File Third-Party Complaint ("Opposition to Motion to Amend") was due on January 9, 2006, eighteen (18) days before the hearing set for January 27, 2006. It was untimely filed on January 12, 2006, and should be stricken.

## II. ARGUMENT

### A. FRCP 6(e) Is Not Applicable Where Opposition Deadline Is Measured From Hearing Date

Plaintiff's argument that Rule 6(e) of the Federal Rules of Civil Procedure ("FRCP") affords her an additional three days to file her Opposition to Motion to Amend is misplaced and is not supported by the plain language of the rule and by case law and other authority. FRCP 6(e) states:

> Whenever a party must or may act **within a prescribed period after service** and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a).

FED. R. CIV. P. 6(e) (emphasis added). "**It is important to understand that the three days will be added under Rule 6(e) only when the period in question is measured from the service of a notice or other paper; the subdivision is inapplicable when some other act or event commences the time period**, such as the entry of a judgment, the filing of a notice of appeal, or a motion to remand or remove an action." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 1171 (emphasis added).

That FRCP 6(e) applies only to deadlines triggered and measured by service – rather than another event – is readily reflected in cases interpreting this rule. In <u>Kyle v. Campbell Soup Co.</u>, 28 F.3d 928 (9th Cir. 1994), for example, Local Rule 293(a) of the United States District Court for the Eastern District of

California required the plaintiff to file any post-trial motion for attorney's fees "not later than thirty (30) days after the entry of final judgment." The Court determined that FRCP 6(e) did not apply because E.D. Local Rule 293(a) plainly stated that the time for filing a motion for attorney's fees was within thirty days after the entry of judgment, not of any service. In response to the plaintiff's argument that an attorney's mistake of law is excusable neglect, the Court said: "[T]he confusion is attributable to counsel's misunderstanding and misapplication of the Local Rules and the Federal Rules of Civil Procedure. There is nothing confusing about the rules themselves." Id. at 931 n. 4.[1]

Similarly, here, the deadline for filing an opposition to a hearing motion pursuant to Local Rule 7.4 is measured from the date of the hearing, not from the date of service of the motion or other paper. FRCP 6(e) is not applicable to the deadline for filing an opposition to a hearing motion. There is no case law supporting Plaintiff's interpretation of FRCP 6(e) to apply to the present situation in direct contradiction to the plain language of the rule itself and case law addressing the applicability of FRCP 6(e). Significantly, in her own opposition,

---

[1] See also, e.g., Clements v. Florida E. Coast Ry. Co., 473 F.2d 668 (5th Cir. 1973) ("6(e) has no application, because the action required of plaintiff was not within a prescribed period after service of the order upon him"); Parker v. Bd. of Pub. Utilities, 77 F.3d 1289 (10th Cir. 1996) (holding that Rule 6(e) is not applicable where Rule 59(e) requires motion to alter or amend judgment to be served not later than 10 days after entry of judgment, not service of notice or other paper).

Plaintiff was unable to cite to any authority supporting her interpretation of FRCP 6(e).

There is no factual or legal basis for applying FRCP 6(e) to extend the deadline for filing Plaintiff's Opposition to Motion to Amend under Local Rule 7.4. Accordingly, Defendants respectfully request that this Court strike Plaintiff's Opposition to Motion to Amend as untimely.

### B.     Defendants' Attorneys Worked To Meet Their Filing Deadline

Plaintiff correctly states that Defendants did not argue in their Motion to Strike that there was prejudice to them. Where Plaintiff suggests that Defendants declined Plaintiff's offer of an additional three days to file their reply memorandum in support of their Motion to Amend because there was no prejudice to Defendants, Plaintiff's facts are incomplete. Upon receipt of Plaintiff's Opposition to Motion to Amend at 3:42 p.m. on January 12, 2006, counsel for the Defendants worked late on January 12, 2006, to prepare the reply memorandum in order to meet their January 13, 2006, deadline,[2] as well as to prepare their Motion to Strike and related *ex parte* motion to shorten time on hearing that were necessitated by Plaintiff's untimely filing. (Letter from D. Minkin to J. Hoshibata,

---

[2] Under Local Rule 7.4, the reply memorandum was due eleven (11) days prior to the hearing, January 16, 2006. Because Monday, January 16, 2006, was a holiday, the deadline was moved to Friday, January 13, 2006.

130570.1                                    5

dated 1/13/06, a true and correct copy of which is attached hereto as Ex. "A" to Decl. of Becky T. Chestnut.)

It was not until the following morning, after the work on the submissions was complete, that Defendants' attorney received Plaintiff's offer of a three-day extension to file the reply memorandum in support of the Motion to Amend. (Id.) Defendants rejected Plaintiff's offer of a three-day extension because the time had already been spent on the afternoon and night of January 12, 2006, and the early morning of January 13, 2006, to prepare the necessary submissions.

Prejudice was not argued because Defendants' attorneys worked well past normal business hours to complete the filings.

C.  **Defendants Do Not Dispute That The Opposition to Motion to Amend Was Filed**

Plaintiff's argument that Defendants' filing of their reply memorandum evidences acceptance of Plaintiff's Opposition to Motion to Amend is meritless and unsupported by any legal authority. There is no dispute that the Opposition to Motion to Amend was filed. The issue is the timing of the submission. As the reply memorandum is the only automatically provided response afforded a movant, Defendants were required to file the reply memorandum in order to address the arguments contained in the Opposition to Motion to Amend.

### D. Plaintiff's Opposition Is Not the Only Responsive Pleading to Defendants' Motion to Amend

Plaintiff argues that her Opposition to Motion to Amend is the only response to the Defendants' Motion to Amend, and as such, this Court should decide the matter on its merits. Plaintiff's argument is based on an inaccurate fact. In fact, on January 6, 2006, Defendants County of Kaua`i and Kaua`i Police Department (collectively "County Defendants") filed a Statement of No Position and Non-Appearance on Defendants' Motion to Amend. As such, this Court can conclude that the County Defendants do not oppose the Motion to Amend.

### E. Local Rule 7.8 Does Not Apply

Plaintiff threatens that, should her Opposition to Motion to Amend be stricken, she will repeat and recite the arguments contained therein at the hearing. Plaintiff fails to demonstrate that she is entitled to such action should the Court grant this Motion to Strike. In an effort to comply with Local Rule 7.8, she provides the authority contained in her Opposition to Motion to Amend. However, Plaintiff provides no authority to even support the application of Local Rule 7.8 where the memorandum of law is stricken. Local Rule 7.8 applies when a party "intends to rely at a hearing upon authorities not included in the brief or memorandum of law." If the Opposition to Motion to Amend is stricken, then Local Rule 7.8 does not apply. The opposition and reply deadlines under Local Rule 7.4 assist the district court to decide motions effectively and efficiently, and

to hold otherwise would permit parties to simply submit copies of authorities to the Court at any time regardless of the filing deadlines and present their arguments to the Court at the hearing.

Moreover, Defendants assert that it is improper for Plaintiff to submit her authority for one motion in the responsive papers to another motion. Plaintiff has attached the authority relevant to the Motion to Amend in her opposition to the Motion to Strike. If this Court strikes the Opposition to Motion to Amend, and should this Court determine that Local Rule 7.8 applies to Plaintiff in opposing the Motion to Amend, this Court should at least require that Plaintiff file her Local Rule 7.8 authorities in a filing responsive to the proper motion.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Honorable Court to strike Plaintiff's memorandum in opposition to their motion to file third-party complaint, filed on January 12, 2006.

DATED: Honolulu, Hawai`i, January 24, 2006.

/s/ JCH
_____
DAVID J. MINKIN
BECKY T. CHESTNUT

Attorneys for Defendants
K.C. LUM, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO