IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, ) | CIVIL NO. CV04 00562 SOM BMK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION |
| vs. ) | |
| ) | |
| COUNTY OF KAUAI, KAUAI ) | |
| POLICE DEPARTMENT, K.C. ) | |
| LUM, WILFRED M. IHU, ) | |
| GORDON ISODA, DEAN ) | |
| PIGAO, IRVIL KAPUA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Plaintiff Darla Abbatiello, a police officer with the Kauai Police Department ("KPD"), moves this Court for an order granting leave to amend her Complaint filed on September 12, 2004. Plaintiff seeks to amend her Complaint by adding more detailed allegations that arose after Plaintiff filed her Complaint. No new claims or legal theories have been added.

The proposed amendments are in boldface type in the proposed First Amended Complaint attached hereto as Exhibit A.

This motion is made without undue delay, in good faith and without dilatory motive, and is not unduly prejudicial to any party.

This motion is based on Rule 15(a) of the Federal Rules of Civil Procedure, and is supported by the attached Memorandum in Support of Motion, declaration of counsel, and the records and files of this case.

II.  BACKGROUND

Plaintiff, a police officer with the Kauai Police Department, filed her Complaint on September 12, 2004.  Plaintiff has sued Defendants Kauai Police Department, the County of Kauai, and various high-ranking officials of KPD for violations of her civil rights, retaliation, and various pendent state law claims.  Since the filing of Plaintiff's Complaint on September 12, 2004, new events have happened and facts have arisen that support Plaintiff's claims against Defendants.  Plaintiff seeks to add these allegations to her Complaint.

In addition, previous efforts were made by counsel to streamline this case by dismissing certain named defendants in their individual capacities, while maintaining claims against those individuals in their official capacities.  Counsel for the parties ultimately entered into a stipulation that dismissed without prejudice claims against certain named defendants in their individual capacities, but maintained claims against them in their official capacities.  The parties reserved their respective rights to reassert claims against those defendants in their individual capacities if discovery reveals that their acts or omissions were outside the course and scope of their employment.  *See Declaration of Jeannette H. Castagnetti, at*

*para. 4 & 5; Stipulation for Partial Dismissal Without Prejudice As to Plaintiff's Claims Against Defendants Gordon Isoda, K.C. Lum, Wilfred M. Ihu, and Dean Pigao attached hereto as Exhibit B.*

Although Defendant K.C. Lum was dismissed in his individual capacity pursuant to the stipulation, the new factual allegations that give rise to the First Amended Complaint also give rise to reasserting claims against Defendant K.C. Lum in his individual capacity.  Id. at para. 6; See also Exhibit A at para. 69 – 75.

## III.   DISCUSSION

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend pleadings and provides that "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Amendments should be granted with "extreme liberality."  Owens v. Kaiser Foundation Health Plan, Inc., 244 F. 3d 708, 712 (9th Cir. 2001) (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  The burden of persuading the court that leave should not be granted rests with the nonmoving party.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Four factors are used to determine the propriety of a motion for leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment; and (4) prejudice to the opposing party.  United States v. Webb, 655

F.2d 977, 979 (9th Cir. 1981) (citing Forman v. Davis, 371 U.S. 178, 182, 9 L.Ed.2d 222, 83 S.Ct. 227 (1962)).  See also, DCD Programs, 883 F.2d at 186; Loehr v. Ventura Count Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

   Plaintiff's proposed amendments satisfy each of the foregoing factors. There has been no undue delay by Plaintiff in filing this motion for leave to amend. The motion is being filed before the March 10, 2006 deadline set by this Court for filing motions to amend.

   Nor does Plaintiff file this motion to amend in bad faith or for a dilatory motive.  Rather, since the filing of Plaintiff's Complaint on September 12, 2004, additional and relevant factual allegations have arisen that support Plaintiff's claims in this case.  Specifically, the proposed First Amended Complaint will contain the following new factual allegations:

    a. On April 24, 2005, Plaintiff refused an improper order to photograph two naked female arrestees during a custodial search.  Plaintiff reported the incident to her supervisor and reported the incident in writing to Defendant Kauai Police Department Chief K.C. Lum.  Plaintiff believes that she was given an illegal order and placed in an untenable position.

4

    b. On May 25, 2005, Plaintiff was informed that she was being removed from her position as a Field Training Officer ("FTO"), despite the fact that she had received specialized training and had been certified as an FTO since 2000. Plaintiff's removal from her FTO position has resulted in a loss of compensation to her.

    c. Upon information and belief, on or about May 25, 2005, Defendant K.C. Lum created a new Kauai Police Department Strip Search policy and then backdated the effective date of the policy in attempt to cover up Plaintiff's proper complaint about photographing naked female arrestees.

    d. Lastly, since Plaintiff complained about Defendant Irvil Kapua's threats and misconduct and since the filing of Plaintiff's Complaint, Plaintiff has been unable to work in police cellblock because of Defendant Kapua's continued presence in cellblock. As a result, Plaintiff has suffered and continues to suffer a loss of overtime pay.

Exhibit A at paras. 56 – 87; 92; 99.

       The proposed amendments are not futile in that they alternatively support Plaintiff's existing complaints and existing claims for relief.

Finally, there is no prejudice to the affected parties. No oral depositions have been taken or scheduled. There is more than ample time for all parties to investigate fully and develop any applicable defenses to the proposed amendments. Most importantly, the amended complaint is being filed long before the applicable deadline.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and allow Plaintiff to file her First Amended Complaint, the proposed form of which is attached as Exhibit A.

DATED: Honolulu, Hawaii, March 3, 2006.

   /s/ Jeannette H. Castagnetti
Daniel Hempey
Margery S. Bronster
John Hoshibata
Jeannette H. Castagnetti
Attorneys for Plaintiff
DARLA ABBATIELLO