McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN            #3639-0
BECKY T. CHESTNUT          #7756-0
KARA M. L.YOUNG            #8411-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
Email:  minkin@m4law.com
          chestnut@m4law.com
          young@m4law.com

Attorneys for Defendants
K.C. LUM, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>               Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI<br>POLICE DEPARTMENT,<br>K.C. LUM, WILFRED M. IHU,<br>GORDON ISODA, DEAN PIGAO,<br>IRVIL KAPUA,<br><br>               Defendants. | CIVIL NO. CV04 00562 SOM BMK<br><br>DEFENDANTS K.C. LUM,<br>WILFRED M. IHU, GORDON ISODA<br>AND DEAN PIGAO'S<br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFF'S MOTION FOR LEAVE<br>TO FILE FIRST AMENDED<br>COMPLAINT FILED ON MARCH 3,<br>2006; CERTIFICATE OF SERVICE<br><br><u>Hearing</u><br>Date:  April 7, 2006<br>Time:  2:30 p.m.<br>Judge:  Barry M. Kurren<br><br>**Trial Date:  October 11, 2006** |

133858.2

**DEFENDANTS K.C. LUM, WILFRED M. IHU, GORDON ISODA
AND DEAN PIGAO'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT FILED ON MARCH 3, 2006**

## I.    INTRODUCTION

Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao (collectively, "Defendants") oppose Plaintiff's Motion for Leave to File First Amended Complaint, filed March 3, 2006 ("Motion"). Mere days before the deadline set by this Court for filing motions to amend, Plaintiff Darla Abbatiello ("Plaintiff") now seeks to amend her Complaint to add factual allegations of events that occurred in April and May 2005 ("2005 events"). Plaintiff has unnecessarily delayed bringing her motion, as these are events that Plaintiff herself personally experienced and knew about for almost a year. If granted, this Motion will also cause undue prejudice to Defendants; thus, an amendment to the Complaint is improper and the Motion should be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In her Complaint, filed September 14, 2004, Plaintiff asserts numerous claims of federal civil rights violations, conspiracy to violate civil rights, violations of State constitutional rights, violation of the Hawaii Whistleblower Protection Act, wrongful termination, negligent supervision and negligent retention, and intentional and negligent infliction of emotional distress based on

133858.2

-2-

Plaintiff's employment as a police officer for the Kauai Police Department ("KPD").

Discovery commenced almost a year ago and has continued to the present date. The allegedly factual events Plaintiff now wishes to add to her Complaint occurred in April and May 2005. Nevertheless, Plaintiff agreed to a January 13, 2006 stipulation dismissing (without prejudice) Defendants Lum, Ihu, Isoda and Pigao in their individual capacities.

Now, less than two months later, Plaintiff has decided she wants to bring Defendant Lum back into the case in his individual capacity. Plaintiff has changed her mind due to firsthand knowledge she possessed long before she signed the January 2006 stipulation and "newly discovered" information from an unidentified source. Under such circumstances, allowing Plaintiff to amend her Complaint is inappropriate; therefore, for reasons that will be discussed below, Plaintiff's Motion must be denied.

## III.   ANALYSIS

### A.   Legal standard

Rule 15(a) of the Hawai`i Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party." Where the adverse party objects to a proposed amendment, leave is freely given only "when justice so requires." HAW. R. CIV. P. 15(a). The

decision to grant or deny leave to amend pursuant to Rule 15(a) "is within the discretion of the trial court." <u>Federal Home Loan Ass'n v. Source One Mortgage Servs. Corp.</u>, 89 Hawai`i 157, 162, 969 P.2d 1275, 1280 (1998); <u>Bishop Trust Co., Ltd. v. Kamokila Dev. Corp.</u>, 57 Haw. 330, 337, 555 P.2d 11193, 1198 (1976).

It is well-settled that "leave to amend is not to be granted automatically." <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); <u>see also</u> <u>Friedman v. Transamerica Corp.</u>, 5 F.R.D. 115, 116 (D. Del. 1946) ("The word 'freely' was used with deliberate intention to obviate technical restrictions on amendments . . . . But this does not mean that leave to amend is to be granted without limit; otherwise the right to amend would be absolute and not rest in the discretion of the court."). In fact, a motion for leave to amend should be denied if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of amendment, futility of amendment, etc." <u>Fed. Home Loan Mortgage Corp. v. Transamerica Ins. Co.</u>, 89 Hawai`i 157, 162, 969 P.2d 1275, 1280 (1998) (citing <u>Foman</u>, 371 U.S. at 182).

**B.    <u>Plaintiff is guilty of undue delay in amending her Complaint</u>**

Plaintiff's Motion should be denied because Plaintiff has unduly delayed amending her Complaint. "Denial of a motion to amend is proper where

133858.2                                          -4-

there has been undue delay[.]" <u>Keiter v. Penn. Mut. Ins. Co.</u>, 900 F.Supp. 1339, 1342 (D. Haw. 1995). Defendants and their counsel should raise facts that are known or readily available to them in a timely manner. <u>See</u> generally <u>Bishop Trust Co., Ltd.</u>, 57 Haw. at 338, 555 P.2d at 338. If they do not, they must justify their delay or the amendment will be properly denied. <u>See</u> <u>Jackson</u>, 902 F.2d at 1388 (affirming denial of a motion for leave to amend the complaint, and finding that a delay of seven months between the time additional facts were discovered and the time the amended complaint was submitted was "inexplicable and unjustified.").

In the instant case, a grant of leave to amend is inappropriate because Plaintiff delayed attempts to amend her Complaint until March 2006, nine months after the 2005 events occurred. Plaintiff knew of the facts underlying the allegations by May 2005, which she could have easily communicated to her counsel. Plaintiff could have moved to amend her Complaint in the following months, yet she did not. When Plaintiff agreed to the January 2006 Stipulation, all the while harboring firsthand knowledge of the 2005 events, she again failed to give any notice of the so-called "backdating" allegations. In fact, during the relevant time frame, Defendant Ihu was not even employed by KPD, and Defendants Isoda and Pigao were never in Plaintiff's chain of command. Plaintiff should not now be allowed to renege on her January 2006 Stipulation as to

Defendant Lum and belatedly add to her Complaint unrelated events she should have raised long ago.

C.    **Granting Plaintiff's Motion will unduly prejudice Defendants**

Plaintiff's Motion should be denied because allowing the amendment would unduly prejudice Defendants who were never even remotely involved in the 2005 events.  It would also prejudice Defendant Lum because the allegations now attempt to reinsert him into the case as a defendant in his individual capacity. Granting leave to amend a complaint is not appropriate if it would cause undue prejudice to the opposing party.  See Federal Home Loan Ass'n, 89 Hawai`i at 162, 969 P.2d at 1280; Bishop Trust Co., Ltd., 57 Haw. at 337, 555 P.2d at 1198. Subjecting Defendants to "the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial."  Keiter, 900 F.Supp. at 1342 (citations omitted).

An amendment describing events that occurred after filing may be permissible if timely brought, but that is not the case here.  Plaintiff's months-long delay has compounded the prejudice Defendants would suffer because it discusses at length events that do not remotely involve Defendants, creates unexpected, unnecessary additional discovery, wastes resources and attempts to revive individual capacity liability.

Plaintiff's amendment does not simply add new, related factual events to support already existing claims: Plaintiff seeks to add thirty-two brand new paragraphs to a Complaint whose original "Facts" section is only forty-four paragraphs long. These thirty-two paragraphs cover events entirely unrelated to the "Kapua incidents" described in the original Complaint, during different time periods and involving additional people. Moreover, except for Defendant Lum's alleged connection to the 2005 events, Defendants had nothing to do with such events. Defendant Ihu retired from KPD before April 2005, and Defendants Isoda and Pigao were never in Plaintiff's direct chain of command. Like Defendant Ihu, Defendant Pigao is no longer employed by KPD.

Granting this Motion will force Defendants to engage in additional discovery and significantly expand the scope of discovery beyond what was initially expected, especially for Defendant Lum. Even as to Defendants Ihu, Isoda and Pigao, the practical effect of allowing this amendment is that Defendants will be forced to do additional discovery showing they were not involved in the 2005 incidents. If the 2005 events had been properly and timely addressed so as to be fairly anticipated, they could have been addressed in earlier discovery requests.[1]

---

[1] No written discovery has been done, nor documents produced, regarding the 2005 events and "backdating" allegations. This case is set for trial in October on the "Kapua" allegations. If Plaintiff's Motion is granted, Defendants will be left with only six months in which to conduct all discovery on the 2005 events and "backdating" allegations.

Duplication and unnecessary expansion of discovery previously performed wastes resources, both in terms of direct costs and in opportunity costs to KPD and its officers who "spend time in the discovery process rather than engaging in their normal duties." Jackson, 902 F.2d at 1388 (citations omitted). Plaintiff stipulated to dismissal of Defendant Lum knowing the "new" facts she now seeks to add. Allowing Plaintiff to drag Defendant Lum back into the case in his individual capacity and amend the complaint to add unrelated events, mere weeks after Plaintiff stipulated to dismissal, would be unfair and unduly prejudicial to all Defendants.[2]

---

[2] Additional prejudice would result at trial as the jury would now hear a litany of allegations from two separate and distinct incidents against all defendants, thereby increasing the probability of not only juror confusion but also of all defendants being swept up into the allegations, whether they were involved or not. See Zafiro v. U.S., 506 U.S. 534, 539 (1993) (The risk of spillover prejudice and an unreliable jury verdict "might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.").

IV.    **CONCLUSION**

Based on the foregoing arguments and authorities, Defendants K.C.

LUM, WILFRED M. IHU, GORDON ISODA and DEAN PIGAO respectfully

request that this Honorable Court deny Plaintiff's Motion for Leave to File First

Amended Complaint, filed on March 3, 2006.

DATED: Honolulu, Hawaii, March 20, 2006.


/s/ David J. Minkin
DAVID J. MINKIN
BECKY T. CHESTNUT
KARA M. L.YOUNG

Attorneys for Defendants
K.C. LUM, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO