REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

MICHAEL J. McGUIGAN       2433-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile:  (808) 531-8628
E-mail: mjm@roplaw.com

*Attorney for Defendant*
*IRVIL KAPUA*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>　　　　　Defendants. | CIVIL NO. CV04-00562 SOM/BMK<br><br>DEFENDANT IRVIL KAPUA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FILED ON MARCH 3, 2006; CERTIFICATE OF SERVICE<br><br>Hearing:<br><br>Date:　April 7, 2006<br>Time:　2:30 p.m.<br>Magistrate Judge Barry M. Kurren<br><br>Trial Date: October 11, 2006 |

DEFENDANT IRVIL KAPUA'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT FILED ON MARCH 3, 2006

I. PROCEDURAL BACKGROUND

The Plaintiff filed her initial Complaint on September 12, 2004. Trial is scheduled for October 11, 2006. Discovery cut-off is August 11, 2006.

The Plaintiff now seeks leave to amend her Complaint alleging illegal strip searches of two female arrestees on April 24, 2005. Defendant Irvil Kapua is not alleged to have had participated in any way in these strip searches. Some 11 months after the fact, Plaintiff now seeks to amend her Complaint. The proposed amendments would be extremely prejudicial to Defendant Irvil Kapua and therefore the motion should be denied.

II. STANDARD

Federal Rule of Civil Procedure 15(a) provides that:

Once a defendant has filed a responsive pleading, a plaintiff may amend his pleading only by leave of court or by written consent of the defendant; and leave shall be freely given when justice so requires.

However, leave to file an amended complaint may be denied if:

(1) there is undue delay, bad faith, or a dilatory motive in filing an amended complaint; or (2) the opposing party would suffer undue prejudice if the amendment is permitted. Substantive amendments shortly before trial are prejudicial to litigants and the public's interest in a speedy resolution of legal disputes.

The proposed allegations raised by the Plaintiff with regards to the strip search of two female arrestees occurred not quite one year ago. Plaintiff certainly knew at that time that she had a pending case against the present day defendants and did nothing until this late date.

The proposed amendments are not an enhancement of her initial claim against Defendant Kapua, but allege a separate set of facts and circumstances that have no bearing on her claims against Defendant Kapua in the initial complaint.

The allegations relating to the strip searches and a body cavity search conducted on October 27, 2005 seriously prejudice the defense of Kapua in the §1983 claims against him. The placement of these new claims serve only to inflame and impassion a trier of fact. It will cause the defendants to defend collateral allegations.

If the Plaintiff were permitted to bring these claims now, it would require discovery of a magnitude not previously seen in this case. It would require the investigation into two separate incidences involving multiple women and dozens of Kauai Police Department personnel as well as numerous County officials. Further, it is likely that the allegations recently made by the Plaintiff will result in State and/or Federal investigations which will further delay not only the ability to conduct discovery as to these matter, but eventually any trial thereon.

The attempt to implicate Sergeant Kapua into these allegations by claiming that he "relieved her from cellblock duty" certainly does nothing to indicate that the Plaintiff was deprived of a constitutional right and is made solely to prejudice him before a jury.

When deciding whether to grant leave to amend pleadings prejudice to the opposing party is the most important factor in considering request to amend pleadings. See Wright, Miller and Kane, Federal Practice and Procedure; Civil 2nd §1487, at 613.

Where the spillover from the allegations between the §1983 claims and the claims of prisoner mistreatment creates extreme prejudice to Defendant Kapua, the proposed amended should be denied. See Bogle v. Feig, 1991 U.S. Dist. LEXIS 17501 (S.D.N.Y. 1991).

Due to the stay in discovery, due to investigations by law enforcement agencies into plaintiff's initial claims, little discovery has been conducted. To insert these new allegations with limited time remaining before discovery cut-off is not only unduly burdensome, but in and of itself prejudicial.

In Clay v. City of Chicago, 1997 U.S. Dist. LEXIS 2707 (N.D. Ill. 1997), the court was presented with a similar situation in which the plaintiff sought to allege additional allegations in the face of unexplained delay and sudden change in allegations.

> "If <u>Clay</u> were allowed to change the basis of her section 1983 claims, discovery would have to be reopened on an entirely new issue never before alleged, investigated, or researched. This court has ample discretion under Rule 15(a) to avoid this sort of unfair disruption. See <u>Campbell v. Ingersoll Milling Machine Co.</u>, 893 F.2d 925, 927 (7th Cir. 1990) ("Eleventh hour additions of new legal and factual theories inevitably require new rounds of discovery and additional legal research [which] is bound to produce delays that burden not only the parties to the litigation but also to the judicial system and other litigants. A district judge is entitled, in such circumstances, to refuse to allow a plaintiff's amendment from"), cert. denied 498 U.S. 844, 12 L. Ed.2d 95, 111 S. Ct. 127 (1990); <u>Samuels v. Wilder</u>, 871 F.2d 1346, 1250 (7th Cir. 1989) ("The district court does not abuse its discretion by denying a motion to amend if granting leave to amend would unduly prejudice a party not afforded an adequate chance to respond to the newly raised issues")." <u>Clay</u> supra at p. 8.

The Plaintiff waited almost an entire year before seeking leave of court to amend her complaint. The proposed allegations refer to an incident on April 24, 2005. To delay almost an entire year to bring this matter to the Court's attentions is inexcusable. In <u>Dal-Tile Corp. vs. United States</u>, 23 C.I.T. 631, 673; 63 F.Supp. 2d 1341.

Whether Abbatiello's participation in the strip search of two female arrestees in April of 2005 was constitutional or unconstitutional is irrelevant and has no bearing on her claims that she was unlawfully demoted three years prior. If the Plaintiff wishes to pursue her claims, she is certainly welcome to do so in a

5

separate lawsuit but to allow her to press the amended complaint is only going to further delay and prejudice Defendant Kapua. The confusion that would present to the jury is palpable.

In <u>Stiller v. Colangelo</u>, 221 F.R.D. 316, 2004 U.S. Dist. LEXIS 8424 (Conn.), the plaintiff sought to assert new claims based on additional facts and new legal theories. The supplemental claims arose not out of the original allegations but rather events subsequent to the initial claims. The court found that

> "issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury, leave to amend may be denied." Citing <u>6 Wright, Miller & Kane, Federal Practice and Procedure</u> §1487 at 626-28 (2d ed. 1990).

The court found that the supplemental claims were sufficiently remote from the initial complaint to justify denying the motion to amend. The court also found that the jury was likely to be confused and that exposing the jury to allegations of wrongful conduct during the course of the litigation could easily prejudice the jury against the defendant. The court noted that there was nothing to prevent the plaintiff from bringing his new claims in a separate lawsuit, should he wish to do so.

The Plaintiff herself is the subject of a police investigation which invariably will not be completed prior to the trial of this matter. It would appear that her new claims are simply a device to stall trial as presently scheduled.

The expected continuance of the trial, and the substantial and additional discovery required to defend these new allegations has been recognized as prejudicial to a defendant. See <u>Spinedex Physical Therapy, U.S.A. Inc., v. The State of Arizona</u>, 2005 U.S. Dist. LEXIS 27841 (Arizona 2005),

> "when late tendered amendments involve new theories of recovery, and impose additional discovery requirements, courts [of appeals] are less likely to find an abuse of discretion due to the prejudice involved. <u>Bell v. Allstate Life Ins. Co.</u>, 160 F.3d 452, 454 (8th Cir. 1998).

The Plaintiff alleges in paragraph 81 of the proposed first amended complaint that:

> "other members of KPD who are unfriendly toward Officer Abbatiello and who have threatened or intimidated Officer Abbatiello...have been assigned cellblock duty. Because of their presence, Officer Abbatiello has been unable to work in the cellblock."

The Kauai Police Department consists of hundreds of men and women. To force Defendant Kapua and other defendants to depose each and every member of the Kauai Police Department would not only be oppressive but also expensive and would delay trial dramatically. The proposed pleading also raises questions as to whether all necessary parties have been named to the lawsuit, i.e. alleged.

7

III. <u>CONCLUSION</u>

The Court should not countenance the first amended complaint where it is clear that the sole purpose is to seek discovery of a criminal investigation of the plaintiff's activities which is currently ongoing for her defense of her actions involving the strip searches of two female arrestees, and has no relation to her claims against Defendant Kapua. It is Abbatiello's own misconduct which has prompted her preemptive defense in a case totally unrelated to her initial claims. Defendant Kapua urges the Court to focus on the hardship to the defendants if the amendment were permitted considering the additional discovery cost and preparation to defend against new facts or theories unrelated to the initial claims.

DATED: Honolulu, Hawaii, March 20, 2006.

_____
MICHAEL J. McGUIGAN
*Attorney for Defendant*
*IRVIL KAPUA*