ORIGINAL

LANI D. H. NAKAZAWA            1818
CHRISTIANE L. NAKEA-TRESLER    7409
Office of the County Attorney
County of Kaua'i, Mo'ikeha Building
4444 Rice Street, Suite 220
Līhu'e, Hawai'i 96766
Telephone: (808) 241-6315
Fax No. (808) 241-6319
E-mail: lnakazawa@kauai.gov
        cntresler@kauai.gov

Attorneys for Defendants COUNTY
OF KAUA'I and KAUA'I POLICE DEPARTMENT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 23 2006

at 11 o'clock and 05 min. AM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAI'I

| | |
|---|---|
| DARLA ABBATIELLO, | CIVIL NO. CV04-00562 SOM BMK |
| Plaintiff, | DEFENDANTS COUNTY OF KAUA'I AND KAUA'I POLICE DEPARTMENT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FILED ON MARCH 3, 2006; DECLARATION OF CHRISTIANE L. NAKEA-TRESLER; CERTIFICATE OF SERVICE |
| vs. | |
| COUNTY OF KAUA'I, KAUA'I POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | |
| Defendants. | |
| | Hearing |
| | Date: April 7, 2006 |
| | Time: 2:30 p.m. |
| | Judge: Barry M. Kurren |
| | **Trial Date: October 11, 2006** |

**DEFENDANTS COUNTY OF KAUA'I AND KAUA'I POLICE DEPARTMENT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FILED ON MARCH 3, 2006**

## I. INTRODUCTION

Defendants County of Kaua'i and Kaua'i Police Department (collectively, "Defendants") file this Memorandum in opposition to Plaintiff's Motion for Leave to File First Amended Complaint, filed March 3, 2006 ("Motion").

The incidents which Plaintiff Darla Abbatiello (hereinafter "Plaintiff") seeks to introduce through Plaintiff's Motion are not without undue delay as the last incident citied by Plaintiff is May 25, 2005. More than nine months later, Plaintiff seeks to include additional causes of action in their complaint. During the past nine months and throughout the discovery process, Plaintiff has known about these alleged incidents and has decided not to bring it forward until now. The delay of more than nine months is an undue delay and prejudicial to Defendants' case. For these reasons, the Plaintiff's motion should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a police officer for the Kaua'i Police Department, filed her Complaint on September 12, 2004, in which Plaintiff brings claims for federal civil rights violations, conspiracy to violate civil rights, Whistleblower's Protection Act, wrongful termination in violation of public policy, employer negligence in supervision/retention of employee, intentional infliction of emotional distress,

negligent infliction of emotional distress, and violation of Plaintiff's constitutional rights.

The additional claims which the Plaintiff seeks to introduce occurred on April 24, 2005 and May 25, 2005. On March 3, 2006, Plaintiff filed a Motion For Leave To File First Amended Complaint (hereinafter "Plaintiff's Motion"). Plaintiff's Motion was filed within one week of the March 10, 2006 deadline to amend the pleadings.

### III. ANALYSIS

#### A. Legal standard

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, "Rule 15(a)'s liberal amendment policy seeks to serve justice, but does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts." Harvey v. Snow, 281 F.Supp.2d 376, 381 (2003) (citing Acosta-Mestre v. Hilton Int'l of Puerto Rico, 156 F.3d 49, 51 (1st Cir.1998)). Further, "A court should deny a motion to amend 'if permitting such an amendment would prejudice the opposing party, produce an undue delay in the litigation or result in futility for lack of merit'." Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir.1990).

### B. Prejudice and undue delay to Defendants

Plaintiff's Motion should be denied as Defendants would be prejudiced if the Court were to grant the amendment. Plaintiff showed a lack of due diligence by intentionally delaying the filing of Plaintiff's Motion. Plaintiff waited over nine months after the last incident listed in Plaintiff's Motion to file. Plaintiff failed to offer a reasonable explanation for the delay and in fact Plaintiff asserts that the filing was made "without undue delay".[1] As the discovery process began in March 2005, Defendants have already spent much time and financial resources defending against the claims in the Plaintiff's original complaint. To allow Plaintiff to introduce additional claims at this stage of discovery would unfairly force defendants to expend additional resources to claims that should have and could have been brought nine months ago. The United States District Court in Harvey v. Snow, 281 F.Supp.2d at 381, denied Plaintiff's Motion to Amend the Complaint, citing the "plaintiffs' unwillingness or inability to prove this writer with *any* reason for the lengthy delay" as a reason for the denial. The Court added, "At the end of the day, when "considerable time has elapsed between the filing of the complaint and the motion to amend…[plaintiffs have] the burden of showing some valid reason for [their] neglect and delay." *Id.* at 381 (citing Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir.1995). No reason for the delay, valid or

---

[1] See Plaintiff's Motion for Leave to File First Amended Complaint, at Page 1.

4

otherwise, has been provided by the Plaintiff. Therefore, Plaintiff has not met its burden and their Motion should be denied.

IV. **CONCLUSION**

For the foregoing reasons, Defendants COUNTY OF KAUA'I AND KAUA'I POLICE DEPARTMENT respectfully request that this Honorable Court deny Plaintiff's Motion for Leave to File First Amended Complaint, filed on March 3, 2006.

DATED:   Līhu'e, Kaua'i, Hawai'i, March 20, 2006.

*/s/ Lani D. H. Nakazawa*
LANI D. H. NAKAZAWA
CHRISTIANE L. NAKEA-TRESLER

Attorneys for Defendants
COUNTY OF KAUA'I and
KAUA'I POLICE DEPARTMENT