LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY          7535
3175 Elua Street
Lihue, Hawaii  96766
Telephone No.:     (808) 823-0000
Facsimile No.:     (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER     4750
JOHN HOSHIBATA             3141
JEANNETTE HOLMES CASTAGNETTI   7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone No.:     (808) 524-5644
Facsimile No.:     (808) 599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net
Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S REPLY IN SUPPORT |
| | ) OF MOTION FOR LEAVE TO FILE |
| vs. | ) FIRST AMENDED COMPLAINT; |
| | ) CERTIFICATE OF SERVICE |
| COUNTY OF KAUAI, KAUAI POLICE | ) |
| DEPARTMENT, K.C. LUM, WILFRED | ) Hearing: |
| M. IHU, GORDON ISODA, DEAN | ) Date:       April 7, 2006 |
| PIGAO, IRVIL KAPUA, | ) Time:       2:30 pm |
| | ) Judge:      Barry M. Kurren |
| Defendants. | ) |
| | ) Trial Date: October 11, 2006 |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Darla Abbatiello ("Plaintiff") submits this reply in support of her Motion for Leave to File First Amended Complaint ("Motion").

For the reasons set forth in Plaintiff's Motion, this Court should allow Plaintiff to amend her complaint. First and foremost, courts should freely grant leave to amend. Second, this Court has imposed a deadline for amending the complaint, which Plaintiff has timely met. Thirdly, there are compelling reasons for the amendments which are based upon events and Defendants' conduct since the filing of the original Complaint. The new allegations support Plaintiff's claims that Defendants violated Plaintiff's constitutional rights and retaliated against her for reporting misconduct within the Kauai Police Department ("KPD").

Finally, Defendants[1] have not met their burden of proving that leave to amend should not be granted. Despite assertions to the contrary, there has been no undue delay and no party will be prejudiced if Plaintiff is granted leave to amend.

---

[1] Defendants County of Kauai and Kauai Police Department's Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint filed on March 3, 2006 is untimely. Local Rule 7.4 requires that an opposition to a motion set for hearing must be served and filed not less than 18 days prior to the date of hearing. The deadline for the County and KPD to serve and file their opposition was Monday, March 20, 2006. The opposition was filed on March 24, 2006. Plaintiff notes that in any event this opposition raises the same arguments as the individual Defendants.

A. <u>Justice Requires that Plaintiff be Granted Leave to Amend</u>.

The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires.'" <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 185 (9th Cir. 1987).  Rule 15's policy of favoring amendments to pleadings "should be applied with 'extreme liberality.'" <u>Id</u>. (other citations omitted).  The purpose of pleadings is to "facilitate a proper decision on the merits," and not to erect formal and burdensome impediments in the litigation process.  <u>Howey v. United States</u>, 481 F.2d 1187 (9th Cir. 1973) (quoting <u>Conely v. Gibson</u>, 355 U.S. 41, 48, 78 S.Ct. 99, 103 L.Ed.2d 80 (1957)).

The new factual allegations that arose after Plaintiff filed her original complaint support Plaintiff's claims for relief in this case.  They allow for a full and proper decision on the merits of Plaintiff's claims.  Specifically, Plaintiff alleges that after she refused to photograph two naked female arrestees during a strip search, and after she reported the incident to the Kauai Police Chief, Defendant K.C. Lum, and to the Kauai Police Commission, Defendants removed Plaintiff as a field training officer ("FTO") in retaliation for reporting the misconduct.  Her removal as a FTO resulted in a loss of compensation to Plaintiff.

2

Plaintiff also alleges that after she complained about the improper photographs to Defendant Lum, upon information and belief, he then backdated the effective date of KPD's strip search policy. Plaintiff also alleges that since the filing of Plaintiff's original complaint, she has been unable to work in police cellblock because of Defendant Kapua's presence there, which has also resulted in an additional loss of compensation to her.

These allegations support Plaintiff's claims that Defendants violated Plaintiff's constitutional rights and retaliated against Plaintiff for her reporting misconduct within KPD. The allegations demonstrate that Defendants continue to engage in a continuing course of wrongful conduct causing damage to Plaintiff. In order for Plaintiff's claims to be fully heard and decided on the merits, justice so requires that Plaintiff's complaint be amended.

B.   No Party is Prejudiced by the Amended Complaint

Of the four factors courts use to determine the propriety of a motion for leave to amend,[2] Defendants raise only two – undue delay and prejudice.

The law in the Ninth Circuit is clear that a party opposing amendment "bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833

---

[2] As set forth in Plaintiff's Motion, the four factors are: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment; and (4) prejudice to the opposing party. Plaintiff's Memorandum in Support of Motion at 3. Defendants objecting to Plaintiff's Motion do not argue that the Motion is brought in bad faith or with dilatory motive, or that it is futile.

F.2d 183, 185 (9th Cir. 1987).  Absent prejudice, or a strong showing of any of the remaining factors, "there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing Lowery v. Tex. A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)).

Contrary to Defendants' assertions, no party will be prejudiced by Plaintiff's amended complaint.  Defendants argue that Defendants will be prejudiced because the scope of discovery will be expanded by the amendments.  This is inherent with all amended pleadings, but is not the fault of Plaintiff.  The additional discovery is triggered by the new allegations of Defendants' own wrongdoing.

Defendants are not prejudiced because there is ample time for Defendants to conduct discovery.  Defendants neglected to inform the Court that the discovery deadline is four and a half months from now – August 11, 2006.  In other words, Defendants will have many months to defend against these allegations.

Plaintiff's amended complaint is not an eleventh hour amendment nor has it been raised after the discovery deadline has passed or on the eve of trial, for

4

that matter.³   No oral depositions have been taken to date, so no party will be required to re-take any depositions.  Plaintiff's new allegations can be timely addressed with written discovery requests and/or through oral depositions that have yet to be taken.  Further, Defendants do not point to any specific issues; they merely rely upon generalizations.

   Defendants' claims that Plaintiff's amended complaint will significantly expand the scope of discovery are also greatly exaggerated.⁴  Plaintiff's new allegations involve a limited number of police personnel, many of whom were already named or mentioned in the original complaint.  Again, Defendants have brought this "prejudice" upon themselves because of the subsequent misconduct.

   Those Defendants who have been dismissed in their individual capacities by way of stipulation argue that they are prejudiced because the

---

³ Thus, the cases relied upon by Defendants are inapposite and distinguishable.

⁴ For example, Defendants Lum, Ihu, Isoda, and Pigao state that Ihu retired from KPD after the events that gave rise to Plaintiff's proposed amended complaint, and that neither Pigao nor Isoda were ever in Plaintiff's direct chain of command.  *See* Memorandum in Opposition at 7.  If true, then little, if any, discovery would be required of these parties to refute the new allegations.

amended complaint attempts to "revive individual capacity liability."[5] Defendants ignore the fact that Plaintiff's proposed amended complaint is brought against Defendants County of Kauai and KPD, and against Defendants Ihu, Isoda, and Pigao in their <u>official</u> capacities only. In other words, Plaintiff's amended complaint contains no individual capacity claims against Ihu, Isoda, and Pigao, unless, as the stipulation provides, discovery reveals evidence to the contrary. Specifically, the proposed amended complaint states:

> This Complaint is brought against Defendants KPD and/or the County, and includes, but is not limited to, claims originally asserted against Wilfred M. Ihu, Gordon Isoda, and Dean Pigao in their <u>official</u> capacities. By this amended complaint, Plaintiff continues those claims and does not intend to dismiss or release those claims.

*See* Exhibit A attached to Plaintiff's Motion at para. 8 (emphasis added). Thus, there is no prejudice to Defendants Ihu, Isoda, and Pigao because, in accordance with the stipulation, they are named in their official capacities only.

The only defendant Plaintiff seeks to renew an individual capacity claim against is Police Chief K.C. Lum.[6] Defendant Lum is not prejudiced by the amended complaint. The allegations are specific as to Defendant Lum and he, like

---

[5] *See* Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda, and Dean Pigao's Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint filed on March 3, 2006 at 6.

[6] Defendant Irvil Kapua has always been named in his individual and official capacities.

6

the other Defendants, has four and a half months to conduct discovery. This is more than sufficient time for Defendant Lum to prepare and defend against these allegations.

Defendant Kapua suggests that the new allegations will further delay discovery and the trial because the new allegations will result in State and/or Federal investigations. This suggestion is based on speculation and conjecture. Plaintiff also notes that Defendant Kapua cited unpublished decisions in his opposition without identifying the opinions as unreported. Unpublished decisions from outside of this district are not binding on this Court and such inclusion is improper. Further, under Ninth Circuit Rule 36-3, neither parties nor courts in the Ninth Circuit may cite to an unpublished decision as precedent.[7]

Defendant Kapua also claims (without any support whatsoever) that he will be prejudiced by the new allegations because they serve only to "inflame and impassion a trier of fact" and that he will be forced to defend "collateral

---

[7] Rule 36-3 states, "unpublished dispositions and orders of this Court are not binding precedent, except when relevant under the doctrine of law of the case, res judicata, and collateral estoppel." The rule also states that "unpublished dispositions and orders of this Court may not be cited to or by the courts of this circuit," except under certain circumstances not applicable here. If unpublished dispositions of the Ninth Circuit are not precedent and cannot be cited to courts in this circuit, then certainly unreported decisions from other Circuits are not precedent and cannot be cited to this Court. The Ninth Circuit has upheld the constitutionality of this rule. Hart v. Massanari, 266 F.3d 1155, 1180 (9th Cir. 2001).

7

allegations."[8] These claims are nothing but red herrings and completely ignore the legal bases for amending the complaint.

      The purpose of Plaintiff's new allegations and proposed amended complaint is to show that Defendants' conduct is part and parcel of ongoing violations of Plaintiff's constitutional rights, wrongful conduct, retaliation and harassment against Plaintiff that arose as a result of Plaintiff's reporting possible misconduct within KPD. The extent of Kapua's involvement in these activities is exactly the type of issue that should be left to the trier of fact to decide. When considered along with Rule 15(a), the Ninth Circuit case law, and the facts and circumstances of this case, it is clear that Plaintiff's amendments should be allowed.

      Defendants also argue that they will be prejudiced by the additional discovery and the waste of resources expended to conduct the discovery. The true waste of judicial resources would be to obstruct Plaintiff from filing her amended complaint, thereby forcing her to initiate a separate lawsuit involving the same parties with overlapping facts and allegations, which would involve a much greater waste of time, effort and resources than proceeding with the instant amended complaint.

---

[8] Defendant Irvil Kapua's Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint filed on March 3, 2006 at 3.

C. <u>There Has Been No Undue Delay by Plaintiff</u>

Defendants' arguments that there has been undue delay by Plaintiff are also without merit. Plaintiff filed her motion before the Court-imposed deadline to amend pleadings contained in the Court's Amended Rule 16 Scheduling Order.

In spite of timely filing her motion and meeting this Court's requirements, Defendants argue that because the new allegations occurred in 2005, Plaintiff could have and should have moved to amend her complaint earlier. The Ninth Circuit, however, has said the mere fact that a party could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend. <u>Howey v. United States</u>, 481 F.2d 1187, 1191 (9th Cir. 1973). Leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party. <u>Id</u>. at 1190-1191; <u>United States v. Webb</u>, 655 F.2d 977 (9th Cir. 1981).

Defendants also wrongfully assume that Plaintiff had been aware for months of all new allegations before she moved to amend her complaint. Plaintiff, however, only recently became aware of the allegations relating to Defendant Lum backdating the KPD policy.

9

Defendants have made no showing that they will be prejudiced by Plaintiff's amended complaint nor have Defendants shown that there has been undue delay. "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." Howey, 481 F.2d at 1190-1191.

Based on the foregoing, Plaintiff respectfully asks that this Court grant her Motion for Leave to File a First Amended Complaint.

DATED: Honolulu, Hawaii, March 24, 2006.

    /s/ Jeannette Holmes Castagnetti
MARGERY S. BRONSTER
JOHN HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
DANIEL G. HEMPEY
Attorneys for Plaintiff
DARLA ABBATIELLO