LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY          7535
3175 Elua Street
Lihue, Hawaii  96766
Telephone No.:    (808) 823-0000
Facsimile No.:    (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER        4750
JOHN T. HOSHIBATA          3141
JEANNETTE HOLMES CASTAGNETTI      7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone No.:    (808) 524-5644
Facsimile No.:    (808) 599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04 00562 SOM BMK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI, KAUAI POLICE | ) | |
| DEPARTMENT, K.C. LUM, WILFRED M. | ) | Trial Date:  October 11, 2006 |
| IHU, GORDON ISODA, DEAN PIGAO, | ) | Time:        9:00 a.m. |
| IRVIL KAPUA, | ) | Judge:       Susan O. Mollway |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiff Darla Abbatiello respectfully moves this Court for an order modifying the Court's Rule 16 Scheduling Order.  Specifically, Plaintiff seeks to extend all currently-set deadlines for a period of three months, or as may be agreed upon or ordered.

I.    Background

The original Rule 16 Scheduling Order was filed February 11, 2005.  Subsequently, the Rule 16 Scheduling Order was amended on September 28, 2005.  The Amended Rule 16 Scheduling Order set deadlines for Plaintiff's disclosure of experts and expert reports for April 10, 2006 and Defendants' disclosure of experts and expert reports for May 10, 2006.  A number of other deadlines, pursuant to the Rule 16 Scheduling Order, are also implicated during this summer and fall.

For a number of appropriate reasons, Plaintiff's counsel believes that these deadlines should be moved.  Because of a number of circumstances, they have been rendered unrealistic.

The undersigned counsel for Plaintiff attempted to obtain an extension of the deadlines by stipulation but has - as of the evening of April 6 - not been able to obtain complete agreement.  *See Declaration of John Hoshibata at paragraph 2.*

II.    Argument

Where good cause is shown, a district judge or magistrate may modify a scheduling order. Fed. R. Civ. P. 16(b). While a court "does not take lightly the strictures of scheduling orders, [a court] also takes seriously its responsibility to apply pretrial requirements with 'intelligent flexibility, taking into full consideration the exigencies of each situation." Tran v. Captain Glyn, Inc., 909 F. Supp. 727, 731 (D. Haw. 1995).

In this matter, through circumstances not under Plaintiff's control, important discovery essential for the investigation and preparation of Plaintiff's case has been postponed at the specific request of Defendant K.C. Lum's then counsel, David Minkin. On March 6, 2006, Plaintiff noticed the oral depositions of Defendants K.C. Lum and Irvil Kapua, and witnesses Wilfred Ihu, Gordon Isoda and Dean Pigao.[1] Soon thereafter, Mr. Minkin advised Plaintiff's counsel that he and Defendant K.C. Lum were unable to agree to the dates of the depositions that had been duly noticed and served. Mr. Minkin requested that all of the depositions be taken off the calendar. Plaintiff agreed to take the depositions off the calendar in a spirit of flexibility and cooperation.

Shortly thereafter, on or about April 6, 2006, an article in the Garden Island News stated that Defendant K.C. Lum would be on "extended vacation from April 15 through June 1". Plaintiff's counsel had not been

---

[1] Wilfred Ihu, Gordon Isoda and Dean Pigao were named Defendants. As of January 12, 2006, by way of Stipulation, they have been dismissed in their individual capacities without prejudice with the condition that "if discovery reveals that the acts or omissions of (these individuals) were outside of the scope of their employment with the Kauai Police Department and/or the County of Kauai".

advised of this vacation.  Because of the length of the vacation, it is likely, if not definite, that defendant Lum's deposition cannot be taken before mid-June, at the earliest.  As soon as the undersigned learned of Defendant Lum's vacation plans via the newspaper article, he requested the right to depose Defendant Lum prior to the beginning of his vacation.[2]  This request was rejected by his counsel and, by letter dated March 29, 2006, Mr. Minkin advised the undersigned that Defendant Lum would be available for his deposition only after his return from vacation (i.e., after June 1).

To compound the problem of taking the deposition of a key Defendant - K.C. Lum is the chief of police - it was just learned within the past week that the County of Kauai has recognized a conflict of interest in Mr. Minkin's continued representation of Defendant Lum and has retained Cary Tanaka, Esq., as new replacement counsel for Defendant Lum.  Although Mr. Tanaka has confirmed that the County of Kauai has agreed to retain him, Mr. Tanaka has not yet entered an appearance.  Mr. Minkin has not yet filed a withdrawal and substitution of counsel.  Therefore, there are significant procedural quirks in this litigation.

The bottom line is that, under these circumstances, effective and essential discovery has not been taken.  The deposition of Defendants Lum and Kapua - who play the key roles in Plaintiff's claims - have not been taken.  This delay, and the delays inherent in taking the depositions of Chief Lum's

---

[2] Defendant Lum's counsel had not apprised the undersigned of these extended vacation plans at the time the request was made to take the noticed depositions off the calendar.

subordinates, has <u>not</u> been caused by Plaintiff.    Deadlines which are fast approaching (i.e., deadline for naming Plaintiff's expert, April 10; deadline for dispositive motions, May 10; deadline for defendants' rebuttal of plaintiffs experts, May 10;  deadline for defendants' disclosure of experts, May 10; etc.) are, under these circumstances, unrealistic and unworkable.

Cary Tanaka, Esq., who was just retained by the County of Kauai to take over the representation of Defendant K.C. Lum within the past week or so, has no opposition to the instant request that new deadlines be set.  In fact, he stated that it was his desire that all deadlines be reset in order to give him time to get up to speed.  *See Declaration of John Hoshibata at paragraph 2.*

Plaintiff's motion for leave to file an amended complaint is scheduled to be heard by this Court on April 7, 2006, at 2:30 pm.  All counsel will be present for this hearing.  Plaintiff respectfully submits that this Court should hear the instant motion regarding the scheduling deadlines at the time of this hearing.

All involved counsel have been apprised of the Plaintiff's position, as described herein.  All involved counsel will have received a copy of this motion and memorandum at the same time it is filed with this Court.  *See Declaration of John Hoshibata at paragraph 3.*

Accordingly, and for good cause shown, Plaintiff requests that - at the time of the hearing on Plaintiff's Motion for Leave to File Amended Complaint, on April 7, 2006 at 2:30 pm - this Court modify its Amended

Scheduling Order as requested herein and as may be discussed, agreed upon and/or ordered.

DATED:  Honolulu, Hawaii, April 7, 2006.


_____/s/ JOHN HOSHIBATA_____
MARGERY S. BRONSTER
JOHN HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
DANIEL G. HEMPEY
Attorneys for Plaintiff
DARLA ABBATIELLO

6