LANI D. H. NAKAZAWA          1818
CHRISTIANE L. NAKEA-TRESLER  7409
Office of the County Attorney
County of Kaua'i, Mo`ikeha Building
4444 Rice Street, Suite 220
Līhu'e, Hawai'i 96766
Telephone: (808) 241-6315
Fax No. (808) 241-6319
E-mail: lnakazawa@kauai.gov
        cntresler@kauai.gov

Attorneys for Defendants COUNTY
OF KAUA'I and KAUA'I POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04-00562 SOM BMK <br> ) <br> ) <br> ) DEFENDANTS COUNTY OF <br> ) KAUA'I AND KAUA'I POLICE <br> ) DEPARTMENT'S ANSWER TO <br> ) FIRST AMENDED COMPLAINT <br> ) FILED ON APRIL 21, 2006; <br> ) CERTIFICATE OF SERVICE <br> ) <br> ) <br> ) Trial Date: May 8, 2007 <br> ) |
| Plaintiff, | |
| vs. | |
| COUNTY OF KAUA'I, KAUA'I POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | |
| Defendants. | |

**DEFENDANTS COUNTY OF KAUA'I AND
KAUA'I POLICE DEPARTMENT'S ANSWER
TO FIRST AMENDED COMPLAINT FILED ON APRIL 21, 2006**

COMES NOW, DEFENDANTS COUNTY OF KAUA'I and KAUA'I

POLICE DEPARTMENT (herein collectively "Defendants County"), by and

through its attorneys, LANI D. H. NAKAZAWA and CHRISTIANE L. NAKEA-TRESLER, answers the First Amended Complaint filed by Darla Abbatiello ("Plaintiff") on April 21, 2006 (the "Amended Complaint") as follows:

FIRST DEFENSE

1. The Amended Complaint fails to state a claim against Defendants County upon which relief can be granted.

SECOND DEFENSE

2. Defendants County admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 57, 84, 94, 95, and 110 of the Amended Complaint.

3. Defendants County denies the allegations contained in Paragraphs 43, 58, 64, 66, 69, 90, 91, 92, 93, 96, 98, 99, 100, 101, 102, 103, 105, 106, 107, 108, 112, 113, 114, 116, 117, 118, 119, 121, 122, 123, 125, 126, 127, 128, 130, 131, 132, 133, 135, 136, 137, and 138 of the Amended Complaint.

4. Defendants County is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 42, 44, 45, 47, 48, 49, 50, 51, 53, 54, 55, 56, 59, 60, 61, 62, 63, 65, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, and 88 of the Amended Complaint, and thus those allegations are denied.

5.    As to the allegations contained in Paragraphs 8 and 9 of the Amended Complaint, Defendants County states that the Amended Complaint speaks for itself.

6.    As to the allegations contained in Paragraph 19 of the Amended Complaint, Defendants County admits that pursuant to KPD policy, Vice investigations, including the execution of search warrants, are to be kept strictly confidential between Vice members, and Sergeant Kapua was not a member of Vice at anytime relevant to the Amended Complaint.  As for the remaining allegations, Defendants County is without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

7.    As to the allegations contained in Paragraph 40 of the Amended Complaint, Defendants County admits that Plaintiff requested in writing a temporary transfer to the Patrol Services Bureau in the District of Waimea "until this matter can be resolved."  As for the remaining allegations, Defendants County is without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

8.    As to the allegations contained in Paragraph 41 of the Amended Complaint, Defendants County admits that Plaintiff was transferred.  As for the remaining allegations, Defendants County is without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

9. As to the allegations contained in Paragraph 46 of the Amended Complaint, Defendants County Admits that are or around May 6, 2004, K.C. Lum became acting Chief of KPD. As for the remaining allegations, Defendants County is without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

10. As to the allegations contained in Paragraph 52 of the Amended Complaint, Defendants County admits that KPD Standards of conduct set forth the required disciplinary action for violations of the Standards of Conduct. As for the remaining allegations, Defendants County is without knowledge of information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

11. As to the allegations contained in Paragraph 97 of the Amended Complaint, Defendants County states that the First Amendment to the Constitution speaks for itself.

12. As to the allegations contained in Paragraph 111 of the Amended Complaint, Defendants County states that the Haw. Rev. Stat. § 378-61, speaks for itself. As for the remaining allegations, Defendants County is without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

13. In response to Paragraph 89 of the Amended Complaint, Defendants County repeats and incorporates herein by reference its above responses to Paragraphs 1 – 88 of the Amended Complaint as though fully set forth herein.

14. In response to Paragraph 104 of the Amended Complaint, Defendants County repeats and incorporates herein by reference its above responses to Paragraphs 1 – 103 of the Amended Complaint as though fully set forth herein.

15. In response to Paragraph 109 of the Amended Complaint, Defendants County repeats and incorporates herein by reference its above responses to Paragraphs 1 – 108 of the Amended Complaint as through fully set forth herein.

16. In response to Paragraph 115 of the Amended Complaint, Defendants County repeats and incorporates herein by reference its above responses to Paragraph 1 – 114 of the Amended Complaint as though fully set forth herein.

17. In response to Paragraph 120 of the Amended Complaint, Defendants County repeats and incorporates herein by reference its above responses to Paragraphs 1 – 119 of the Amended Complaint as though fully set forth herein.

18. In response to Paragraph 124 of the Amended Complaint, Defendants County repeats and incorporates herein by reference its above responses to Paragraphs 1 – 123 of the Amended Complaint as though fully set forth herein.

19. In response to Paragraph 129 of the Amended Complaint, Defendants County repeats and incorporates herein by reference its above responses to

Paragraphs 1 – 128 of the Amended Complaint as though fully set forth herein.

20. In response to Paragraph 134 of the Amended Complaint, Defendants County repeats and incorporates herein by reference its above response to Paragraphs 1 – 133 of the Amended Complaint as though fully set forth herein.

21. Each and every other allegation in the Amended Complaint not expressly admitted herein is hereby denied.

### THIRD DEFENSE

22. Plaintiff's claims are barred, in whole or in part, because she failed to properly exhaust her applicable administrative remedies, if any.

### FOURTH DEFENSE

23. Plaintiff has not demonstrated that her applicable administrative remedies, if any, are inadequate as required by 42 U.S.C. Section 1983.

### FIFTH DEFENSE

24. Defendants County has not violated a federal right, any statutory or common law duty.

### SIXTH DEFENSE

25. Defendants County cannot be held liable under the doctrine of respondeat superior for the actions of its agents or employees under 42 U.S.C. Sections 1981, 1983, and 1986.

## SEVENTH DEFENSE

26. Plaintiff's claim are barred by the doctrines of waiver, estoppel and/or laches.

## EIGHTH DEFENSE

27. Defendants County's acts or omissions, if any, were made with Plaintiff's knowledge and consent.

## NINTH DEFENSE

28. Defendants County's conduct was not the proximate and/or direct cause of any alleged injury or damage Plaintiff incurred.

## TENTH DEFENDANT

29. Plaintiff is precluded from recovery by reason of her own negligence, which was the sole cause or the greater cause of any alleged injury or damage.

## ELEVENTH DEFENSE

30. Plaintiff is precluded from recovery by reason of her knowingly and voluntarily assuming the risks, which caused the alleged injury or damage.

## TWELFTH DEFENSE

31. Plaintiff's claims are barred because the alleged injury or damage she suffered was caused by factors, persons or entities other than Defendants County and their actions were never authorized nor ratified by Defendants County.

### THIRTEENTH DEFENSE

32. If the alleged injury or damage that Plaintiff suffered was caused by employees of Defendants County, said actions or inactions by said employees were outside the course and scope of their employment.

### FOURTEENTH DEFENSE

33. Defendants County gives notice that it may rely upon the defense of absolute or qualified immunity.

### FIFTEENTH DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the exclusively provisions of Hawai'i's workers' compensation law, including Hawai'i Revised Statutes Section 386-5.

### SIXTEENTH DEFENSE

35. Defendants County intends to rely upon the defense of avoidable consequences and/or failure to mitigate damages.

### SEVENTEENTH DEFENSE

36. Plaintiff is not entitled to punitive damages.

### EIGHTEENTH DEFENSE

37. Plaintiff's claim for punitive damages violates the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

### NINETEENTH DEFENSE

38.   Defendants County is not liable for the performance or nonperformance of discretionary functions of duties.

### TWENTIETH DEFENSE

39.   Plaintiff's claims are barred, in whole or in part, by any and all applicable statutes of limitation under federal and/or state law.

### TWENTY-FIRST DEFENSE

40.   Defendants County asserts that because the Amended Complaint is stated in vague and conclusory terms, Defendants County cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendants County reserves the right to assert or rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure that is supported by information or facts obtained in discovery, at trial or by other means during this case, and expressly reserves the right to amend its Answer to assert such additional affirmative defenses in the future.

### TWENTY-SECOND DEFENSE

41.   Defendants County hereby reserves all rights to bring and assert further defenses, claims, counter-claims, and cross-claims, as discovery and the evidence may merit, and also reserves the right to name additional parties to this action. Furthermore, by alleging the above defenses separately and additionally, Defendants

County intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity. All such defenses are pled in the alternative and do not constitute an admission of liability or that the Plaintiff is entitled to any relief whatsoever.

## TWENTY-THIRD DEFENSE

42.     The Amended Complaint fails to present a justiciable controversy between Plaintiff and Defendants County.

## TWENTY-FOURTH DEFENSE

43.     Plaintiff has failed to join parties indispensable under Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH DEFENSE

44.     Plaintiff's recovery in this action, if any, should be reduced in accordance with Hawai'i Revised Statutes Sections 663-31.

## TWENTY-SIXTH DEFENSE

45.     Plaintiff is barred from maintaining this action against Defendants County because Defendants County's actions were justified by public necessity.

## TWENTY-SEVENTH DEFENSE

46.     Plaintiff's recovery in this action, if any, should be reduced in accordance with the doctrine of avoidable consequences.

## TWENTY-EIGHTH DEFENSE

47. Plaintiff's injuries or damages were cause in whole or in part by a party or parties over whom Defendants County had no legal control.

## TWENTY-NINTH DEFENSE

48. Defendants County asserts the defense of independent and unforeseeable intervening causes, specifically unforeseeable and intentional acts or unforeseeable criminal conduct of third persons.

WHEREFORE, Defendants County prays for judgment in its favor and requests that Plaintiff take nothing by way of her Amended Complaint and further requests as follows:

A. That the Amended Complaint be dismissed with prejudice against Defendants County in its entirety;

B. That Defendants County be awarded its costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

C. That Defendants County be awarded such other further relief as this Court deems just and proper.

DATED:  Lihue, Kaua'i, Hawai'i, May 11, 2006.

          /s/ Christiane L. Nakea – Tresler
          LANI D. H. NAKAZAWA
          CHRISTIANE L. NAKEA-TRESLER
          Attorneys for Defendants
          COUNTY OF KAUA'I and
          KAUA'I POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04-00562 SOM BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUA'I, KAUA'I POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | ) ) ) ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of **DEFENDANTS COUNTY OF KAUA'I AND KAUA'I POLICE DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON APRIL 21, 2006**, was duly served on the following on this date as indicated below:

    DANIEL G. HEMPEY, ESQ        U.S. MAILED
    Law Office of Daniel G. Hempey
    3175 Elua Street
    Līhu'e, Hawai'i 96766

    AND

| | |
|---|---|
| MARGERY S. BRONSTER, ESQ.<br>JEFF CRABTREE, ESQ.<br>Bronster Crabtree & Hoshibata<br>2300 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawai'i 96813<br><br>Attorneys for Plaintiff<br>DARLA ABBATIELLO | ELECTRONICALLY<br>CM/EFC |
| DAVID J. MINKIN, ESQ.<br>BECKY T. CHESTNUT, ESQ.<br>McCorriston Miller Mukai MacKinnon LLP<br>Five Waterfront Plaza, 4th Floor<br>500 Ala Moana Boulevard<br>Honolulu, Hawai'i 96813<br><br>Attorneys for Defendants<br>K. C. LUM, WILFRED M. IHU,<br>GORDON ISODA and DEAN PIGAO | ELECTRONICALLY<br>CM/EFC |
| MICHAEL J. MCGUIGAN, ESQ.<br>Pacific Guardian Center, Mauka Tower<br>733 Bishop Street, 24th Floor<br>Honolulu, Hawai'i 96813<br><br>Attorney for Defendant<br>IRVIL KAPUA | ELECTRONICALLY<br>CM/EFC |
| JONATHAN L. ORTIZ, ESQ.<br>WADE J. KATANO, ESQ.<br>ALLISON M. FUJITA, ESQ.<br>841 Bishop Street, Suite 2121<br>Honolulu, Hawai'i 96813<br><br>Attorneys for Defendant<br>GORDON ISODA, Individually | ELECTRONICALLY<br>CM/EFC |

2

| | |
|---|---|
| KEVIN P. H. SUMIDA, ESQ.<br>MILTON S. TANI, ESQ.<br>Suite 1400, Mauka Tower<br>737 Bishop Street<br>Honolulu, Hawai'i 96813<br><br>Attorneys for Defendant<br>DEAN PIGAO, Individually | ELECTRONICALLY<br>CM/EFC |

DATED:  Lihue, Kaua'i, Hawai'i, May 11, 2006.


       /s/ Christiane L. Nakea – Tresler
LANI D. H. NAKAZAWA
CHRISTIANE L. NAKEA-TRESLER

Attorneys for Defendants
COUNTY OF KAUA'I and
KAUA'I POLICE DEPARTMENT

3