McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN           #3639-0
BECKY T. CHESTNUT     #7756-0
KARA M.L. YOUNG       #8411-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai`i  96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
Email:  minkin@m4law.com

Attorneys for Defendants WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>            Defendants.<br>_____ | CIVIL NO. CV04-00562 SOM BMK<br><br>DEFENDANTS WILFRED M. IHU, GORDON ISODA, AND DEAN PIGAO'S ANSWER TO FIRST AMENDED COMPLAINT, FILED ON APRIL 21, 2006; CERTIFICATE OF SERVICE<br><br><br>TRIAL:  MAY 8, 2007 |

138084.1

DEFENDANTS WILFRED M. IHU,
GORDON ISODA, AND DEAN PIGAO'S ANSWER TO
FIRST AMENDED COMPLAINT, FILED ON APRIL 21, 2006

Defendants WILFRED M. IHU, GORDON ISODA and DEAN PIGAO (hereinafter collectively referred to herein as "Defendants"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, hereby answer the First Amended Complaint filed by DARLA ABBATIELLO ("Plaintiff") on April 21, 2006 (the "Amended Complaint") as follows:

FIRST DEFENSE

1. The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

SECOND DEFENSE

2. Defendants admit the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 33, 51, and 57 of the Amended Complaint.

3. Defendants deny the allegations contained in Paragraphs 35, 43, 50, 54, 90, 91, 92, 93, 96, 98, 99, 100, 101, 102, 103, 105, 106, 107, 108, 112, 113, 114, 116, 117, 118, 119, 121, 122, 123, 125, 126, 127, 128, 130, 131, 132, 133, 135, 136, 137, and 138 of the Amended Complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 34, 36, 38, 42, 44, 48, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, and 88 of the Amended Complaint, and thus, those allegations are denied.

5. As to the allegations contained in paragraphs 8 and 9 of the Amended Complaint, Defendants state that the Amended Complaint speaks for itself.

6. As to the allegations contained in paragraph 19 of the Amended Complaint, Defendants admit that pursuant to KPD policy, Vice investigations, including the execution of search warrants, are to be kept strictly confidential between Vice members, and Sergeant Kapua was not a member of Vice at anytime relevant to the Amended Complaint. As for the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

7. As to the allegations contained in paragraph 31 of the Amended Complaint, Defendants state that on or about January, 2004, certain Defendants were informed of Plaintiff's allegations. As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

8. As to the allegations contained in paragraph 32 of the Amended Complaint, Defendants admit that on or about January, 2004, Plaintiff's allegations, now in writing, were submitted to Acting Chief Ihu. As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

9. As to the allegations contained in paragraph 37 of the Amended Complaint, Defendants admit that in or about January or February 2004, Plaintiff's supervisor met with Acting Chief Ihu. Defendants deny the remaining allegations in paragraph 37.

10. As to the allegations contained in paragraph 39 of the Amended Complaint, Defendants admit that Plaintiff discussed with Acting Chief Ihu the possibility of transferring out of the Vice

unit.  As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

   11. As to the allegations contained in paragraph 40 of the Amended Complaint, Defendants admit that Plaintiff requested in writing a transfer from the Vice unit to the Patrol Services Bureau.  As for the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

   12. As to the allegations contained in paragraph 41 of the Amended Complaint, Defendants admit that Plaintiff was transferred on approximately April 2, 2004 and that Acting Chief Ihu said that there is no such thing as a temporary transfer.  As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

   13. As to the allegations contained in paragraph 45 of the Amended Complaint, Defendants either deny or are without

knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

      14.   As to the allegations contained in paragraph 46 of the Amended Complaint, Defendants admit that on or about May 6, 2004, K.C. Lum became Acting Chief of KPD. As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

      15.   As to the allegations contained in paragraph 47 of the Amended Complaint, Defendants admit that on or about June 23, 2004, Plaintiff met with Acting Chief Lum and another officer in the Chief's office. As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

      16.   As to the allegations contained in paragraph 49 of the Amended Complaint, Defendants admit that Acting Assistant Chief Pigao discussed with Plaintiff her desire to avoid Defendant Kapua. Defendants deny the remaining allegations in paragraph 49.

17. As to the allegations contained in paragraph 52 of the Amended Complaint, Defendants admit that KPD Standards of Conduct set forth the required disciplinary action for violations of the Standards of Conduct. Defendants are either without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, or that the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

18. As to the allegations contained in paragraphs 53 and 55 of the Amended Complaint, Defendants state that these allegations are legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

19. As to the allegations contained in paragraph 56 of the Amended Complaint, Defendants either deny or state that the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

20. As to the allegations contained in paragraph 94 of the Amended Complaint, Defendants state that the Revised Charter of the County of Kauai speaks for itself and the remaining

allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

21. As to the allegations contained in paragraph 95 of the Amended Complaint, Defendants state that 42 U.S.C. §§ 1983 and 1985 speak for themselves and the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

22. As to the allegations contained in paragraph 97 of the Amended Complaint, Defendants state that the First Amendment to the Constitution speaks for itself and the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

23. As to the allegations contained in paragraphs 110 and 111 of the Amended Complaint, Defendants state that Hawai`i Revised Statutes section 378-61 speaks for itself, and the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

24. In response to Paragraph 89 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 88 of the Amended

Complaint as though fully set forth herein.

25. In response to Paragraph 104 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 103 of the Amended Complaint as though fully set forth herein.

26. In response to Paragraph 109 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 108 of the Amended Complaint as though fully set forth herein.

27. In response to Paragraph 115 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 114 of the Amended Complaint as though fully set forth herein.

28. In response to Paragraph 120 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 119 of the Amended Complaint as though fully set forth herein.

29. In response to Paragraph 124 of the Amended Complaint, Defendants repeat and incorporate herein by reference

their above responses to Paragraphs 1 - 123 of the Amended Complaint as though fully set forth herein.

30. In response to Paragraph 129 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 128 of the Amended Complaint as though fully set forth herein.

31. In response to Paragraph 134 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 133 of the Amended Complaint as though fully set forth herein.

32. Each and every other allegation in the Amended Complaint not expressly admitted herein is hereby denied.

THIRD DEFENSE

33. Plaintiff's claims are barred, in whole or in part, because she failed to properly exhaust her applicable administrative remedies, if any.

FOURTH DEFENSE

34. Plaintiff has not demonstrated that her applicable administrative remedies, if any, are inadequate as required by 42 U.S.C. section 1983.

FIFTH DEFENSE

35. Defendants have not violated a federal right, any statutory or common law duty.

SIXTH DEFENSE

36. Defendants cannot be held liable under the doctrine of respondeat superior for the actions of their agents or employees under 42 U.S.C. sections 1981, 1983 and 1986.

SEVENTH DEFENSE

37. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

EIGHTH DEFENSE

38. Defendants' acts or omissions, if any, were made with Plaintiff's knowledge and consent.

NINTH DEFENSE

39. Defendants' conduct was not the proximate and/or direct cause of any alleged injury or damage Plaintiff incurred.

TENTH DEFENSE

40. Plaintiff is precluded from recovery by reason of her own negligence, which was the sole cause or the greater cause of any alleged injury or damage.

## ELEVENTH DEFENSE

41. Plaintiff is precluded from recovery by reason of her knowingly and voluntarily assuming the risks, which caused the alleged injury or damage.

## TWELFTH DEFENSE

42. Plaintiff's claims are barred because the alleged injury or damage she suffered was caused by factors, persons or entities other than Defendants.

## THIRTEENTH DEFENSE

43. If the alleged injury or damage that Plaintiff suffered was caused by employees of Defendants, said actions or inactions by said employees were outside the course and scope of their employment, and said actions or inactions were never approved nor ratified by Defendants.

## FOURTEENTH DEFENSE

44. Defendants give notice that they may rely upon the defense of absolute or qualified immunity and/or privilege.

## FIFTEENTH DEFENSE

45. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Hawai`i's workers' compensation law, including Hawai`i Revised Statutes section 386-5.

## SIXTEENTH DEFENSE

46. Defendants intend to rely upon the defense of avoidable consequences and/or failure to mitigate damages.

## SEVENTEENTH DEFENSE

47. Plaintiff is not entitled to punitive damages.

## EIGHTEENTH DEFENSE

48. Plaintiff's claim for punitive damages violates the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

## NINETEENTH DEFENSE

49. Defendants are not liable for the performance or nonperformance of discretionary functions or duties.

## TWENTIETH DEFENSE

50. Plaintiff's claims are barred, in whole or in part, by any and all applicable statutes of limitation under federal and/or state law.

## TWENTY-FIRST DEFENSE

51. Plaintiff's recovery in this action, if any, should be reduced in accordance with Hawai`i Revised Statutes section 663-31.

## TWENTY-SECOND DEFENSE

52. Defendants are privileged to take the actions upon which Plaintiff's Amended Complaint is based.

## TWENTY-THIRD DEFENSE

53. The Amended Complaint fails to present a justiciable controversy between Plaintiff and Defendants.

## TWENTY-FOURTH DEFENSE

54. Plaintiff has failed to join parties indispensable under Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH DEFENSE

55. Statements or representations, written or oral, made by Defendants, if any, which are the basis of Plaintiff's claims, were advisory and non-binding.

### TWENTY-SIXTH DEFENSE

56.	Plaintiff is barred from maintaining this action against Defendants because Defendants' actions were justified by public necessity.

### TWENTY-SEVENTH DEFENSE

57.	Plaintiff's recovery in this action, if any, should be reduced in accordance with the doctrine of avoidable consequences.

### TWENTY-EIGHTH DEFENSE

58.	Plaintiff's injuries or damages were caused in whole or in part by a party or parties over whom Defendants had no legal control.

### TWENTY-NINTH DEFENSE

59.	Defendants assert the defense of independent and unforeseeable intervening causes, specifically unforeseeable and intentional acts or unforeseeable criminal conduct of third persons.

### THIRTIETH DEFENSE

60.	Defendants had license to take the actions upon which Plaintiff's Amended Complaint is based under Rule 8 of the Hawai`i Rules of Civil Procedure and Federal Rules of Civil Procedure.

## THIRTY-FIRST DEFENSE

61.  Plaintiff should be denied any equitable relief herein on the grounds of unclean hands.

## THIRTY-SECOND DEFENSE

62.  Statements or representations, written or oral, made by Defendants, if any, which are the basis of Plaintiff's claims, were true.

## THIRTY-THIRD DEFENSE

63.  Defendants hereby reserve all rights to bring and assert further defenses, claims, counter-claims, and cross-claims, as discovery and the evidence may merit, and also reserve the right to name additional parties to this action.  Furthermore, by alleging the above defenses separately and additionally, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  All such defenses are pled in the alternative and do not constitute an admission of liability or that the Plaintiff is entitled to any relief whatsoever.

## THIRTY-FOURTH DEFENSE

64. Defendants assert that because the Amended Complaint is stated in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert or rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure that is supported by information or facts obtained in discovery, at trial or by other means during this case, and expressly reserve the right to amend their Answer to assert such additional affirmative defenses in the future.

WHEREFORE, Defendants pray for judgment in their favor and request that Plaintiff take nothing by way of her First Amended Complaint and further request as follows:

A. That the First Amended Complaint be dismissed with prejudice against Defendants in its entirety;

B. That Defendants be awarded their costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

      C.    That Defendants be awarded such other further relief as this Court deems just and proper.

DATED: Honolulu, Hawai`i, May 11, 2006.

/s/ David J. Minkin
DAVID J. MINKIN
BECKY T. CHESTNUT
KARA M.L. YOUNG

Attorneys for Defendants
WILFRED M. IHU, GORDON ISODA,
and DEAN PIGAO