IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF ) MOTION |
| vs. | ) |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | ) ) ) ) |
| | ) (Trial Date:  May 7, 2007) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION

**I.   BACKGROUND**.

The background facts have previously been summarized in various pleadings filed with this Court. *See, e.g.,* Plaintiff's "Memorandum in Opposition to Defendants' (Lum, Ihu, Isoda and Pigao's) Motion for Leave to File Third Party Complaint, filed on January 12, 2006.

In early January 2004, Plaintiff, then a 15 year KPD veteran and the first female officer promoted to the Narcotics/Vice Unit, informed her superior officers that she received information from a suspect which implicated Defendant Kapua - a KPD sergeant - in criminal activity.  Specifically, the suspect informed Plaintiff

that a known drug dealer paid money to Defendant Kapua for protection and "tip-offs" on search warrants.

After reporting the information (that she was duty-bound to report) to her superior officers, Defendant Kapua began intimidating and harassing Plaintiff. He used profanities towards her in the workplace and in a crowded public restaurant while in uniform. Plaintiff's Narcotics/Vice criminal investigations were also compromised. Suspects were "tipped off" before Officer Abbatiello executed search warrants. Plaintiff even received a death threat in April 2004 when someone wrote her name next to the word 'death' in her dictionary.

Fearing for her safety, Plaintiff asked that Defendant Kapua be ordered to stay away from her. KPD took no action with respect to the stay away order and the harassment by Defendant Kapua continued.

Having been harassed and intimidated by Defendant Kapua, and effectively "iced-out" of Vice, Plaintiff requested a temporary transfer. Plaintiff was transferred on April 2, 2004. Shortly thereafter and without any prior notice, Plaintiff was demoted and received a reduction in pay.

Plaintiff filed her Complaint on September 14, 2004 asserting the following claims:

>Count I:     Violation of Plaintiff's civil rights entitling Plaintiff to relief under 42 USC §§ 1983 and 1985;
>
>Count II:    Conspiracy to violate civil rights in violation of 42 USC § 1983;
>
>Count III:   Discrimination and retaliation against Plaintiff in violation of Hawai`i's Whistleblower's Protection Act (Haw. Rev. Stat. Ch. 378 et seq.);
>
>Count IV:    Wrongful termination in violation of public policy pursuant to Haw. Rev. Stat. Ch. 378 et seq.;
>
>Count V:     Negligent supervision/retention;
>
>Count VI:    Intentional infliction of emotional distress;
>
>Count VII:   Negligent infliction of emotional distress;
>
>Count VIII:  Violation of rights secured to Plaintiff pursuant to the Constitution of the State of Hawai`i.

On January 12, 2006, prior to the filing of Plaintiff's Motion for Leave to Filed First Amended Complaint, then-counsel for Defendant K.C. Lum filed a Motion for Leave to File a Third Party Complaint which sought to bring in ex-Chief George Freitas, as a third party defendant. The other Defendants joined in the motion. Plaintiff filed her opposition on the grounds that the Defendants failed to meet the requirements of Rule 14 of the *Fed. R. Civ. P*. Rule 14 governs third-party practice. It provides in pertinent part:

> (a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff.

Rule 14 requires that the purported third party, Chief Freitas, be a new party to the litigation. By suing Chief Freitas in his official capacity, the Defendants sought to assert a claim against the County and KPD. As such, the Defendants were not adding a new party to the litigation or "a person who is not a party" - they were merely asserting a claim against an entity that was already a party - the County. Thus, the basic requirement of Rule 14 was not met.

A full hearing was held on March 3, 2006. *See,* discussion, *supra*. This Court denied the motion in court on that day and filed its Order denying the motion on April 4, 2006. The Court's Order Granting Plaintiff's Leave to File Her First Amended Complaint followed.

On May 5, 2006, a "Withdrawal and Substitution of Counsel for Defendant K.C. Lum" was filed, substituting Cary T. Tanaka, Esq., for David J. Minkin.

On April 21, 2006, after having moved for and argued a Motion for Leave to File First Amended Complaint, Plaintiff filed her First Amended Complaint to update the Court with respect to actions taken against Plaintiff subsequent to the filing of her initial Complaint. *See,* paragraphs 57 through 88, 93 and 100 of

Plaintiff's First Amended Complaint and paragraphs (1) and (2) of Plaintiff's prayer for relief contained therein.

**II.   DEFENDANT K.C. LUM'S THIRD PARTY COMPLAINT SHOULD BE STRICKEN PURSUANT TO RULE 12(f), F.R.C.P.**

Motions to strike are governed by Rule 12(f), *Fed. R. Civ. P.*:

> (f)  *Motion to strike.*   Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Plaintiff believes that Defendant Lum's attempt to file a Third Party Complaint against Chief George Freitas fails to meet the requirements of Rule 14, is otherwise improper, and should be stricken by this Court.

**III.   ARGUMENT**.

Plaintiff's arguments were made in her "Memorandum in Opposition to Defendants' (Lum, Ihu, Isoda and Pigao's) Motion for Leave to File Third Party Complaint", filed on January 12, 2006.  These arguments were reiterated during oral argument on March 3, 2006, and were the basis for this Court's denial of that motion.  Plaintiff's memorandum, above-titled, is incorporated herein.

Chief Freitas served as KPD's Chief from 1995 to October 2003, when he

retired from KPD. This was long before any of the events alleged in Plaintiff's Complaint and Amended Complaint. In spite of the obvious disconnect in time and in facts, Defendant Lum continues to contend that had Chief Freitas taken some action in response to an incident involving Defendant Kapua in 1999, Defendant Kapua might have been terminated, criminally prosecuted, reassigned or disciplined. *See,* Third Party Complaint at ¶ 18. In other words, *perhaps* if Chief Freitas *possibly* disciplined Defendant Kapua, Defendant Lum and the other defendants *might not* have retaliated against Plaintiff and *maybe would not* have violated Plaintiff's civil rights.

This argument is an inappropriate attempt to argue that Lum's predecessor was responsible for Defendant Lum's actions or the actions of the County and/or KPD. If his predecessor was responsible at all, he was responsible as Chief of Police and as the agent of the County and KPD.[1]

Such speculative assertions do not come close to fulfilling the requisites of *Fed. R. Civ. P.* 14. Specifically, Defendant Lum has failed to show how His Third Party Complaint would add a new party who is or may be liable to them for all or

---

[1] If there are any allegations which truly may be made against Chief Freitas, they should be made in the form of cross-claims against the County and KPD, not as a third party claim against Chief Freitas.

part of Plaintiff's claims against Defendant Lum.

Plaintiff argued in her prior memorandum and during the hearing before this Court that Chief Freitas was not a new party to the litigation, which is what Rule 14 requires. Plaintiff argued that, by suing Chief Freitas in his official capacity, the Defendants were simply asserting a claim against the County and KPD and, as such, the Defendants were not adding a new party to the litigation; they were merely asserting a claim against an entity that was already a party - the County.

A suit against a state's or municipality's officers or agents in their official capacities is a suit against the state and not against its officers or agents in their individual capacities. Makanui v. Department of Education, 6 Haw. App. 397, 406, 721 P.2d 165, 171 (1986) [*citing* Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985))] Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent". Graham, 473 U.S. at 166, 105 S.Ct. at 3105 [*quoting* Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978)]. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity". Id. (citation omitted). "It is not a suit against the official personally, for the real party in interest is the entity". Id.

Since the County and KPD are already defendants in this litigation, Defendant Lum's Third Party Complaint is improper and inconsistent with Rule 14 and the cited case law. By naming Chief Freitas in his official capacity, Defendant Lum is merely attempting to assert claims already asserted against the County. As such, the Third Party Complaint is improper, not legally grounded and should be stricken in keeping with this Court's earlier denial.

**IV.   THERE IS NO BASIS FOR ANY CLAIM AGAINST CHIEF FREITAS, INDIVIDUALLY.**

In the very first paragraph of his purported Third Party Complaint, Defendant Lum claims to sue Chief Freitas in his "capacity as former Chief of Police of the Kauai Police Department for the County of Kauai, State of Hawai`i, as well as individually". There are no allegations in the purported Third Party Complaint which allege that Chief Freitas acted individually and outside the course and scope of his police and county authority. Thus, any claim that he acted as an individual is wholly without basis and improper.

**V.   CONCLUSION.**

For all of the above reasons, Defendant K.C. Lum's Third Party Complaint, filed on May 11, 2006, should be stricken.

DATED:  Honolulu, Hawaii, May 31, 2006.

            /s/ JOHN T. HOSHIBATA
          MARGERY S. BRONSTER
          JOHN T. HOSHIBATA
          JEANNETTE HOLMES CASTAGNETTI
          DANIEL G. HEMPEY
          Attorneys for Plaintiff
          DARLA ABBATIELLO