373891.2
WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership

JOHN T. KOMEIJI      #2498-0
GREGG M. USHIRODA    #5868-0
KAREN Y. ARIKAWA     #7684-0
23rd Floor, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Email: karikawa@wik.com

Attorneys for Third-Party Defendant
**GEORGE FREITAS**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>   Plaintiff,<br><br>   vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA,<br><br>   Defendants,<br><br>   and<br><br>K.C. LUM,<br><br>   Defendant and<br>   Third-Party<br>   Plaintiff,<br><br>   vs.<br><br>GEORGE FREITAS,<br><br>   Third-Party<br>   Defendant. | CIVIL NO. CV04-00562 SOM BMK<br><br>**THIRD-PARTY DEFENDANT GEORGE FREITAS' ANSWER TO THIRD-PARTY COMPLAINT FILED ON 05/11/06; and CERTIFICATE OF SERVICE**<br><br><br><br><br><br>**TRIAL: May 8, 2007** |

**THIRD-PARTY DEFENDANT GEORGE FREITAS'**
**ANSWER TO THIRD-PARTY COMPLAINT FILED ON 05/11/06**

Comes now Third-Party Defendant GEORGE FREITAS (hereinafter referred to as "Third-Party Defendant FREITAS") by and through his counsel, WATANABE ING & KOMEIJI LLP, for an answer to the Third-Party Complaint filed herein on May 11, 2006, alleges and avers as follows:

**FIRST DEFENSE**

1. The Third-Party Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. The allegations contained in Paragraphs 7 and 12 of the Third-Party Complaint are admitted.

3. The allegations contained in Paragraphs 17, 18, 19, and 20 of the Third-Party Complaint are denied.

4. In response to the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 14, 15 and 16 of the Third-Party Complaint, Third-Party Defendant FREITAS is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the allegations contained therein, and thus denies the same.

5. In response to the allegations contained in Paragraph 8 of the Third-Party Complaint, Third-Party Defendant FREITAS states that 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985, and 1988, and 28 U.S.C. § 1367 speak for themselves.

Third-Party Defendant FREITAS denies any violation of Plaintiff's civil rights and denies that Plaintiff has an actionable claim under 42 U.S.C. §§ 1983, 1985, and 1988.  Third-Party Defendant FREITAS is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the remaining allegations contained therein and thus denies the same.

   6. In response to the allegations contained in Paragraph 9 of the Third-Party Complaint, Third-Party Defendant FREITAS states that 28 U.S.C. § 1391(b)(2) speaks for itself.  Third-Party Defendant FREITAS is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the remaining allegations contained therein and thus denies the same.

   7. In response to the allegations contained in Paragraph 10 of the Third-Party Complaint, Third-Party Defendant FREITAS states that the First Amended Complaint speaks for itself.  Third-Party Defendant FREITAS is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the remaining allegations contained therein and thus denies the same.

   8. In response to the allegations contained in Paragraph 11 of the Third-Party Complaint, Third-Party Defendant FREITAS states that the First Amended Complaint speaks for itself.  Third-Party Defendant FREITAS is without knowledge or

information sufficient at the present time to form a belief as to the truth or falsity of the remaining allegations contained therein and thus denies the same.

9. In response to the allegations contained in Paragraph 13 of the Third-Party Complaint, Third-Party Defendant FREITAS states that the responsibilities for the Chief of Police for the County of Kauai are set forth in the Kauai County Charter. Third-Party Defendant FREITAS is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the remaining allegations contained therein and thus denies the same.

10. All allegations not specifically admitted hereinabove are denied.

**THIRD DEFENSE**

11. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff's claims are barred, in whole or in part, because she failed to properly exhaust her applicable administrative remedies, if any.

**FOURTH DEFENSE**

12. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff has not demonstrated that her applicable administrative remedies, if any, are inadequate as required by 42 U.S.C. § 1983.

**FIFTH DEFENSE**

13. Third-Party Defendant FREITAS gives notice that he may rely upon the defenses of avoidable consequences and/or failure to mitigate damages, if any.

**SIXTH DEFENSE**

14. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Third-Party Plaintiff's damages, if any, were caused by the negligence, breach and/or fault of Third-Party Plaintiff and/or persons, corporations and/or entities other than Third-Party Defendant FREITAS.

**SEVENTH DEFENSE**

15. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff's damages, if any, were caused by the negligence, breach and/or fault of Plaintiff and/or persons, corporations and/or entities other than Third-Party Defendant FREITAS.

**EIGHTH DEFENSE**

16. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that liability to the Third-Party Plaintiff, if any, is the fault of persons, corporations, and/or entities other than Third-Party Defendant FREITAS.

**NINTH DEFENSE**

17. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that liability to the Plaintiff, if

any, is the fault of persons, corporations, and/or entities other than Third-Party Defendant FREITAS.

**TENTH DEFENSE**

18. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Third-Party Plaintiff is precluded from recovery by reason of his own negligence which was the sole cause of or the greater cause of the damages and/or by reason of the defense of assumption of risk.

**ELEVENTH DEFENSE**

19. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff is precluded from recovery by reason of her own negligence which was the sole cause of or the greater cause of the damages and/or by reason of the defense of assumption of risk.

**TWELFTH DEFENSE**

20. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that the Third-Party Plaintiff is precluded from recovery of that portion of the injury and/or damage which was caused or contributed to by his own negligence.

**THIRTEENTH DEFENSE**

21. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that the Plaintiff is precluded from recovery of that portion of the injury and/or damage which was caused or contributed to by her own negligence.

**FOURTEENTH DEFENSE**

22. Third-Party Defendant FREITAS gives notice that he may rely upon the defense of absolute immunity and/or qualified immunity and/or absolute privilege and/or qualified privilege.

**FIFTEENTH DEFENSE**

23. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that any of the Third-Party Plaintiff's alleged injuries and/or damages were not the result of a breach of any duty owed by Third-Party Defendant FREITAS to the Third-Party Plaintiff.

**SIXTEENTH DEFENSE**

24. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that any of the Plaintiff's alleged injuries and/or damages were not the result of a breach of any duty owed by Third-Party Defendant FREITAS to the Plaintiff.

**SEVENTEENTH DEFENSE**

25. If the Plaintiff sustained the injuries and/or damages alleged in the First Amended Complaint, the injuries and/or damages were not caused, in whole or in part, by Third-Party Defendant FREITAS.

**EIGHTEENTH DEFENSE**

26. Third-Party Defendant Freitas gives notice that he may rely upon the defense that the Plaintiff's alleged injuries and/or damages were not reasonably foreseeable.

**NINETEENTH DEFENSE**

27. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that any injuries or damages suffered by the Third-Party Plaintiff were caused by unavoidable and/or intervening, superseding, or other causes beyond the control of Third-Party Defendant FREITAS.

**TWENTIETH DEFENSE**

28. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that any injuries or damages suffered by the Plaintiff were caused by unavoidable and/or intervening, superseding, or other causes beyond the control of Third-Party Defendant FREITAS.

**TWENTY-FIRST DEFENSE**

29. Third-Party Defendant FREITAS gives notice that he may rely upon the defense of failure to join an indispensable party.

**TWENTY-SECOND DEFENSE**

30. Third-Party Defendant FREITAS gives notice that he may rely upon the defenses of laches, waiver, estoppel, and/or unclean hands.

**TWENTY-THIRD DEFENSE**

31. Third-Party Defendant FREITAS gives notice that he may rely upon the defense that he has not violated any federal or state rights.

**TWENTY-FOURTH DEFENSE**

32.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that in his official capacity, he cannot be held liable under the doctrine of *respondeat superior* for the actions of agents or employees under 42 U.S.C. § 1983.

**TWENTY-FIFTH DEFENSE**

33.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that he is not liable for the performance or nonperformance of discretionary functions or duties.

**TWENTY-SIXTH DEFENSE**

34.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff's speech and/or actions were not protected by the First Amendment of the United States Constitution, or by any rights secured by the Hawaii State Constitution.

**TWENTY-SEVENTH DEFENSE**

35.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff has suffered no injury and thus lacks standing to maintain this action.

**TWENTY-EIGHTH DEFENSE**

36.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff's claims for punitive damages are barred, in whole or in part, by applicable provisions

of the United States Constitution and the Constitution of the State of Hawaii of 1978, as amended.

**TWENTY-NINTH DEFENSE**

37.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff's claims are barred, in whole or in part, by any and all applicable statutes of limitation under federal and/or state law.

**THIRTIETH DEFENSE**

38.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that any award of punitive damages would exceed the remedies available under the common law and would violate the Due Process Clause of the Fifth Amendment and/or the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**THIRTY-FIRST DEFENSE**

39.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that Plaintiff's First Amended Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against Third-Party Defendant FREITAS.

**THIRTY-SECOND DEFENSE**

40.  Third-Party Defendant FREITAS gives notice that he may rely upon the defense that, in addition to the above defenses, he may rely upon any other matter constituting an

avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and will seek to amend his answer to allege such defenses of which he may become aware during the course of further investigation, discovery, or trial in this matter.

By alleging the above defenses separately and additionally, Third-Party Defendant FREITAS intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Further, all such defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Third-Party Defendant FREITAS prays for judgment in his favor and requests that the Third-Party Plaintiff take nothing by way of his Third-Party Complaint and further request as follows:

(1)  That the Third-Party Complaint herein be dismissed with prejudice against Third-Party Defendant FREITAS in its entirety;

(2)  That Third-Party Defendant FREITAS be awarded his costs and expenses incurred in connection with this action, including reasonable attorneys' fees;

(3) That Third-Party Defendant FREITAS be awarded such other further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, July 10, 2006.

                                       /s/ Gregg M. Ushiroda
                                       JOHN T. KOMEIJI
                                       GREGG M. USHIRODA
                                       KAREN Y. ARIKAWA
                                       Attorneys for Third-Party Defendant
                                       **GEORGE FREITAS**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04-00562 SOM BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| K.C. LUM, | ) | **TRIAL: May 8, 2007** |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE FREITAS, | ) | |
| | ) | |
| Third-Party Defendant. | ) ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date, a copy of the foregoing document was duly served upon the following parties electronically through CM/ECF and/or mailing same, U.S. Postage prepaid, to their last known addresses:

CARY T. TANAKA, ESQ.
Attorney at Law
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii 96813

Attorney for Defendant/Third-Party Plaintiff
K.C. LUM


DAVID J. MINKIN, ESQ.
BECKY T. CHESTNUT, ESQ.
Five Waterfront Plaza, 4th Floor
Honolulu, Hawaii 96813

Attorneys for Defendants
WILFRED M. IHU, GORDON ISODA and
DEAN PIGAO


MARGERY S. BRONSTER, ESQ.
JOHN HOSHIBATA, ESQ.
Suite 2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

    and

DANIEL G. HEMPEY, ESQ.
3175 Elua Street
Lihue, Hawaii 96766

Attorneys for Plaintiff


MICHAEL J. McGUIGAN, ESQ.
Pacific Guardian Center, Makai Tower
733 Bishop Street, 24th Floor
Honolulu, Hawaii 96813

Attorney for Defendant
IRVIL KAPUA

**LANI D.H. NAKAZAWA, ESQ.**
**CHRISTIANE L. NAKEA-TRESLER, ESQ.**
4444 Rice Street, Suite 220
Lihue, Hawaii 96766

Attorneys for COUNTY OF KAUAI and
KAUAI POLICE DEPARTMENT


DATED:  Honolulu, Hawaii, July 10, 2006.


        /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
KAREN Y. ARIKAWA
Attorneys for Third-Party Defendant
**GEORGE FREITAS**

---

Darla Abbatiello, Plaintiff vs. County of Kauai, et al.,
Defendants; Civil No. CV04-00562 SOM BMK; Certificate of Service

- 3 -