CARY T. TANAKA        4858-0
Attorney at Law
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885
carytanaka@aol.com

Attorney for Defendant
and Third-Party Plaintiff
K.C. LUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA,<br><br>　　　　　Defendants,<br><br>　and<br><br>K.C. LUM,<br><br>　　　　　Defendant and<br>　　　　　Third-Party<br>　　　　　Plaintiff,<br><br>　vs.<br><br>GEORGE FREITAS,<br><br>　　　　　Third-Party<br>　　　　　Defendant. | CIVIL NO. CV04 00562 SOM BMK<br><br>DEFENDANT AND THIRD-PARTY PLAINTIFF K.C. LUM'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT K.C. LUM'S THIRD-PARTY COMPLAINT FILED ON MAY 11, 2006; DECLARATION OF CARY T. TANAKA; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>DATE:  JULY 31, 2006<br>TIME:  9:45 A.M.<br>MAGISTRATE BARRY M. KURREN<br><br><br><br><br><br><br><br><br><br>TRIAL DATE:  May 8, 2007 |

DEFENDANT AND THIRD-PARTY PLAINTIFF K.C. LUM'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT
<u>K.C. LUM'S THIRD-PARTY COMPLAINT FILED ON MAY 11, 2006</u>

Comes now Defendant and Third-Party Plaintiff K.C. LUM ("this Defendant"), by his attorney, and hereby submits the following Memorandum in Opposition to Plaintiff's Motion to Strike Defendant K.C. Lum's Third Party Complaint filed on May 11, 2006. For the reasons set forth below, Plaintiff's motion should be denied as a matter of law.

I.   <u>STATEMENT OF PERTINENT FACTS</u>

This case arises out of a claim for damages being asserted by Plaintiff Darla Abbatiello ("Plaintiff") for alleged misconduct on the part of Defendants herein. In particular, Plaintiff, a police officer with the Kauai Police Department ("KPD"), claims that she was harassed and intimidated by Defendant Irvil Kapua ("Kapua") during her tenure with the department. Plaintiff also claims that she sustained damages arising from Kapua's actions, as well as the omissions on the part of her superior officers who allegedly failed to address the situation involving Kapua.

On September 14, 2004, Plaintiff filed a Complaint in the United States District Court for the District of Hawaii, alleging, among other things, that the acts and/or omissions of the named defendants constituted various constitutional, statutory, and common law violations, including but not limited

to a violation of her civil rights pursuant to 42 U.S.C. §§ 1983 and 1985, a conspiracy to violate her civil rights, retaliation in violation of Hawaii's Whistleblower's Protection Act, negligent supervision, and negligent and intentional infliction of emotional distress.  Complaint filed on September 14, 2004.

This Defendant became the Chief of Police for KPD beginning in September of 2004.  The allegations against this Defendant were asserted against him both individually and officially, primarily in his supervisory capacity.

On January 12, 2006, counsel for Defendants, K.C. LUM, WILFRED M. IHU, GORDON ISODA, and DEAN PIGAO filed a Motion for Leave to File Third-Party Complaint.  That motion sought leave of court to file a third-party action against former KPD police chief GEORGE FREITAS ("former chief FREITAS").  In bringing that motion, the moving defendants had requested that former chief FREITAS be named as a third-party defendant for purposes of contribution and reimbursement.  The argument behind having former chief FREITAS named was that some of the allegations asserted by Plaintiff appeared to have occurred during his tenure as chief of police.

On January 27, 2006, a hearing on the subject motion was held before the Honorable Magistrate Judge Barry Kurren.  Upon information and belief, during the hearing, Plaintiff's counsel informed the Court that the claims which were being brought

against this Defendant, as well as Defendants IHU, ISODA, and PIGAO, were primarily being asserted in their <u>official capacity</u>. As such, it was represented that the parties were in the process of entering into stipulated dismissal without prejudice of the <u>individual capacity</u> claims which were asserted in the initial Complaint. Given this representation, it is believed that the Magistrate Judge denied the subject motion without prejudice.[1]

On April 21, 2006, Plaintiff filed her First Amended Complaint and Demand for Jury Trial. In Paragraph 8 of the Amended Complaint, Plaintiff stated that the claims originally asserted against Defendants WILFRED H. IHU, GORDON ISODA, and DEAN PIGAO, were being brought in their "official capacities" only. See First Amended Complaint filed herein on April 21, 2006 at ¶ 8. Plaintiff went on to state the following with regard to Defendants K.C. LUM and IRVING KAPUA:

---

[1] Upon information and belief, during the hearing on the motion for leave to file third-party complaint, it was agreed that there would be no need to have each of the defendants participate in the lawsuit as their actions would be addressed under the theory of respondeat superior. Given this representation, the parties agreed to execute a stipulated dismissal of the <u>individual</u> claims of the four defendants without prejudice. It is the understanding of this Defendant that, in relying on the representations of the parties, the Magistrate Judge then denied the motion for leave without prejudice. Current counsel for this Defendant was not involved in the prior motion. It was not until it was ascertained that, notwithstanding the prior agreement, Plaintiff had again asserted <u>individual capacity</u> claims against this Defendant in the Amended Complaint that it became necessary to have this Defendant's current counsel appointed herein.

> 9.  This Complaint is brought against Defendants Lum and Kapua in their <u>official and individual capacities</u>.

First Amended Complaint filed herein on April 21, 2006 at ¶ 9 (emphasis supplied).

As a result of Plaintiff's change of position, in responding to the Amended Complaint, this Defendant was again compelled to file a Third-Party Complaint against former police chief FREITAS. Again, the filing of the third-party complaint was effectuated to protect this Defendant from being held responsible for any and all actions or inactions which may have taken place before his tenure as chief of police.

Plaintiff now moves this Honorable Court for an order striking the third party complaint filed herein wherein she argues that the Court has already ruled that the filing of a third-party complaint against former chief FREITAS is improper.

II.  <u>DISCUSSION</u>

Rule 14(a) of the Federal Rules of Civil Procedure states the following in pertinent part:

> **(a) When Defendant May Bring in Third Party.**  At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the plaintiff or the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 12(a) (emphasis supplied).

"An amended pleading that is complete in itself and does not reference or adopt any portion of the prior pleading supersedes the prior pleading."  3D Moore's Federal Practice, § 15.17 (Matthew Bender 3d. Ed.).  The filing of Plaintiff's First Amended Complaint supercedes her prior Complaint and thus allowed for the timely filing of the instant Third-Party Complaint.

   A.   THE FILING OF THE THIRD-PARTY COMPLAINT HAS
        NO BEARING ON THE CLAIMS BEING ASSERTED BY PLAINTIFF
        AND THUS RAISES ISSUES AKIN TO LACK OF STANDING

The Third-Party Complaint which has been asserted against former chief FREITAS seeks reimbursement or contribution from the former chief for damages which may be attributed to injuries Plaintiff may have sustained during his tenure as chief of police.  The Third-Party Complaint merely states that, if a judgment is rendered in favor of Plaintiff and against this Defendant, this Defendant be given judgment in a like amount over and against former chief FREITAS for matters which should be properly attributed to his acts or omissions during his tenure as chief of police.  No affirmative claims have been asserted against former chief FREITAS by this Defendant.  Plaintiff has not named former chief FREITAS as a party defendant, nor has she chosen to assert a claim over and against former chief FREITAS.  The Third-Party Complaint has no direct bearing on Plaintiff's affirmative claims in this case.  Plaintiff seeks redress and damages for injuries she allegedly sustained while employed by

KPD. As such, it is puzzling as to why she would oppose the efforts to have this Defendant's predecessor identified as a third-party defendant. Notwithstanding, as Plaintiff has no direct claim against former chief FREITAS, she should be deemed to have no standing to request that the Third-Party Complaint be stricken herein.

> B. ALTHOUGH PLAINTIFF HAD PREVIOUSLY REPRESENTED TO THIS HONORABLE COURT THAT SHE WOULD BE DISMISSING THE CLAIMS AGAINST THIS DEFENDANT IN HIS INDIVIDUAL CAPACITY, SHE HAS APPARENTLY CHANGED HER POSITION AND IS ONCE AGAIN RE-ASSERTING THE INDIVIDUAL CAPACITY CLAIM IN HER AMENDED COMPLAINT

Plaintiff argues that this Honorable Court had previously denied the prior attempt to add a third-party claim against former chief FREITAS. This is an accurate procedural statement. However, based upon the information provided to this Defendant, Plaintiff does not accurately set forth the basis for the order of the Magistrate Judge.

In her prior Memorandum in Opposition to Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion for Leave to File Third Party Complaint, Plaintiff, in citing to Makanui v. Department of Education, 6 Haw. App. 397, 406, 721 P.2d 165, 171 (1986), specifically argued that a "suit against a state's agencies or against its officers or agents in their officicial capacities is a suit against the state and not against its officers or agents in their individual capacities."

Plaintiff went on to argue that since the County of Kauai and KPD were already defendants in the litigation, and since the claims against the individual defendants in their individual capacities were to be dismissed, a third-party complaint would not comply with the mandates of Rule 14 of the Federal Rules of Civil Procedure.  See Memorandum in Opposition to Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion for Leave to File Third Party Complaint filed on January 12, 2006.

Upon information and belief, the parties later agreed to file an appropriate stipulation which would effectively dismiss all individual claims against this Defendant and the other individual Defendants, not including Defendant Kapua.  The agreed upon stipulation effectively dispensed with the need to file a third-party claim against former chief FREITAS, as the alleged acts of the defendants would be limited to those performed in their official capacities and would therefore be addressed under the theory of respondeat superior.

Moreover, in her previously filed opposition memoranda, Plaintiff represented to the Court that an appropriate stipulated dismissal of the individual claims against this Defendant had already been prepared and signed and that the only claims remaining were those claims against this Defendant in his official capacity.  Plaintiff therefore argued that it would be inappropriate to identify former chief FREITAS as a third-party

defendant if he too was only being brought in for acts or omissions which were performed in his official capacity.  Once again, given these representations, the agreed upon stipulation was executed.

On April 21, 2006, Plaintiff filed her Amended Complaint wherein she apparently disregarded her prior representations to the Court and asserted claims against this Defendant in his official and <u>individual capacity</u>.  This is evidenced by the following allegation found in Paragraph 9 of the Amended Complaint:

> 9.  This [Amended] Complaint is brought against Defendants Lum and Kapua in their official and <u>individual</u> capacities.

First Amended Complaint filed herein on April 21, 2006 at ¶9.

The change in Plaintiff's position once again gives rise to potential issues of reimbursement and/or contribution which may be attributed to the alleged acts and/or omissions of former chief FREITAS during his tenure as chief of police.

C.  The Filing of the Instant Third Party Complaint is Appropriate Given the Allegations which Have Been Reiterated In Plaintiff's Amended Complaint

In Paragraph 99 of her Amended Complaint, Plaintiff states the following with

regard to violations of 42 U.S.C. §§ 1983 and 1985:

> 99.  Defendants are liable to Plaintiff because Chiefs Ihu and Lum directly committed and commanded the violation of

> Plaintiff's rights, and because Chiefs
> Ihu and Lum indirectly caused the
> misconduct by Sergeant Kapua and
> Lieutenant Pigao by direction, and by
> reason of their <u>acquiescence in a
> longstanding practice or custom</u> which
> constitutes the standard operating
> procedure of KPD under Acting Chief Ihu
> and Chief Lum.

First Amended Complaint filed herein on April 21, 2006 at ¶ 99 (emphasis supplied).

In Paragraph 121 of the First Amended Complaint, Plaintiff also states the following:

> 121. Defendants Ihu and Lum, the KPD and the
> County were negligent in their
> supervision and retention of Sergeant
> Kapua within the meaning of <u>Abraham v.
> S.E. Onorato Garages</u>, 50 Haw. 628 (1968)
> and other cases. * * *

First Amended Complaint filed herein on April 21, 2006 at ¶ 121.

In order to establish supervisor liability, Plaintiff will have to come forward with evidence that this Defendant caused her constitutional injury, either by setting in motion a series of acts by others, which he knew or reasonably should known would cause others to inflict the constitutional injury, or, by personal participation. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-744 (9th Cir. 1978). Plaintiff claims that there was a longstanding practice or custom which indirectly allowed Sergeant Kapua to continue with his alleged misconduct. Plaintiff asserts that this continued misconduct eventually gave rise to the harm that she has allegedly suffered. Plaintiff also claims that this

Defendant had knowledge of Sergeant Kapua's propensity for violence and, notwithstanding the filing of a number of internal departmental complaints which had been lodged against him, this Defendant did nothing to stop or address Sergeant Kapua's actions.  See Amended Complaint at ¶¶ 25 through 29.

Once again, based on Plaintiff's allegations and a review of the documents produced to date, it appears that a number of the alleged prior complaints which were lodged against Sergeant Kapua occurred prior to this Defendant's tenure as chief of police. Furthermore, upon information and belief, some of the prior complaints may have in fact taken place during the tenure of prior chief FREITAS who was serving in a supervisory capacity and/or as chief of police.

An example of this was argued in the prior Motion to for Leave to File Third-Party Complaint which was filed on December 27, 2005 by this Defendant and Defendants WILFRED M. IHU, GORDON ISODA and DEAN PIGAO.  There, in citing to internal KPD documentation, the movants argued that there was some evidence indicating that former Chief FREITAS had, back in October of 1999, knowledge of misconduct on the part of Sergeant Kapua and took no action with regard to his alleged actions.  See Exhibits "B" and "C" attached to Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion to for Leave to File Third-Party Complaint which was filed on December 27, 2005 and which is

attached hereto as Exhibit "A".  These exhibits provide another basis for the Third-Party Complaint which is currently at issue herein.

As discussed above, the Third-Party Complaint does not seek to bring affirmative claims against former chief FREITAS.  On the contrary, given the tenor of Plaintiff's allegations, and the fact that she has once again asserted claims against this Defendant in his individual capacity, the Third-Party Complaint merely sets forth provisions which call for reimbursement and/or contribution should there be a determination that a portion of the alleged misconduct occurred during the tenure of former chief FREITAS.

III.  CONCLUSION

Notwithstanding her prior representations to this Honorable Court, Plaintiff has changed her position with regard to her claims against Chief Lum and is once again asserting those claims against him in his individual capacity.  If in fact Plaintiff's claims somehow relate to this Defendant's failure to supervise Defendant Kapua, then Chief Lum should be allowed to look to his predecessor(s) who may have also had supervisory authority over Defendant Kapua and who may have also had knowledge of his alleged wrongful conduct.

It would certainly be unjust to have this Defendant bear the responsibility for supervisory acts and/or omissions which were

performed or not performed prior to his appointment as chief of police. As such, and given Plaintiff's allegations, the third-party action against former chief FREITAS is appropriate.

For the reasons discussed above, Defendant and Third-Party Plaintiff K.C. LUM therefore respectfully requests that Plaintiff's Motion to Strike Defendant K.C. Lum's Third Party Complaint filed on May 11, 2006 be denied as a matter of law.

DATED: Honolulu, Hawai'i, July 12, 2006.

/s/ Cary T. Tanaka
CARY T. TANAKA
Attorney for Defendant
and Third-Party Plaintiff
K.C. LUM