LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY            7535
3175 Elua Street
Lihue, Hawaii  96766
Telephone No.:     (808) 823-0000
Facsimile No.:     (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER              4750
JOHN HOSHIBATA                   3141
JEANNETTE HOLMES CASTAGNETTI   7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone No.:     (808) 524-5644
Facsimile No.:     (808) 599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S REPLY IN SUPPORT |
| | ) OF MOTION TO STRIKE |
| vs. | ) DEFENDANT K.C. LUM'S THIRD |
| | ) PARTY COMPLAINT FILED MAY |
| COUNTY OF KAUAI, KAUAI POLICE | ) 11, 2006; DECLARATION OF JOHN |
| DEPARTMENT, K.C. LUM, WILFRED | ) HOSHIBATA; EXHIBIT A; |
| M. IHU, GORDON ISODA, DEAN | ) CERTIFICATE OF SERVICE |
| PIGAO, IRVIL KAPUA, | ) |
| | ) Hearing: |
| Defendants. | ) Date:        July 31, 2006 |
| | ) Time:        9:45 a.m. |
| | ) Judge:       Susan O. Mollway |

|   |   |   |
|---|---|---|
| ) | <u>Trial:</u> | |
| ) | Date: | May 8, 2007 |
| ) | Time: | 9:00 a.m. |
| ) | Judge: | Susan O. Mollway |
| ) | | |

_____  )

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT <br> K.C. LUM'S THIRD PARTY COMPLAINT FILED MAY 11, 2006

Plaintiff Darla Abbatiello ("Plaintiff") submits this reply in support of her Motion to Strike Defendant K.C. Lum's Third Party Complaint filed on May 11, 2006 ("Motion").

For the reasons stated in Plaintiff's Motion, Defendant Lum's third party complaint should be stricken. Defendant Lum failed to meet the requisites of Rule 14 and did not add a new party to the litigation. Defendant Lum asserts in his opposition to Plaintiff's Motion that he is entitled to bring his third party complaint because, first of all, Plaintiff filed a First Amended Complaint and, secondly, Plaintiff "changed her mind" as to asserting claims against Defendant Lum in his official and individual capacities.

Defendant Lum has no legal basis supporting his third party complaint. The fact that Plaintiff filed an amended complaint is irrelevant. As set forth below, there is no right to contribution or indemnity under 42 U.S.C. § 1983. Thus, Defendant Lum may not bring a third party complaint for contribution and indemnity as to Plaintiff's § 1983 claims. Second, under state law, Defendant

Lum's third party complaint fails because the purported third party defendant,

retired Chief Freitas, is <u>not</u> the legal cause of Plaintiff's injuries.  Moreover, under

Hawaii law, there is no right to contribution or indemnity among joint *intentional*

tortfeasors.  Accordingly, Defendant Lum's third party complaint should be

stricken.

      A.     Defendant Lum is Not Entitled to Contribution as to Plaintiff's § 1983
            <u>Claims.</u>

        Defendant Lum's third party complaint asserts a claim against retired

Chief Freitas for indemnity, contribution and/or reimbursement if Defendant Lum

is found liable to Plaintiff "for the claims asserted in the underlying Complaint."

<u>See</u> Third Party Complaint filed May 11, 2006 at ¶ 20.

        As to 42 U.S.C. § 1983 claims, other federal courts have ruled that a

party has no right to contribution or indemnity under § 1983.  <u>See</u> <u>Banks v. City of</u>

<u>Emeryville</u>, 109 F.R.D. 535, 539 (N.D. Cal. 1985) ("Defendants have pointed to no

provision of § 1983, nor any legislative history, to support their assertion that §

1983 provides for a right of contribution or indemnity.  Therefore, any claims for

indemnification against the third party defendants based directly upon § 1983 are

impermissible"); <u>see</u> <u>also</u> <u>Katka v. Mills</u>, 422 F. Supp.2d 1304, 1308 (N.D. Ga

2006) (finding no express or implied right to contribution in § 1983) (and cases

cited therein); <u>Hepburn v. Athelas Institute, Inc.</u>, 324 F. Supp.2d 752, 755 - 56 (D.

Md 2004) ("§ 1983 does not create a right to contribution") (and cases cited therein).

Accordingly, Defendant Lum is not entitled to assert any contribution and indemnity third party claims as to Plaintiff's § 1983 claims (Counts I and II of Plaintiff's First Amended Complaint).

B.    Defendant Lum is Not Entitled to Contribution or Indemnity With Respect to Plaintiff's State Law Claims

As to Plaintiff's remaining state law claims,[1] Defendant Lum is not entitled to contribution or indemnity as to any of those claims as well. As stated in Plaintiff's Motion, Defendant Lum has not added a new party to the litigation. Adding retired Chief Freitas accomplishes nothing except delay, confusion and obfuscation. To the extent the third party complaint names Chief Freitas in his official capacity, the County would, of course, be responsible and liable for his actions. Since the County is already a party, no new party has been added to the litigation. See Plaintiff's Motion at pp. 7 - 8. Moreover, Defendant Lum has not alleged a single fact to support any third party claim against Chief Freitas in his individual capacity. Accordingly, no new party has been added to the litigation,

_____

[1] Discrimination and Retaliation in violation of Hawaii's Whistleblower's Protection Act (Count III), Wrongful Termination (Count IV), Negligent Supervision/Retention (Count V), Intentional Infliction of Emotional Distress (Count VI), Negligent Infliction of Emotional Distress (Count VII), and Violation of rights secured to Plaintiff pursuant to the Constitution of the State of Hawaii (VIII).

3

therefore, Defendant Lum's third party complaint does not meet the requisites of Rule 14 and should be dismissed.  Id.

In addition, Defendant Lum's third party complaint for contribution against Chief Freitas fails because Chief Freitas is not a joint tortfeasor as defined in Hawaii's Uniform Contribution Among Tortfeasors Act ("Contribution Act") codified at Chapter 663, *Haw. Rev. Stat.*, et seq.  The Contribution Act allows for a statutory right of contribution among joint tortfeasors.  *Haw. Rev. Stat.* § 663-12. "Joint tortfeasors" is defined as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."  *Haw. Rev. Stat.* § 663-11.  "In other words, tortfeasors are 'joint' for purposes of the Act if they individually or collectively *cause* the same injury."  Karasawa v. TIG Insurance Co., 88 Haw. 77, 81, 961 P.2d 1171, 1175 (Haw. App. 1998) (emphasis added).

As to Plaintiff's negligence claims, under Hawaii law, "an actor's negligent conduct is a legal cause of harm to another if (a) his or her conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his or her negligence has resulted in the harm."  Doe Parents No. 1 v. Department of Education, 100 Haw. 34, 85, 58 P.3d 545, 596 (2002) (quoting Taylor-Rice v.

4

State, 91 Haw. 60, 74, 979 P.2d 1086, 1100 (1999)).  The first prong of the test for

the presence of legal causation 'contemplates a factual determination that the

negligence of the defendant was more likely than not a substantial factor in

bringing about the result complained of.'" Id. (quoting Taylor-Rice, 91 Haw. At

74-75, 979 P.2d at 1100).  "The second prong 'contemplates . . . whether there are

policy concerns or rules of law that would prevent imposition of liability on the

negligent party although his negligence was clearly a cause of the resultant

injury.'" Id. (other citation omitted).

        Defendant Lum's third party claim as it relates to Plaintiff is far too

nebulous to support a causation theory.  Hawaii law requires that in order to

constitute a valid contribution claim by Defendant Lum against Chief Freitas,

Chief Freitas' failure to take disciplinary action against Defendant Kapua in 1999

would have to be "more likely than not a substantial factor" in bringing about

Plaintiff's injuries – injuries that occurred nearly five years later.  Any conclusion

that Chief Freitas' failure to take disciplinary action against Defendant Kapua in

1999 which somehow and in some way resulted in Plaintiff's injuries in 2004 when

Defendant Lum was then Chief or Acting Chief and former Chief Freitas had since

retired, is pure speculation and does not pass legal muster.  The bottom line is

5

Defendant Lum's third party complaint is far too remote in time and does not pass legal causation muster.

Lastly, if Defendant Lum is considered a "joint tortfeasor," Hawaii's Contribution Act bars contribution and indemnity claims among joint *intentional* tortfeasors. Whirlpool v. CIT Group/Business Credit, Inc., 293 F. Supp.2d 1144, 1151 (D. Haw. 2003). Accordingly, Defendant Lum is not entitled to assert any contribution or indemnity claims based on Plaintiff's claims involving intentional torts.

 C. Defendant Lum Improperly Suggests that Plaintiff Misled the Court

Defendant Lum gives the false impression that Plaintiff misled Magistrate Judge Kurren in Plaintiff's opposition to Defendants Lum, Ihu, Isoda and Pigao's original motion for leave to file a third party complaint against Chief Freitas by arguing that the individual capacity claims against Defendant Lum were dismissed. Defendants Lum, Ihu, Isoda and Pigao originally first sought leave to file a third party complaint against former Police Chief Freitas on December 27, 2005. At that time, Plaintiff had already dismissed with prejudice her individual

/ /

/ /

/ /

capacity claims against those defendants on December 16, 2005.[2]  Plaintiff's

opposition to the individual defendants' motion for leave to file a third party

complaint, filed January 12, 2006, relied on the stipulation <u>as it was in effect at that

time</u>.  <u>See</u> Plaintiff's Memorandum in Opposition to Defendants Lum, Ihu, Isoda

and Pigao's Motion for Leave to File Third Party Complaint filed January 12,

2006.

       Judge Kurren then denied defendants' motion to bring a third party

complaint against retired Chief Freitas.  <u>See</u> Order Denying Defendants K.C. Lum,

Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion for Leave to File Third-

Party Complaint, Filed January 12, 2006, filed on April 4, 2006.  Nothing has

changed to warrant a different ruling now.

       In the interim, Plaintiff sought leave to file an amended complaint.

The proposed amended complaint was attached to Plaintiff's motion and clearly set

forth claims against Defendant Lum in his official and individual capacities.  <u>See</u>

Exhibit A attached Plaintiff's Motion for Leave to File Amended Complaint.

/ /

/ /

---

[2] <u>See</u> Stipulation for Partial Dismissal without Prejudice as to Plaintiff's Claims Against
Defendants Gordon Isoda, K.C. Lum, Wilfred M. Ihu, and Dean Pigao attached as Exhibit 1 to
Plaintiff's Memorandum in Opposition to Defendants Lum, Ihu, Isoda and Pigao's Motion for
Leave to File Third Party Complaint, filed January 12, 2006.

Moreover, also at that time, counsel for Plaintiff and Defendant Lum discussed a new proposed stipulation for partial dismissal without prejudice as to Plaintiff's claims against Defendants Ihu, Isoda and Pigao.  Paragraph 5 of the new proposed stipulation states, "As to Defendant K.C. LUM, Plaintiff is asserting claims against him in his individual capacity as set forth in Plaintiff's proposed amended complaint."  <u>See</u> Declaration of John Hoshibata, Esq. at ¶2; Exhibit A attached thereto at ¶5.

Accordingly, Plaintiff's asserting claims against Defendant Lum in his individual capacity are of no surprise to Defendant Lum.  Defendant Lum, by way of Plaintiff's motion for leave to file an amended complaint <u>and</u> the new proposed stipulation, was well aware that Plaintiff intended to maintain her claims against him in his official and individual capacities.  Thus, any suggestion by Defendant Lum that Plaintiff misled the Court or that Plaintiff, without notice, changed her position as to her claims against Lum in his individual capacity are false and misleading.

/ /

/ /

/ /

8

III.    <u>Conclusion</u>

For the reasons stated in Plaintiff's Motion, and as set forth herein,

Defendant Lum's Third Party Complaint should be stricken.

DATED:  Honolulu, Hawaii, July 20, 2006.

       /s/ John Hoshibata
MARGERY S. BRONSTER
JOHN HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
DANIEL G. HEMPEY
Attorneys for Plaintiff
DARLA ABBATIELLO