**INCLINATIONS**

It is Judge Mollway's practice, whenever possible, to notify attorneys and pro se parties scheduled to argue motions before her of her inclinations on the motions and the reasons for the inclinations. This is part of Judge Mollway's normal practice, rather than a procedure unique to a particular case, and is designed to help the advocates prepare for oral argument. It is the judge's hope that the advance notice of her inclination and the accompanying reasons will focus the oral argument and permit the advocates to use the hearing to show the judge why she is mistaken or why she is correct. The judge is not bound by the inclination and sometimes departs from the inclination in light of oral argument.

Judge Mollway attempts to communicate her inclinations no later than one working day before a hearing. The court's preference is to distribute the inclinations to the parties via the court's electronic filing system ("CM/ECF"). Accordingly, parties are encouraged to participate in the court's CM/ECF system.

The inclination is intended to be only a summary of the court's thinking before the hearing and not a complete legal discussion. The court will issue a written order with a detailed analysis after the hearing.

The parties are reminded that, under Local Rule 7.4, they may not submit supplemental briefs (such as briefs addressing the inclination) unless authorized by the court. Supplemental declarations, affidavits, and/or other evidence in response to the court's inclinations are prohibited unless authorized by the court. The parties are also reminded that they must comply with Local Rule 7.8 if they intend to rely on uncited authorities at the hearing.

Occasionally, Judge Mollway does not announce an inclination, especially if materials are submitted to her right before the hearing. Because briefing on criminal motions closes just a few days before the hearing, it is not uncommon for her to be unable to announce an inclination on a criminal motion until the start of the hearing itself. Certainly if an evidentiary hearing is scheduled on matters necessary to a decision on either a civil or criminal motion, no inclination will be announced.

Judge Mollway's inclinations may not be cited as authority for any proposition. However, the inclinations will be electronically filed for the convenience of the parties.

Judge Mollway announces the following inclinations:

**<u>Abbatiello v. County of Kauai, et al.</u>, Civ. No. 04-00562 SOM/BMK**

On May 31, 2006, Plaintiff Darla Abbatiello filed a motion to strike Defendant K.C. Lum's Third-Party Complaint against George Freitas. Freitas filed a substantive joinder in Abbatiello's motion on July 10, 2006. The court is inclined to strike the Third-Party Complaint.

The court is inclined to strike Lum's Third-Party Complaint against Freitas in his official capacity, as the County of Kauai is already a defendant in this action and Rule 14(a) states that a defendant may file a third-party complaint against "a person <u>not a party to the action</u> who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a) (emphasis added). The court is inclined to rule that any claim against Freitas in his official capacity as the former Kauai Police Chief is a claim against the County of Kauai. <u>See</u>, <u>e.g.</u>, <u>Wong v. City & County of Honolulu</u>, 333 F. Supp. 2d 942, 947 (D. Haw. 2004); <u>Hale O Kaula Church v. Maui Planning Com'n</u>, 229 F. Supp. 2d 1056, 1068 n.10 (D. Haw. 2002); <u>accord</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n.14 (1985); <u>Monell v. Dep't of Social Servs. of New York</u>, 436 U.S. 658, 690 n.55 (1978). Lum should come to the hearing prepared to state whether he is disputing that his claims against Freitas in Freitas's official capacity are really claims against the County of Kauai, which is already a party to this case.

The court is also inclined to strike Lum's Third-Party Complaint against Freitas in his individual capacity. The court is inclined to read Lum's Third-Party Complaint as alleging that, had Freitas fired or otherwise disciplined Officer Kapua, Lum would not have been in a position to act improperly with respect to Abbatiello because Officer Kapua would either not have had any contact with Abbatiello or not have been a part of the police force at all. <u>See</u> Third Amended Complaint (May 11, 2006) ¶¶ 10-20. The court is inclined to rule that these allegations are insufficient to allege that Freitas "is or may be liable to" Lum "for all or part of" Abbatiello's claims against Lum. <u>See</u> Fed. R. Civ. P. 14(a). The court is inclined to rule as a matter of law that Freitas's alleged acts were not a legal cause of the harm underlying Abbatiello's claims against Lum. Lum should come to the hearing prepared to explain how Frietas is or may be liable to Lum for any of Abbatiello's claims against Lum.