IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,          )<br>                            )<br>     Plaintiff,            )<br>                            )<br>     vs.                    )<br>                            )<br>COUNTY OF KAUAI; KAUAI POLICE)<br>DEPARTMENT; K.C. LUM; WILFRED)<br>M. IHU; GORDON ISODA; DEAN   )<br>PIGAO; and IRVIL KAPUA,      )<br>                            )<br>     Defendants,           )<br>_____)<br>                            )<br>K.C. LUM,                   )<br>                            )<br>   Third-party Plaintiff,  )<br>                            )<br>     vs.                    )<br>                            )<br>GEORGE FREITAS,             )<br>                            )<br>   Third-Party Defendant,  )<br>_____) | CIV. NO. 04-00562 SOM/BMK<br><br><br>ORDER STRIKING THIRD-PARTY<br>COMPLAINT |

<u>ORDER STRIKING THIRD-PARTY COMPLAINT</u>

I.      <u>INTRODUCTION AND FACTUAL BACKGROUND.</u>

On September 14, 2004, Darla Abbatiello, a police officer with the Kauai Police Department, filed a complaint, alleging that she suffered various forms of workplace harassment and retaliation, as well as various deprivations of rights. Abbatiello named as Defendants the County of Kauai, the Kauai Police Department, and five individuals, including K.C. Lum, the Kauai Police Chief. K.C. Lum was named in his individual and official capacities.

On December 27, 2005, four individual Defendants, Lum, Wilfred M. Ihu, Gordon Isoda, and Dean Pigao, sought leave to file a third-party complaint against George Freitas, a former Kauai Police Chief.  The individual Defendants argued that, to the extent they may be held liable, former chief Freitas should be responsible for any judgment against them.

On January 12, 2006, the parties stipulated to the dismissal of the claims against Lum, Ihu, Isoda, and Pigao in their individual capacities.

On January 27, 2006, Magistrate Judge Kurren held a hearing on the motion to file the third-party complaint.  At that hearing, Abbatiello argued that there was no potential for Freitas to be liable to Lum, Ihu, Isoda, or Pigao because they were no longer in the case.  After some discussion, Magistrate Judge Kurren continued the matter.  A continued hearing was then held on March 3, 2006.  At that continued hearing, Abbatiello argued that, although she had already sought leave to file a First Amended Complaint naming Lum in his individual capacity, Lum's motion to file a third-party complaint against Freitas was "premature" because Lum was not presently named in his individual capacity.  Magistrate Judge Kurren then orally denied without prejudice the motion to file the third-party complaint.

After receiving leave of court, Abbatiello filed a First Amended Complaint on April 21, 2006, naming Lum as a

Defendant in his individual and official capacities. On May 11, 2006, Lum filed a Third-Party Complaint against Freitas.

On May 31, 2006, Abbatiello filed a motion to strike Lum's Third-Party Complaint. Freitas filed a substantive joinder in Abbatiello's motion on July 10, 2006. Because the alleged claims against Freitas in his official capacity are being brought against "a party to the action," and because the alleged claims against Freitas in his individual capacity are not being asserted against a person "who is or may be liable to the third-party plaintiff," the court grants Abbatiello's motion and Freitas's substantive joinder.

II.     ANALYSIS.

Rule 14(a) of the Federal Rules of Civil Procedure allows any party to move to strike a third-party complaint. Fed. R. Civ. P. 14(a) ("Any party may move to strike the third party claim"). Abbatiello has so moved, arguing that, (1) to the extent Lum's claims are being asserted against Freitas in his official capacity, Lum's Third-Party Complaint fails to satisfy Rule 14(a) because any such official-capacity claims are actually claims against the County of Kauai, which is already a party to this action; and (2) to the extent Lum's claims are being asserted against Freitas in his individual capacity, Lum's Third-Party Complaint fails to satisfy Rule 14(a) because any such claims are being asserted against a person who is not and cannot be liable to Lum for all or part of Abbatiello's claims against

3

Lum. Because Abbatiello is correct, the court strikes the Third-Party Complaint.

    A.   <u>Official-Capacity Claims.</u>

Lum's Third-Party Complaint asserts claims against Freitas in his official capacity. Such claims are not proper in this case, as Rule 14(a) states that a defendant may file a third-party complaint against "a person <u>not a party to the action</u> who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a) (emphasis added).

There is no dispute that the County of Kauai is already a defendant in this action. Because any claim against Freitas in his official capacity as the former Kauai Police Chief is a claim against the County of Kauai, Lum's official-capacity claims against Freitas do not meet the requirements of Rule 14(a). See Wong v. City & County of Honolulu, 333 F. Supp. 2d 942, 947 (D. Haw. 2004) ("The Court accordingly finds that the claims asserted against the Defendant Penarosa in his official capacity duplicates the claims asserted against the City and County of Honolulu and therefore DISMISSES Plaintiff's official capacity claims against Defendant Penarosa."); Hale O Kaula Church v. Maui Planning Com'n, 229 F. Supp. 2d 1056, 1068 n.10 (D. Haw. 2002) (indicating that claims asserted against Maui county officials in their official capacities were redundant of claims asserted against Maui County); accord Kentucky v. Graham, 473

U.S. 159, 167 n.14 (1985) (noting that "[t]here is no longer a need to bring official capacity actions against local government officials [because] . . . local government units can be sued directly for damages and injunctive or declaratory relief."); Monell v. Dep't of Social Servs. of New York, 436 U.S. 658, 690 n.55 (1978) (explaining that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and holding that these entities may be sued directly).[1]  The official capacity claims are therefore stricken.

      B.    <u>Individual Capacity Claims.</u>

Lum's theory of Freitas's individual liability is based on Freitas's alleged failure to discipline Officer Irvil Kapua, the person allegedly responsible for much of the claimed harassment of and retaliation against Abbatiello.  Lum alleges that, had Freitas disciplined and/or fired that officer when complaints were earlier made about him to Freitas, Lum could never have acted in a manner that damaged Abbatiello when Lum later became the Kauai Police Chief.  <u>See</u> Third Amended Complaint (May 11, 2006) ¶¶ 10-20.  In essence, Lum asserts that, had Freitas fired or otherwise disciplined Officer Kapua, Lum could

---

[1] At the hearing on the present motion, Abbatiello conceded that a claim against an individual Defendant in an official capacity is actually a claim against the County of Kauai.  Abbatiello is ordered to discuss the dismissal of the official capacity claims with other individual Defendants, as those claims appear to be duplicative of the claims against the County of Kauai.

not have been in a position to act improperly with respect to Abbatiello because Officer Kapua would not have had any contact with Abbatiello or would not have been a part of the police force at all. This assertion is insufficient to allege that Freitas "is or may be liable to" Lum "for all or part of" Abbatiello's claims against Lum.

At the hearing, Abbatiello stated that she is only alleging claims against Lum in Lum's individual capacity based on Lum's own personal actions. Abbatiello stated that she is not seeking to hold Lum personally liable for any alleged long-standing practice or for anything that occurred before Lum became the Kauai Police Chief. With respect to the specific issue of any liability relating to any longstanding practice, Abbatiello concedes that, at most, Lum is liable only for his own involvement in implementing such a practice. Given these representations, there is no dispute that Freitas's alleged failure to take certain actions against Officer Kapua in the past is irrelevant to the claims against Lum in this action. Accordingly, Frietas is not and cannot be held liable to Lum for all or part of Abbatiello's claims against Lum. Lum's third-party claims against Frietas in Freitas's individual capacity are therefore stricken.

III.   CONCLUSION.

For the foregoing reasons, the court strikes the Third-Party Complaint filed by Lum on May 11, 2006.  This means that Freitas is no longer a part of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 31, 2006.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Abbatiello v. County of Kauai, et al., Civ. No. 04-00562 SOM/BMK; ORDER STRIKING THIRD-PARTY COMPLAINT