IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, ) | CIVIL NO. CV04 00562 SOM BMK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION |
| vs. ) | |
| ) | |
| COUNTY OF KAUAI, KAUAI ) | |
| POLICE DEPARTMENT, K.C. LUM, ) | |
| WILFRED M. IHU, GORDON ISODA, ) | |
| DEAN PIGAO, and IRVIL KAPUA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................iii

I. INTRODUCTION..................................................... 1

II. STATEMENT OF FACTS............................................... 2

III. APPLICABLE LEGAL STANDARD........................................ 4

IV. DISCUSSION....................................................... 7

    A.    DEFENDANT LUM'S ASSERTION OF HIS CONSTITUTIONAL FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION IN THIS CASE DOES NOT PRECLUDE THE GRANTING OF THIS MOTION FOR SUMMARY JUDGMENT..................... 7

    B.    THE CLAIMS AGAINST DEFENDANT LUM IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE THEY ARE DUPLICATIVE OF THE CLAIMS ASSERTED AGAINST DEFENDANT KPD AND DEFENDANT COUNTY OF KAUAI......... 9

    C.    THE CLAIMS AGAINST DEFENDANT LUM IN COUNTS I AND II OF THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE DEFENSE OF QUALIFIED IMMUNITY.......................................... 10

        1.    There is no evidence to support Plaintiff's allegations that Defendant Lum violated her constitutional rights......................... 13

        2.    Assuming, arguendo, the evidence in this case supports Plaintiff's allegations that Defendant Lum violated her constitutional rights, such rights were not clearly established................................. 15

            a.    Plaintiff's alleged protected speech should not be afforded constitutional protection............................... 15

            b.    Plaintiff's report of Defendant Kapua's illegal activities were investigated by Defendant KPD, and to date, warrant no discipline............................ 18

            c.    There is no evidence of retaliatory employment action taken against Plaintiff............................... 20

```
```

Page

      d.    The drafting of a proposed strip and body cavity search policy did not result in any violation of Plaintiff's rights, nor was it done in retaliation against Plaintiff.................................. 22

  D.    PLAINTIFF'S CLAIMS ARISING UNDER SECTION 378-61, HAWAII REVISED STATUTES, AS AMENDED, MUST FAIL AS A MATTER OF LAW....................................... 23

  E.    COUNT IV OF THE FIRST AMENDED COMPLAINT, WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY, SHOULD BE DISMISSED AS PLAINTIFF HAS NOT BEEN TERMINATED FROM HER EMPLOYMENT WITH THE KAUAI POLICE DEPARTMENT........................................... 24

  F.    CHAPTER 386 OF THE HAWAII REVISED STATUTES PRECLUDES PLAINTIFF'S NEGLIGENCE CLAIMS (COUNTS V AND VII) AGAINST DEFENDANT LUM.................... 25

  G.    COUNT VI OF THE FIRST AMENDED COMPLAINT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SHOULD BE DISMISSED AS THERE IS NO EVIDENCE TO SUPPORT SUCH CLAIM....................................... 28

  H.    THERE IS NO CLEAR AND CONVINCING EVIDENCE OF WILLFUL, WANTON OR OPPRESSIVE CONDUCT ON THE PART OF DEFENDANT LUM....................................... 28

V.    CONCLUSION................................................ 30

## TABLE OF AUTHORITIES

Cases                                                                                               Page(s)

Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034,
    97 L.Ed.2d 523 (1987)................................... 11

Barry v. Matteo, 360 U.S. 564, 79 S. Ct. 1335 (1959)....... 11

Bright v. Quinn, 20 Haw. 504 (Haw. 1911)................... 29

Campbell v. Gerrans, et al., 592 F.2d 1054
    (9th Cir. 1979)....................................... 7, 8

Carnell v. Grimm, 872 F.Supp 746 (D. Haw. 1994).......... 9, 10

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548,
    91 L.Ed.2d 265 (1986)................................. 5, 6

Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012,
    82 L.Ed.2d 139 (1984)................................... 12

Garcetti v. Ceballos, 126 S.Ct. 1951 (2006)........ 15, 16, 17

Hafer v. Mello, 502 U.S. 21, 112 S. Ct. 358,
    116 L.Ed.2d 301 (1991).................................. 9

Harlow v. Fitzgerald, 457 U.S. 800, 73 L.Ed.2d 396,
    102 S. Ct. 2727 (1982).................................. 11

Hunter v. Bryant, 502 U.S. 224, 112 S. Ct. 534,
    116 L.Ed.2d 589 (1991).................................. 12

Iddings v. Mee-Lee, 82 Haw. 1 (Haw. 1996)............... 26, 27

Kang v. Harrington, 59 Haw. 652, 587 P.2d 285 (Haw. 1978)... 29

Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099,
    87 L.Ed.2d 114 (1985)................................... 9

Masaki v. General Motors Corporation, 71 Haw. 1,
    780 P.2d 566 (Haw. 1989)............................ 28, 29

Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,
    475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed. 2d 538
    (1986).................................................. 6

Mattey v. Briggs, 475 U.S. 335, 106 S. Ct. 1092,
    89 L.Ed.2d 271 (1986)............................... 11, 12

| Cases | Page(s) |
|---|---|
| McMillian v. Monroe County, 520 U.S. 781, 117 S. Ct. 1734, 138 L.Ed.2d 1 (1997) | 9 |
| Parnar v. Americana Hotels, Inc., 65 Haw. 370, 652 P.2d 625 (Haw. 1982) | 25 |
| Pedrina v. Chun, 906 F.Supp. 1377, 1398 (D. Haw. 1995) | 8 |
| Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001) | 11, 12, 13 |
| Thompson v. Bohlken, 312 N.W.2d 501 (Iowa 1981) | 26, 27 |
| Towse v. State, 64 Haw. 624, 647 P.2d 696 (1982) | 10, 11 |
| Tseu ex rel. Hobbs v. Jeyte, 88 Haw. 85, 962 P.2d 344 (Haw. 1998) | 28 |
| U.S. v. Simons, 107 F.Supp.2d 703 (E.D. Va. 2000), affirmed, 5 Fed.Appx. 332 (4th Cir. 2001), cert denied, 534 U.S. 930, 122 S.Ct. 292 (2001) | 27 |
| Wong v. City & County of Honolulu, 333 F.Supp.2d 942 (D. Haw. 2004) | 9 |
| Ying Jin Gan v. City of New York, 996 F.2d 522 (2nd Cir. 1993) | 12 |

| Statutes | |
|---|---|
| Haw. Rev. Stat. §378-61 | 23, 24 |
| Haw. Rev. Stat. §378-62 | 23 |
| Haw. Rev. Stat. §386-5 | 25 |
| Haw. Rev. Stat. §386-8 | 26 |

| Rules | |
|---|---|
| Rule 56, Federal Rules of Civil Procedure | 5 |

| Secondary Sources | |
|---|---|
| 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §§ 2711, 2727 (1983) | 5 |
| Restatement (Second) of Torts § 46 (1965) | 28 |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

This case arises out of a claim for damages being asserted by Plaintiff DARLA ABBATIELLO ("Plaintiff") in the above-referenced case. Plaintiff alleges that she is entitled to recover damages as it relates to her employment with the Kauai Police Department ("KPD") and her reports of alleged misconduct on the part of other officers in the department. In her FAC filed herein on April 21, 2006 ("FAC"), Plaintiff sets forth the following causes of action:

(1) Count I (Federal Civil Rights Violations) - Claims against all Defendants for violations of Plaintiff's federal civil rights under the First, and Fourteenth Amendments of the United States Constitution;

(2) Count II (Conspiracy to Violate Civil Rights) - A claim against all Defendants for conspiracy to violate her civil rights;

(3) Count III (Whistleblower's Protection Act) - A claim against at least Defendant Lum, Defendant Wilfred M. Ihu, Defendant Dean Pigao, Defendant KPD, and Defendant County of Kauai ("Defendant County"), for violation of the State of Hawaii's Whistleblower's Protection Act;

(4) Count IV (Wrongful termination in violation of public policy) - A claim against all Defendants for the tort of wrongful termination in violation of public policy;

(5) Count V (Employer negligence in supervision/retention of employee) - A claim against at least Defendant Lum, Defendant Ihu, Defendant KPD and Defendant County for negligent supervision and retention of Defendant Irvil Kapua;

(6) Count VI (Intentional infliction of emotional distress) - A claim against all Defendants for intentional infliction of emotional distress; and

(7) Count VII (Negligent infliction of emotional distress) - A claim against all Defendants for negligent infliction of emotional distress; and

(8) Count VIII (Violation of rights secured to Plaintiff pursuant to the Constitution of the State of Hawaii) - A claim against all Defendants for violation of her rights to freedom of speech, due process of law, equal protection of the law, and the enjoyment of her civil rights.

See FAC filed herein on April 21, 2006, ¶¶89-138. For the reasons set forth below, Defendant Lum respectfully requests that this Honorable Court grant the instant motion and dismiss the above-referenced claims being asserted by Plaintiff.

II. STATEMENT OF FACTS

Plaintiff's allegations arise out of the following alleged events:

In late 2003, Plaintiff was a member of the KPD Narcotics Vice Unit ("Vice"). As part of her duties, she was involved in the investigation of an individual, identified in the Complaint as "A.B.", for alleged dealing of crystal methamphetamine.[1] See FAC at ¶16. According to Plaintiff, A.B. informed her that drug dealer "C.D." had paid Defendant Irvil Kapua ("Defendant Kapua") $6,000.00 in exchange for protection from law enforcement. See FAC at ¶24.

Plaintiff claims that she reported these allegations to her supervisor, Lieutenant E.F. on January 19, 2004. Id. at ¶32. At

[1] The Complaint identifies certain individuals in "John Doe" fashion. This memorandum will identify such individuals in the same manner as they are identified in the FAC.

the same time she informed Lieutenant E.F. that she believed she was involved in a dangerous situation, and, given Defendant Kapua's reputation for violence, she feared for her safety. Id. at ¶25.

Plaintiff also alleges that, around that time, she began experiencing harassment from Defendant Kapua. Id. at ¶36. Plaintiff claims that she reported this harassment in mid-2004 to Lieutenant O.P. and was told that she was being ordered to stay away from Defendant Kapua, pursuant to an order issued by Defendant Dean Pigao ("Defendant Pigao"). Id. at ¶49. In addition, Plaintiff was ordered to use the back door of the police station whenever she needed to access the Vice Unit. Id. This was also ordered in an effort to have her avoid making contact with Defendant Kapua. Id. at ¶¶49-51. Plaintiff alleges that no investigation of Defendant Kapua ensued and that Defendant Kapua was never disciplined for his alleged illegal activities. Id. at ¶54.

Plaintiff further alleges that she then requested a temporary transfer out of the Vice Unit in an effort to place distance between herself and Defendant Kapua. Id. at ¶39-40. She claims that the transfer became effective on or about April 2, 2004, however, she was never informed that her transfer would

result in a decrease in her salary, nor was she ever told the her transfer would be permanent. Id. at ¶¶40-42.[2]

About a year later, in April of 2005, Plaintiff was called upon to assist with a strip search and photographing of two female arrestees. Id. at ¶58. On May 9, 2005, Plaintiff submitted a formal objection to the strip search and photographing to her superiors as well as the Kauai County Police Commission. Id. at ¶¶60-63. Plaintiff claims that no action was taken on her formal complaint. Id. at ¶¶62-64.

Finally, Plaintiff claims that, as retaliation for her filing of the formal objection, on or about May 25, 2005, she was removed from her position as a Field Training Officer ("FTO"). Id. at ¶65. She further alleges that she is unable to work in the cellblock because of KPD personnel who are unfriendly towards her who also work in the cellblock. Id. at ¶81.

III. APPLICABLE LEGAL STANDARD

A summary judgment motion "challenges the very existence or legal sufficiency of the claim or defense to which it is addressed. In effect the moving party takes the position that he is entitled to prevail . . . because his opponent has no valid

---

[2] A couple of months later, on or about May 1, 2004, Defendant Lum was appointed as the Acting Chief of Police of the Kauai Police Department. See DEFENDANT K.C. LUM'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT K.C. LUM'S MOTION FOR SUMMARY JUDGMENT ("SCSF") No. 10.

- 4 -

claim for relief or defense to the action, as the case may be." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d Section 2711, at 555-56 (1983) (footnote omitted). He thus has the burden of demonstrating that there is no genuine issue as to any material fact relative to the claim or defense and he is entitled to judgment as a matter of law. 10A Wright, Miller & Kane, supra, Section 2727, at 121. Rule 56(c) of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

A party is entitled to summary judgment where there are no genuine issues of fact, and the action should be resolved as a question of law. Fed. R. Civ. P. Rule 56(c). In Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986), the United States Supreme Court stated that:

> [T]he plain language of Rule 56(c) (Fed. R. Civ. P.) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case

> necessarily renders all other facts
> immaterial. . . .

Id.

A party moving for summary judgment bears the initial burden of demonstrating the absence of evidence to create a genuine issue of fact as to his opponent's claims. Id. The burden is satisfied by pointing out the insufficiency of evidence to support an opponent's claims, and does not necessitate the proffer of evidence which negates these claims. Id.

In order to overcome a motion for summary judgment, a responding party must then come forward with "specific facts showing that there is a genuine issue for trial" by affidavits or otherwise, and may "not rest upon the mere allegations or denials of his pleading." Fed. R. Civ. P. 56(e). That party "must do more than simply state that there is some metaphysical doubt as to the material facts . . .[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356-57, 89 L.Ed. 2d 538 (1986).

IV.  DISCUSSION

    A.  DEFENDANT LUM'S ASSERTION OF HIS CONSTITUTIONAL FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION IN THIS CASE DOES NOT PRECLUDE THE GRANTING OF THIS MOTION FOR SUMMARY JUDGMENT

As a preliminary matter, it is anticipated that Plaintiff will oppose this motion by arguing that the granting of this motion would be inappropriate as Defendant Lum has asserted his fifth amendment privilege against self-incrimination during his oral deposition. Such a position has no merit.

First, the instant motion does not rely on any testimony, declaration, or affidavit provided by Defendant Lum. The evidence in support of this motion is based on evidence available to all parties in this case through other sources. As such, Plaintiff is not prejudiced, nor has Defendant Lum gained any unfair advantage, by asserting his fifth amendment privilege against self-incrimination herein.

Second, it is well settled that individuals who assert their fifth amendment privilege against self-incrimination in a civil case should not be punished for doing so:

> The [Supreme] Court has made clear that the privilege protects the right of a person to remain silent unless he chooses to speak in an unfettered exercise of his own will, and that **he is to suffer no penalty for his silence**.
>
> . . .
>
> 'In this context 'penalty' is not restricted to fine or imprisonment. It means . . . the imposition of any sanction which makes

- 7 -