Law Offices of Cary T. Tanaka

CARY T. TANAKA 4858-0
DIANE K. AGOR-OTAKE 7751-0
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii 96813
Telephone: 536-8885
Facsimile: 536-8845
carytanaka@aol.com
dka@hawaii.rr.com

Attorneys for Defendant
K.C. LUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA,<br><br>Defendants. | CIVIL NO. CV04 00562 SOM BMK<br><br>DEFENDANT K.C. LUM'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT K.C. LUM'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF CARY T. TANAKA; EXHIBITS "A"-"G"; CERTIFICATE OF SERVICE<br><br>Trial Date: May 8, 2007 |

DEFENDANT K.C. LUM'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT K.C. LUM'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Defendant K.C. Lum ("Defendant Lum") hereby submits his separate and concise statement of facts in support of Defendant K.C. Lum's Motion for Summary Judgment.

| FACT | EVIDENCE |
|---|---|
| 1. Counts I, II, IV, VI, VII, and VIII are asserted against all Defendants. | Exh. A, First Amended Complaint ("FAC") at ¶¶89-108, 115-119, 124-138. |
| 2. For each of the causes of action in the FAC where Defendant Lum is sued in his official capacity, Plaintiff has asserted a duplicative and identical claim against Defendants Kauai Police Department ("Defendant KPD") and County of Kauai ("County Defendant"). | Exh. A, FAC at ¶¶89-108, 115-119, 124-138. |
| 3. Plaintiff's counsel deposed numerous individuals employed by the County of Kauai and Kauai Police Department (including Defendants Wilfred Ihu, Gordon Isoda, and Dean Pigao) with whom Defendant Lum was alleged to have conspired. | Declaration of Cary T. Tanaka at ¶2. |
| 4. Plaintiff was on-duty when she submitted her report regarding the statements made by A.B. about Defendant Kapua and his alleged corrupt acts. | Exh. B, admission no. 12; answer interr. nos. 1, 4, 6, 7. |
| 5. Plaintiff reported Defendant Irvil Kapua's ("Defendant Kapua") alleged misconduct because she was a "law enforcement officers [sic] and duty bound to report possible criminal activities." | Exh. B, answer interr. nos. 9, 11. |
| 6. Defendant Wilfred Ihu (then Acting Chief of Police) ordered both a criminal and administrative investigation be conducted as a result of Plaintiff's report concerning Defendant Kapua's possible illegal activity. | Exh. C, Ihu Depo., pp. 11-16. |
| 7. Defendant Wilfred Ihu ("Defendant Ihu") ordered Lt. Asher to inform Defendant Kapua that any actions taken against Plaintiff or directed towards Plaintiff would not be tolerated. | Exh. C, Ihu Depo., pp. 17-18. |
| 8. Defendant Ihu personally told Defendant Kapua to stay away from Plaintiff. | Exh. C, Ihu Depo., pp. 25-26. |

| FACT | EVIDENCE |
| --- | --- |
| 9. Further Defendant Irvil Kapua was directed in writing by Lt. Roy Asher to "have no physical or verbal contact with the involved in this investigation, to include any form of what may be construed as intimidation or influence[.]" | Exh. D[1], County of Kauai 1122-1124. |
| 10. Defendant Lum's appointment as Acting Chief of Police was not effective until May 1, 2004, after the investigations of Defendant Kapua had commenced. | Exh. G, County of Kauai 635. |
| 11. Prior to Defendant Lum's appointment as Acting Chief of Police, Defendant Ihu spoke with Defendant Lum about the ongoing investigations involving Defendant Kapua, and Defendant Lum indicated he was concerned about the investigations. | Exh. C, Ihu Depo., pp. 57-58. |
| 12. The criminal investigation of Plaintiff's reported possible illegal conduct by Defendant Kapua is ongoing. | Exh. E, Kaui Depo., pp. 10-14. |
| 13. The administrative investigation of Plaintiff's reported possible illegal conduct by Defendant Kapua was concluded in 2004, and the allegations against Defendant Kapua were unsubstantiated. | Exh. D, County of Kauai 1109-1118, 1121. |

[1] Exhibit "D" is not being submitted herewith as it consists of the following confidential documents produced by the County of Kauai: bates nos. 1109-1118, 1121-1124, 2810, and 2819. Pursuant to the Stipulation and Order Governing Confidentiality of Documents, filed herein on June 2, 2005, counsel for Defendant Lum has submitted to the Court Defendant K.C. Lum's *Ex Parte* Motion for an Order Allowing Exhibit "D" to Defendant K.C. Lum's Separate and Concise Statement of Facts in Support of Defendant K.C. Lum's Motion for Summary Judgment, filed on January 4, 2007, to be Filed Under Seal. See Declaration of Cary T. Tanaka at ¶6.

| FACT | EVIDENCE |
| --- | --- |
| 14. Plaintiff's temporary removal from her position as a FTO was based on her lack of the required training, specifically she was not qualified to conduct the Standardized Field Sobriety Test ("SFST") or supervise the probationary Police Services Officer assigned to her while administering the SFST. | Exh. D, County of Kauai 2819. |
| 15. Further evidence that Plaintiff's temporary removal from FTO was not in retaliation was the fact that another officer, along with Plaintiff, was temporarily removed from the FTO position for lack of required training as well. | Exh. D, County of Kauai 2819. |
| 16. Plaintiff completed the training necessary for reinstatement as an FTO in May, 2006, was reinstated to the FTO position, and is slated to be one of the primary FTOs for the officers who graduated in June, 2006. | Exh. D, County of Kauai 2810. |
| 17. Plaintiff alleges that her requested transfer out of Vice, as a PO-9, to Waimea Patrol Services Bureau, as a PO-7, was "punishment for have reported Sergeant Kapua." Plaintiff requested this transfer. | Exh. A, FAC at ¶¶39-43; Exh. C Ihu Depo., pp. 29, 36-37. |
| 18. Plaintiff has been employed with KPD since 1989. | Exh. A, FAC at ¶13. |
| 19. When an officer moves from a specialized position such as Vice (PO-9) to a nonspecialized position such as patrol (PO-7) there is a cut in pay. | Exh. C, Ihu Depo., p. 42. |
| 20. KPD Lieutenant Paul Kanoho testified that the draft strip search policy was given to him by Fred DeBusca, Commander of the Investigative Services Bureau, and that he circulated it to the bureau commanders and the deputy chief, and eventually it was circulated to Defendant Lum. | Exh. F, Kanoho Depo., pp. 14-22. |
| 21. A meeting was held about the draft policy and Defendant Lum asked that it be sent to the County Attorney for review. The draft policy was in fact sent to the County Attorney for review. | Exh. F, Kanoho Depo., pp. 46-47. |

| FACT | EVIDENCE |
|---|---|
| 22. As of November, 2006, the draft strip and body cavity search policy was not adopted as a general order. | Exh. F, Kanoho Depo., pp. 37-39. |
| 23. Plaintiff's employment with KPD was never terminated. | Exh. A, FAC at ¶¶1, 13. |

DATED: Honolulu, Hawaii, January 4, 2007.

/s/ Cary T. Tanaka
CARY T. TANAKA
DIANE K. AGOR-OTAKE
Attorneys for Defendant
K.C. LUM