CARY T. TANAKA        4858-0
Attorney at Law
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885
carytanaka@aol.com

Attorney for Defendant
K.C. LUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>             Plaintiff,<br><br>     vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA,<br><br>             Defendants. | CIVIL NO. CV04 00562 SOM BMK<br><br>DEFENDANT K.C. LUM'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON APRIL 21, 2006; DEMAND FOR TRIAL BY JURY; CERTIFICATE OF SERVICE |

DEFENDANT K.C. LUM'S ANSWER TO FIRST
AMENDED COMPLAINT FILED ON APRIL 21, 2006

Comes now Defendant K.C. LUM ("this Defendant"), by his attorney, and, for answer to the First Amended Complaint ("Complaint") filed herein on April 17, 2006, alleges and avers as follows:

FIRST DEFENSE:   (Failure to State a Claim)

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

SECOND DEFENSE: PARTIES:

    1.    Paragraphs 1 through 7 are admitted.

    2.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 8 and 9.

SECOND DEFENSE: JURISDICTION AND VENUE:

    3.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 10 through 12.

SECOND DEFENSE: FACTS:

    4.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 13 through 49, 52 through 68, 70, 71, 73, 74, and 76 through 88, except that he:

        a.    admits that Vice investigations are kept confidential as set forth in Paragraph 19; and,

        b.    admits that on or about May 6, 2004, this Defendant became acting Chief of the Kauai Police Department ("KPD") as set forth in Paragraph 46; and,

        c.    admits that on or about June 23, 2004, this Defendant met with a police officer in his office; and,

        d.    admits that the KPD Standards of Conduct set forth required disciplinary action for violation of the Standards of Care as set forth in Paragraph 52; and,

  e. admits that on or about September 29, 2004, the Kauai Police Commission appointed this Defendant as KPD Chief of Police as set forth in Paragraph 57; and,

  f. admits that this Defendant's lawsuit alleges that a police commissioner called him "Hop Sing."

 5. Paragraphs 50, 51, 69, 72 and 75 are denied.

SECOND DEFENSE: COUNT I:

 6. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 88, inclusive.

 7. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 90 through 103, except that he denies the allegations set forth in Paragraphs 93, 98, 99, 100, 102 and 103 insofar as they may pertain to this Defendant.

SECOND DEFENSE: COUNT II:

 8. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 103, inclusive.

 9. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 105 through 108, except that he denies any and all allegations of violations of the 42 U.S.C. § 1985, willful, wanton, malicious, callous and/or reckless conduct on his part, and further specifically denies that any alleged violations of the 42 U.S.C. § 1985, willful, wanton, malicious,

callous and/or reckless conduct on his part on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT III:

10.   This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 108, inclusive.

11.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 110 thorugh 114, except that he denies any and all allegations of discrimination and/or retaliation on his part, and further specifically denies that any alleged discrimination and/or retaliation on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT IV:

12.   This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 114, inclusive.

13.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 116 through 119, except that he denies the allegations set forth in Paragraphs 116 through 119 insofar as they may pertain to this Defendant.

SECOND DEFENSE: COUNT V:

14. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 119, inclusive.

15. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 121 through 123, except that he denies any and all allegations of negligence on his part, and further specifically denies that any alleged negligence on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VI:

16. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 123, inclusive.

17. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 125 through 128, except that he denies any and all allegations of intentional, unreasonable, willful, wanton, malicious, callous and reckless conduct on his part, and further specifically denies that any alleged intentional, unreasonable, willful, wanton, malicious, callous and reckless conduct on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VII:

18. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 128, inclusive.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 130 through 133, except that he denies any and all allegations of negligence on his part, and, further specifically denies that any alleged negligence on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VIII:

20. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 133, inclusive.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 135 through 138, except that he denies any and all allegations of violations of constitutional rights, willful, wanton, malicious, callous and reckless conduct on his part, and further specifically denies that any alleged violations of constitutional rights, willful, wanton, malicious, callous and reckless conduct on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: NINTH CAUSE OF ACTION:

22. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 45, inclusive.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 47, except that he denies any and all allegations of knowing, intentional, wilful and/or deliberate wrongful conduct on his part, and further specifically denies that any alleged knowing, intentional, wilful and/or deliberate wrongful conduct on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

THIRD DEFENSE: (Good Faith Without Malice)

If this Defendant acted as alleged, then this Defendant acted in good faith and belief and without malice in the performance of his duties.

FOURTH DEFENSE: (Execution of Public Duty)

If Plaintiff sustained the injuries and/or damages alleged in the Complaint, those injuries and/or damages were the result of the proper execution of public duty.

FIFTH DEFENSE: (No Official Policy, Pattern and Practice of Custom)

The acts of this Defendant did not constitute an official policy or persistent pattern and practice or custom.

SIXTH DEFENSE: (No Causal Link)

If there is a policy, pattern and practice or custom and if there is a constitutional deprivation, there was no causal connection between the two.

SEVENTH DEFENSE: (Lawful, Proper and Reasonable Conduct)

The conduct of this Defendant was lawful, proper and reasonable.

EIGHTH DEFENSE: (No Malice, Wanton Neglect, Recklessness or Gross Negligence)

The conduct of this Defendant was without malice, wanton neglect, recklessness, or gross negligence.

NINTH DEFENSE: (No Policy, Custom or Usage)

The Complaint fails to allege an unconstitutional policy, custom or usage.

TENTH DEFENSE: (Justification)

This Defendant gives notice that he may rely on the defense of justification.

ELEVENTH DEFENSE: (Failure to Mitigate Damages)

Plaintiff may have failed to mitigate her damages.

TWELFTH DEFENSE: (Assumption of Risk)

Plaintiff willingly, knowingly, and/or voluntarily assumed the risk of the incident and/or any injuries or damages she may have sustained as alleged in the Complaint.

THIRTEENTH DEFENSE:   (Not a Substantial Factor)

This Defendant was not a substantial factor in causing the incident, injuries, and/or damages alleged in the Complaint.

FOURTEENTH DEFENSE:   (Laches, Waiver and/or Estoppel)

Plaintiff's claims may be barred by the operation of the doctrine(s) of laches, waiver, and/or estoppel.

FIFTEENTH DEFENSE:   (Failure to Name Indispensable Party)

Plaintiff may have failed to name or join certain necessary and/or indispensable party or parties to this action.

SIXTEENTH DEFENSE:   (Comparative Negligence)

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and/or damages were caused or contributed to by negligence on the part of Plaintiff.

SEVENTEENTH DEFENSE:   (Qualified Immunity)

This Defendant intends to rely upon the defense of qualified immunity.

EIGHTEENTH DEFENSE:   (Qualified Privilege)

This Defendant intends to rely upon the defense of qualified privilege.

NINETEENTH DEFENSE:  (Failure To Exhaust)

Plaintiff's claims are barred, in whole or in part, because she failed to properly exhaust her applicable administrative remedies, if any.

TWENTIETH DEFENSE: (Administrative Remedies)

Plaintiff has not demonstrated that her applicable administrative remedies, if any, are inadequate as required by 42 U.S.C. Section 1983.

TWENTY-FIRST DEFENSE: (No Violation of Rights or Duties)

This Defendant has not violated a federal right, any statutory or common law duty.

TWENTY-SECOND DEFENSE: (No Respondeat Superior)

This Defendant cannot be held liable under the doctrine of respondeat superior for the actions of his agents or employees under 42 U.S.C. sections 1981, 1983 and 1986.

TWENTY-THIRD DEFENSE: (Consent)

This Defendant will rely on the defense of consent.

TWENTY-FOURTH DEFENSE: (Workers' Compensation)

Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Hawaii's workers' compensation law, including Hawaii Revised Statutes Section 386-5.

TWENTY-FIFTH DEFENSE: (No Punitive Damages)

The allegations in the Complaint do not warrant an award of punitive damages.

TWENTY-SIXTH DEFENSE: (Discretionary Function)

This Defendant is not liable for the performance or nonperformance of discretionary functions or duties.

TWENTY-SEVENTH DEFENSE: (Statute of Limitations)

Plaintiff's claims may be barred, in whole or in part, by any and all applicable statutes of limitation under federal and/or state law.

TWENTY-EIGHTH DEFENSE: (Intervening Cause)

This Defendant may rely on the defense of independent and unforeseeable intervening causes, specifically unforeseeable and intentional acts or unforeseeable criminal conduct of third persons.

TWENTY-NINTH DEFENSE: (Attorney's Fees, Costs, Interest)

Plaintiff is not entitled to an award of attorney's fees, costs of suit, and interest.

THIRTIETH DEFENSE: (Reservation of Defenses)

This Defendant reserves his right to set forth further defenses which discovery may deem appropriate.

WHEREFORE, this Defendant prays that:

A. The Complaint herein be dismissed and he be given his costs and attorney's fees;

B. If it be determined that this Defendant and Plaintiff were negligent with respect to the events described in the Complaint, the relative and comparative degree of fault of each party be determined in accordance with Section 663-31 of the Hawaii Revised Statutes, as amended, and judgment be rendered accordingly;

- 11 -

C. This Defendant be given such other and further relief as this Court deems just.

DATED: Honolulu, Hawaii, May 11, 2006.

/s/ Cary T. Tanaka
CARY T. TANAKA
Attorney for Defendant
K. C. LUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, ) | CIVIL NO. CV04 00562 SOM BMK |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| COUNTY OF KAUAI, KAUAI ) | |
| POLICE DEPARTMENT, K.C. LUM, ) | |
| WILFRED M. IHU, GORDON ISODA, ) | |
| DEAN PIGAO, and IRVIL KAPUA, ) | |
| ) | |
| Defendants. ) | |

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF:**

    MARGERY S. BRONSTER, ESQ.    mbronster@bchlaw.net
    JOHN HOSHIBATA, ESQ.    jhoshibata@bchlaw.net
    Suite 2300 Pauahi Tower
    1001 Bishop Street
    Honolulu, Hawaii  96813

    Attorneys for Plaintiff

    DAVID J. MINKIN, ESQ.    minkin@m4law.com
    BECKY T. CHESTNUT, ESQ.    chestnut@m4law.com
    Five Waterfront Plaza, 4th Floor
    500 Ala Moana Boulevard
    Honolulu, Hawaii  96813

    Attorneys for Defendants
    WILFRED M. IHU, GORDON ISODA
    and DEAN PIGAO

MICHAEL J. McGUIGAN, ESQ.  mjm@roplaw.com
Pacific Guardian Center, Makai Tower
733 Bishop Street, 24th Floor
Honolulu, Hawaii  96813

Attorney for Defendant
IRVIL KAPUA


LANI D. H. NAKAZAWA  lnakazawa@kauai.gov
CHRISTIANE L. NAKEA-TRESLER  cntresler@kauai.gov
4444 Rice Street, Suite 220
Lihue, Hawaii  96766

**Served by First Class Mail:**

DANIEL G. HEMPEY, ESQ.
3175 Elua Street
Lihue, Kauai  96766

Attorney for Plaintiff

DATED:   Honolulu, Hawaii, May 11, 2006.


_____/s/ Cary T. Tanaka
                                        CARY T. TANAKA
                                        Attorney for Defendant
                                        K.C. LUM