HAWAII POLICE DEPARTMENT - STRIP AND BODY CAVITY SEARCHES

GENERAL ORDER NO.

603

I. PURPOSE

To provide guidelines for determining if and under what conditions the use of strip and body cavity searches are legally permissible and to establish guidelines for the appropriate conduct of such searches.

II. POLICY

The department recognizes that the use of strip and body cavity searches may, under certain conditions, be necessary to protect the safety of officers, civilians and other prisoners; to detect and secure evidence of criminal activity and to safeguard the security, safety and related interests of the department's detention facilities. Recognizing the intrusiveness of these searches on individual privacy, it is the policy of the department that such searches shall be conducted only with proper authorization and justification, with due recognition and deference for the human dignity of those being searched and in accordance with procedural guidelines for conducting such searches as set forth in this policy.

III. DEFINITIONS

A. "Strip Search" refers to any search of an individual requiring the removal or rearrangement of some or all clothing to permit the visual inspection of the genitals, buttocks, anus, female breasts or underclothing.

B. "Body Cavity Search" refers to any search involving not only visual inspection of skin surfaces but the internal physical examination of body cavities and, in some instances, organs such as the stomach cavity.

IV. AUTHORIZATION

A. The decision to conduct a strip or body cavity search shall be made by the highest ranking police supervisor on duty and assigned to the respective division, bureau,

district, section and/or watch where this decision is to be made.

B. Any decision to authorize a strip search must be based on reasonable and individualized suspicion that a weapon, evidence or contraband could be concealed on the person and could not be detected by a pat down search.

## V. CONSIDERATIONS

The following considerations on the performance of strip and body cavity searches are based on U.S. Supreme Court rulings, and shall be considered by police supervisors prior to the authorization of any such searches:

A. The reasons why such a search was initiated, and

B. The method (how) and manner in which the search, if deemed appropriate, is undertaken.

## VI. PROCEDURES

A. Strip Searches

1. Individuals arrested or investigated for violations and other minor offenses of a non-violent nature shall not be subject to strip searches unless the arresting or investigating officer has expressible, reasonable suspicion to believe that the individual is concealing weapons, evidence or contraband. Reasonable suspicion may be based upon, but is not limited to, one or more of the following criteria:

   a. The severity of the criminal charge being investigated which indicates the likelihood of a weapon, evidence or contraband (e.g. narcotics) being concealed on the person.

   b. The suspicious actions of a suspect or arrestee indicating the possibility that a weapon, evidence or contraband is being concealed on the person.

DA00952

      c. The recent criminal history of a suspect or arrestee, irrespective of the current charge, indicating the likelihood that a weapon, evidence or contraband is being concealed on the person.

      d. Some reliable notification or personal observation that a weapon, evidence or contraband is being concealed on a suspect or arrestee.

      e. Detection of suspicious objects beneath the clothing of a suspect or arrestee during a field search.

2. Field strip searches of suspects or arrestees shall be conducted only in the rarest of circumstances under urgent conditions where the life or safety of officers or others may be placed at risk, and only with the explicit approval of a supervisory officer.

3. In the event a supervisor authorizes a strip search, the following provisions must be followed:

      a. The strip search of a suspect or arrestee shall take place in a private area. This private area must eliminate the possibility of visual access by person(s) not involved in the search.

      b. The officer conducting the search shall be of the same sex as the person being searched. No person of the opposite sex shall be allowed to view the search.

      c. The person conducting the search shall avoid using unnecessary or demeaning language or remarks.

DA00953

    d. The scope is governed by the principle that a search should not be more extensive than necessary to ascertain the existence of the type of weapon, evidence or contraband believed to be concealed on the suspect or arrestee.

4. Officers shall adhere to the following guidelines when conducting strip searches:

    a. Clothing should be searched both visually and by touch for evidence such as narcotics, weapons, or money.

    b. Articles should be scanned for bulges and signs of openings or freshly sewed areas. Linings should not be overlooked.

    c. Clothing should be examined by touch using a grasping, squeezing manner which crushes every part of the clothing.

    d. In incidents where trace evidence is likely to be discovered, such as in rape cases, clothing is to be carefully preserved for later examination by lab or other pertinent personnel.

5. A full body check, including the inspection of covered wounds and body openings, requires the assistance of a physician, however, areas that can be searched by an officer alone include the hair, ears, and mouth of a suspect or arrestee.

    a. Hair should be combed to bring out hidden items.

    b. Ear openings and areas behind the ear should be checked, the

latter for items taped to the head.

c. The mouth, teeth, and nasal openings should also be physically examined. If a suspect or arrestee has false teeth, he or she should be instructed to remove the plates and the teeth and mouth should be examined.

6. Following a strip search, the authorized officer performing the search shall include the following information in the appropriate arrest, incident or criminal report or if no such reports are made, in a memorandum to the Chief of Police:

   a. Name and sex of person(s) subjected to the search.

   b. Name and sex of all persons conducting and assisting in the search.

   c. Time, date and place of the search.

   d. Justification for conducting the strip search.

   e. A list of all items recovered from the person searched.

B. Body Cavity Searches

   Should visual examination of a suspect during a strip search and/or other information lead an officer to believe that a suspect or arrestee is concealing a weapon, evidence or contraband within a body cavity, the following procedures shall be followed:

   1. A body cavity search may be conducted only with a valid search warrant and by a licensed physician or a physician's assistant, licensed practical nurse, or a

registered nurse acting under the direction of a physician. Under no circumstances shall department personnel perform body cavity searches.

2. Where there exists reasonable and appropriate cause to support a body cavity search, officers shall apply for a search warrant.

3. If a search warrant is granted, the subject shall be taken to the nearest hospital or if deemed necessary the nearest medical facility or physician's office where the search will be conducted by a licensed physician or other medically qualified personnel.

4. An officer of the same sex as the subject receiving the body cavity search shall be present to witness the search, and to recover any weapons, evidence, or contraband.

5. The authorized officer conducting the body cavity search shall include the following information in the appropriate arrest, incident or criminal report:

    a. Name and sex of the person searched.

    b. Name of the person who conducted the search.

    c. Time, date and place of the search.

    d. A list of all items recovered from the person searched.

    e. Name and sex of all department members and employees present at the search.

    f. A copy of the search warrant, which shall be attached to the report.

DA00956

VICTOR V. VIERRA
CHIEF OF POLICE

(Amended: 07-11-94)

DA00957