McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN            #3639-0
BECKY T. CHESTNUT       #7756-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293
Email: minkin@m4law.com

Attorneys for Defendants
K. C. LUM, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAI'I

| | |
|---|---|
| DARLA ABBATIELLO, | CIVIL NO. CV04-00562 SOM BMK |
| Plaintiff, | DEFENDANT K. C. LUM'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS UNDER RULE 36, DATED OCTOBER 24, 2005; EXHIBIT "1" |
| vs. | |
| COUNTY OF KAUA'I, KAUA'I POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | |
| Defendants. | |

DEFENDANT K. C. LUM'S RESPONSE TO PLAINTIFF'S FIRST REQUEST
FOR ADMISSIONS UNDER RULE 36, DATED OCTOBER 24, 2005

Defendant K.C. Lum, by and through his attorneys, McCorriston Miller

Mukai MacKinnon LLP, pursuant to Rule 34 of the Hawai'i Rules of Civil

126356.1

Procedure, hereby responds to Plaintiff's First Request for Admissions Under Rule 36, dated October 24, 2005 (hereinafter "Request"). Defendant K.C. Lum responds as follows:

## REQUEST FOR ADMISSIONS TO K.C. LUM

1. Attached hereto as Exhibit A is a true and correct copy of the Memorandum on Prevention of Violence in the Workplace, issued by Mayor Maryanne W. Kusaka on January 12, 2000.

    Admit ✓    Deny ____

2. Exhibit A was in full force and effect during the time period January 12, 2000 to April 29, 2004.

    Admit ____    Deny ____

    Objection: the phrase "in full force and effect" is vague, ambiguous and calls for a legal conclusion.

    _____
    DAVID J. MINKIN

    Without waiving said objections, K.C. Lum admits that Exhibit A was issued on January 12, 2000, and not rescinded as of April 29, 2004.

3. Attached hereto as Exhibit B is a true and correct copy of the County of Kauai's Workplace Violence Procedures, issued by Allan I. Tanigawa on January 13, 2000.

    Admit ✓    Deny ____

4. Exhibit B was in full force and effect during the time period January 13, 2000 to April 29, 2004.

   Admit _____ Deny _____

   Objection: the phrase "in full force and effect" is vague, ambiguous and calls for a legal conclusion.

   _____
   DAVID J. MINKIN

   Without waiving said objections, K.C. Lum admits that Exhibit "B" was issued on January 13, 2000, and not rescinded as of April 29, 2004.

5. Attached hereto as Exhibit C is a true and correct copy of KPD General Order 2004-2, issued on April 29, 2004 concerning workplace violence.

   Admit ✓   Deny ____

6. KPD General Order 2004-2 was promulgated as a result of threats made against Officer Darla Abbatiello after she reported allegations by A.B. that C.D. paid Sergeant Kapua to notify A.B. and C.D. of any search warrants prior to their execution by KPD in order that A.B. and C.D. could avoid arrest.

   Admit _____ Deny _____

   Objection: the phrase "was promulgated as a result" is vague and ambiguous.

   _____
   DAVID J. MINKIN

   Without waiving said objections, K.C. Lum is without sufficient knowledge to admit or deny Request for Admission No. 6 because the information known or readily available is insufficient to admit or deny.

126356.1                                    3

7. Prior to April 29, 2004, KPD was governed by the County of Kauai's procedures on workplace violence as set forth in Exhibits A and B.

   Admit _____ Deny _____

   Objection: the phrase "was governed" is vague and ambiguous.

   _____
   DAVID J. MINKIN

   Without waiving said objections, K.C. Lum admits that prior to April 29, 2004, Exhibits A and B had been issued and not rescinded.

8. Attached hereto as Exhibit D is a true and correct copy of a Memorandum concerning Detective Irvil Kapua and Officer Darla Abbatiello prepared by Lieutenant Dean Pigao for you dated June 29, 2004.

   Admit __✓__ Deny _____

9. Attached hereto as Exhibit E is a true and correct copy of a Memorandum concerning the internal investigation of Detective Kapua prepared by Lieutenant Roy Asher for you dated October 18, 2004.

   Admit __✓__ Deny _____

10. You were Acting Chief of Police of KPD from on or about May 1, 2004 to on or about October 14, 2004.

    Admit _____ Deny __✓__; because my appointment as Chief took place on September 29, 2004.

126356.1                                    4

11. You were appointed Chief of Police of KPD on or about October 15, 2004.

    Admit _____     Deny _✓_; because my appointment as Chief took place on September 29, 2004.

12. As Acting Chief of Police of KPD, you were senior in rank to Sergeant Irvil Kapua.

    Admit _✓_     Deny _____

13. As Acting Chief of Police of KPD, you were senior in rank to Officer Darla Abbatiello.

    Admit _✓_     Deny _____

14. As Acting Chief of Police of KPD, you were senior in rank to Acting Assistant Chief Dean Pigao.

    Admit _✓_     Deny _____

15. On or about June 23, 2004, you met with Officer Abbatiello in your office regarding Sergeant Kapua.

    Admit _____     Deny _✓_; because the meeting, date unknown, which concerned Officer Abbatiello's departure from, and possible return to, the vice unit, took place in the conference room.

16. During the meeting on or about June 23, 2004, as described above, Officer Abbatiello told you that she was afraid to return to the Vice Unit because she feared retaliation against her because she reported the allegations by A.B. that C.D. paid Sergeant Kapua to notify A.B. and C.D. of any search warrants prior to their execution by KPD in order that A.B. and C.D. could avoid arrest.

    Admit _____ Deny _✓_; because the meeting, date unknown, which concerned Officer Abbatiello's departure from, and possible return to, the vice unit, took place in the conference room.

17. On or about June 23, 2004, Q.R. told you that Acting Assistant Chief Pigao ordered Officer Abbatiello to use the back door of the police station to access the office of the Vice Unit.

    Admit _____ Deny _____

Objection: the phrase "ordered" is vague, ambiguous and calls for a legal conclusion.

_____
DAVID J. MINKIN

Without waiving said objections, K.C. Lum admits that Q.R. spoke with him, date unknown, and informed him that Acting Assistant Chief Pigao discussed with Officer Abbatiello the use of the back door of the police station to access the office of the vice unit.

18. On or about June 23, 2004, Q.R. told you that Acting Assistant Chief Pigao ordered Officer Abbatiello to stay away from Sergeant Kapua.

    Admit _____ Deny _____

    Objection: the phrase "ordered" is vague, ambiguous and calls for a legal conclusion.

    _____
    DAVID J. MINKIN

    Without waiving said objections, K.C. Lum admits that Q.R. spoke with him, date unknown, and informed him that Acting Assistant Chief Pigao discussed with Officer Abbatiello attempting to stay away from Sgt. Kapua.

19. You allowed Acting Assistant Chief Pigao's Order that Officer Abbatiello stay away from Sergeant Kapua to stand.

    Admit ____ Deny ✓

20. You allowed Acting Assistant Chief Pigao's Order that Officer Abbatiello use the back door of the police station to access the office of the Vice Unit to stand.

    Admit ____ Deny ✓

21. To date, you have not rescinded Acting Assistant Chief Pigao's Order that Officer Abbatiello stay away from Sergeant Kapua.

    Admit ____ Deny ✓*

    *See Exhibit "1," hereto.

22. To date, you have not rescinded Acting Assistant Chief Pigao's Order that Officer Abbatiello use the back door of the police station to access the office of the Vice Unit.

    Admit _____    Deny __✓*__

    *See Exhibit "1," hereto.

23. During the time period from December 2003 to present, it is a general practice that all persons who are arrested are detained for a period of time in KPD cellblock.

    Admit _____    Deny _____

    Objection: the phrase "detained" is vague, ambiguous and calls for a legal conclusion.

    _____
    DAVID J. MINKIN

    Without waiving said objections, K.C. Lum denies Admission No. 23.

24. During the time period from December 2003 to present, KPD has authorized overtime pay for officers who are assigned to work in KPD cellblock.

    Admit __✓__    Deny _____

25. Prior to June 23, 2004, Officer Abbatiello earned overtime pay by working in KPD cellblock.

    Admit __✓__    Deny _____

26. Subsequent to June 23, 2004, KPD has not authorized Officer Abbatiello to earn overtime pay by working in KPD cellblock.

    Admit ____    Deny ✓

27. Subsequent to June 23, 2004, Officer Abbatiello has not worked in KPD cellblock.

    Admit ✓    Deny ____

DATED: Honolulu, Hawai'i, December 2, 2005.

_____
DAVID J. MINKIN
BECKY T. CHESTNUT

Attorneys for Defendants
K. C. LUM, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO

**Fred Debusca**

**From:** K.C. Lum [kclum@hawaiilink.net]
**Sent:** Sunday, January 09, 2005 12:18 PM
**To:** Fred Debusca
**Cc:** Regina Ventura; Dean Pigao; Ron Venneman; dabbatiello@kauaigov.com; Irvil Kapua
**Subject:** Previous Order to Officer Abbatiello

Freddie,

    Please check with Officer Abbatiello, Lt. Ventura and Lt Pigao on any documentation from on the following subject:

        a. Ordered Officer Abbatiello to use the back door when she goes to the Vice Office.
        b. Ordered Officer Abbatiello to avoid Sergeant Kapua.

    If the order were true base on verbal command or written documentation, the order must be rescinded due to unreasonableness of the order. Officer Abbatiello should be afforded the same rights as all other KPD employees.

    Officer Abbatiello will have the same access rights as all other employees of the Kauai Police Department to ISB and Vice Offices. Both Officer Abbatiello and Sergeant Kapua will avoid confrontation with each other. In the future, they should have their Department operational differences remedied through the chain of command.

    Please convey this information to all concern parties.

K.C. Lum
Chief of Police

**EXHIBIT "1"**