# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

I.     INTRODUCTION ..........................................................................................1

II.    FACTUAL STATEMENT ..............................................................................2

III.   ARGUMENT................................................................................................19

         A.     STANDARD OF REVIEW .................................................................19

         B.     PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT
                AGAINST DEFENDANTS LUM AND KAPUA..............................20

                1.     Defendant Kapua Has Failed To Offer Any Evidence To
                      Create an Issue of Any Material Fact .......................................20

                2.     Defendant Lum Has Failed To Offer Any Evidence To
                      Create an Issue of Any Material Fact .......................................20

                3.     Furthermore, Each Defendant's Invocation of His Fifth
                      Amendment Privilege Entitles Plaintiff to An Adverse
                      Inference...................................................................................22

                4.     Plaintiff is Entitled To Summary Judgment As a Matter of
                      Law on Her Claims Against Defendants Lum and Kapua .......24

                5.     Count III: Whistleblower's Protection Act...............................29

                6.     Count IV: Wrongful Termination in Violation of
                      Public Policy ............................................................................32

                7.     Count V: Employer Negligence in Supervision/Retention of
                      Employee .................................................................................33

                8.     Count VI: Intentional Infliction of Emotional Distress ............36

                9.     Count VII: Negligent Infliction of Emotional Distress ……..37

      10.    Count VIII: Violation of Rights Under Constitution of State of Hawaii ..................................................................................38

IV.    CONCLUSION.........................................................................................39

# **TABLE OF AUTHORITIES**

CASES                                                                                                                          PAGE

Abraham v. S.E. Onorato Garages, 50 Haw. 628, (1968) .................................34, 35
Alpha Energy Savers, Inc. v. Hansen, 381 F.3d 917, (9th Cir. 2004) .....................28
Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551,
    7 L.Ed.2d 810 (1976)...........................................................................1, 22, 24
Blair v. City of Pomona, 223 Fed 1074 (2000) ........................................................27
Calleon v. Miyagi and MTL, 76 Hawai'i 310, 876 P.2d 1278 (1994).....................38
Connick v. Meyers, 461 U.S. 138, (1983) ..........................................................26, 28
Crosby v. State Dept. of Budget & Finance  76 Haw. 332,
    876 P.2d 1300, (Haw. 1994).............................................................32, 33
Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, (9th Cir. 2000) .............23, 24
Flores v. United Airlines, Inc., 70 Haw. 1, 757 P.2d 641 (1988)............................33
Garcetti v. Ceballos, 125 US 1951 (2006)...............................................................26
Gilbrook v. City of Westminster, 177 F3d 839 (1999).............................................27
Givhan v. Western Line Consol. School District, 439 US 410 (1979)....................25
Hac v. University of Hawaii, 73 P.3d 46 (2003) ......................................................36
Kannisto v. City and County of San Francisco, 541 F2d 841 ..................................27
Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995) .....................22
Parnar v. Americana Hotels, Inc., 65 Haw. 370, 652 P.2d 625 (1982) ...................32
Pickering v. Board of Ed. of Township High School Dist.,
    91 U.S. 563, (1968)................................................................25, 26, 29
Nat'l Acceptance Co. v. Bathalter, 705 F.2d 924, (7th Cir.1983)............................23
Rudy-Glanzer v. Glanzer, 232 F.3d 1258, (9th Cir. 2000)................................23, 24
SEC v. Colello, 139 F.3d 674, (9th Cir.1998) .........................................................23
Serafino v. Hasbro, Inc., 82 F.3d 515, (1st Cir.1996) ..............................................23
Thomas v. City of Beaverton, 379 F.3d 802, (2004).........................................28, 29
T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n,
    09 F.2d 626, (9th Cir. 1987) ......................................................................19
Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, (9th Cir. 2002) ......................28

STATUTES

42 U.S.C § 1983.................................................................................................24, 25
42 U.S.C § 1985(3) ...................................................................................................25
HRS § 378-61............................................................................................................30, 33
HRS § 378-62............................................................................................................31

iv

## RULES           PAGE

Fed. R. Civ. P. 56(c) .......................................................................................... 19
Fed.R.Civ.P. 56(f) ............................................................................................. 19

## OTHER AUTHORITIES:

Sen.Stand.Comm.Rep. No. 1127, in 1987 Senate Journal ...................................... 33
Sen.Stand.Comm.Rep. No. 833, in 1987 Senate Journal ........................................ 33