IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>        Plaintiff,<br><br>  vs.<br><br>COUNTY OF KAUAI, KAUAI<br>POLICE DEPARTMENT, K.C. LUM,<br>WILFRED M. IHU, GORDON ISODA,<br>DEAN PIGAO, and IRVIL KAPUA,<br><br>        Defendants. | CIVIL NO. CV04 00562 SOM BMK<br><br>DECLARATION OF CARY T. TANAKA |

DECLARATION OF CARY T. TANAKA

I, CARY T. TANAKA, hereby declare as follows:

1. I am one of the counsel for Defendant K.C. Lum ("Defendant Lum") in the above-entitled matter and have personal knowledge as to the matters set forth below.

2. The parties entered into the Stipulation and Order Governing Confidentiality of Documents, filed herein on June 2, 2005 ("Stipulation Governing Confidentiality").

3. Defendant K.C. Lum's Separate and Concise Statement of Facts in Support of Defendant K.C. Lum's Motion for Summary Judgment was filed on January 4, 2007 ("Defendant Lum's SCSF"). Exhibit "D" to Defendant Lum's SCSF was not filed with Defendant Lum's SCSF as it consists of confidential documents produced by Defendant County of Kauai in this case which are protected by the Stipulation Governing Confidentiality.

4.  Upon information and belief, on January 3, 2007, Diane K. Agor-Otake, an attorney in my office, spoke with David J. Minkin, lead counsel for Defendants concerning discovery matters in the above-entitled case, regarding Exhibit "D" to Defendant Lum's SCSF.  Upon information and belief, Mr. Minkin indicated to Ms. Agor-Otake that Exhibit "D" to Defendant Lum's SCSF should be submitted to the Court for filing under seal as it contained confidential documents protected by and subject to the Stipulation Governing Confidentiality.

5.  The documents set forth in Exhibit "D" to Defendant Lum's SCSF have been produced in discovery and have been made available to all parties in this case.  As such, the filing of Exhibit "D" to Defendant Lum's SCSF under seal would not prejudice any of the parties as the subject documents have been, and continue to be, available to all parties in this case.

6.  The documents set forth in Exhibit "D" to Defendant Lum's SCSF concern an internal Kauai Police Department ("KPD") investigation and an ongoing criminal investigation.  The specific details of KPD's internal investigations are not subject to public disclosure.  Likewise, the specific details of ongoing criminal investigations are also not subject to public disclosure as such disclosure could interfere with and harm the ongoing investigation.

7.  Exhibit "D" to Defendant Lum's SCSF also contains documents concerning a grievance filed by Plaintiff. Public disclosure of the grievance documents may be in violation of the governing collective bargaining agreement.

8.  The information set forth in Exhibit "D" to Defendant Lum's SCSF is not a matter of significant public concern.

9.  Based on the above, there is a compelling reason to rebut the ordinary presumption of public access to dispositive pleadings and attachments.

10. Pursuant to the Stipulation Governing Confidentiality, I respectfully submit that there is a specific and articulated basis for granting DEFENDANT K.C. LUM'S *EX PARTE* MOTION FOR AN ORDER ALLOWING EXHIBIT "D" TO DEFENDANT K.C. LUM'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT K.C. LUM'S MOTION FOR SUMMARY JUDGMENT, FILED ON JANUARY 4, 2007.

11. I, CARY T. TANAKA, do declare under penalty of law that the foregoing is true and correct.

Dated: Honolulu, Hawaii, JAN 4 2007.

_____
CARY T. TANAKA