IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIV. NO. 04-00562 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S EX |
| | ) | PARTE MOTION TO EXCEED PAGE |
| vs. | ) | LIMITATION FOR HER SEPARATE |
| | ) | AND CONCISE STATEMENT OF |
| COUNTY OF KAUAI; KAUAI POLICE | ) | FACTS; ORDER STRIKING |
| DEPARTMENT; K.C. LUM; WILFRED | ) | PLAINTIFF'S MEMORANDUM IN |
| M. IHU; GORDON ISODA; DEAN | ) | SUPPORT OF HER MOTION FOR |
| PIGAO; and IRVIL KAPUA, | ) | SUMMARY JUDGMENT AND STRIKING |
| | ) | PLAINTIFF'S SEPARATE AND |
| Defendants, | ) | CONCISE STATEMENT OF FACTS |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO EXCEED PAGE
LIMITATION FOR HER SEPARATE AND CONCISE STATEMENT OF FACTS;
ORDER STRIKING PLAINTIFF'S MEMORANDUM IN SUPPORT OF
HER MOTION FOR SUMMARY JUDGMENT AND
STRIKING PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS

On October 4, 2006, the dispositive motions deadline was continued in this case from December 6, 2006, to January 8, 2007. On January 8, 2007, Plaintiff Darla Abbatiello filed a motion for summary judgment, along with a separate and concise statement of facts in support of her motion. Plaintiff's concise statement was filed at 8:43 p.m.

Although Local Rule 56.1(d) states that the "concise statement shall be no longer than five (5) pages, unless it contains no more than 1500 words," Plaintiff's concise statement is twenty (20) pages long. At 8:58 p.m. on January 8, 2007, after Plaintiff had already filed her concise statement in violation of Local Rule 56.1(d), Plaintiff filed an ex parte motion to exceed the limitations set forth in that rule. That motion is denied.

Plaintiff seeks permission to do that which she has already done. Plaintiff filed the document in issue in violation of Local Rule 56.1(d) before asking for permission to file her concise statement in excess of the limits set forth in that rule. Perhaps Plaintiff failed to seek leave to file her concise statement because the motion and the concise statement were not filed until after this court had left for the day on the last day a dispositive motion could be filed. Plaintiff's failure to prepare her documents sufficiently in advance of a deadline does not justify her filing of the document in violation of local court rules. Plaintiff's only explanation for filing a twenty-page concise statement is that each fact in it is purportedly material. Plaintiff appears to have written her documents without attention to court rules and with no attempt to comply with the limitations set forth in the local rules. Editing takes time, and Plaintiffs either lazily decided not to edit or felt no need to do so. The court does not agree that a party may go on and on, then file whatever has been typed by the deadline. Plaintiff's concise statement is stricken.

This is not a case that is four times more complicated than the normal case this court sees. A concise statement that is four times the norm is not justified. A concise statement is supposed to be "concise." The local rules do not require every detail mentioned in a memorandum to also be contained in the concise statement. Only "material facts" are required. <u>See</u>

Local Rule 56.1(a).  For example, a concise statement could state that "Defendant has used racial epithets" and cite an exhibit.  If the only "material fact" for the motion was the use of racial epithets, the memorandum in support of the motion could then contain more detail.  It could, for example, state: "On December 1, 2006, Defendant called Plaintiff "X," "Y," and "Z" during a meeting attended by Witness 1, Witness 2, and Witness 3," or it could quote from the exhibit cited in the concise statement.

        The concise statement ensures that parties have citations for each "material fact" asserted.  It is not a device for cramming more into a document than allowed by local rule.  In other words, a party should not use the concise statement as a means of expanding the 9,000-word limitation on a memorandum.  In the present case, Plaintiff's memorandum was 8,199 words, which was under the memorandum maximum, but the concise statement was multiples of the concise statement maximum.  The memorandum in support of that motion has references only to paragraphs in the concise statement, forcing the reader of the memorandum to have to constantly interrupt her reading by referring to the separate concise statement.  The concise statement is stricken, and Plaintiff's memorandum is also stricken because it depends so heavily on the oversized concise statement.

        Plaintiff is given leave to file a new concise statement and memorandum complying with the court's local rules.  In refiling the documents in compliance with local rules,

Plaintiff may not add any factual allegations, new arguments, or references to authority not previously cited in the stricken documents. Plaintiff may not incorporate by reference anything contained in the stricken documents. Two courtesy copies of the documents should be delivered to chambers pursuant to Rule 2.5 of the Amended General Order Adopting Electronic Case Filing Procedures (Feb. 1, 2006). Any new concise statement and memorandum must be filed no later than 3:30 p.m. on Friday, January 12, 2007. The present hearing date of 9:00 a.m. on March 12, 2007, is retained. If Plaintiff does not file a new concise statement and memorandum by 3:30 p.m. on Friday, January 12, 2007, Plaintiff's motion will be deemed to be withdrawn and will be taken off of this court's calendar. In that event, Plaintiff may seek leave from the Magistrate Judge assigned to this case to file a dispositive motion beyond the dispositive motions cut-off. The court, of course, expresses no opinion as to how such a motion should be decided.

In Plaintiff's memorandum in support of motion, Plaintiff should consider referring to the actual authorities for her factual assertions, rather than only to the concise statement, as that would improve the overall readability and usability of Plaintiff's memorandum. It is also not necessary for Plaintiff to file her concise statement in a single-spaced, dual-column format. Local Rule 56.1(e) allows that format, but does not require it. In many cases, a narrative may make more

sense.  The column format tends to yield a telegraphic version of facts that may not convey the party's story or the flavor of what occurred.  The judge recognizes that columns may be useful in some cases, and that opposition and reply memoranda may find columns more helpful than original motions.  The court merely wants Plaintiff to understand that columns, while an option, may not be preferred in this case.  What single-spaced columns may provide in word count may be outweighed by effectiveness that could be achieved with another format and conscientious editing.

        The court cautions that it will not always grant leave to refile a document stricken as overly long.  This judge is particularly unsympathetic to requests to file documents longer than permitted by court rules when those requests are made on or after the filing deadline for the documents.  Such timing suggests to this judge that counsel has been frantically drafting without considering the need to leave time to edit.  As editing could usually substantially reduce a document's length, this judge feels ill-used in being asked to read more because counsel would not take the time or trouble to edit.  This judge is also unhappy about being asked to expedite consideration of an *ex*

parte motion to compensate for counsel's last-minute preparation of documents.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, January 10, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Abbatiello v. County of Kauai, et al., Civ. No. 04-00562 SOM/BMK; ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO EXCEED PAGE LIMITATION FOR HER SEPARATE AND CONCISE STATEMENT OF FACTS; ORDER STRIKING PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AND STRIKING PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS