LANI D. H. NAKAZAWA          1818
CHRISTIANE L. NAKEA-TRESLER  7409
Office of the County Attorney
4444 Rice Street, Suite 220
Līhu'e, Kaua'i, Hawai'i 96766
Tel. No. (808) 241-6315

Attorneys for Defendants COUNTY
OF KAUA'I and KAUA'I POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAI'I

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04-00562 SOM BMK |
| | ) |
| Plaintiff, | ) DEFENDANTS COUNTY OF |
| | ) KAUA'I AND KAUA'I POLICE |
| vs. | ) DEPARTMENT'S RESPONSE TO |
| | ) PLAINTIFF'S FIRST REQUEST |
| COUNTY OF KAUA'I, KAUA'I | ) FOR ADMISSIONS UNDER RULE |
| POLICE DEPARTMENT, K.C. LUM, | ) 36 TO DEFENDANT KAUA'I |
| WILFRED M. IHU, GORDON ISODA, | ) POLICE DEPARTMENT |
| DEAN PIGAO, IRVIL KAPUA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

DEFENDANTS KAUA'I POLICE DEPARTMENT'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS UNDER RULE
36 TO DEFENDANT KAUA'I POLICE DEPARTMENT

Defendants COUNTY OF KAUA'I and KAUA'I POLICE DEPARTMENT

(hereinafter "KPD") by and through their attorney, Christiane L. Nakea-Tresler,

Deputy County Attorney, pursuant to Rule 34 of the Hawai'i Rules of Civil

Procedure, hereby responds to Plaintiff's First Request for Admissions dated July 1, 2005 (hereinafter "Request"). County responds as follows:

## REQUESTS FOR ADMISSIONS

1. Plaintiff has been employed by the Kaua'i Police Department ("KPD") as a Police Officer from 1994 to the present.

    Admit __x__    Deny _____

2. In October 2002, Plaintiff was transferred to the Narcotics Vice Unit of KPD.

    Admit _____    Deny _____

Defendants County of Kaua'i and Kaua'i Police Department (hereinafter "Defendant County") object on the grounds that "transfer" is vague and ambiguous.

_____
Christiane L. Nakea-Tresler

Without waiving said objection, Defendant County admits that Plaintiff received a temporary upward re-allocation to the Vice Unit in October 2002 which was subject to evaluations of manpower needs.

3. Defendant Irvil Kapua ("Kapua") was employed by KPD during the period November, 2003 to the present.

    Admit __x__    Deny _____

4. During all or part of December, 2003, Defendant Dean Pigao ("Pigao") was employed by KPD with the rank of Acting Assistant Chief.

2

Admit __x__    Deny _____

5. As Acting Assistant Chief, Defendant Pigao was senior in rank to Plaintiff.

Admit __x__    Deny _____

6. As Acting Assistant Chief, Defendant Pigao was senior in rank to Lieutenant Regina Ventura.

Admit __x__    Deny _____

7. As Acting Assistant Chief, Defendant Pigao was senior in rank to Defendant Kapua.

Admit __x__    Deny _____

8. On or shortly after September 14, 2004, KPD became aware that the District Court of the 5th Circuit had issued a Temporary Restraining Order and Injunction Against Harassment in favor of Plaintiff and restraining and enjoining Defendant Kapua.

Admit _____    Deny _____

Defendant County objects on the grounds that "became aware" is vague and ambiguous.

*Christiane L. Nakea-Tresler* (signature)
Christiane L. Nakea-Tresler

Without waiving the objections and without limitation, Defendant County acknowledges that Plaintiff and or Plaintiff's attorneys informed certain personnel.

9. The KPD's cellblock log contains entries, dated after September 14, 2004,

3

which state that Plaintiff's access to cellblock was restricted.

        Admit _____        Deny \_\_\_\_x\_\_\_\_

10. KPD has received more than two (2) internal complaints about Defendants Kapua.

        Admit \_\_\_x\_\_\_\_        Deny _____

11. KPD has received more than three (3) internal complaints about Defendant Kapua.

        Admit \_\_\_x\_\_\_\_        Deny _____

12. KPD has received more than four (4) internal complaints about Defendant Kapua.

        Admit \_\_\_x\_\_\_\_        Deny _____

13. KPD has received more than five (5) internal complaints about Defendant Kapua.

        Admit \_\_\_x\_\_\_\_        Deny _____

14. KPD received a report from a police dispatcher or former police dispatcher, which alleged, in part, that Defendant Kapua threatened her with his hand on his gun.

        Admit _____        Deny _____

Defendant County objects on the grounds that "received a report" and "threatened her" are vague and ambiguous.

*(signature)*
Christiane L. Nakea-Tresler

Without waiving the objections and without limitation, Defendant County denies.

15. KPD received at least one complaint against Defendant Kapua alleging that Defendant Kapua had beaten a criminal suspect.

   Admit _____   Deny ____x____

16. On or about January 19, 2004, KPD received a written report from Plaintiff in which she relayed that A.B. had told Plaintiff that A.B. "was not suppose to get arrested because she was told by C.D., whom she is involved with selling crystal methamphetamine, that they were suppose to be protected because Detective Kapua was paid off by C.D."

   Admit _____   Deny _____

Defendant County objects on the grounds that such information is protected by the law enforcement and police investigatory privilege.

*(signature)*
Christiane L. Nakea-Tresler

17. On or about January 19, 2004, KPD received a written report from Plaintiff in which she reported that the subject of a search warrant contacted Plaintiff.

   Admit _____   Deny _____

5

Defendant County objects on the grounds that such information is protected by the law enforcement and police investigatory privilege.

*Christiane L. Nakea-Tresler* (signature)
Christiane L. Nakea-Tresler

18. On or about January 19, 2004, KPD received a written report from Plaintiff in which she reported that the subject of a search warrant "informed this writer that he was informed by C.D. who is presently on parole that Sergeant Kapua contacted him and told him that there was going to be a warrant served on a Thursday."

   Admit _____    Deny _____

Defendant County objects on the grounds that such information is protected by the law enforcement and police investigatory privilege.

*Christiane L. Nakea-Tresler* (signature)
Christiane L. Nakea-Tresler

19. On April 19, 2004, Lieutenant Roy Asher was the KPD Waimea District Commander.

   Admit ___x___    Deny _____

20. On or about April 19, 2004, Lieutenant Roy Asher received a written report from Plaintiff that she found her name written next to the word "DEATH" in her work dictionary.

   Admit ___x___    Deny _____

21. On or about April 19, 2004 Lieutenant Roy Asher received a written report from Plaintiff that she felt "threatened for my life."

    Admit ____x____    Deny _____

22. On or about April 19, 2004, Lieutenant Roy Asher received a written report from Plaintiff in which she stated that, "I recently transferred from Vice/Narcotics back to Patrol Services Bureau, Waimea District, because of a complaint I made regarding violence in the work place."

    Admit ____x____    Deny _____

Defendant County admits that the statement was received, but that statement speaks for itself.

_____
Christiane L. Nakea-Tresler

23. KPD assigned Erik Rita to investigate the death threat found in Plaintiff's work dictionary.

    Admit _____    Deny ____x____

24. Erik Rita had been a KPD Police Officer for less than 2 years at the time he was assigned to investigate the death threat found in Plaintiff's work dictionary.

    Admit _____    Deny ____x____

25. Erik Rita had received no special training on conducting internal

investigations at the time he was assigned to investigate the death threat found in Plaintiff's work dictionary.

    Admit _____    Deny ___x___

26. KPD did not investigate the January 2004 allegations that Defendant Kapua contacted the subject of a search warrant and informed him that there was going to be a warrant served on his residence before the warrant was served.

    Admit _____    Deny _____

Defendant County objects on the grounds that such information is protected by the law enforcement and police investigatory privilege.

*[signature]*
Christiane L. Nakea-Tresler

Without waiving the objections and without limitation, Defendant County denies.

27. No official report has been issued from any administrative investigation by Roy Asher of allegations of corruption against Defendant Kapua.

    Admit _____    Deny _____

Defendant County objects on the grounds that "official report" is vague and ambiguous.

*[signature]*
Christiane L. Nakea-Tresler

Without waiving the objections and without limitation, Defendant County denies.

28. Defendant Wilfred Ihu ("Ihu") signed a Payroll Certification Form approving a change of Plaintiff's Class Title from Police Officer II to Police Officer I.

   Admit _____    Deny _____

Defendant County objects on the grounds that the timeframe is vague and ambiguous.

*Christiane L. Nakea-Tresler*
Christiane L. Nakea-Tresler

Without waiving said objections, Defendant County admits that Ihu signed multiple payroll certification forms beginning in 2001 through 2004 relative to Plaintiff's status as a police officer, including but not limited to a change from Police Officer II (on a temporary upward re-allocation) to Police Officer I.

29. Defendant Ihu was acting in his official capacity as Acting Chief of Police when he approved a change of Plaintiff's Class Title from Police Officer II to Police Officer I.

   Admit _____    Deny _____

Defendant County objects on the grounds that the time frame is vague and ambiguous.

*Christiane L. Nakea-Tresler*
Christiane L. Nakea-Tresler

Without waiving said objections, Defendant County admits that Ihu, as Deputy Chief and/or Acting chief signed multiple payroll certification forms beginning in 2001 through 2004 relative to Plaintiff's status as a police officer, including but not limited to a change from Police Officer II (on a temporary upward re-allocation) to Police Officer I as Acting Chief.

30. Defendant Ihu signed a Payroll Certification Form approving a change of Plaintiff's pay Grade from PO-9/609 to PO-7/609.

Admit _____    Deny _____

Defendant County objects on the grounds that the timeframe is vague and ambiguous.

*Christiane L. Nakea-Tresler* (signature)
Christiane L. Nakea-Tresler

Without waiving said objections, Defendant County admits that Ihu, as Deputy Chief and/or Acting chief signed multiple payroll certification forms beginning in 2001 through 2004 relative to Plaintiff's status as a police officer, including but not limited to a change from PO-9 (on a temporary upward re-allocation) to PO-7.

31. Defendant Ihu was acting in his official capacity as Acting Chief of Police when he approved a change of Plaintiff's pay Grade from PO-9/609 to PO-7/609.

Admit _____    Deny _____

Defendant County objects on the grounds that the timeframe is vague and ambiguous.

*Christiane L. Nakea-Tresler* (signature)
Christiane L. Nakea-Tresler

Without waiving said objections, Defendant County admits that Ihu, as Deputy Chief and/or Acting chief signed multiple payroll certification forms beginning in 2001 through 2004 relative to Plaintiff's status as a police officer, including but not limited to a change from PO-9 (on a temporary upward re-allocation) to PO-7 as Acting Chief.

32. Pursuant to KPD Policy, Plaintiff was required to report the allegations communicated to her by A.B. regarding Defendant Kapua.

   Admit ___x___   Deny _____

33. Pursuant to KPD Policy, Plaintiff was required to report the allegations communicated to her by the subject of a search warrant on or about January 19, 2004 regarding Defendant Kapua.

   Admit ___x___   Deny _____

34. If Plaintiff had not reported the allegations of Defendant Kapua's corrupt activities, her pay Grade would not have been reduced from PO-9/609 to PO-7/609.

   Admit _____   Deny ___x___

35. If Plaintiff had not reported the allegations of Defendant Kapua's corrupt activities, her Class Title would not have been reduced from Police Officer II to Police Officer I.

   Admit _____   Deny ___x___

36. KPD Standard of Conduct VI-B 3, Security of Departmental Business, was in effect during the period December 2003 to September 2004.

   Admit ___x___   Deny _____

37. KPD Standard of Conduct VI-B 3, Security of Departmental Business, is in effect at the present time.

Admit \_\_\_\_x\_\_\_\_    Deny _____

38. KPD Standard of Conduct VI-B 6, Commission of any Criminal Act, was in effect during the period December 2003 to September 2004.

Admit \_\_\_\_x\_\_\_\_    Deny _____

39. KPD Standard of Conduct VI-B 6, Commission of any Criminal Act, is in effect at the present time.

Admit \_\_\_\_x\_\_\_\_    Deny _____

40. KPD Standard of Conduct VI-B 1, Physical Abuse, was in effect during the period December 2003 to September 2004.

Admit \_\_\_\_x\_\_\_\_    Deny _____

41. KPD Standard of Conduct VI-B 1, Physical Abuse, is in effect at the present time.

Admit \_\_\_\_x\_\_\_\_    Deny _____

42. KPD Standard of Conduct VI-B 6 is a Class B Standard.

Admit \_\_\_\_x\_\_\_\_    Deny _____

43. KPD Standard of Conduct VI-B 3 is a Class B Standard.

Admit \_\_\_\_x\_\_\_\_    Deny _____

44. KPD Standard of Conduct VI-B 1 is a Class B Standard,

Admit \_\_\_\_x\_\_\_\_    Deny _____

45. The minimum disciplinary action for a violation of KPD Class B Standard of Conduct is suspension of one working day.

    Admit ___x___     Deny _____

46. KPD Standard of Conduct VI-C 1, Solicitation and Acceptance of Gift, Gratuities, Fees, Rewards, Loans, Etc., was in effect during the period December 2003 to September 2004.

    Admit ___x___     Deny _____

47. KPD Standard of Conduct VI-C 1, Solicitation and Acceptance of Gift, Gratuities, Fees, Rewards, Loans, Etc., is in effect at the present time.

    Admit ___x___     Deny _____

48. KPD Standard of Conduct VI-C 4, Conduct Toward Superior and Subordinate Officers and Associates, was in effect during the period December 2003 to September 2004.

    Admit ___x___     Deny _____

49. KPD Standard of Conduct VI-C 4, Conduct Toward Superior and Subordinate Officers and Associates, is in effect at the present time.

    Admit ___x___     Deny _____

50. KPD Standard of Conduct VI-C 1 and VI-C 4 are Class C Standards.

    Admit ___x___     Deny _____

51. The minimum disciplinary action for a violation of a KPD Class C Standard of Conduct is written reprimand.

    Admit ___x___     Deny _____

52. The maximum disciplinary action for a violation of KPD Class C Standard of Conduct is dismissal.

    Admit ___x___     Deny _____

53. On April 29, 2004, Defendant Ihu issued KPD General Order 2004-2 regarding workplace violence.

    Admit ___x___     Deny _____

54. Prior to April 29, 2004, KPD was governed by the County of Kaua'i's Workplace Violence Procedures.

    Admit ___x___     Deny _____

55. Pursuant to standing KPD policy, Vice investigations, including the execution of search warrants, are supposed to be kept confidential between members of the Vice Squad.

    Admit _____     Deny _____

Defendant County objects on the grounds that "standing KPD policy" is vague and ambiguous.

_____
Christiane L. Nakea-Tresler

Without waiving the objections and without limitation, Defendant County admits that all police personnel are to maintain confidentiality regarding on-going police investigations, including but not limited to the execution of search warrants.

Dated:  Līhuʻe, Kauaʻi, Hawaiʻi, August  31  , 2005.

_____
LANI D. H. NAKAZAWA
CHRISTIANE L. NAKEA-TRESLER

Attorneys for Defendants
COUNTY OF KAUAʻI and
KAUAʻI POLICE