PETITION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND FOR INJUNCTION AGAINST HARASSMENT; DECLARATION OF PETITIONER; TEMPORARY RESTRAINING ORDER AGAINST HARASSMENT; AND NOTICE OF HEARING

5TH CIRCUIT
STATE OF HAWAII
FILED
2004 SEP 14 AM 11:52
CLERK

TWO-SIDED FORM, page 1 of 3
Form #5DC51

IN THE DISTRICT COURT OF THE FIFTH CIRCUIT
LIHUE DIVISION
STATE OF HAWAI'I

Petitioner(s)
Darla Abbatiello

Reserved for Court Use
Civil No. SP-
SS 04-1-0165

Respondent(s) if known, list Address, Telephone, DOB and SSN for each respondent)
Irvil Kapua
Kauai Police Department
3990 Ka'ana St.
Lihue, HI 96766

Petitioner(s)/Petitioner(s)' Attorney (Name, Attorney Number, Firm Name (if applicable), Address, Telephone and Facsimile Numbers)
Daniel Hempey 3175 Elua St. Lihue, HI 96766 823-0000
Jeffrey Crabtree, Margery Bronster - Bronster, Crabtree and Hoshibata. Pauahi Tower, 1001 Bishop St. Honolulu, HI. 96813 (808) 524-5644

## PETITION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND FOR INJUNCTION AGAINST HARASSMENT

This Petition is made pursuant to Hawai'i Revised Statutes section §604-10.5 and the following statement:

1. The Petitioner(s) is a resident(s) of the Division of the above District and Circuit, State of Hawai'i.

2. Based upon the attached Declaration of Petitioner(s), Petitioner(s) ask(s) for:
   a. An ex parte temporary restraining order not to exceed a period of ninety (90) days for protection enjoining Respondent(s) and any other person(s) acting on Respondent(s)' behalf from:

   ☒ contacting, threatening, or physically harassing

      ☒ Petitioner(s)   ☐ Any person(s) residing at Petitioner(s)' residence

   ☒ telephoning the Petitioner(s)

   ☒ entering or visiting Petitioner(s)'   ☒ residence, including yard and garage and   ☒ place of employment.

   b. An order of an Injunction not to exceed a period of three (3) years, enjoining Respondent(s) and any other person(s) acting on Respondent(s)' behalf from committing those acts set forth in paragraph 2a, hereof.
   c. An order prohibiting Respondent(s) from owning or possessing firearm(s) and/or ammunition.
   d. An order awarding reasonable attorney's fees and costs to Petitioner(s) and such further relief as the Court deems just and appropriate.

(continued on reverse side)

Signature of Petitioner(s): _____
Date: September 14, 2004
Print/Type Name(s): Darla Abbatiello

TRO-JXX (Effective 7/1/2003)
5D-P-231 (10/03)

SEE REVERSE SIDE

I certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, District Court of the above Circuit, State of Hawai'i

DA00002

page 2 of 3

## DECLARATION OF PETITIONER(S)

Petitioner states the following is true:

- ☑ Recent or past act(s) of harassment occurred; and/or
- ☑ Threats of harassment make it probable that acts of harassment may occur soon.

Respondent(s)   ☑ own;   ☑ possess; or   ☐ intend to obtain or possess
  ☑ firearm(s) and/or ammunition that may be used to threaten or injure Petitioner(s).
  Describe the firearm(s)/ammunition: _____
  Location of the firearm(s)/ammunition: Kauai Police Department
  Date last seen: _____

Street address/ specific location where last seen: _____

(Explain in detail recent or past acts or threats of harassment, using additional sheets, if necessary.)

Petitioner and respondent are Kauai Police Officers. On December 26, 2003 Petitioner arrested a suspected Ice dealer. During questioning, the suspect told petitioner and another officer that protection money had been paid to respondent so that he would not be investigated or arrested. Petitioner was duty bound to report the suspect's allegation, credible or not to her superiors. After making the required report various Kauai Police officers informed Petitioner to stay away from Respondent because he was so angry.

On January 9, 2004, Petitioner and a coworker were in the stairwell in the workplace when Respondent entered the stairwell and screamed at Petitioner, "[Y]ou bitch. You better get your facts straight before you investigate me. I've already taken down two cops." Respondent continued to yell at Petitioner as she left the stairwell.

On January 10, 2004, Petitioner was informed by two supervisors that they had attempted to serve Respondent with a notice of an internal investigation - and that Respondent would not accept it. During the course of that day, at least three officers informed Respondent that Respondent was in a state of rage. She was also told that he had been throwing things, screaming and calling her a "bitch" and a "cunt" in the workplace.

On January 19, 2004 Petitioner was having lunch in a restaurant when Respondent, who was on duty, along with his wife entered the restaurant. Upon seeing Petitioner, Respondent approached Petitioner and screamed "Fuck you!". The restaurant was crowded and several civilians witnessed the incident. Petitioner was and is afraid of Respondent. Respondent approached and "stared down" Petitioner on numerous occasions in the following months.

The VICE office is a locked office, accessible only to VICE officers and their police guests. On April 18, 2004, Petitioner was told by another officer to look in her dictionary in her office in VICE. She discovered that someone had written her name in red ink with an arrow pointing from the word "DEATH" to her name. There were also three red arrows on the outside of dictionary pointing to this particular page. The death threat had not been written on the dictionary prior to Petitioner's problems with Respondent.

On June 23, 2004, Petitioner was asked to attend a meeting in the acting Chief's office. In walking from the meeting back to her car, Petitioner necessarily walked in front of Respondent's office. Respondent became enraged and began punching walls. An assistant chief later ordered Petitioner to find a different route to get into that building because "Respondent "Doesn't want you in his space." He told Respondent that she had "messed up" Respondent by making him see her, and that seeing her caused Respondent to punch the walls in his office.

On September 12, 2004 Petitioner learned that her personal firearm was missing from her locked office in VICE. Petitioner is filing a Notice of Claim with the County of Kauai on this date and a lawsuit thereafter. Given Respondent's reactions to her previous, non-discretionary report, Petitioner reasonably fears for her life and safety.

- ☑ Unless Respondent(s)' wrongful conduct is stopped or prevented by order of the Court, Petitioner(s) will suffer substantial emotional distress.

I have read the Petition and Declaration, know their contents, and verify that the statements contained therein are true to my personal knowledge and belief.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF HAWAI'I THAT THE FACTS AND CIRCUMSTANCES STATED IN THE PETITION AND DECLARATION ARE TRUE AND CORRECT.**

Signature of Petitioner(s): _____

Date: September 14, 2004    Print/Type Name(s): Darla Abbtiello

5D-P-231 (10/03)

DA00003

## TEMPORARY RESTRAINING ORDER AGAINST HARASSMENT

Based upon the attached Petition for Ex Parte Temporary Restraining Order and Declaration of Petitioner(s) and pursuant to Hawai'i Revised Statutes §604-10.5, the Court finds there is probable cause to believe:

- ☑ Recent or past acts of harassment by Respondent(s) have occurred.
- ☑ Threats of harassment by Respondent(s) make it probable that acts of harassment may be imminent against Petitioner(s).

It appears to the Court that a Temporary Restraining Order should be granted and is necessary to prevent acts of harassment. Accordingly, IT IS ORDERED that Respondent(s) shall appear before the Judge in the above-entitled proceeding at the date, time and place indicated in the Notice of Hearing below. Pending the hearing on this Petition, Respondent(s) is/are ordered as follows:

### TO THE RESPONDENT:
### YOU AND ANYONE ACTING ON YOUR BEHALF ARE ORDERED AS FOLLOWS:

- ☑ Do not contact, threaten, or physically harass Petitioner(s) and ☑ any person(s) residing at Petitioner(s)' residence
- ☑ Do not telephone Petitioner(s)
- ☑ Do not enter or visit Petitioner(s)' ☑ residence, including yard and garage, and ☑ place of employment.
- ☑ Pursuant to HAWAI'I REVISED STATUTES §134-7, you shall not possess or control any firearm(s) and/or ammunition for the duration of this Temporary Restraining Order.
- ☑ You shall immediately turn over for safekeeping all firearms and/or ammunition in your possession and control to the Kaua'i Police Department *(Firearms Unit, 3990 Ka'ana Street, Lihu'e, Hawai'i 96766)*, for the duration of this Order or any extensions thereof.

This Order becomes effective upon its signing and filing and shall remain in effect for fifteen (15) days, unless extended or terminated by the Court.

ANY KNOWING OR INTENTIONAL VIOLATION OF THIS TEMPORARY RESTRAINING ORDER AGAINST HARASSMENT IS A MISDEMEANOR PUNISHABLE BY A JAIL SENTENCE OF UP TO ONE YEAR AND/OR UP TO A $2,000 FINE. A SENTENCE OF 48 HOURS JAIL FOR A SECOND CONVICTION AND 30 DAYS JAIL FOR ANY SUBSEQUENT CONVICTION(S) IS MANDATORY. [HAWAI'I REVISED STATUTES §604-10.5, §706-663 AND §706-640].

Date: 9/14/04          Judge of the above-entitled Court [signature] [SEAL]

### NOTICE OF HEARING

TO: Irvil Kapua

NOTICE IS GIVEN that the Petitioner(s) above named has/have filed the foregoing Petition for Ex Parte Temporary Restraining Order and for Injunction Against Harassment.

YOU ARE COMMANDED to appear before the Presiding Judge of the above-entitled Court, the District Court of the above Circuit, at Koloa Courthouse 3461 Weliweli Road on Friday 10-1-04, 20___ at 8:30 o'clock __M.

Prior to the scheduled hearing date, you or your attorney may file a written response explaining, excusing, justifying, or denying the alleged act or acts of harassment. At the hearing, the parties shall be prepared to testify, call and examine witnesses, present any documents, and give legal or factual reasons why the Injunction should or should not be granted. Each party may be represented by an attorney and shall be prepared to proceed at the hearing. IF YOU OR YOUR ATTORNEY FAIL TO ATTEND AT THE TIME AND PLACE DESIGNATED, AN ORDER GRANTING PETITION FOR INJUNCTION AGAINST HARASSMENT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION.

The Court shall receive all evidence that is relevant at the hearing, and may make independent inquiry. If the Court finds by clear and convincing evidence that harassment by Respondent(s) in the form of physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury to Petitioner exists, it *may* enjoin for no more than three years further harassment by Respondent(s). If the court finds by clear and convincing evidence that harassment by Respondent(s) in the form of an intentional or knowing course of conduct directed at Petitioner(s) that seriously alarms or disturbs, consistently or continually bothers Petitioner(s) and that serves no legitimate purpose exists, and such course of conduct would cause a reasonable person to suffer emotional distress, the court *shall* enjoin for no more than three years, further harassment by Respondent(s).

This Order shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above-entitled Court permits, in writing on this Order, personal delivery during those hours.

Date: SEP 14 2004          Clerk of the above-entitled Court [SEAL] [signature]

In accordance with the Americans with Disabilities Act if you require an accommodation for your disability, please contact the ADA Coordinator at PHONE NO. 246-3347, FAX 246-3353, OR TTY 539-4853-3353 at least ten (10) working days in advance of your hearing or appointment date. For Civil related matters, please call 246-3301.

SD-P-231 (10/03)

DA00004