LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY                 7535
3175 Elua Street
Lihue, Hawaii  96766
Telephone No.:  (808) 823-0000
Facsimile No.:   (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER          4750
JOHN T. HOSHIBATA                 3141
JEANNETTE H. CASTAGNETTI    7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone No.:  (808) 524-5644
Facsimile No.:   (808) 599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
|  | ) |
| Plaintiff, | ) PLAINTIFF'S RESPONSE TO |
|  | ) DEFENDANT K.C. LUM'S |
| vs. | ) SEPARATE AND CONCISE |
|  | ) STATEMENT OF FACTS IN |
| COUNTY OF KAUAI, KAUAI | ) SUPPORT OF HIS MOTION FOR |
| POLICE DEPARTMENT, K.C. LUM, | ) SUMMARY JUDGMENT; |
| WILFRED M. IHU, GORDON ISODA, | ) DECLARATION OF JOHN |
| DEAN PIGAO and  IRVIL KAPUA, | ) HOSHIBATA; EXHIBITS "1" TO |
|  | ) "38"; CERTIFICATE OF WORD |
| Defendants. | ) COUNT; CERTIFICATE OF |
|  | ) SERVICE |

|  |  |
|---|---|
| ) | Date:   February 20, 2007 |
| ) | Time: 11:15 a.m. |
| ) | Judge: Susan Oki Mollway |
| ) |  |
| ) | Trial Date:   May 8, 2007 |
| ) |  |

**PLAINTIFF'S RESPONSE TO DEFENDANT K.C. LUM'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56.1(b) of the Local Rules for the United States District Court for the District of Hawaii, Plaintiff Darla Abbatiello ("Plaintiff"), by and through her attorneys, Bronster Crabtree & Hoshibata and the Law Office of Daniel G. Hempey, hereby submits her response to Defendant K.C. Lum's Separate and Concise Statement of Facts in Support of His Motion for Summary Judgment.

In Section A, Plaintiff responds to the purported "facts" set forth in defendant's Separate and Concise Statement of Facts. The numbered paragraphs in that section respond to the corresponding numbered paragraphs in defendant's statement.

In Section B, Plaintiff sets forth additional material facts and supporting evidence that further demonstrates the existence of genuine issues of material fact precluding summary judgment.

SECTION A.

| Defendant's Purported Facts | Plaintiff's Responses |
|---|---|
| 1. Counts I, II, IV, VI, VII and VIII are asserted against all Defendants. | Admitted. |
| 2. Each cause of action asserted against Lum in his official capacity is also asserted against KPD and the County. | Admitted. |
| 3. Plaintiff deposed numerous individuals. | Admitted. |
| 4. Plaintiff was on-duty when she reported the statements by A.B. | Admitted. |
| 5. Plaintiff reported Kapua's misconduct because she is a police officer. | Disputed. Her position as a police officer did not cause her to act any differently than she did as a citizen in reporting Kapua's corruption. Exh. 2 at Interr. 9, 10, 11 and 12; Exh. 1 at ¶ 8. |
| 6. Ihu ordered that criminal and internal investigations be conducted regarding Plaintiff's report of the allegations by A.B. | Admitted. |
| 7. Ihu ordered Asher to inform Kapua that actions taken towards Plaintiff would not be tolerated. | Admitted. However, the order was not followed or enforced. Exh.1 at ¶ 12; Exh. 32 at 28:13 to 29:5. |
| 8. Ihu told Kapua to stay away from Plaintiff. | Admitted. However, the order was not followed or enforced. Exh. 1at ¶ 12; Exh. 32 at 28:13 to 29:5. |
| 9. Asher told Kapua to have no contact with anyone involved in the investigation. | Admitted. However, the order was not followed or enforced. Exh. 1 at ¶ 12; Exh. 32 at 28:13 to 29:5. |
| 10. Lum was appointed as Acting Chief on May 1, 2004. | Admitted. |
| 11. Ihu and Lum discussed the situation between Kapua and Plaintiff and Lum indicated he was concerned. | Admitted it was discussed. Disputed whether or not Lum was concerned. Lum refused to be deposed in this matter and Ihu's assertion that Lum was concerned is speculative. Exh. 37. |
| 12. The criminal investigation of illegal conduct by Kapua is ongoing. | Admitted. |

3

| | |
|---|---|
| 13. The administrative investigation of illegal conduct by Kapua was closed in 2004 as unsubstantiated. | Admitted that the report was closed in 2004. Disputed that the allegations against Kapua could not be substantiated. Exh. 24. |
| 14. Plaintiff's removal from the FTO program was because she lacked requisite training. | Disputed. KPD knew for over one year that Plaintiff did not have the training but did not remove her until after she reported the corruption. Exh. 14; Exh. 1 at ¶ 17. |
| 15. Another officer was removed from the FTO program for the same reason as Plaintiff. | Disputed. Plaintiff was the only one removed from the FTO program by Lum. Exh. 15; Exh. 1 at ¶ 17; Exh. 23. |
| 16. Plaintiff completed the requisite training in May 2006 and was reinstated to the FTO position. | Admitted that Plaintiff completed training in May 2006. Disputed that the training was required. Exh. 1 at ¶ 17; Exh.15. |
| 17. Plaintiff's transfer from Vice to Patrol was retaliatory. Plaintiff requested the transfer. | Admitted it was retaliatory. Disputed that Plaintiff requested the transfer. Plaintiff requested a temporary, lateral transfer, not the permanent transfer and demotion she got. Exh.17; Exh. 18; Exh.1 at ¶ 10. |
| 18. Plaintiff has been employed with KPD since 1989. | Admitted. |
| 19. When an officer moves from a specialized position (ie. Vice) to Patrol there is a cut in pay. | Disputed. Lum, Pigao, Kapua and Isoda transferred between specialized units and patrol without a change in pay. Exh. 25; Exh. 26; Exh. 27; Exh. 28. |
| 20. Kanoho was given the draft strip search policy by DeBusca which he circulated to the bureau commanders and Lum. | Admitted. |
| 21. Lum asked that the draft policy be sent to the County Attorney for review. | Admitted. |

4

| | |
|---|---|
| 22. As of November 2006, the draft policy was not adopted as a general order. | Admitted. |
| 23. Plaintiff's employment with KPD was never terminated. | Disputed. Her position in Vice was terminated when she was demoted and Caspillo was hired to replace her. Exh. 1 at ¶ 10. |

SECTION B.

| Facts | Evidentiary Support |
|---|---|
| 24. Lum invoked his Fifth Amendment privilege against self-incrimination during his deposition in this matter. | Exh. 37. |
| 25. Plaintiff reported Kapua's threats and harassment as a private citizen. | Exh. 1 at ¶ 8, 12; Exh. 2 at Interr. 9, 10, 11 and 12; Exh. 34 at 20:22-24; Exh. 33 at 58:14 to 59:1. |
| 26. Pigao told Plaintiff she didn't need to report Kapua's corruption. | Exh. 1 at ¶ 9. |
| 27. Plaintiff was employed to investigate illegal drug activities, not to investigate and report misconduct by other police officers; nor was she trained to do so. | Exh. 7; Exh. 1 at ¶¶ 2, 3, 4, 5; Exh. 8 at Article V-C; Exh. 9. |
| 28. As an officer inferior to Kapua, Plaintiff was not responsible to supervise or monitor Kapua. | Exh. 8 at Article IV; Exh. 1 at ¶ 6, 7; Exh. 10; Exh. 11. |
| 29. Plaintiff's official duties did not include the investigation and reporting of rogue cops | Exh. 1 at ¶ 4, 5. |
| 30. Plaintiff reported the corruption by Kapua to the FBI and SHOPO. | Exh. 1 at ¶ 8. |
| 31. There is a known culture of retaliation at KPD. | Exh. 6 at 34:20 to 35:4. |
| 32. The law against retaliation was clearly established at the time of Defendants' actions. | Exh.12; Exh. 13 at Section IX. A; Exh 1 at ¶ 22. |

| | |
|---|---|
| 33. Kapua's actions towards Plaintiff violated KPD's Standards of Conduct. | Exh. 30 at 38:8 to 40:9 and 44:14 to 45:4. |
| 34. It was known that Kapua had a history of threatening other KPD employees. | Exh. 31 at 23:24 to 27:9; Exh. 36 at 32:15 to 34:20. |
| 35. Only Plaintiff was ordered to use the "back door" to avoid Kapua. | Exh. 33 at 44:21 to 46:8; Exh.36 at 28:11-23. |
| 36. Lum retaliated against Plaintiff by not rescinding Pigao's order to use the back door. | Exh.1 at ¶ 9. |
| 37. Lum retaliated against Plaintiff by removing her from the FTO program. | Exh. 1 at ¶ 17. |
| 38. Lum retaliated against Plaintiff by refusing her overtime work in cellblock while allowing Kapua to work in cellblock. | Exh. 1 at ¶ 18, 19, 20. |
| 39. Asher requested Kapua's telephone and bank records to determine a link between Kapua and the drug dealers. | Exh. 24. |
| 40. Asher did not interview essential witnesses who had first-hand knowledge of A.B.'s allegations. | Exh. 33 at 42:24 to 43:2; Exh.35 at 13:7-9 and 63:19-22. |
| 41. Asher stated that the results in the administrative investigation will "rely heavily on the criminal investigation findings." | Exh. 24. |
| 42. The administrative investigation was closed prematurely because it was closed prior to any findings in the criminal investigation. | Exh. 34 at 10:20-23 and 14:5-10. |
| 43. No investigations were ordered regarding Kapua's harassment, Plaintiff's missing gun, Kapua's violation of the TRO, or the strip search incident. | Exh. 1 at ¶¶ 14, 16, 19 and 21. |

| | |
|---|---|
| 44. While Lum was Acting Chief or Chief, Plaintiff received death threat; Kapua harassed Plaintiff; strip search incident occurred; Plaintiff's gun was stolen; Plaintiff was removed as an FTO; Plaintiff was ordered to use back door; TRO was not enforced; and Plaintiff was refused work in cellblock. | Exh. 1 at ¶¶ 9, 11, 14, 15, 16, 17, 18, 19, 20; Exh. 4; Exh. 15; Exh. 19; Exh. 20; Exh. 21. |
| 45. Kapua unlawful actions against Abbatiello included, among other things, repeatedly screaming obscenities at her, intimidating her, and threatening her with physical harm. | Exh. 1 at ¶ 11; Exh. 5 at Adm. 31 and 34; Exh. 31 at 55:19-25; Exh 32 at 28:13 to 29:5; Exh. 36 at 36:23 to 37:8. |
| 46. Plaintiff's TRO against Kapua specified he was to avoid contact with Plaintiff at KPD and was to relinquish all firearms to KPD. | Exh. 16. |
| 47. Plaintiff received a death threat and her gun was stolen. Plaintiff reported this incidents. | Exh. 20; Exh 21. |
| 48. Lum tried to utilize a strip search and photographing policy that was backdated to a date prior to the strip search incident involving Plaintiff. | Exh. 22 at Sec. 4(e); Exh. 29 at 56:10 to 57:1. |
| 49. Lum had multiple discussions with Ihu and Pigao about Plaintiff and Kapua, including the order that Plaintiff use the backdoor to Vice and avoid Kapua. | Exh. 32 at 48:11-21 and 57:8-18; Exh. 36 at 30:5-12. |

DATED: Honolulu, Hawaii, February 2, 2007.

    /S/ John Hoshibata
DANIEL HEMPEY
MARGERY S. BRONSTER
JOHN HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
Attorneys for Plaintiff
DARLA ABBATIELLO

7