IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM </br> ) BMK |
| Plaintiff, | ) </br> ) AFFIDAVIT OF DARLA J. |
| vs. | ) ABBATIELLO </br> ) |
| COUNTY OF KAUAI, KAUAI </br> POLICE DEPARTMENT, K.C. LUM, </br> WILFRED M. IHU, GORDON ISODA, </br> DEAN PIGAO, IRVIL KAPUA, | ) </br> ) </br> ) </br> ) </br> ) Trial Date:  May 8, 2007 |
| Defendants. | ) Judge:       Susan O. Mollway |

## AFFIDAVIT OF DARLA J. ABBATIELLO

I, Darla J. Abbatiello, state under penalty of law that:

1.  I am the plaintiff in the above-entitled matter. I make this affidavit based upon my own personal knowledge and am competent to testify to the matters stated herein.

2.  I have been employed by the Kauai Police Department ("KPD") since 1989. From October 2002 to April 2004, I was assigned to the Investigative Services Bureau, Vice/Narcotics Division of KPD ("Vice"). As a Vice officer, my responsibility was to investigate, in an undercover capacity, illegal drug activities on the island of Kauai.

3.  My duties and responsibilities as a Narcotics-Vice Officer in Vice were significantly different from my duties and responsibilities as a patrol officer

in that I worked undercover, in plain clothes, formed connections and relationships with known and/or suspected drug users and dealers in an attempt to investigate and build criminal cases against drug users and dealers.

4. As a Vice officer or a patrol officer, I was not employed to investigate misconduct by other police officers.

5. I was not informed that investigating or reporting misconduct by other KPD employees was one of my official job duties, nor was I trained to do so.

6. Pursuant to Article IV of the KPD Standards of Conduct, superior officers are responsible for the supervision of subordinate personnel and for ensuring that the subordinate officers adhere to the KPD Standards of Conduct and all applicable laws.

7. At all material times, Defendant Irvil Kapua ("Kapua") was superior in rank to me. As such, I have never had supervisory responsibilities over Kapua.

8. On or about December 26, 2003, I received information that Kapua had received or was receiving, a substantial sum of cash in exchange for warning a criminal suspect or suspects of ongoing police investigations. I considered this to be evidence of public corruption by a rogue cop. I initially reported this public corruption to Lt. Quibilan, the FBI and SHOPO. I reported it because corruption is a matter of public concern and because, as a citizen and resident of Kauai, I am

concerned about the persistent allegations of corruption within KPD. Neither my position as a police officer nor my oath as a police officer caused me to act any differently than I did in reporting the evidence of public corruption on the part of Kapua.

9. In fact, on or about June 23, 2004, I was told by former Acting Assistant Chief of Police Dean Pigao ("Pigao") that I did not have to report the alleged corruption by Kapua. On that same day, Pigao ordered me to use the back door to access Vice in order to avoid walking past Kapua's office. Chief Lum never rescinded Pigao's order.

10. Immediately following my report of the alleged corruption by Kapua, I was harassed and subjected to a hostile work environment including the very real threat of workplace violence against me. This work environment was intolerable and I was forced to request a transfer out of the Vice unit to a patrol position on the other side of the island in order to escape from Kapua and his friends in Vice, who also harassed and intimidated me. I had believed that this transfer was a "lateral" transfer with no change in rank or pay grade and would be temporary until the threat of workplace violence was abated and I could safely return to Vice. Shortly after I was transferred to Patrol, I was replaced in Vice by Officer Eric Caspillo.

11. Kapua's unlawful actions against me included, among other things,

repeatedly screaming obscenities at me on KPD premises and in public, intimidating me, and threatening me with physical harm.

12.  I reported Kapua's threatening and harassing behavior to Lt. Quibilan, Wes Kaui and others as a private citizen.

13.  Kapua's threatening and harassing behavior towards me continues to this day.

14.  On or about September 14, 2004, I learned that my service weapon was missing from my office in Vice. I immediately reported this to Chief Lum. To my knowledge, Chief Lum never ordered any investigation of this incident.

15.  On or about April 25, 2005, I reported what I believe to be the illegal strip search and photographing of two naked, female arrestees ("strip search incident"). I reported the strip search incident because the violation of an individual's right to be free from unreasonable searches is a matter of public concern and, as a citizen and resident of Kauai, I am concerned about the persistent allegations of police misconduct and abuse of authority within KPD.

16.  I believe that the order given by a superior officer to me, to photograph the naked women, was a further instance of harassment and intimidation in response to my reporting the allegations of corruption involving Kapua. To my knowledge, Chief Lum never ordered any investigation of the strip

4

search incident.

17.  While assigned to the patrol division, I was a Field Training Officer ("FTO"). Following the strip search incident, I was removed from the FTO program purportedly for not being trained in administering the Standardized Field Sobriety Test ("SFST"). However, prior to the strip search incident, when I was asked to be an FTO in early 2004, I disclosed that I was not trained in administering the SFST and was told it was not a requirement for the position of an FTO. KPD was aware that I was not trained in administering the SFST for more than one year yet Lum did not remove me from the FTO program until I objected to and reported the strip search incident. I also personally know of at least two other FTOs who were allowed to continue as FTOs even though they did not have the same qualification which supposedly formed the basis of my removal as an FTO. My removal from the FTO program was a pretext for an adverse employment action taken against me in retaliation for reporting the strip search incident.

18.  Before I reported the allegations of corruption within KPD, I had frequently requested and been assigned cellblock duty for overtime pay.

19.  Since June 2004, I have been unable to work in cellblock because KPD will not enforce the TRO prohibiting Kapua from having contact with me,

and I have been fearful for my life to work in the isolated KPD cellblock area as long as Kapua was in the area. In fact, on at least one occasion, KPD scheduled Kapua to relieve me from cellblock duty which is in direct violation of the TRO. To my knowledge, Lum never ordered any investigation regarding Kapua's violation of the TRO.

20. I felt threatened when this occurred, and requested that such contact be avoided. A supervisor responded by writing a note on the cellblock sign-in log that I could no longer work in cellblock until further notice. I believe that this was done in retaliation for my reporting the alleged corruption and was done at Chief K.C. Lum's direction.

21. Chief Lum was aware of the situation between Sgt. Kapua and I but he did not order any investigation regarding Kapua's threatening and harassing behavior towards me, or take any meaningful action against Kapua for what he did to me. I remained afraid to go to work each day.

/

/

/

/

/

22. At all times material hereto, Defendants, including Lum, were aware that retaliation against an employee was prohibited conduct.

FURTHER AFFIANT SAYETH NOT.

_____
DARLA J. ABBATIELLO

STATE OF HAWAI'I )
                 ) SS.
COUNTY OF KAUAI  )

On this __30__ day of __January__, 2007, before me personally appeared DARLA J. ABBATIELLO, who proved to me on satisfactory evidence to be the person described in the foregoing instrument, and being by me duly sworn executed same and acknowledged the instrument to be her free act and deed.

_____
NOTARY PUBLIC, State of Hawaii
Printed Name:

_Jay H. Watanabe_
My commission expires: Aug 28 2009