```
 1              IN THE UNITED STATES DISTRICT COURT
 2                   FOR THE DISTRICT OF HAWAII
 3
 4   DARLA ABBATIELLO,              )
 5                  Plaintiff,      )
 6   versus                         ) CIVIL NO. CV04-00562
 7   COUNTY OF KAUAI, KAUAI         ) SOM BMK
 8   POLICE DEPARTMENT, K.C. LUM,   )
 9   WILFRED M. IHU, GORDON         )
10   ISODA, DEAN PIGAO, IRVIL       )
11   KAPUA,                         )
12                  Defendants.     )
13   _____ )
14
15
16              DEPOSITION OF MILES TANABE
17
18   Taken on behalf of the Plaintiff at the office of Ralph
19   Rosenberg Court Reporters, c/o Hale & Goldberg, 2970
20   Kele Street, Suite 210, Lihue, Hawaii, commencing at
21   1:58 p.m., on Tuesday, the 28th of November, 2006,
22   pursuant to the Federal Rules of Civil Procedure.
23
24   REPORTED BY:  KATHY PEARSON, RPR, CRR, CSR No. 313
25              Notary Public, State of Hawaii
```

RALPH ROSENBERG COURT REPORTERS, INC.
(808)524-2090

1  Lieutenant?
2  A    Not necessarily.
3  Q    (By Mr. Hoshibata)  And can you tell me why
4  it wouldn't classify as a class VI-C.4 violation?
5  A    Because I wouldn't have the total context of
6  what the word bitch was being used as.  It could be a
7  female dog, for instance.
8  Q    Okay, assuming that the word was yelled, the
9  word was yelled by a male to a female officer in the
10 workplace, "Bitch," would you consider that to be a
11 class C standard violation?
12      MR. McGUIGAN:  Objection, lacks foundation.
13      MR. MINKIN:  Join.
14 A    I would assume it, as you would say, as you
15 said, assuming also.  I would assume that would be.
16 Q    (By Mr. Hoshibata)  Assuming a male police
17 officer yelled or in a loud voice said to a female
18 officer in the workplace, "Cunt," or "You cunt," would
19 that, in your opinion, be a violation of a standard?
20      MR. McGUIGAN:  Objection, lacks foundation,
21 incomplete hypothetical.
22 A    In my opinion, it would be.
23 Q    (By Mr. Hoshibata)  A violation of a
24 standard?
25 A    A violation, yes.

1    Q    What standard?

2    A    Again, it would be a class C.4.  VI-C.4.

3    Q    Other than a class VI-C.4 violation, would
4  those three situations that we just talked about -- I
5  don't want to be repeating them too often, but would
6  they constitute violations of any other standard other
7  than VI-C.4?

8         MR. McGUIGAN:  Objection, lacks foundation.

9    Q    (By Mr. Hoshibata)  If you want, I could
10 repeat the words, but, Lieutenant, you know what words
11 I'm talking about?

12   A    Yes.  Depending on how the words were used,
13 it might also be considered, I would think, overbearing
14 conduct, and that would be under VI-C.16.

15   Q    Would the uttering of those words in a
16 hostile manner be considered violations, a violation of
17 VI-B.6, commission of any criminal act?

18        MR. McGUIGAN:  Objection, lacks foundation.
19 Also calls for a legal conclusion.

20        MR. MINKIN:  Also vague and ambiguous,
21 hostile manner.

22   A    It could possibly.

23   Q    (By Mr. Hoshibata)  Under what conditions?

24        MR. McGUIGAN:  Same objection.

25        MR. MINKIN:  Join.

| | |
|---|---|
| 1 | A   If it was used in a threatening manner, it |
| 2 | could be possibly considered terroristic threatening. |
| 3 | Q   (By Mr. Hoshibata)  Could it be considered |
| 4 | harassment? |
| 5 | MR. McGUIGAN:  Objection, calls for a legal |
| 6 | conclusion. |
| 7 | MR. MINKIN:  Join. |
| 8 | MR. McGUIGAN:  Also lacks foundation. |
| 9 | A   I believe so. |
| 10 | Q   (By Mr. Hoshibata)  Lieutenant, just to |
| 11 | recap, you've been an officer for how long? |
| 12 | A   With the Kauai Police Department, 22 and a |
| 13 | half years. |
| 14 | Q   Were you an officer in another department |
| 15 | prior to that? |
| 16 | A   I was a State harbor police officer for four |
| 17 | years.  I was also State campus security officer with |
| 18 | the University of Hawaii Manoa. |
| 19 | Q   For how long? |
| 20 | A   For about three and a half years.  And I was |
| 21 | a State security officer at the State hospital for |
| 22 | another year. |
| 23 | Q   So as I add it up, over thirty years of law |
| 24 | enforcement experience? |
| 25 | A   Yes, sir. |

1   also in uniform on the police premises.
2           MR. McGUIGAN: Same objection.
3           MR. MINKIN: Incomplete hypothetical, lack of
4   foundation.
5           MR. TANAKA: I join.
6       A   I'm not certain.
7       Q   (By Mr. Hoshibata) VI-D.20 is conduct and
8   responsibility while in uniform. "Anytime an officer
9   is in uniform, compliance with departmental directives
10  is required as if the officer were on duty."
11          When this says departmental directives, does
12  it include all standards of conduct?
13      A   Yes, it does.
14      Q   So that if any standards of conduct, as we
15  discussed earlier, including, but not limited to,
16  VI-C.4 were violated, then that would also constitute a
17  violation of VI-D.20, correct?
18          MR. McGUIGAN: Objection, incomplete
19  hypothetical, lacks foundation, calls for speculation.
20          MR. MINKIN: Join.
21      A   I believe so, yes.
22      Q   (By Mr. Hoshibata) And similarly, with
23  respect to VI-D.22, categorized as directives, "Any
24  violation of departmental directives is prohibited."
25          Any violation of the standards of conduct,

1  including VI-D.4, VI-D -- I'm sorry, VI-C.4, VI-C.16
2  and/or VI-D.20, would be a violation of VI-D.22,
3  wouldn't it?
4       A    Yes, it would.
5            MR. McGUIGAN:  Objection, lacks foundation,
6  calls for speculation, incomplete hypothetical.
7       Q    (By Mr. Hoshibata)  If there were a
8  situation, Lieutenant, that where a police officer who
9  is not in uniform in a public place yelled in a loud
10 voice in the very close presence of another officer,
11 again in a public place, not on KPD premises, the word
12 bitch, would that be a violation of any standard of
13 conduct?
14           MR. McGUIGAN:  Objection, lacks foundation,
15 incomplete hypothetical, calls for speculation.
16           MR. MINKIN:  Join.
17           MR. TANAKA:  Join.
18      Q    (By Mr. Hoshibata)  Let me add to that, in a
19 crowded restaurant.
20           MR. McGUIGAN:  Same objection.
21           MR. MINKIN:  Join.
22           MS. NAKEA-TRESLER:  Join.
23           MR. TANAKA:  Same objections.
24      A    Counsel, I'm not under the clear
25 understanding that it's directed at the other officer.

C E R T I F I C A T E

STATE OF HAWAII    )
                   )
COUNTY OF HAWAII   )

  I, Kathy Pearson, CSR, a Notary Public in and for the State of Hawaii, do hereby certify:

  That on Tuesday, the 28th of November, 2006, commencing at 1:58 p.m., appeared before me MILES TANABE, the witness whose deposition is contained herein; that prior to being examined was by me duly sworn; that the proceedings were taken by me in machine shorthand and thereafter reduced to print under my supervision; that the foregoing represents, to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

  That the witness was notified through counsel, by mail, or by telephone, to appear and sign the signature page attached to the deposition; that if the deposition is not signed, either the reading and signing were waived by the witness and all parties, or the deponent has failed to appear, and the deposition has been sealed unsigned.

  That pursuant to HRCP 30(f)(1) the original will be forwarded to noticing counsel for retention.

  I further certify that I am not an attorney for any of the parties hereto, nor in any way interested in the outcome of the cause named in the caption.

DATED: *Nov 29, 2006*

*Kathy Pearson* (signature)
Kathy Pearson, CSR No. 313
Notary Public, State of Hawaii

My commission expires:
July 12, 2010