IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF |
| vs. | ) MOTION |
| | ) |
| COUNTY OF KAUAI, KAUAI | ) |
| POLICE DEPARTMENT, K.C. LUM, | ) |
| WILFRED M. IHU, GORDON | ) |
| ISODA, DEAN PIGAO, IRVIL | ) |
| KAPUA, | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

Plaintiff Darla Abbatiello ("Abbatiello") is a public citizen and a member of the Kauai Police Department. She is a highly-decorated officer and was the first female to be offered and assigned a position with KPD's Vice-Narcotics Division ("Vice"). Abbatiello has set forth claims which include, but are not limited to, claims that her First Amendment rights have been violated, claims that she was subjected to retaliation for exercising her First Amendment rights in reporting that a KPD officer (Defendant Irvil Kapua, "Kapua") was being paid off to protect drug dealers against warrants and arrests, and claims that she has been subjected to harassment, threats of violence and death against her, demotion in rank and pay,

loss of overtime opportunities, and loss of an assignment to be officer-in-charge of her unit. Also, in retaliation for reporting Kapua, and complaining of his threats against her, Abbatiello was ordered to avoid Kapua by taking a circuitous path around his office at KPD headquarters.

The Kauai Police Department ("KPD"), County of Kauai's ("County") , then KPD Chief K.C. Lum ("Lum"), and other County and KPD employees knew of the harassment, threats, hostile work environment, the potential for violent retribution against Abbatiello and the severe emotional distress that she was suffering from as a result of these actions and her work environment. These defendants had a duty to take affirmative actions to stop these actions and to discipline Kapua and others for subjecting Abbatiello to such horrendous conditions. These defendants, however, took no action. In fact, the defendants continue, to this day, to find other means and opportunities to retaliate against Abbatiello for speaking out against one of their own.

On February 6, 2007, the Honorable Susan Oki Mollway heard arguments in support of and in opposition to, the County and KPD's motion for summary judgment on various counts of Abbatiello's First Amended Complaint. After all briefs had been filed and after Judge Mollway heard lengthy oral arguments, she took the matters under advisement. *See,* Declaration of John Hoshibata.

Also on February 6, 2007, the undersigned received an e-mail from Lum's counsel, Cary Tanaka, which stated:

> Counsel:
>
> As I indicated earlier, it appears that K.C. Lum has now been given the go ahead to waive his 5th Amendment Privilege with regard to most, if not all questions which may be asked of him in this case. I am still waiting for written confirmation from Mr. Lum's other attorneys, however, I have been advised that this is forthcoming and that we may move forward with the scheduling of his deposition.
>
> *See,* Exhibit "A", e-mail from Cary T. Tanaka, Esq., to John Hoshibata, with copies to other counsel, attached to Declaration of John Hoshibata.

Finally on February 7, 2007, the undersigned received an *ECF* filing with and from, this Court which contained a Certificate of Service for the notice of taking the oral deposition of Lum, which had been filed on February 7 by David Minkin, Esq., counsel for the County and KPD. The notice of taking oral deposition stated that the deposition was to take place on February 15, 2007 at 11:00 a.m.

Abbatiello's counsel already noticed and took the oral deposition of Lum on October 12, 2006. At that time, Lum refused to answer all substantive questions, asserting his Fifth Amendment right against self-incrimination on the record. *See,* Declaration of John Hoshibata and Exhibit "B", copy of official Court Reporter's transcript of K.C. Lum taken on October 12, 2006. All defense counsel were

3

present and had the opportunity to question Lum, but did not do so. Thus, Lum's deposition was duly noticed, attended and taken. Pursuant to *Fed.R.Civ.P.* 30(2)(B), the notice of deposition was improper and the second deposition of K.C. Lum should be prohibited and precluded.

II.    ARGUMENT

    A.    *Fed.R.Civ.P.* 30(2)(B) prohibits and precludes a second Lum deposition without leave of Court.

Rule 30(2)(B) states:

> (2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,
> (B) the person to be examined already has been deposed in the case.

Clearly, this rule requires that the noticing party, Mr. Minkin in this case, is required to obtain leave of Court prior to noticing Lum's second deposition. He has not done so. No party has stipulated to such a deposition, and Abbatiello certainly has not. *See,* Declaration of John Hoshibata. On this basis, the notice of taking oral deposition should be stricken and the attempted second deposition of Lum should be prohibited and precluded.

    B.    *Fed.R.Civ.P.* 26(b)(2) limits and restricts the scope of second deposition of Lum.

Rule 26(b)(2), referred to in Rule 30(2)(B), above, states in relevant part:

> (2) Limitations. ... The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought...

The County and KPD have had more than ample opportunity to obtain any information it desired from Lum. Discovery has been ongoing in this case for well over a year. More importantly, as stated above, Lum's deposition was duly noticed on October 12, 2006, by Abbatiello's counsel. No party had any objection to the deposition proceeding. All parties, through their counsel, were present. All counsel had their opportunity to ask questions. The only counsel who asked questions was Mr. Hempey, Abbatiello's counsel who noticed the deposition. *See,* Declaration of John Hoshibata and Exhibit "B" at p. 2-3. Defendants' counsel did not even attempt to ask questions knowing, of course, that it was to all defendants' benefit (Lum's as well) that Lum plead the Fifth.

It is clear that Lum is using the Fifth Amendment as both a shield and a sword. The other defendants' counsel are doing precisely the same thing.

    C.    <u>Lum's deposition, if permitted, will undoubtedly open up entire new defenses (and thus, motions concerning those defenses) and will identify entirely new witnesses and conduct (and thus, a potentially huge number of additional depositions)</u>.

The trial date in this matter, which has been reset several times, is May 8, 2007. Judge Mollway indicated, during the summary judgment hearing on

February 6, 2007, that she would be very much against a further continuance. *See,* Declaration of John Hoshibata. The discovery deadline is March 9, 2007, three weeks after the noticed date for Lum's second deposition. The deadlines for the submission of settlement offers and the deadline for settlement conference statements are February 23 and February 26, 2007, respectively. Of more immediate consequence is the fact that the deadline for discovery related motions is today, February 7, 2007, and the deadline for the submission of dispositive motions has long passed (January 8, 2007). As importantly, the deadlines for the submissions of experts' reports has long passed (December 6, 2006, for Abbatiello, and January 8, 2007, for defendants).

The passed deadlines are significant in that, if Lum is allowed to now testify, Abbatiello's police expert will require a substantial amount of time to read, evaluate, research and produce a supplement to her expert report, which was submitted on December 6, 2006. Such a deposition might also impact the expert opinions and report of Abbatiello's other two experts, Dr. Matthews and Dr. Loudat, with similar consequences.

The looming deadlines are significant in that there will undoubtedly be a significant number of alleged factual circumstances, additional witnesses, conduct and additional records which will be identified in a second deposition. There is no

question that such late testimony and identification of facts, witnesses and conduct will cause a huge and rushed expenditure of time, resources and money, and will necessitate an additional, prejudicial continuance of the trial date.

> D. <u>Lum's previous assertion of the Fifth Amendment bars any subsequent testimony.</u>

Lum is seeking a second bite at the apple, after having first refused to testify at his duly noticed deposition. The courts that have encountered this issue have consistently ruled that he may not have this second chance, especially at the eleventh hour. Once having made his decision and having committed to pleading the Fifth, one may not hereafter attempt to "waive" his previous invocation of that right.

In the case of <u>Securities & Exchange Commission v. Cymaticolor Corporation</u>, 106 F.R.D. 545 (U.S.D.C. S.D.N.Y. 1985), the defendant in a SEC violations case refused to respond to the government's interrogatories based on his Fifth Amendment privilege against self incrimination. Defendant asserted, while invoking his Fifth Amendment right, that he "reserves his right to waive his privilege at a later time". <u>Id</u>. At 547, 549. The SEC sought an order totally precluding the defendant from offering into evidence any matter relating to the factual bases for his denials and defenses as to which he has asserted his Fifth Amendment rights". <u>Id</u>. at 549. The government moved for an order of total

7

preclusion, arguing that his position regarding a limited order of preclusion[1] was contrary to one of the primary purposes of discovery, to ascertain the position of the adverse party on the controverted issues. Id.

The Court ended:

> In light of the Defendant's invocation of his Fifth Amendment rights regarding the bases of his defenses and denials, a total preclusion order is appropriate.
> Id. At 550.

In United States v. Certain Real Property and Premises, 840 F.Supp. 6 (E.D.N.Y. 1993), the defendant asserted his Fifth Amendment privilege when served with interrogatories. He filed a motion seeking to withdraw his assertion of the Fifth Amendment privilege and to amend his interrogatory responses. The Court denied defendant's motion, holding that the defendant's decision to invoke or waive the privilege must be made when he is first presented with a request to divulge the information. Id. At 6.

A Second Circuit case is also instructive. In United States v. Certain Real Property and Premises, 55 F.3d 78 (2nd Cir. 1995), the Second Circuit barred the defendant from testifying about matters covered by his previous Fifth Amendment claims. The Court upheld the decision of the District Court concluding that the

---

[1] The defendant did not deny that some preclusion was appropriate.

District Court did not exceed its discretion when it barred the defendant from testifying as to matters covered by his prior Fifth Amendment claim, after the defendant invoked the privilege in refusing to answer the government's interrogatories. Id. At 80.

Finally, in Bourgal, et al., v. Robco Contracting Enterprises, Ltd., 969 F.Supp. 854 (E.D.N.Y. 1997), the District Court ruled against the defendants' who invoked their Fifth Amendment privilege against self incrimination during their depositions prevented plaintiffs from obtaining essential information and evidence. The District Court held that the defendants were barred from trying to create issues of fact by submitting affidavits in support of their opposition to the plaintiff's motion for summary judgment. The Court stated:

> As set forth above, the defendants have avoided producing almost any evidence during discovery by obstructing discovery in general and by invoking the Fifth Amendment privilege against self incrimination. Id. at 861.

The Court also cited to the case of United States v. Incorporated Village of Island Park, 888 F.Supp. 419 (E.D.N.Y. 1995), in which the government moved for summary judgment. In that case, Judge Glasser stated that:

> In view of [the defendants'] repeated invocation of their Fifth Amendment privilege at deposition, their eleventh hour attempt to avoid the consequences of asserting that privilege by submitting affidavits in opposition to [the] summary judgment motion constitutes an abuse of discovery procedure which should not be permitted." Bourgal, 969 F.Supp. 854 at 862.

III.    CONCLUSION

Once having resisted the discovery attempt of Abbatiello to obtain key information, this key defendant, Lum, may not use the Fifth Amendment privilege as a shield against having to testify as to his misconduct, and then as a sword to attack Abbatiello's right to have him deal with the consequences of such refusal. This Court should not countenance the last minute change of heart by Lum. This Court should, Abbatiello respectfully submits, preclude the oral deposition of Lum and strike the notice of oral deposition filed by his co-defendants.

DATED: Honolulu, Hawaii, February 7, 2007.

    /s/ John Hoshibata
DANIEL G. HEMPEY
MARGERY S. BRONSTER
JOHN T. HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
Attorneys for Plaintiff
DARLA ABBATIELLO