LAW OFFICES OF CARY T. TANAKA

CARY T. TANAKA        4858-0
DIANE K. AGOR-OTAKE   7751-0
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885
Facsimile: 536-8845
carytanaka@aol.com
dka@hawaii.rr.com

Attorneys for Defendant
K.C. LUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04 00562 SOM BMK |
| | ) | |
| Plaintiff, | ) | DEFENDANT K.C. LUM'S REPLY |
| | ) | MEMORANDUM IN SUPPORT OF |
| vs. | ) | DEFENDANT K.C. LUM'S MOTION |
| | ) | FOR SUMMARY JUDGMENT, FILED ON |
| COUNTY OF KAUAI, KAUAI | ) | JANUARY 4, 2007; DECLARATION |
| POLICE DEPARTMENT, K.C. LUM, | ) | OF CARY T. TANAKA; EXHIBITS |
| WILFRED M. IHU, GORDON ISODA, | ) | "H"-"I"; CERTIFICATE OF |
| DEAN PIGAO, and IRVIL KAPUA, | ) | SERVICE |
| | ) | |
| Defendants. | ) | Hearing |
| | ) | Date:  February 20, 2007 |
| | ) | Time:  11:15 a.m. |
| | ) | Judge: The Honorable Susan |
| | ) | Oki Mollway |
| | ) | |
| | | Trial Date: May 8, 2007 |

DEFENDANT K.C. LUM'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
K.C. LUM'S MOTION FOR SUMMARY JUDGMENT, FILED ON JANUARY 4, 2007

Comes now, Defendant K.C. Lum ("Defendant Lum"), by and

through his attorneys, and submits his reply memorandum in

support of his Motion for Summary Judgment, filed herein on

January 4, 2007 ("Motion").[1]

I.   <u>DISCUSSION</u>

The United States Supreme Court in <u>Saucier v. Katz</u>, 533 U.S.

194, 202, 121 S. Ct. 2151, 2156, 150 L.Ed.2d 272 (2001), has

indicated that, with regard to the defense of qualified immunity,

if a constitutional violation can be made out by Plaintiff, the

next sequential question is whether said constitutional right was

clearly established.  According to the Court, "[t]his inquiry...,

must be undertaken in light of the specific context of the case,

not as a broad general proposition." 533 U.S. at 201, 121 S. Ct.

at 2156.  The Ninth Circuit Court of Appeals has gone on to state

that:

> A constitutional right is clearly established
> when, "on a favorable view of the parties'
> submissions" "it would be clear to a
> reasonable officer that his conduct was
> unlawful in the situation he confronted."

<u>Billington v. Smith</u>, 292 F. 3d 1177, 1184(9th Cir. 2002) (quoting

<u>Saucier</u>, 533 U.S. 194, 121 S. Ct. 2151).  In other words, with

_____

[1]  As a preliminary matter, it appears Plaintiff's
Opposition to the Motion relies on documents not previously
produced to Defendant Lum's counsel, however are responsive
to the Defendants' discovery request.  Specifically, Defendant Lum
objects to Plaintiff's use of exhibits 3, 7, 8, 9, 15, 16, 17,
18, 20, and 21 attached to Plaintiff's Response to Defendant K.C.
Lum's Separate and Concise Statement of Facts in Support of his
motion for Summary Judgment, filed on February 2, 2007 as these
documents have not been produced to Defendant Lum's counsel.  <u>See</u>
Declaration of Cary T. Tanaka at ¶ 2.

regard to Defendant Lum, the question of his entitlement to qualified immunity condenses to whether a reasonable officer in his position would have appreciated that his actions were somehow violating Plaintiff's freedom of speech, equal protection, and/or due process rights. <u>See</u>, <u>Johnson v. H.S. Caudill</u>, 2007 WL 291396 (4th Cir. 2007); <u>see also</u>, <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Notwithstanding the declarations made by Plaintiff in her opposition papers, the record clearly demonstrates that the claims which she asserts against Defendant Lum are, at best, vague. There are no specific facts which point directly to any action or inaction which gives rise to any type of constitutional violation on the part of Defendant Lum.

Moreover, the record is absolutely void of any indication that Defendant Lum knew or should have known, that his alleged actions or inactions, as Chief of Police, violated Plaintiff's freedom of speech, equal protection, and/or due process rights. The record also does not support a finding that Defendant Lum acted with deliberate indifference towards Plaintiff's constitutional rights.

A.   <u>Representations of Counsel</u>

During a recent hearing on Defendant County of Kauai, et al.'s Motion for Summary Judgment, Plaintiff's counsel provided information to the Court which clarified Plaintiff's specific

allegations of misconduct that supported each of her allegations of constitutional violations.[2]

       1.   First Amendment

      In response to the Court's inquiry, counsel represented that the reports, complaints, and/or speech which constitute "protected speech" on which Plaintiff's First Amendment claims are based are: (1) Plaintiff's complaint concerning her participation in the alleged illegal search and photographing of nude female arrestees, (2) Plaintiff's report of misconduct and possible illegal activity on the part of Defendant Irvil Kapua ("Defendant Kapua"), (3) Plaintiff's report of an alleged death threat written in her dictionary, and (4) Plaintiff's report of her firearm being stolen.

       2.   Adverse Employment Actions

      In response to the Court's inquiry, counsel represented that the "adverse employment actions" on which Plaintiff's First Amendment claims are based are: (1) Plaintiff's alleged demotion from the rank of Police Officer 9 to Police Officer 7, (2) Plaintiff's removal as a Field Training Officer ("FTO"), (3) Plaintiff's inability to work in cellblock, (4) an alleged order

---

     [2]  These representations were made by Margery Bronster, Esq., counsel for Plaintiff, on February 6, 2007 during her oral argument in opposition to Defendants County of Kauai, Kauai Police Department, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion for Summary Judgment on, or in the Alternative, Dismissal of Counts I and II of the First Amended Complaint.

which directed Plaintiff to avoid making contact with Defendant
Kapua while in the Lihue police station, (5) subjecting Plaintiff
to working in the same location as Defendant Kapua, (6) the lack
of action taken against Defendant Kapua, and (7) a newly
identified allegation that Plaintiff had recently been prevented
from being an Officer In Charge.[3]

### 3.   Due Process and Equal Protection

Counsel also represented that Plaintiff's claims for
violation of her due process and equal protection rights,
privileges and immunities are based on: (1) Plaintiff's alleged
demotion from a Police Officer 9 to a Police Officer 7, (2)
Plaintiff's removal as an FTO, (3) Plaintiff's inability to work
in the cellblock, (4) Plaintiff's participation in the alleged
illegal search and photographing of nude female arrestees, (5)
the death threat Plaintiff allegedly received in her dictionary,
and (6) the alleged order directing Plaintiff to avoid making
contact with Defendant Kapua in the police station.

### B.   Plaintiff Does Not Dispute That All Claims Asserted Against Defendant Lum In His Official Capacity Should Be Dismissed

Plaintiff has not opposed Defendant Lum's Motion insofar as
it requests that all claims asserted against Defendant Lum in his
official capacity be dismissed.  As such, for the reasons set

---

[3] Any allegations which occurred after Defendant Lum's
employment with Kauai Police Department ("KPD") was terminated
should not be attributed to Defendant Lum.

forth in the Motion, all claims asserted against Defendant Lum in his official capacity should be dismissed.

      C.    The Claims Against Defendant Lum Alleging Violations of Plaintiff's Federal Civil Rights Should Be Dismissed <u>Pursuant to the Defense of Qualified Immunity</u>

      1.   <u>First Amendment</u>

Plaintiff's opposition to the instant Motion states, for the first time, that her reports of "misconduct by other officers" were made as a private citizen versus a police officer.  This assertion is in <u>direct conflict</u> with her prior allegations and discovery responses.[4]  These conflicting statements evidence the fact that Plaintiff is now making these statements for the sole purpose of defeating summary judgment and circumventing controlling authority regarding constitutional protection afforded to a public employee's speech.  <u>Garcetti v. Ceballos</u>, 126 S.Ct. 1951 (2006).

---

[4]  Plaintiff's First Amended Complaint, filed herein on April 21, 2006 ("FAC"), alleges the following:

> 90.  Abbatiello's actions in reporting misconduct <u>and violations of the law to her superiors</u> constituted her exercise of her constitutionally protected interest in freedom of speech, constitutionally protected by the First Amendment to the Constitution of the United States.

<u>See</u> FAC at ¶90, attached as Exhibit "A" to DEFENDANT K.C. LUM'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT K.C. LUM'S MOTION FOR SUMMARY JUDGMENT, filed herein on January 4, 2007 ("Defendant Lum's SCSF") (emphasis added).

In her discovery responses, Plaintiff answered <u>under oath</u>
that she reported Defendant Kapua's alleged misconduct because
she was a "<u>law enforcement officers [sic] and duty bound to</u>
<u>report possible criminal activities</u>."  <u>See</u> Defendant Lum's SCSF
No. 5 (emphasis added).  Plaintiff now claims that her reports
were not made in her capacity as a law enforcement officer, but
rather as a concerned private citizen.

Even if Plaintiff reported these incidents as a private
citizen, it is clear that such reports must have <u>also</u> been made
in her capacity as a law enforcement officer.  <u>See</u> Defendant
Lum's SCSF nos. 4 and 5.  Further assuming, <u>arguendo</u>, that
Plaintiff's reports of alleged police misconduct, death threats,
complaints regarding illegal strip searches, and the theft of her
firearm were made as a private citizen, her constitutional claim
must fail as there is no evidence that her reports resulted in
any type of adverse employment action instituted by Defendant
Lum.

2.   Alleged Equal Protection and Due Process
     <u>Violations, and Adverse Employment Actions</u>

In addition to her First Amendment arguments, it appears
that Plaintiff is also alleging that Defendant Lum's actions or
inactions gave rise to equal protection and/or due process
violations.

a.   <u>Employment Demotion</u>

Plaintiff claims that she was wrongfully demoted when she was transferred from the Vice division, with a rank of PO-9, back to the Patrol division, with a rank of PO-7.  Yet, it is undisputed that the transfer from Vice to Patrol occurred at the sole request of Plaintiff herself.  <u>See</u> Plaintiff's Response to Defendant K.C. Lum's Separate and Concise Statement of Facts in Support of His Motion for Summary Judgment, filed herein on February 2, 2007 ("Plaintiff's Response to Defendant Lum's SCSF"), Exhibit "1" at ¶10.  Plaintiff claims that, notwithstanding her request, she believed her transfer was going to be of a "lateral" nature and without any reduction in rank or pay.

The record is undisputably void of any evidence that Plaintiff ever filed an objection with her command, or a formal grievance with her union, regarding her request for transfer.  Moreover, it is undisputed that Defendant Lum was not even the Acting Chief of Police when Plaintiff was transferred out of the Vice division and that Plaintiff had discussed the transfer with former Acting Chief Wilfred Ihu.  <u>See</u> Defendant's SCSF no. 10; <u>see also</u>, Plaintiff's Response to Defendant's SCSF no. 10; <u>see also</u>, Plaintiff's Response to Defendant's SCSF, Exhibit "18"; <u>see also</u>, Deposition of Wilfred Ihu, taken on October 14, 2006, pp. 37-38, attached hereto as Exhibit "H".

As the record does not reflect any facts which support any kind of finding that Defendant Lum had anything to do with Plaintiff's transfer out of Vice, or that he knew or should have known that the approval of Plaintiff's request would result in a violation of her constitutional rights, this claim against Defendant Lum must fail as a matter of law.

b.    <u>Field Training Officer</u>

Plaintiff next argues that her removal as a Field Training Officer ("FTO") was an act of retaliation by Defendant Lum in violation of her constitutional rights.  Again, the record is void of any evidence which demonstrates that Defendant Lum was aware that the removal of Plaintiff's FTO status was in violation of her constitutional rights.  On the contrary, the evidence is uncontroverted that Plaintiff's FTO status was removed because she did not have the required training for such position.  <u>See</u> Motion at pp. 20-21.  Plaintiff does not dispute this.  <u>See</u> Plaintiff's Response to Defendant Lum's SCSF, Exhibit "1" at ¶17. More importantly, the record further demonstrates that, once Plaintiff did obtain the proper training for the position, her FTO status was then reinstated.  <u>See</u> Motion at pp. 20-21.

As there is no evidence of any deliberate indifference by Defendant Lum towards Plaintiff with regard to the FTO issue, this claim must also fall as a matter of law.

- 9 -

c.    <u>Cellblock Duty</u>

Plaintiff next alleges that she can no longer work in the cellblock as the Kauai Police Department ("KPD") is not enforcing a temporary restraining order ("TRO")she obtained against Defendant Kapua.  Plaintiff further alleges that KPD has on occasion scheduled Defendant Kapua to relieve Plaintiff from cellblock duty, something which was in direct violation of the TRO.  Plaintiff asserts that this scheduling issue results in a deprivation of her constitutional rights.

There is no evidence that Defendant Lum ever had any knowledge of Plaintiff's TRO, or that he had any involvement or knowledge in preparing the work schedules for officers in the cell block.  Plaintiff attempts to implicate Defendant Lum by stating that she "believes" he may have directed the cellblock scheduling.  This belief is simply unfounded and based on speculation and conjecture.  As such, this claim must also fail as a matter of law.

d.    <u>Strip Search and Photographing</u>

With regard to the claim surrounding the illegal strip search and photography incident, Plaintiff asserts that her reporting of an incident in which she was ordered to photograph nude female arrestees in the cellblock resulted in retaliation which violated her constitutional rights.  Plaintiff goes on to

assert that a policy regarding strip searches was then drafted and backdated by Defendant Lum.

Plaintiff does not claim that Defendant Lum ordered the strip searches be conducted, but instead attempts to hook Defendant Lum with the claim that he backdated a policy which would have allowed the strip searching and photographing of the female detainees on the day in question.

Once again, the record does not support Plaintiff's allegations.  As discussed earlier, the record makes clear the fact that, although a strip search policy was drafted by the police department administration after the alleged incident, the proposed policy had been sent to the Kauai County Attorney's office for review and approval.  Said policy was never approved by the Kauai County Attorneys office and therefore never instituted.  See Motion at p. 22.

Once again, it appears that Plaintiff's allegations of misconduct arise out of misinformation and assumptions on her part.  This claim should also fail as a matter of law.

e.   Alleged Death Threat

Plaintiff also alleges that, in April of 2004, someone had placed a note in her dictionary which she perceived to be a death threat.  As with the issue of her demotion, Defendant Lum was not the Chief of Police of KPD at the time of this incident, or when this incident was allegedly reported to KPD administrators.  See

- 11 -

Defendant's SCSF no. 10; <u>see also</u>, Plaintiff's Response to Defendant's SCSF no. 10.

> f.   <u>Theft of Firearm</u>

Plaintiff next claims she suffered a constitutional injury which resulted from Defendant Lum's failure to property investigate or initiate an investigation regarding the theft of her firearm.  There is absolutely no evidence which demonstrates that Defendant Lum did not follow-up on Plaintiff's report.  Moreover, even assuming, <u>arguendo</u>, that no investigation was conducted, it is difficult to understand how the failure to investigate the theft or loss of a firearm could, in any way, result in a clearly established constitutional right.

> g.   <u>Order to Avoid Defendant Kapua</u>

Prior to Defendant Lum becoming Chief of Police, Plaintiff and Defendant Kapua were both directed to avoid making contact with each other while they were present in the Lihue police station. In an effort to avoid contact with each other, Plaintiff was directed to utilize a back door to enter and exit from the building and Defendant Kapua was directed to utilize the front door.

Plaintiff now claims that, even though Defendant Lum did not issue this directive, by not formally rescinding the directive, he retaliated against her in violation of her equal protection and due process rights.

First, the record is again void of any evidence that the directive was ever issued in the form of a "formal order" which was subject to a formal rescission. Second, Plaintiff agreed with the directive when it was first suggested to her. See, Plaintiff's Response to Defendant's SCSF, Exhibit 19; see also, Deposition of Dean Pigao, taken October 13, 2006, at pp. 26-27, attached hereto as Exhibit "I".

Plaintiff has failed to clearly establish a constitutional right that was violated by Defendant Lum in this situation. Moreover, even if there was a right violated, there is no evidence that there was ever any deliberate indifference on the part of Defendant Lum towards Plaintiff's rights. This claim must also fail as a matter of law.

h.   Hostile Work Environment With Defendant Kapua

It is unclear how Plaintiff links the actions or inactions of Defendant Lum to her allegation that she was forced to work in a hostile work environment with Defendant Kapua. Once again, there is no competent evidence that demonstrates Defendant Lum knew or should have known that his alleged actions or inactions with respect to this allegation somehow violated her freedom of speech, equal protection, and/or due process rights. See Defendant Lum's Motion at p. 19.

On the contrary, the record instead demonstrates Plaintiff's request to be transferred out of Vice was in fact approved by

- 13 -

former Acting Chief Wilfred Ihu.  See Exhibit "H" at pp. 37-38. This effectively removed Plaintiff from the Lihue police station and away from Defendant Kapua. Again, there should not be any finding of a constitutional violation on the part of Defendant Lum with respect to this claim.

II.  <u>CONCLUSION</u>

A critical review of the record in this case makes clear the fact that Plaintiff cannot sustain her burden of proving that the defense of Qualified Immunity should be afforded to Defendant Lum.  Although Plaintiff attempts to assert that questions of fact are present as to the conduct of Defendant Lum, a closer review of the facts before this Honorable Court demonstrate that there are in fact no genuine issues of material facts present.

For the above-enunciated reasons, as well as the record and file herein, Defendant LUM hereby respectfully requests that this Honorable Court grant his motion for summary judgment.

DATED: Honolulu, Hawaii, February 8, 2007.


    /s/ Cary T. Tanaka
CARY T. TANAKA
DIANE K. AGOR-OTAKE
Attorneys for Defendant
K.C. LUM

- 14 -