CHRISTIANE L. NAKEA-TRESLER          4857-0
Office of the County Attorney
4444 Rice Street, Suite 220
Līhu`e, Hawai`i 96766
Telephone: (808) 241-6315
Facsimile:  (808) 241-6319
Email: cntresler@kauai.gov

Attorneys for Defendants COUNTY OF KAUA`I
and KAUA`I POLICE DEPARTMENT

McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN                      3639-0
BECKY T. CHESTNUT                    7756-0
KARA M.L. YOUNG                      8411-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai`i  96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
Email:  minkin@m4law.com

Attorneys for Defendants COUNTY OF KAUA`I,
KAUA`I POLICE DEPARTMENT, WILFRED M. IHU,
GORDON ISODA and DEAN PIGAO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>           Plaintiff,<br><br>   vs.<br><br>COUNTY OF KAUAI, KAUAI<br>POLICE DEPARTMENT,<br>K.C. LUM, WILFRED M. IHU, | CIVIL NO. CV04 00562 KSC<br><br>DEFENDANTS COUNTY OF KAUA`I,<br>KAUA`I POLICE DEPARTMENT,<br>WILFRED M. IHU, GORDON ISODA<br>AND DEAN PIGAO'S<br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFF'S MOTION TO<br>PRECLUDE ORAL DEPOSITION OF |

155525.1

| GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>             Defendants. | DEFENDANT K.C. LUM, FILED ON FEBRUARY 7, 2007; DECLARATION OF DAVID J. MINKIN; EXHIBITS "A" - "B"; CERTIFICATE OF SERVICE<br><br>Hearing<br>Date:   February 23, 2007<br>Time:   9:00 a.m.<br>Judge:  Kevin S.C. Chang<br><br>**Trial Date:  May 8, 2007** |
|---|---|

**DEFENDANTS COUNTY OF KAUA`I, KAUA`I POLICE DEPARTMENT, WILFRED M. IHU, GORDON ISODA AND DEAN PIGAO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE ORAL DEPOSITION OF DEFENDANT K.C. LUM, FILED ON FEBRUARY 7, 2007**

## I.    INTRODUCTION

Defendants County of Kaua`i (the "County"), Kaua`i Police Department ("KPD"), Wilfred M. Ihu, Gordon Isoda and Dean Pigao (collectively "Defendants") oppose Plaintiff's Motion to Prelude Oral Deposition of Defendant K.C. Lum, filed February 7, 2007 ("Motion").

## II.    ANALYSIS

### A.    Federal Rule of Civil Procedure 30(a)(2)(b) Does Not Preclude Lum's Continued Deposition

The Rule 16 Scheduling Order for this case states that:  "Unless and until otherwise ordered by the Court, the parties shall follow the discovery plan agreed to by the parties herein pursuant to Fed. R. Civ. P. 26(f)."  See Rule 16 Scheduling Order, filed Feb. 11, 2005, attached hereto as Exhibit "A".  Pursuant to

155525.1

-2-

the Plaintiff's Report of Parties' Rule 26(f) Planning Meeting, filed January 26,

2005, the parties agreed that "The deposition of each named party shall be no more

than two (2) days and no more than seven (7) hours on a single day."  Plaintiff's

Report of Parties' Rule 26(f) Planning Meeting, filed Jan. 26, 2005, attached hereto

as Exhibit "B".  Defendant Lum is a party to this case and therefore, two days, or

14 total hours were allotted for his deposition.  Plaintiff took Lum's deposition on

October 12, 2006, but the deposition lasted less than a day.  Thus, the deposition of

Lum is not a "second" deposition, but merely a continuation – within the

permissible time limits – of the October session.  Upon learning that Lum would be

willing to waive his Fifth Amendment privilege, if Plaintiff desired she could have

re-noticed Lum's deposition as well.  Plaintiff did not re-notice Lum's deposition;

nevertheless, Defendants would not object if Defendant Lum's deposition was re-

noticed by Plaintiff, without Lum's prior deposition wherein he asserted his Fifth

Amendment privilege counting toward the two-day limit.  Deposing Lum for one

more day is not unreasonably cumulative or duplicative; instead, it would allow

this case to be tried on the merits of additional factual information.

   **B.**    **FRCP 26(a)(2)(b) Does Not Limit Lum's Continued Deposition**

          FRCP Rule 26(b)(2) states that "[t]he frequency or extent of use of the

discovery methods otherwise permitted under these rules . . . shall be limited by the

court if it determines that: . . . (ii) the party seeking discovery has had ample

opportunity by discovery in the action to obtain the information sought. . . ."

However, contrary to Plaintiff's assertion that "[t]he County and KPD have had

more than ample opportunity to obtain any information it desired from Lum[,]" this

is not the case.  See, Pl.'s Mtn. to Preclude Oral Depo. of K.C. Lum; Memo. in

Support of Mtn. ("Pl.'s Mtn.") at 5.  The County and KPD had no control over

Lum's decision to decline to answer questions and assert his Fifth Amendment

privilege at the October 12, 2006 deposition.  When Lum made it clear that he

intended to assert his Fifth Amendment privilege to virtually all questions posed,

the County and KPD did not attempt to unnecessarily prolong the session.  Only

upon learning that Lum intended to waive that privilege – which was, again, a

decision over which the County and KPD had no power – did the County notice

Lum's deposition in order to not only complete the October 12, 2006 questioning

that had taken less than half the time permitted, but to determine the relevant facts

for the County and KPD, as the employer, to defend against the allegations

asserted by Plaintiff.

C.    **Lum's Previous Assertion of the Fifth Amendment Does Not Bar
      Subsequent Testimony**

        Plaintiff asserts that "Lum's previous assertion of the Fifth

Amendment bars any subsequent testimony." (Pl.'s Mtn. at 7.)   However, courts

that properly address this issue weigh the aforementioned factors and rule on a

155525.1                            -4-

case-by-case basis, rather than follow a categorical "no withdrawal after invocation of the Fifth Amendment" rule.  Under the facts of this case, Lum's previous assertion of his Fifth Amendment privilege <u>does not</u> bar his subsequent testimony.

    In one of the very cases cited by Plaintiff, the court held that a prior assertion of the Fifth Amendment right does not necessarily bar subsequent testimony.  <u>See</u> <u>United States v. Certain Real Property & Premises Known As: 4003-4005 5th Ave., Brooklyn, NY</u>, 55 F.3d 78 (2d Cir. 1995) ("<u>5th Ave.</u>").  In <u>5th Ave.</u>, the appellate court stated:

> Because courts must take care not to punish valid invocations of the privilege against self-incrimination and must try to accommodate those who would properly seek to claim the privilege, <u>a prior assertion of the Fifth Amendment does not preclude a litigant's later attempt to submit evidence.</u>

<u>5th Ave.</u>, 55 F.3d at 80 (emphasis added).[1]  Although the appellate court in <u>5th Ave.</u> ultimately upheld the trial court's decision barring the claimant from testifying after he had invoked his Fifth Amendment right, the appellate court emphasized that its decision "necessarily depends on the precise facts and circumstances of each case."  <u>Id.</u> at 85.  Thus, it set forth the following factors courts should consider in determining whether to allow withdrawal of a privilege:  (1) the nature

---

    [1] Another case Plaintiff cites in her Memo to support her argument, <u>United States v. Certain Real Property & Premises Known As: 4003-4005 5th Ave., Brooklyn, NY</u>, 840 F. Supp. 6 (E.D.N.Y. 1993), is the trial court's decision before it was appealed to the Second Circuit in <u>5th Ave.</u>

of the proceeding; (2) how and when the privilege was invoked; and (3) the

potential for harm or prejudice to opposing parties.  Id. at 84 (citations and

footnote omitted).  Furthermore, the court instructed that:

> The district court should, in general, take a liberal view
> towards such applications, for withdrawal of the privilege
> allows adjudication based on consideration of all material
> facts to occur.  The court should be especially inclined to
> permit withdrawal of the privilege if there are no grounds
> for believing that opposing parties suffered undue
> prejudice from a litigant's later-regretted decision to
> invoke the Fifth Amendment.

Id. at 84.

In Federal Trade Comm'n v. Kitco of Nevada, Inc., 612 F. Supp. 1282

(D. Minn. 1985), the admissibility of a defendant's testimony was at issue after he

had previously invoked the Fifth Amendment and refused to answer questions in a

pretrial deposition.  Kitko of Nevada, Inc., 612 F. Supp. at 1290.  Because

defendant had previously indicated he might waive the privilege in the future, the

plaintiff had timely notice that he would testify, and the plaintiff did receive

pretrial information relating to certain areas of inquiry, the court found that

plaintiff had not been unfairly surprised or prejudiced and held that "a complete

bar of testimony seems unjustified in this instance[.]"  Id. at 1291.

In Federal Trade Comm'n v. Sharp, 782 F. Supp. 1445 (D. Nev.

1991), the United States District Court for the District of Nevada decided that it

should consider the affidavit of a defendant who had previously invoked his Fifth

Amendment privilege at a deposition. <u>Sharp</u>, 782 F. Supp. at 1452-53. In arriving at its decision, the court, as the court in <u>Kitko of Nevada, Inc.</u> did, considered the timing of defendant's assertion of the privilege and whether plaintiff was unfairly prejudiced. <u>Id.</u> at 1452. It found that the timing was not inappropriately "strategic" and since defendant was not the only or primary source of pertinent information, plaintiff was not unfairly prejudiced. <u>Id.</u> at 1452-53. Thus, the court found consideration of the defendant's affidavit proper even though he had previously refused to answer questions at his deposition. <u>Id.</u> at 1453.

Finally, in <u>Securities & Exchange Comm'n v. Graystone Nash, Inc.</u>, 25 F.3d 187 (3d Cir. 1994), the United States Court of Appeals for the Third Circuit reversed and remanded the trial court's decision granting a broad preclusive order that barred defendants from offering evidence after they had invoked their Fifth Amendment right during discovery depositions. <u>Graystone Nash, Inc.</u>, 25 F.3d at 188-89. Agreeing with the <u>Kitko of Nevada, Inc.</u> approach, the court in <u>Graystone Nash, Inc.</u> noted that the interests of the parties must be carefully balanced, and that "the detriment to the party asserting [the privilege] should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." <u>Id.</u> at 192; <u>see</u> <u>also</u> <u>Doe ex rel. Rudy-Glanzer v. Glanzer</u>, 232 F.3d 1258, 1265 (9th Cir. 2000) ("In each particular circumstance, the competing interests [of the parties] must be carefully balanced.") (citing <u>Graystone Nash, Inc.</u>, 25 F.3d at

192).  The court specifically disagreed with a case Plaintiff relies on in her Memo,
Securities & Exchange Comm'n v. Cymaticolor Corp., 106 F.R.D. 545 (S.D.N.Y.
1985), cautioning that "[w]e do not find the *Cymaticolor* approach satisfactory
because the court there did not perform the careful evaluation used in *Kitco*."
Graystone Nash, Inc., 25 F.3d at 192.  The court then found that the plaintiff
possessed substantial evidence in addition to material obtained from the defendant
who had invoked the Fifth Amendment privilege, and was not surprised or unduly
prejudiced.  It therefore reversed the trial court's decision barring defendants from
presenting evidence, which "went beyond that which was equitable under the
circumstances[.]"  Id. at 194.

      In the interests of justice, it is proper for this Court to take a liberal
view toward withdrawal of the Fifth Amendment privilege in order to allow
adjudication based on consideration of all material facts.  See 5th Ave., 55 F.3d at
84.  Lum has not abused his Fifth Amendment privilege, and due to the nature and
history of this case, there will be no undue prejudice to Plaintiff if this Court
allows Lum's continued deposition.

      First, Lum has not abused the privilege as defendants have in other
cases where courts precluded testimony.  This is not a situation where, after
claiming Fifth Amendment privilege in pretrial discovery, a defendant submits

affidavits to oppose a summary judgment motion.[2]  Lum answered Plaintiff's

previous requests for admissions and production of documents.  See Defendants

K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Response to Plaintiff's

First Request for Production of Documents, dated July 1, 2005, dated Sept. 19,

2005; Defendant K.C. Lum's Response to Plaintiff's First Request for Admissions

Under Rule 36, dated Oct. 24, 2005, dated Dec. 2, 2005.  The only time Lum has

ever invoked his Fifth Amendment privilege was at the October 12, 2006

deposition, which was less than four months ago, during which he also reserved his

right to subsequently waive the privilege.  Moreover, there was an ongoing

criminal investigation into relevant matters, and he had legitimate reasons for

invoking that right.  No one has asserted that Lum was not justified in doing so.

        Secondly, Plaintiff will not be harmed or unduly prejudiced due to

Lum's decision to waive the privilege.  Plaintiff's arguments regarding the

disastrous result of Lum's "second" deposition are pure speculation.  To the extent

_____

    [2]  Though that is not the case here, that is what happened in another case
Plaintiff cites, Bourgal v. Robco Contracting Enters., Ltd., 969 F. Supp. 854
(E.D.N.Y. 1997).  In Bourgal, the court had actually granted defendant's request to
withdraw her Fifth Amendment privilege and ordered her to appear and continue
her deposition "[i]n an effort to reach the merits of [the] case[.]"  Id. at 862.
However, the defendant failed to appear in direct violation of the court's order and
had disobeyed several other discovery orders.  Id. at 861.  It was for those reasons
that the court found an abuse of the discovery process and refused to consider
defendant's subsequent affidavits – reasons that have absolutely no application to
the instant case.  Unlike the defendant in Bourgal, Lum has yet to be given the
chance to continue his deposition so that this case may be decided on the merits.

Plaintiff suffers prejudice, Defendants also suffer prejudice, as none of the

Defendants had any more access to information from Lum than Plaintiff did.  If

Lum's deposition opens up entire new defenses and identifies new witnesses and

conduct, Defendants will potentially have to conduct the same additional discovery

Plaintiff must conduct.  As discovery has not been concluded, there is no prejudice

- a far cry from precluding defendant from testifying <u>four days</u> before trial starts.

<u>See, e.g., Graystone Nash, Inc.</u>, 25 F.3d at 191 (citing <u>Gutierrez-Rodriguez v.</u>

<u>Cartagena</u>, 882 F.2d 553 (1st Cir. 1989)).

## III.   <u>CONCLUSION</u>

Based on the foregoing arguments and authorities, Defendants County

of Kaua`i, Kaua`i Police Department, Wilfred M. Ihu, Gordon Isoda and Dean

Pigao respectfully request that this Honorable Court deny Plaintiff's Motion to

Preclude Oral Deposition of Defendant K.C. Lum, filed on February 7, 2007.

DATED:  Honolulu, Hawai`i, _____February 16, 2007_____.


/s/ David J. Minkin_____
DAVID J. MINKIN
BECKY T. CHESTNUT
KARA M.L. YOUNG

Attorneys for Defendants
COUNTY OF KAUA`I, KAUA`I POLICE
DEPARTMENT, WILFRED M. IHU,
GORDON ISODA, and DEAN PIGAO

155525.1