LAW OFFICES OF CARY T. TANAKA

CARY T. TANAKA          4858-0
DIANE K. AGOR-OTAKE     7751-0
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885
Facsimile:  536-8845
carytanaka@aol.com
dka@hawaii.rr.com

Attorneys for Defendant
K.C. LUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA,<br><br>Defendants. | CIVIL NO. CV04 00562 KSC<br><br>DEFENDANT K.C. LUM'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE ORAL DEPOSITION OF DEFENDANT K.C. LUM; DECLARATION OF CARY T. TANAKA; EXHIBITS "1"-"6"; CERTIFICATE OF SERVICE<br><br><u>Hearing</u><br>Date: February 23, 2007<br>Time: 9:00 a.m.<br>Judge: Magistrate Kevin Chang<br><br>Trial Date: June 6, 2007 |

DEFENDANT K.C. LUM'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO PRECLUDE ORAL DEPOSITION OF DEFENDANT K.C. LUM</u>

Comes now Defendant K.C. LUM ("Defendant Lum"), by his attorneys, and hereby submits his Memorandum in Opposition to Plaintiff's Motion to Preclude Oral Deposition of K.C. Lum, filed

herein on February 7, 2007 ("Plaintiff's Motion"). For the reasons set forth below, Plaintiff's Motion should be denied.

I.  BACKGROUND

This case arises out of a claim for damages being asserted by Plaintiff in the above-referenced case. Plaintiff alleges she is entitled to recover damages for violations of her constitutional rights arising out of her employment with Defendant Kauai Police Department ("Defendant KPD"). Plaintiff alleges that during at least a part of the time frame of which her rights were violated, Defendant Lum was the Acting Chief of Police of KPD, and thus liable for her damages.

Plaintiff's counsel originally noticed Defendant Lum's oral deposition in March, 2006. See Declaration of Cary T. Tanaka at ¶2. Due to a number of scheduling conflicts, the deposition was held on October 12, 2006. Id. Prior to the deposition being conducted, Defendant Lum's counsel informed the parties that Defendant Lum would be asserting his Fifth Amendment privilege against self-incrimination because of a recent State investigation involving his use of a government document. Id. Defendant Lum was advised by his counsel in that matter to assert his Fifth Amendment privilege at the deposition in this case. Id.

Upon learning of Defendant Lum's decision, Cary T. Tanaka, Defendant Lum's counsel in this case, immediately notified all

parties that Defendant Lum would be asserting his Fifth Amendment privilege and that he would be made available at a later date if approved by his other counsel.  See Tanaka Declaration at ¶3.  Mr. Tanaka offered to make such representation in writing to Plaintiff's counsel in an effort to prevent the deposition from going forward as Defendant Lum would not be able to provide answers to most, if not all, of Plaintiff's inquiries.  Id.  However, Plaintiff's counsel requested that the deposition go forward, representing that he wanted to place Plaintiff's questions on the record.  Id.

In January, 2007, Mr. Tanaka learned from Defendant Lum's other counsel that Defendant Lum had since provided deposition testimony in another civil case and that he would in fact likely waive his previously asserted Fifth Amendment privilege in this case.  Id. at ¶4.  On January 9, 2007, Mr. Tanaka conveyed this information to all counsel in this case.  Id.; see also, email from Cary Tanaka to counsel, dated January 9, 2007, attached as Exhibit "1".

In February, 2007, Mr. Tanaka learned that Defendant Lum's other counsel had given their approval to allow Defendant Lum to testify in this case.  See Tanaka Declaration at ¶5.  On February 6, 2007, Mr. Tanaka emailed all counsel to inform them of Defendant Lum's availability for deposition and that the parties could proceed with scheduling the deposition even though Mr.

Tanaka was awaiting written confirmation from Defendant Lum's other counsel.  Id.; see also, email from Cary Tanaka to counsel, dated February 6, 2007, attached as Exhibit "2".

On February 7, 2007, Mr. Tanaka emailed all counsel to confirm his receipt of written confirmation from Defendant Lum's other counsel approving Defendant Lum's waiver of his Fifth Amendment privilege in this case.  See Tanaka Declaration at ¶6; see also, email from Cary Tanaka to counsel, dated February 7, 2007, attached hereto as Exhibit "3".  Defendant Lum's deposition was then noticed for February 15, 2007.  Id.

II. DISCUSSION

    A.    Defendant Lum Has No Objection to Submitting to Oral Deposition for a Second Day

As a preliminary matter, Defendant Lum has no objection to submitting to a further oral deposition for a second day on February 15, 2007 (the first day of his oral deposition was in October, 2006).  Further, Defendant Lum has no objection to Plaintiff's counsel asking him questions at his further deposition.

    B.    The Parties' Prior Agreement Allows for a Second Day of Deposition of Defendant Lum

On January 26, 2005, Plaintiff filed Plaintiff's Report of Parties' Rule 26(f) Planning Meeting ("Plaintiff's Report"), wherein the parties agreed as follows:

> (c) Duration of Depositions: The deposition of each named party shall be no more than two

>     (2) days and no more than seven (7) hours on
>     a single day.  All other depositions shall be
>     limited to seven (7) hours on a single day,
>     unless enlarged or continued by agreement of
>     the parties or ordered by the Court pursuant
>     to Fed. R. Civ. P. 30(d).

The Court's Amended Rule 16 Scheduling Order, filed herein on April 20, 2006, ordered the parties to follow the discovery plan agreed to as set forth in Plaintiff's Report.  When Defendant Lum was deposed on October 12, 2006 by Plaintiff's counsel, the entire duration of the deposition, excluding breaks, was approximately one hour and seven minutes, far short of the seven hour limit set forth in court rules and Plaintiff's Report.  <u>See</u> Plaintiff's Motion, Exhibit "B".  As such, pursuant to the parties' agreement as set forth in Plaintiff's Report, Defendant Lum's oral deposition may resume on a second day and any counsel seeking to further depose Defendant Lum at this time should be permitted to do so.

    C.    <u>Defendant Lum Should Not Be Punished for Properly Asserting His Constitutional Fifth Amendment Privilege Against Self-Incrimination</u>

It is well settled that individuals who assert their fifth amendment privilege against self-incrimination in a civil case should not be punished for doing so:

> The [Supreme] Court has made clear that the
> privilege protects the right of a person to
> remain silent unless he chooses to speak in
> an unfettered exercise of his own will, and
> that **he is to suffer no penalty for his
> silence**.
> 
>                 . . .

- 5 -

> 'In this context 'penalty' is not restricted
> to fine or imprisonment. It means . . . the
> imposition of any sanction which makes
> assertion of the Fifth Amendment privilege
> 'costly'.'

<u>Campbell v. Gerrans, et al.</u>, 592 F.2d 1054, 1057-58 (9th Cir. 1979) (emphasis added; internal and external citations omitted). The United States Court of Appeals, Third Circuit, has stated:

> Because the [Fifth Amendment] privilege is
> constitutionally based, **the detriment to the
> party asserting it should be no more than is
> necessary** to prevent unfair and unnecessary
> prejudice to the other side.

<u>S.E.C. v. Graystone Nash, Inc.</u>, 25 F.3d 187 (3rd Cir. 1994).

    Plaintiff's Motion states, "Once having made his decision and having committed to pleading the Fifth, one may not hereafter attempt to 'waive' his previous invocation of that right." <u>See</u> Plaintiff's Motion at p. 7. This assertion by Plaintiff is baseless and in direct contradiction to well established law. <u>See e.g.</u>, <u>S.E.C. v. Graystone Nash, Inc</u>., 25 F.3d 187 (3rd Cir. 1994); <u>F.T.C. v. Sharp</u>, 782 F.Supp. 1445 (D. Nev. 1991).

    When deciding whether to permit an individual to withdraw his Fifth Amendment privilege, the court should "take a liberal view towards such applications." <u>U.S. v. Certain Real Property and Premises</u>, 55 F.3d 78 (2nd Cir. 1995).

> The district court should, in general, take a
> liberal view towards such applications, for
> withdrawal of the privilege allows
> adjudication based on consideration of all
> the material facts to occur. The court
> should be especially inclined to permit

>    withdrawal of the privilege if there are no
>    grounds for believing that opposing parties
>    suffered undue prejudice from a litigant's
>    later-regretted decision to invoke the Fifth
>    Amendment.

Id.

For the reasons set forth below, Plaintiff has not been unfairly prejudiced or surprised. The deposition of Defendant Lum was noticed before the applicable discovery cut-off date. Moreover, Defendant Lum has agreed that, given his waiver of the privilege, Rule 56(f) of the Federal Rules of Civil Procedure would apply to any currently scheduled motion for summary judgment. Therefore, Defendant Lum should not be precluded from waiving his previously asserted Fifth Amendment privilege and testifying in this case.

>    D.   A Complete Ban of Defendant Lum's Testimony Is Not
>         Justified As Plaintiff Has Not Been Unfairly Surprised
>         or Prejudiced

In Graystone Nash, Inc., the court reversed the lower court's decision to bar defendants from presenting any evidence to contest the SEC's dispositive motion. The court found that the record lacked sufficient evidence to show that SEC suffered prejudice due to defendants' assertion of their Fifth Amendment right as it found the following: (1) the subject defendants who asserted their Fifth Amendment right were only two of seven total defendants in the case; (2) two other defendants had an agreement with the SEC that they would testify at evidentiary proceedings;

(3) the SEC took the depositions of several individuals; and (4) the SEC were in possession of material made available by one of the defendants who asserted the Fifth Amendment. Graystone Nash, Inc., 25 F.3d at 193. As such, the court stated:

> [A]ny allegation that the SEC was surprised by suddenly being confronted with new and unexpected evidence must be received with some caution.

Id. In addition, the court found that the SEC devoted substantial resources to its case, and that the situation was not one in which the "invocation of the privilege prevented the opposing party from obtaining the evidence it needed to prevail in the litigation." Id.

This case is very similar to the situation in Graystone Nash, Inc. for the following reasons: (1) Defendant Lum is only one of seven defendants in this case, (2) Plaintiff has information from Defendant Lum pertinent to her case as Defendant Lum answered the discovery responses propounded upon him and has produced documents in response to the same,[1] (3) Plaintiff is in possession of the discovery responses and produced documents from the other Defendants, and (4) to date, Plaintiff has taken 17

---

[1] See Defendant K.C. Lum's Response to Plaintiff's First Request for Admissions Under Rule 36, Dated October 24, 2005, dated December 2, 2005, attached as Exhibit "4"; see correspondence from Diane K. Agor-Otake, to John Hoshibata, dated February 7, 2007, attached hereto as Exhibit "5".

oral depositions in this case.[2]  See Tanaka Declaration at ¶7. In addition, Plaintiff attached 51 exhibits to her motion for summary judgment, 38 exhibits to her opposition to Defendant Lum's motion for summary judgment (Plaintiff recently asked for the Court's permission to include an additional exhibit to her pleading), and 32 exhibits to the motion for summary judgment filed on behalf of the County of Kauai et al.[3]

It is clear Plaintiff has access to an abundance of information relevant to this case and that Defendant Lum's earlier assertion of his Fifth Amendment right did not prevent Plaintiff from obtaining relevant information necessary for her case.  As such, Defendant Lum's constitutional right to assert his Fifth Amendment privilege did not prejudice Plaintiff; any such claim by Plaintiff should be "received with caution."  See,

---

[2]  The oral depositions taken to date in this case include: Defendant Wilfred Ihu, Defendant Dean Pigao, Defendant Gordon Isoda (twice), Vicki Fonoimoana, Wesley Kaui, Paul Kanoho (twice), Alejandro Quibilan, Darren Rose, Arnel Purisima, Eric Caspillo, Lawrence Stem, Richard Minatoya, Thomas Takatsuki, Miles Tanabe and Vivian Akina.  See Tanaka Declaration at ¶8.

[3]  See, Plaintiff's Response to Defendants County of Kauai, Kauai Police Department, Wilfred M. Ihu, Gordone Isoda and Dean Pigao's Separate and Concise Statement of Facts in Support of Their Motion for Summary Judgment On, Or In the Alternative, Dismissal of Counts I and II of the First Amended Complaint, filed here on January 19, 2007; Plaintiff's Response to Defendant K.C. Lum's Separate and Concise Statement of Facts in Support of His Motion for Summary Judgment, filed herein on February 2, 2007; and Plaintiff's Amended Separate and Concise Statement of Facts That Incorporates By Reference Exhibits "A" - "YY" Attached to the Stricken Separate and Concise of Facts Filed on January 8, 2007 [Docket Number 193], filed on January 12, 2007.

Graystone Nash, Inc., 25 F.3d at 193.  Thus Defendant Lum should not be penalized for properly asserting his constitutional Fifth Amendment privilege against self-incrimination.

  E. Defendant Lum Has Not Abused the Discovery Process

  The allegations and concerns set forth in Plaintiff's Motion are simply not present in this case.  First, except for his proper assertion of the Fifth Amendment at his oral deposition, Defendant Lum to date, has participated in discovery without obstruction.  Defendant Lum responded to Plaintiff's First Request for Admissions Under Rule 36, Dated October 24, 2005.  See Exhibit "4".  In addition, Defendant Lum responded to Plaintiff's request for production of documents and has produced documents responsive to the same prior to his assertion of Defendant Lum's Fifth Amendment privilege.  See Defendants K.C. Lum, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Response to Plaintiff's First Request for Production of Documents, Dated July 1, 2005, dated September 19, 2005 attached hereto as Exhibit "6"; see also, Exhibit "5".

  Further, Mr. Tanaka, Defendant Lum's counsel in this case, informed Plaintiff's counsel two months before the discovery deadline (March 9, 2007) that Defendant Lum was advised by his other counsel that he could now present testimony in this case.  See Tanaka Declaration at ¶4; see also, Exhibit "1"; see also, Amended Rule 16 Scheduling Order, filed herein on April 20, 2006.

Over one month prior to the discovery deadline Mr. Tanaka confirmed with Plaintiff's counsel that Defendant Lum would waive his Fifth Amendment privilege and would be available to present testimony.  <u>See</u> Tanaka Declaration at ¶5; <u>see also</u>, Exhibits "2"-"3".

Plaintiff's claims that Defendant Lum abused the discovery process and/or waived his Fifth Amendment privilege in the "eleventh hour" are thus baseless.  Moreover, any cases regarding such discovery abuse and/or "eleventh hour" waviers, relied upon by Plaintiff are not applicable to the facts that are present in the instant case.[4]

Any allegation that Defendant Lum is waiving his Fifth Amendment privilege in an attempt to present evidence to defeat summary judgment is baseless.  Defendant Lum's further deposition was scheduled for February 15, 2007, prior to the discovery cut-off in this case.  The record simply does not reflect any prejudice to the parties.  As such, Plaintiff's Motion should be denied.

---

[4] Also, Plaintiff's reliance on <u>SEC v. Cymaticolor Corp</u>., 106 F.R.D. 545 (S.D. N.Y. 1985), is inappropriate in this case as the United States Court of Appeals, Third Circuit, did not find the approach in <u>Cymaticolor</u> satisfactory because "the court there did not perform the careful evaluation used in [<u>F.T.C. v. Kitko of Nevada, Inc</u>., 612 F.Supp. 1282 (D. Minn. 1985)].  <u>Graystone Nash, Inc</u>., 25 F.3d at 192.

III. CONCLUSION

    For the foregoing reasons and authorities, Defendant Lum respectfully requests this Honorable Court deny Plaintiff's Motion in its entirety.

    DATED: Honolulu, Hawaii, February 16, 2007.

                          /s/ Cary T. Tanaka
                          CARY T. TANAKA
                          DIANE K. AGOR-OTAKE
                          Attorneys for Defendant
                          K.C. LUM