IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>　　　　　Defendants. | CIVIL NO. CV04 00562 KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

　　　　Defendants County of Kaua`i, Kaua`i Police Department, Wilfred M. Ihu, Gordon Isoda and Dean Pigao ("Defendants"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, respectfully move this Court for an order amending the Amended Rule 16 Scheduling Order, filed April 20, 2006, to extend the January 8, 2007 deadline for the parties to file dispositive motions. Specifically, Defendants request that the deadline for filing dispositive motions be extended to permit the filing of Defendants' Motion to Certify a Question to the

156035.1

Hawai`i Supreme Court or, in the Alternative, Entitling Defendants to Judgment on the Pleadings with Respect to Plaintiff's State Constitutional Claims, a copy of which is attached as Exhibit "A."

II.   PROCEDURAL BACKGROUND

Plaintiff originally filed this action on September 14, 2004. The original Rule 16 scheduling order was filed on February 11, 2005. An Amended Scheduling Order was filed on September 28, 2005. On March 3, 2006, Plaintiff moved to file a First Amended Complaint. This motion was granted and Plaintiff filed her First Amended Complaint on April 21, 2006. On April 7, 2006, Plaintiff filed a motion for an order modifying the Court's Amended Rule 16 Scheduling Order to extend all deadlines by three months. The motion was granted and, on April 20, 2006, the Court filed an Amended Rule 16 Scheduling Order.

III.   ARGUMENT

Defendants move for an order permitting modification of the Amended Scheduling Order to permit Defendants to file their Motion to Certify a Question to the Hawai`i Supreme Court or, in the Alternative, Entitling Defendants to Judgment on the Pleadings with Respect to Plaintiff's State Constitutional Claims. See, Exhibit "A."

Rule 16 of the Federal Rules of Civil Procedure ("FRCP") provides that, upon a showing of good cause, a district judge may modify the schedule. Fed. R. Civ. P. 16(b). This Court has held that the requisite good cause may be shown where a party raises an issue that is relevant to the Court's subject matter jurisdiction over the case. Tran v. Captain Glyn, Inc., 909 F. Supp. 727, 731 (D. Haw. 1995). Another factor for consideration in granting a motion to amend a scheduling order is any prejudice that may result. See id. In Tran v. Captain Glyn, Inc., 909 F. Supp. 727, 731 (D. Haw. 1995), the Court granted a motion to amend a scheduling order where the plaintiff had filed a motion for summary judgment after the deadline for dispositive motions. The Court observed that both Rule 16 (pretrial orders) and Rule 56 (summary judgment) share the purpose of narrowing issues for trial where appropriate, and stated that it, too, was guided by that purpose. Id. "While the court does not take lightly the strictures of scheduling orders, it also takes seriously its responsibility to apply pretrial requirements with 'intelligent flexibility, taking into full consideration the exigencies of each situation.'" Id. (citing Davis v. Duplantis, 448 F.2d 918, 921 (5th Cir. 1971)). Consequently, the Court found that good cause and the interests of justice warranted the consideration of the plaintiff's motion on the merits.

Here, as in <u>Tran</u>, Defendants seek relief to permit consideration of a motion that address the Court's jurisdiction to hear specific matters, and that potentially serve the purpose of narrowing issues for trial.

Moreover, this motion comes not on the eve of trial, but more than three months prior to the trial date, and only weeks after the existing dispositive motions cut-off. In addition, two dispositive motions previously filed have to be reset for hearing prior to trial. Plaintiff will suffer no prejudice by any brief delay in the filing of this motion, particularly as other scheduled dates, such as the discovery cutoff, have not yet passed and, in fact, have recently been reset from March 9, 2007 to April 30, 2007.

Good cause is also shown because the filing of this motion was prompted by the implicit invitation of the Court at the February 6, 2007 hearing on Defendants' Motion for Summary Judgment on, or in the Alternative Dismissal of, Counts I and II of the First Amended Complaint, and Dismissal of Counts V and VII of the First Amended Complaint (filed December 12, 2006) and in the order disposing of that motion (Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, filed February 7, 2007, "MSJ Order," attached hereto as Exhibit "B"). At the hearing, Judge Mollway advised that it appeared there was no clear Hawai`i law determining whether a claim for damages could be brought directly under the Constitution of the State of Hawai`i, and presented the

question to the parties. Transcript of Proceedings of February 6, 2007, attached hereto as Exhibit "C", at 10-11. Although Judge Mollway remarked that it was not clearly before her at the hearing, she stated, "I throw that out for your consideration because, if [Plaintiff] persist[s] in the state constitutional claim, it may well be that I will be compelled to certify this question . . . ." Id. at 11. Judge Mollway added, "So I throw that out for you to consider, but it's likely to have to be resolved at some point before this case goes to trial." Id. In the MSJ Order, Judge Mollway included a footnote on the question: "Abbatiello is urged to consider the issue of whether claims may be brought directly under the state constitution. If the state constitutional claims remain at issue, this court may be compelled to certify that issue to the Hawai`i Supreme Court." MSJ Order at 37 n.7.

      Defendants consider these references to be an implicit invitation to file the motion.

      It is also significant that Plaintiff has also requested, on April 7, 2006, amendments to the Amended Scheduling Order. Her motion to amend was filed just three days prior to the deadline for disclosure of her experts and expert reports. The Court granted the motion and continued all pretrial and trial dates. See, Amended Rule 16 Scheduling Order filed April 20, 2006.

      Finally, without disputing the merit of validity of Plaintiff's claim of delay by defendants in producing discovery, the parties agreed to extend the

deadline imposed by the Amended Scheduling Order for Plaintiff's submission of her economist's expert report.  See, Exhibit "D."  For reasons of fairness, the Court should give the same consideration to Defendants' instant request.

IV. <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Court grant their motion and modify the Rule 16 Scheduling Order to permit the filing of Defendant's Motion to Certify a Question to the Hawai`i Supreme Court or, in the Alternative, Entitling Defendants to Judgment on the Pleadings with Respect to Plaintiff's State Constitutional Claims.

DATED:  Honolulu, Hawai`i, February 20, 2007.

/s/ David J. Minkin
DAVID J. MINKIN
BECKY T. CHESTNUT
KARA M.L. YOUNG

Attorneys for Defendants
COUNTY OF KAUA`I, KAUA`I POLICE
DEPARTMENT, WILFRED M. IHU,
ISODA and DEAN PIGAO