LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY           7535
3175 Elua Street, Suite C
Lihue, Hawaii 96766
Telephone No. (808) 632-0000
Facsimile No. (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER            4750
JOHN HOSHIBATA                 3141
JEANNETTE HOLMES CASTAGNETTI   7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-5644
Facsimile No. (808)599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S REPLY |
| | ) MEMORANDUM IN SUPPORT OF |
| vs. | ) MOTION TO PRECLUDE ORAL |
| | ) DEPOSITION OF DEFENDANT K. |
| COUNTY OF KAUAI, KAUAI | ) C. LUM FILED ON FEBRUARY 7, |
| POLICE DEPARTMENT, K.C. LUM, | ) 2007; DECLARATION OF DANIEL |
| WILFRED M. IHU, GORDON | ) G. HEMPEY; DECLARATION OF |
| ISODA, DEAN PIGAO, IRVIL | ) JOHN HOSHIBATA; CERTIFICATE |
| KAPUA, | ) OF SERVICE |

|  |  |
|---|---|
| Defendants. | ) Date: February 23, 2007 |
|  | ) Time: 9:00 a.m. |
|  | ) Judge: Honorable Kevin S.C. Chang |
|  | ) |
|  | ) Trial Date: May 8, 2007 |
| _____ | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO PRECLUDE ORAL DEPOSITION OF
DEFENDANT K. C. LUM FILED ON FEBRUARY 7, 2007**

Plaintiff Darla Abbatiello ("Plaintiff"), by and through her attorneys Bronster Crabtree & Hoshibata and the Law Office of Daniel Hempey, files this Reply Memorandum in Support of her Motion to preclude the taking of the oral deposition of Defendant K. C. Lum, filed on February 7, 2007.

This Reply Memorandum in Support of Motion is brought pursuant to Local Rules 7.4, 7.5, and 7.6 and is based upon the attached Declaration of Daniel G. Hempey, Declaration of John Hoshibata, Plaintiff's Motion to Preclude Oral Deposition of Defendant K.C. Lum filed on February 7, 2007, and the records and files of this case.

I.  DEFENDANTS OPPOSITION FAILS TO EXPLAIN WHY LEAVE OF COURT WAS NOT OBTAINED PURSUANT TO F.R.C.P. 30(A)(2)(B).

F.R.C.P. 30(A)(2)(B) plainly prohibits a second deposition of Lum, unless leave of Court is obtained first. Defendants did not obtain such leave of Court. Instead, they merely noticed a second deposition of Lum in violation of the rule.

2

Plaintiff addressed this in her motion to preclude the deposition but this point was ignored in Defendants' opposition papers and no reason was given to justify the rule violation. Defendants' failure to follow the procedural strictures of F.R.C.P. 30(A)(2)(B) remains unexcused and unexplained. Accordingly the rule precludes the second deposition.

II.    THERE HAS BEEN NO SHOWING OF GOOD CAUSE TO JUSTIFY AND TO PERMIT A SECOND DEPOSITION OF LUM.

Even before the promulgation of F.R.C.P. 30(A)(2)(B), the case of Graebner v. James River Corp., 130 F.R.D. 430, (N.D. CA 1989), clarified that "repeat depositions are disfavored, except in certain circumstances. Examples include: long passage of time with new evidence, new theories added to the complaint, etc." Id.

Such circumstances are not present in this case. Defendants have failed to identify any good cause as to why Lum should be permitted to violate F.R.C.P. 30(A)(2)(B).

The rule would preclude the requested deposition even if leave of court had been properly requested, because there has been absolutely no showing of good cause. In fact, the Defendants have not identified what aspect, if any, of the criminal investigation of Lum suddenly and conveniently freed him from the concern of criminal jeopardy, immediately after Plaintiff sought an adverse inference against him for his refusal to participate in discovery.

3

III.  DEFENDANTS IMPROPERLY CHARACTERIZE THE REQUESTED SECOND DEPOSITION AS A CONTINUATION OF THE FIRST DEPOSITION.

Defendants seek to avoid the general rule that a second deposition cannot occur absent a Motion for Leave of Court and good cause by improperly characterizing the requested deposition as a continuation of the first deposition. This characterization is false.

First, the October 12, 2006 deposition was not one that went unfinished due to a lack of time. To the contrary, the deposition was concluded only after Plaintiff's counsel exhausted his list of 175 questions designed to elicit essential information from Lum. Defense counsel chose not to ask Lum any questions. When Plaintiff's counsel informed the attorneys near the conclusion of the deposition that "I think we're gonna wrap this up in the next two or three minutes," (Deposition of K.C. Lum at 66:16-17. *See* Exhibit "A" to Plaintiff's Motion to Preclude Oral Deposition of Defendant K. C. Lum filed on February 7, 2007) no one objected and no one requested that the deposition remain open until a later date.

In fact, until Defendants filed their opposition to this motion, no one had ever indicated that the Lum deposition remained "open" or that it would be "resumed" at a later date. *See* Declaration of Daniel Hempey at ¶ 11.

Lum's counsel's statements that he would notify other counsel when and if Lum chose to become available to cooperate with the discovery procedures did not have the effect of indefinitely "continuing" the deposition until such time as Lum decided to be deposed.

To the contrary, the deposition was commenced and concluded on October 12, 2006. Lum did not avail himself of any opportunity to correct his testimony after the deposition. He did not timely request a stay of the civil case nor did he request continuance of the civil case until he felt he was out of jeopardy. Instead, he permitted the deposition to proceed to conclusion. Faced with the ramifications of that decision, only now does he seek to reverse his course.

Since Lum's deposition concluded without any substantive answers from the witness, Plaintiff refrained from filing a third amended complaint based on additional retaliation that later arose in the case. Plaintiff wanted to get the case to trial. Plaintiff conducted numerous other depositions without the benefit of Lum's testimony which was prejudicial to her. Her attorneys prepared a Motion for Summary Judgment based largely on the deposition, and the case was set for trial. This involved hundreds of hours of attorney and paralegal time. *See* Declaration of Daniel Hempey at ¶¶ 6,7, 13-14. Much of this time will have been utterly wasted if a second deposition is permitted at this late date.

Characterizing the proposed second deposition as a mere continuation of the first deposition would be disingenuous and false, and would result in serious prejudice to Plaintiff.

IV. A SECOND DEPOSITION OF LUM WOULD VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS, CAUSE PREJUDICE AND VIOLATE BASIC NOTIONS OF FAIR PLAY.

Prior to commencing discovery, Plaintiff's counsel formulated a discovery plan. That plan was to take depositions using a "top down" approach beginning with the deposition of the police chief. *See* Declaration of Daniel Hempey at ¶ 3.

Plaintiff's counsel spent a tremendous amount of time and effort dealing with Lum's refusal to answer Plaintiff's questions in a deposition. Plaintiff was left with an informational void that negatively impacted nearly every other deposition taken in this case.

If Defendants are permitted to re-depose Lum at this late date, it will likely require Plaintiff to redo depositions of numerous witnesses, certainly more than ten, to discover their responses to Lum's testimony. This, in turn, would likely necessitate a continuance of the trial date, and it would likely cause an unwarranted and prejudicial rescheduling of deadlines. This is not fair to the Plaintiff. It would also violate F.R.C.P. 30(a)(2)(a) which prohibits a second deposition where the "proposed deposition would result in more than ten depositions being taken under this rule." Id.

6

Moeover, Lum has had approximately four months to study the transcript of the first deposition and to carefully craft his responses to future deposition questions. In effect, Lum and his attorneys have had not only a "road map" of the deposition, but several months for Lum to formulate his answers to 175 specific questions. No other party in this case has had such a dramatic and unfair advantage. Lum should not be permitted to use the 5th Amendment as a "sword" in this manner.

It is worth noting that neither Lum, nor any other Defendant, requested a stay of the case while the criminal investigation of Lum played out. Instead all parties permitted the deposition of Lum to go forward, and all parties had the same opportunity as Plaintiff to ask Lum questions.

A defendant need not be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding. Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976).

Delays in this litigation have been especially hard on Plaintiff herself. She has been hospitalized on several occasions in the last year due to the stress of the

situation at KPD and due to the stress of this long-pending case. She continues to suffer retaliation at the hands of KPD, but has refrained from amending her lawsuit so that she could get her case to trial.

In short, Plaintiff suggests that Lum is playing "fast and loose" with the 5th amendment and the rules of civil procedure and this has had tangible negative consequences on Plaintiff and her ability to prepare for trial. Such tactics should not be condoned. The Motion to Preclude Oral Deposition of Defendant K.C. Lum should be granted and Plaintiff should be awarded her fees and costs associated with this motion. *See* Declarations of Daniel G. Hempey and John Hoshibata.

DATED: Honolulu, Hawaii, February 22, 2007.

    /s/ John Hoshibata
DANIEL G. HEMPEY
MARGERY S. BRONSTER
JOHN T. HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
Attorneys for Plaintiff
DARLA ABBATIELLO