IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| | ) |
| Plaintiff, | ) DECLARATION OF DANIEL G. |
| vs. | ) HEMPEY |
| | ) |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | ) ) ) ) ) |
| Defendants. | ) ) |

## DECLARATION OF DANIEL G. HEMPEY

I, Daniel G. Hempey, under penalty of perjury, state as follows:

1. I am one of the attorneys representing Plaintiff Darla Abbatiello. I submit this declaration based on personal knowledge of the facts and circumstances declared herein. I am competent to make this declaration.

2. On or about September 15, 2006 I noticed the deposition of former Kauai police chief, Defendant K. C. Lum ("Lum"). The deposition was scheduled for October 12, 2006.

3. Prior to noticing any oral depositions, co-counsel and I decided to do a "top down" approach, deposing chief Lum first and basing our discovery and deposition plan around this timing and approach.

4. Prior to the deposition, Lum's attorneys informed me that Lum would be invoking his 5th amendment privilege against self-incrimination (the "5th") to at least some of the questions at the deposition.

5. At no time did Lum or any other party request a stay of any portion of the case at bar until resolution of the criminal prosecution of Lum (*See* <u>Wehling v. CBS</u>, 608 F.2d. 1084, 1089 (5th Cir. 1979).

6. My associates and I spent over 10 hours researching the possible implications of such an important witness invoking the 5th at his deposition. My co-counsel Bronster Crabtree and Hoshibata ("BCH") also expended a significant amount of time and effort in this research. I concluded that I would need to ask Lum the same questions at the deposition that I would ask him at trial, even if he took the 5th to every question.

7. I spent approximately 8 hours preparing for approximately 175 lines of questioning in the deposition, and reviewing the documents that I would use to elicit or impeach testimony from Lum. My co-counsel BCH also expended a significant amount of time and effort in preparation for the deposition.

8. At the beginning of the deposition I warned Lum, *inter alia*, that "to the extent that you do take the Fifth today, that action could affect the case at trial. For example, plaintiff, Darla Abbatiello, through her attorneys might ask to

2

preclude you from testifying at trial on matters in which you assert the Fifth Amendment today because, of course, we'd be unable to find out what you would say before trial; or your testimony could be limited at trial in some other way." Deposition of K.C. Lum at 6:9-16. *See* Exhibit "A" to Plaintiff's Motion to Preclude Oral Deposition of Defendant K. C. Lum filed on February 7, 2007.

9. At the deposition, I asked Lum approximately 175 questions. He refused to answer all but two of them, both of which were non-substantive.

10. Attorneys for the County of Kauai, and for the Co-Defendants did not attempt to ask Lum any substantive questions at his deposition, though they were given the opportunity to do so.

11. At the deposition, no one ever indicated that the Lum deposition remained "open" or that it would be "resumed" at a later date.

12. The deadline to file dispositive motions in this matter was January 8, 2007.

13. I, along with my partners, co-counsel, associates and paralegals invested hundreds of hours preparing Plaintiff's Motion for Summary Judgment against chief Lum, which was largely based on the fact that Lum subjected himself to an adverse inference when he evaded the discovery process by invoking the 5th at his deposition.

14. Plaintiff's Motion for Summary Judgment was filed on or about January 8, 2007. The Court then required that the Motion be re-filed to conform with page limits on the concise statement of undisputed facts, and after spending over 40 hours editing the Motion, Statement, exhibits and supporting papers, it was then re-filed on January 12, 2007.

15. Only after we served our Motion for Summary Judgment upon Defendants, did Lum suddenly state that he was ready to be deposed.

16. The Defendants who now wish to depose Lum have not obtained a court order permitting the second deposition. *See* F.R.C.P. 30(a)(2)(b), mandating that "a party must obtain leave of Court [if] ... the person to be examined already has been deposed in the case".

17. The parties who failed to ask Lum a single substantive question at his deposition should not be permitted to re-notice his deposition so that they may ask him questions they failed to ask the first time.

18. Lum's counsel essentially informed me via email this week that since Lum has been deposed and given testimony in another civil matter, he can now testify in the case at bar. Other than this assertion, I have not heard of any justification as to why Lum's counsel waited until after Plaintiff filed a dispositive motion, based on an adverse inference, before informing counsel that Lum feels

4

that he can now cooperate with discovery in this case.

19. Plaintiff will be severely prejudiced if Lum is permitted to testify at this late date, the current discovery cutoff would not even permit a timely Motion to Compel, should Lum refuse to answer additional questions.

20. Furthermore, Lum and his attorneys have had over four months since the original deposition to study the deposition transcript and prepare answers to over 175 questions, which should have been answered spontaneously without advance notice of the intended questions.

21. Lum and his attorneys now have the benefit of four months of preparation for his deposition, with the added benefit of a having transcript of the first deposition, which provides a virtual "road map" to how he would be questioned.

22. If Defendants are permitted to depose Lum at this late date, after failing to question him at the first deposition, after Plaintiff was forced to take all of the other depositions in the case without the benefit of Lum's testimony, with Lum having had the benefit of knowing precisely which questions he would be asked and after preparing for those questions over the past four months, and after a dispositive motion was filed that relied heavily on an adverse inference against Lum, Plaintiff will suffer great and irreparable prejudice.

23. This prejudice would also include the hundreds of hours spent by Plaintiff's attorneys preparing for the deposition and motions based upon Lum's earlier invocation of the Fifth Amendment.

24. Prejudice would also be caused by Lum's ability to have months to prepare for his deposition with a list of the questions he would be asked at his disposal; the fact that it is too late for a Motion to Compel to be brought in the event that Lum again refuses to answer questions in a subsequent deposition; that several other depositions in the case will have to be re-noticed in light of Lum's expected new testimony; and that Plaintiff is bearing the psychological and emotional weight of the 2 ½ year old case that should be headed to trial.

25. I am prepared to submit a detailed statement of attorneys' fees and costs expended should Plaintiff's Motion to Preclude Oral Deposition of Defendant K. C. Lum be granted.

I declare under penalty of perjury that the foregoing statements are true and correct.

DATED: Lihue, Hawaii, February 22, 2007.

DANIEL G. HEMPEY