REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

MICHAEL J. McGUIGAN        2433-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Telephone:  (808) 524-8350
Facsimile:   (808) 531-8628
E-mail:  mjm@roplaw.com

*Attorney for Defendant*
*IRVIL KAPUA*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>                     Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>                     Defendants. | CIVIL NO. CV04-00562 SOM/BMK<br><br>DEFENDANT IRVIL KAPUA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I-VIII OF THE FIRST AMENDED COMPLAINT AGAINST K.C. LUM AND COUNTS I, II, IV, VI, VII, AND VIII OF THE FIRST AMENDED COMPLAINT AGAINST IRVIL KAPUA FILED ON JANUARY 8, 2007; DECLARATION OF MICHAEL J. MCGUIGAN; EXHIBITS "A"-"E"; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE<br><br>DATE:     MARCH 12, 2007<br>TIME:      9:00 A.M.<br>MAGISTRATE KEVIN S.C. CHANG<br>TRIAL DATE:  JUNE 5, 2007 |

DEFENDANT IRVIL KAPUA'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON COUNTS I-VIII OF THE
FIRST AMENDED COMPLAINT AGAINST K.C. LUM AND
COUNTS I, II, IV, VI, VII, AND VIII OF THE FIRST AMENDED
COMPLAINT AGAINST IRVIL KAPUA FILED ON JANUARY 8, 2007

I.  INTRODUCTION

   A.  SUMMARY JUDGMENT STANDARD

   Summary judgment is only appropriate where there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Cellotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

   At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

   In a ruling on a summary judgment motion, a court must view all facts and draw all inferences in the light most favorable to the non-moving party. Poller v. CBS Inc., 368 U.S. 464, 82 S. Ct. 486, 7 L. Ed. 2d 458 (1962).

   The specific facts set forth in the depositions and answers to admissions contradict the facts shown in the defendants declarations as to Irvil Kapua and show that there is a genuine issue of material fact for trial.

Since summary judgment is an extreme remedy, it should never be substituted for trial if a material factual controversy exists. In addition, the party opposing the motion or Kapua in this instance is to be indulged to the extent of all inferences which may reasonably be drawn from the record. <u>Matsushita Electric Industrial Company v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Summary judgment for the plaintiff is not appropriate because a question of material fact exist as to whether one on duty obscenity and one off duty obscenities constitute a violation of her Federal Civil Rights and her Hawaii Constitutional Rights.

II.   FACTS

Plaintiff Darla Abbatiello has alleged in her First Amended Complaint that the Court has jurisdiction over the Federal Claims in this action pursuant to 28 U.S.C. §§1331 & 1343, 42 U.S.C. §§ 1983, 1985, and 1988 as well as the first and Fourteenth Amendments of the Constitution of the United States. She does not make any claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000 et. seq.

At paragraph 101 in her First Amended Complaint, she claims that there has been an unconventional deprivation of her rights by the Defendants.

Plaintiff fails to identify which Constitutional Right she has been deprived of by Kapua.

The Plaintiff alleges in her Complaint albeit in a vague and ambiguous fashion the Defendants "and others" who are not identified conspired to violate her Civil Rights in violation of 42 U.S.C. §1985. She does not allege when this conspiracy took place and who participated in it.

The Plaintiff does admit, however, in her First Amended Complaint that the individual Defendants at all times were acting within the course and scope of their employment with the Kauai Police Department. She does not allege how the County of Kauai, a governmental entity, participated in this conspiracy, nor does she address the intracorporate conspiracy doctrine.

Title 42 U.S.C. §1985 is set forth as follows:

By its terms, therefore, the statute requires that a plaintiff must allege and prove four elements:

(1)   A Conspiracy;

(2)   For the purpose of depriving, either directly or indirectly any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;

(3)   An act in furtherance of the conspiracy; and

(4)   Whereby a person is either injured in his person or property of deprived of any right or privilege of a citizen of the United States.

4

The Plaintiff's claim under 42 U.S.C. §1985 is unavailing. The Plaintiff was neither a federal officer nor a party or witness in federal proceeding; therefore, 42 U.S.C. §1985(1) and (2) do not apply. See Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 717 (9th Cir. 1981); Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993). Nor has the Plaintiff shown that the Defendants conspired to deprive her of her Constitutional Rights because of class based invidious animus, as required for a violation of 42 U.S.C. §1985 (3).

> "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."

Citing Griffin v. Breckenridge, 403 U.S. 88, 102; 91 S. Ct. 1790; 21 L. Ed. 2d 338 (1971).

The intracorporate conspiracy doctrine precludes Plaintiff's claim. In her First Amended Complaint the Plaintiff alleges that "Defendant County of Kauai ("County") is a municipal corporation, which has the power to sue and be sued, and is a political subdivision of the State of Hawaii." See, First Amended Complaint at paragraph 2 attached hereto as **Exhibit "A"**.

In paragraph 3 of her First Amended Complaint, the Plaintiff alleges that "Defendant Kauai Police Department ("KPD") is an agency and entity of Defendant County of Kauai. **See Exhibit "A",** at paragraph 3).

The Plaintiff alleges that "at all times relevant to this Complaint, Defendants were acting within the course and scope of their employment with the County of Kauai." **See Exhibit "A",** at paragraph 6).

To sustain a claim under 42 U.S.C. §1985 the Plaintiff must prove the existence of a conspiracy among "two or more persons." The intracorporate conspiracy doctrine provides that a corporation cannot conspire with its own employees or agents as a matter of law. See Hoefer v. Fluor Daniel, Inc., 92 F. Supp. 2d 1055, 1057 (C.D. Cal. 2000); Schmitz v. Mars, Inc., 261 F. Supp. 2d 1226, 1234-35 (D. Or. 2003).

The United States District Court for the Southern District of California most recently addressed the issue in Woldeab v. 7-Eleven, Inc., 2006 U.S. Dist. LEXIS 82191 (Nov. 2006). While noting that the Circuit Courts are divided on whether the intracorporate doctrine bars a §1985 claim where the defendants are a corporation or government entity and its individual agents. It noted that the Ninth Circuit has not yet addressed the issue. In Portman v. County of Santa Clara, 995 F.2d 898; 1993 U.S. App. LEXIS 13397 (1993), the Court declined to resolve the

conflict "because the parties have not briefed the issue, nor has the District Court ruled on it." Id. at 36.

Most recently, the United States District Court for the Eastern District Court of California in Blunt v. County of Sacramento, 2000 U.S. Dist. LEXIS 11099 (March 2006).

> The fact that the majority of circuit courts have held that the intracorporate conspiracy doctrine should indeed apply to §1985 actions, this Court will apply the doctrine to the present case." Id. at 36.

In Hawaii, in Nova White v. Pacific Media Group, Inc. 322 F.Supp.2d 1101, 2004 U.S. Dist. LEXIS 11711 (June 2004), the Plaintiff sued the defendants, employers and a supervisor, alleging under federal and state law the that defendants demoted the employee, reduced her salary, refused to promote her and terminated her on the basis of her race, sex and age and retaliated against her complaining of the discrimination.

> In addressing her claims under 42 U.S.C. §1985, the court stated:
>
> Plaintiff must show that (1) "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' actions'" and (2) that the conspiracy "'aimed at interfering with rights' that are 'protected against private, as well as official encroachment.'" Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68, 122 L.Ed.2d 34, 113 S. Ct. 753 (1993) (further citations omitted).
> To the extent the court understands Plaintiff's complaint, she appears to be alleging that Defendants conspired to demote her and deprive her of deserved promotions.

7

Plaintiff, however, is suing an employee, a company, and the alleged parent company of the same legal entity. Since a company cannot conspire with itself, Plaintiff's claim against Defendant Gannett fails. Moreover, employees of a company are not liable for conspiracy so long as the employee is acting within the scope of his employment. Johnson v. Hills & Dales General Hospital, 40 F.3d 837 838 (6th Cir. 1994); See Kacludis v. GTE Sprint Communication Corp., 806 F. Supp. 866, 873 (N.D. Cal. 1992) (stating that agents of the employer who are vested with the power to act for the employer stand in the place of employer). The count finds that to the extent Plaintiff was denied promotion, Defendant Grimes was acting within the scope of his employment because promotions were necessarily a part of his job as General Manager of Pacific Media Publication. Moreover, Defendant Grimes is the only employee named in the complaint. It is unclear to the court, who, if anyone, Defendant Grimes would have conspired with. The court therefore GRANTS Defendants' Motion for Partial Summary Judgment of Plaintiff's Claims under Section 1985 (3).

The Plaintiff fails to state which subsection she is appealing to in her complaint, nor does she allege how Officer Kapua either deprived her of the equal protection of the laws or deprived her from exercising any right or privilege of a citizen of the United States. To state a claim under §1985, Plaintiff "must plead specific material facts that show the existence of a conspiracy." Copeland v. Northwestern Memorial Hospital, 964 F. Supp. 1225, 1236 (N.D. Ill. 1997).

The Courts have never sought to impose "a general servility code for the American work place." Quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998)). While no one would

condone the remarks made to the Plaintiff, there is not even an allegation that it unreasonable interfered with her work performance.

Kapua has admitted verbalizing expletive in the presence of the Plaintiff. The Plaintiff claims a second incident that occurred in a restaurant, however, her own report of that incident to the Kauai Police Department does not support her claim.

In the deposition of acting Chief of Police, Wilfred Ihu, called as a witness by the Plaintiff, she reported that the expletive was not directed at her.

> Q. When Darla reported to you Irvil yelling the expletive in the restaurant, did you garner from that that he had yelled fuck at her?
>
> A. No. He let out an expletive when she walked in. She did not say that it was directed specifically at her or he just letting out (sic) an expletive.
>
> Q. So as far as the report you received, you couldn't tell whether it was he yelled fuck because Darla walked in the room or he had Tourette's syndrome and just screamed fuck randomly?
>
> A. My point is that based on her statements to me, it was not directed at her. Like he did not go up to her and say fuck you to her. He let out an expletive. It could be because Darla walked into the restaurant, sure.

See Deposition of Wilfred Ihu at page 24, lines 5-20 attached hereto as **Exhibit "B"**.

That report is collaborated in the deposition of Alejandro Quibilan, a Lieutenant in the Kauai Police Department. He accompanied the Plaintiff at the restaurant.

> Q. Who did you see?
>
> A. I didn't see – They were behind a partition that was fairly high. They were already seated, so I couldn't see over it. But it came in their direction, the sound came from their direction, and I recognized the voice.
>
> Q. So the profanity that was uttered, you didn't see it being uttered, you just heard it being uttered; is that correct?
>
> A. Yes.
>
> Q. By the time you looked over to where it was being uttered from, you could not see Irvil or his wife because there was a partition separating you from them; is that correct?
>
> A. Yes.
>
> Q. As you set here today, you have no direct knowledge that the profanity was actually uttered towards you, Darla Abbatiello or even Mrs. Kapua; is that correct?
>
> A. That's correct.

See Deposition of Alejandro Quibilan at page 82, lines 5-22 attached hereto as **Exhibit "C"**.

Sergeant Kapua and the Plaintiff were not even in close proximity when he said the expletive. According to Alejandro Quibilan, Plaintiff's companion, Kapua and his wife were at the other end of the building from where the Plaintiff and Quibilan were seated. In his deposition at page 104, he was asked the following question:

> Q. When Irvil and his wife came in, they sat at a table where from yours?
>
> A. There was a partition separating the dining area. We were closer—We sat closer to the – I guess to the buffet line where people pick up their food. They went to the other end of the building where the partition separated Irvil and his wife from Officer Abbatiello and myself.

See Deposition of Alejandro Quibilan at page 104, lines 6-12 attached hereto as **Exhibit "D"**.

Dean Pigao who between May of 2004 and July of 2004 was assigned as the acting Assistant Chief of the Investigative Services Bureau of the Kauai Police Department. In his deposition, he was questioned as follows:

> Q. Have you ever heard Officer Kapua swear at anybody within the KPD building?
>
> A. I can't remember, but maybe. We all do.

See Oral Deposition of Dean Pigao at page 35, lines 3-5, attached hereto as **Exhibit "E"**.

If the Plaintiff is claiming that Kapua's conduct towards her created a hostile working environment to which she is entitled to relief, she has not alleged it in her pleadings. If she is claiming that her demotion resulted from a report of misconduct by Kapua unrelated to these two incidents, then they are immaterial to her claim. Even if true, they hardly amount to a case of sexual harassment or hostile work environment.

For an atmosphere of sexual harassment or hostility to be actionable, the defending behavior "must be sufficiently severe or pervasive to alter to conditions of the victim's employment and create an abusive working environment." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67, 91 L. Ed. 2d 49, 106 S. Ct. 2399 (1986). A hostile-environment constructive discharge (i.e. demotion) claim entails something more. A Plaintiff who advances such a compound claim must show working conditions so intolerable that a reasonable person would have felt compelled to resign.

One expletive in the work place said in passing hardly constitutes a hostile environment and was hardly of sexual motivation. "The workplace that is actionable is the one that he "hellish."" Baskerville v. Culligan International Company, 50 F.3d 428, 430, 1995 U.S. App. LEXIS 5533.

While it is conceded that harassing conduct, if severe, pervasive or persistent can effect the terms or conditions of employment; casual, isolated, or

trivial occurrence do not violate the law.   See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993).

In neither of the incidences in which an expletive was voiced did Kapua seek out the Plaintiff.  They were casual incidences and isolated and mere offensive utterances at best.

In Gross v. Burggraf Construction Company, 53 F.3d 1531, 1995 U.S. App. LEXIS 9640 (10th Cir.), the Court confronted the issue of sexual appetites in the work place.

> The Plaintiff's claims were examined "in the context of a blue collar environment where crude language is commonly used by male and female employees.  Speech that might be offensive or unacceptable in a prep school faculty meeting, or on the floor of Congress, is tolerated in other work environments."

III.  CONCLUSION

The trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), "this remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2nd Cir. 2000).

Since there is a factual dispute as to what, if anything, Kapua said to the Plaintiff and since there is no evidence that demonstrates that Kapua violated

the Plaintiff's Federal Civil Rights and her Hawaii Constitutional Rights, the Plaintiff's Motion for Summary Judgment should be denied.

The proponent of summary judgment motion must establish a cause of action by making a prima facie showing of entitlement to judgment as a matter of law tendering sufficient evidence to eliminate any material issues of fact from the case. The Plaintiff has failed to do this. Failure of the proponent of a summary judgment motion to make such a prima facie showing "requires denial of the motion, regardless of the sufficiency of the opposing papers. <u>Winegrad v. New York Univ. Med. Ctr.</u>, 64 N.Y.2d 851, 853, 476 N.E. 2d 642, 487 N.Y.S.2d 316 (1985).

Certainly there is doubt as to the existence of a trial of issue. "an Article III Judge is not a hierophant of social graces" and there is no defensible justification for the belief that courts are superior to juries in demarcating the boundary between merely inappropriate conduct and deprivation of Constitutional Rights. See <u>Gallagher v. Delaney</u>, 139 F.3d 338, 347 (2nd Cir. 1998).

DATED: Honolulu, Hawaii, _____FEB 2 2 2007_____.

_/s/ M. McGuigan_
MICHAEL J. McGUIGAN
*Attorney for Defendant*
IRVIL KAPUA