EXHIBIT A PART TWO

deliberate indifference to or purposeful deprivation of Plaintiff's constitutional rights and the custom was the moving force behind the constitutional violation.

94. That authority of Chiefs Ihu and Lum and Assistant Chief Pigao is established by the Revised Charter of the County of Kauai, which vests the Chief of Police with vast duties and powers, including preservation of the public peace, prevention of crime, detection and arrest of offenders against the law, preservation of life, protection of the rights of persons and property, and enforcement and prevention of violations of law.

95. For purposes of 42 U.S.C. §§ 1983 and 1985, Defendants County of Kauai, KPD, Acting Chiefs Ihu and Lum, Assistant Acting Chiefs Isoda and Pigao, and Sergeant Kapua are persons.

96. Each of those persons, under color of statute, ordinance, regulation, custom, and usage of the State of Hawaii, and its municipal subdivisions, did subject, and cause to be subjected, Plaintiff, a citizen of the United States, to the deprivation of rights, privileges, and immunities secured to her by the Constitution and laws of the United States.

97. Those rights are the rights to exercise protected speech under the First Amendment to the Constitution of the United States described above, as well as the right to equal protection of the laws, and to due process of law.

98. Defendants unlawfully demoted Plaintiff from her position in KPD, and by their intentional, systematic, and continuous misconduct toward Plaintiff, Defendants totally disregarded her rights to substantive and procedural due process guaranteed by the Fourteenth Amendment to the United States, and have caused Plaintiff injuries and irreparable harm for which Plaintiff is entitled to relief under 42 U.S.C. §§ 1983 and 1985.

99. Defendants are liable to Plaintiff because Chiefs Ihu and Lum directly committed and commanded the violation of Plaintiff's rights, and because Chiefs Ihu and Lum indirectly caused the misconduct by Sergeant Kapua and Lieutenant Pigao by direction, and by reason of their acquiescence in a longstanding practice or custom which constitutes the standard operating procedure of KPD under Acting Chief Ihu and Chief Lum.

100. Defendants are also liable to Plaintiff because Chiefs Ihu and Lum either directly committed and commanded the removal and/or loss of her FTO and cellblock positions and assignments, or indirectly caused the removal and/or loss of her FTO and cellblock positions and assignments through their actions, ratification and/or acquiescence.

101. As a result of the unconstitutional deprivation of her rights by Defendants, Plaintiff has suffered monetary damages, and severe mental and emotional distress.

102. The actions of Defendants were willful, wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

103. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

### COUNT II
(Conspiracy to Violate Civil Rights)

104. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 103, inclusive, as if set forth in full herein.

105. Defendants, and others, conspired to violate the civil rights of Plaintiff described more fully above, in violation of 42 U.S.C. § 1985.

106. As a result of the unconstitutional deprivation of her rights by Defendants, Plaintiff has suffered monetary damages, and severe mental and emotional distress.

107. The actions of Defendants were willful, wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

108. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

## COUNT III
(Whistleblower's Protection Act)

109. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 108, inclusive, as if set forth in full herein.

110. Pursuant to Haw. Rev. Stat. § 378-61, Abbatiello is an employee of the County of Kauai and KPD.

111. Pursuant to Haw. Rev. Stat. § 378-61, the County of Kauai and KPD are employers of Abbatiello. In addition, Chiefs Ihu and Lum and Lieutenant Pigao, acting as agents of the County and KPD, were employers of Abbatiello.

112. Defendants Ihu, Lum, and Pigao -- all employers of Abbatiello -- discriminated and retaliated against Abbatiello regarding her terms and conditions, location, and privileges of employment, because Abbatiello reported to a public body, as that term is defined in Haw. Rev. Stat. § 378-61, verbally, and in writing, violations and suspected violations of laws and rules adopted pursuant to laws of the state of Hawai'i, County of Kauai, and the United States.

113. As a result of these actions by Defendants, Plaintiff has suffered monetary damages, and severe mental and emotional distress.

114. As a result thereof, Abbatiello suffered actual damages and is entitled to relief pursuant to Haw. Rev. Stat. § 378-61, *et seq.*

## COUNT IV
(Wrongful termination in violation of public policy)

115. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 114, inclusive, as if set forth in full herein.

116. Defendants' actions contravened a clear mandate of public policy within the meaning of <u>Parnar v. Americana Hotels, Inc.</u>, 65 Haw. 370, 652 P.2d 625 (1982), so as to render Defendants liable for the tort of wrongful termination in violation of public policy. Such transfer and demotion was a violation of the public policy against retaliation as expressed by the letter and purpose of, the Hawai'i Whistleblowers Protection Act, among others.

117. As a result of these actions by Defendants, Plaintiff has suffered monetary damages, and severe mental and emotional distress.

118. The actions of Defendants were willful, wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

119. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

## COUNT V
(Employer negligence in supervision/retention of employee)

120. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 119, inclusive, as if set forth in full herein.

121. Defendants Ihu and Lum, the KPD and the County were negligent in their supervision and retention of Sergeant Kapua within the meaning of <u>Abraham v. S.E. Onorato Garages</u>, 50 Haw. 628 (1968) and other cases. This negligence is the proximate cause of Plaintiff's injuries.

122. Defendants Ihu and Lum, the KPD and the County knew or should have known of the necessity and opportunity for exercising control over Sergeant Kapua. Given the many prior instances of Sergeant Kapua's violations of police policy and his violence, KPD, the County, and Chiefs Ihu and Lum had clear notice of Sergeant Kapua's dangerousness, and failed to ensure that the KPD Standards of Conduct, including the Guide for Disciplinary Action, were met. Therefore, the harm caused to Plaintiff Abbatiello by Sergeant Kapua was foreseeable. The harm includes mental anguish, wage loss, and other damages.

123. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

### COUNT VI
(Intentional infliction of emotional distress)

124. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 123, inclusive, as if set forth in full herein.

125. The actions of Defendants, as set forth above, were intentional and unreasonable. Defendants did or should have realized that their actions would likely cause emotional distress. The conduct alleged herein was malicious,

26

reckless, beyond the bounds of conduct recognized as appropriate by society, and extreme and outrageous, so as to render Defendants liable for the tort of intentional infliction of emotional distress.

126. As a result of these actions by Defendants, Plaintiff has suffered monetary damages, and severe mental anguish and emotional distress.

127. The actions of Defendants were willful, wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

128. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

## COUNT VII
(Negligent infliction of emotional distress)

129. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 128, inclusive, as if set forth in full herein.

130. The actions of Defendants, as set forth above, were negligent, and foreseeably resulted in physical harm to Plaintiff, and was a legal cause of injury to Plaintiff.

131. As a result of these actions by Defendants, Plaintiff has suffered monetary damages, physical harm and mental anguish and emotional distress with which a reasonable person of normal mental health could not cope.

132. The actions of Defendants were wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

133. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

### COUNT VIII
(Violation of Rights Secured to Plaintiff Pursuant to
the Constitution of the State of Hawaii)

134. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 133, inclusive, as if set forth in full herein.

135. The actions of Defendants as set forth above, violated Plaintiff's rights secured to her by the Constitution of the state of Hawai'i, including, but not limited to, rights to freedom of speech, due process of law, equal protection of the law, and the enjoyment of her civil rights.

136. As a result of the unconstitutional deprivation of her rights by Defendants, Plaintiff has suffered monetary damages, and severe mental and emotional distress.

137. The actions of Defendants were willful, wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

138.   Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered as follows:

(1)   Pursuant to 28 U.S.C. § 1343, and 42 U.S.C. §§ 1983, 1985 & 1988, declaratory and injunctive relief restoring Plaintiff to her previous position including but not limited to her FTO and cellblock position and assignments, with assurances of a safe workplace without unreasonable restrictions or conditions on employment, for an injunction against Defendants barring them from continuing their illegal activities, and their continuing deprivation of Plaintiff's civil rights, for an injunction barring Defendants from retaliating against Plaintiff, for general, special, and punitive damages in an amount to be proven at trial, for costs and attorneys' fees, and for such other and further relief as the Court deems just and proper;

(2)   Pursuant to Haw. Rev. Stat. §§ 378-63 & 378-64, appropriate injunctive relief and actual damages as therein defined, including injunctive relief requiring the reinstatement of Plaintiff to her previous position including but not limited to her FTO position and cellblock assignments, with assurances of a safe workplace without unreasonable restrictions or conditions on employment, and the

other injunctive relief requested above, for costs and attorneys' fees, and such other and further relief as the Court deems just and proper; and

   (3) Pursuant to all other claims and causes of action, appropriate injunctive and declaratory relief, including the injunctive and declaratory relief described above, general, special, and punitive damages in an amount to be proven at trial, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

   DATED: Honolulu, Hawai'i, April 21, 2006.

           /s/ John Hoshibata
           Daniel G. Hempey
           Margery S. Bronster
           John Hoshibata
           Jeannette H. Castagnetti
           Attorneys for Plaintiff
           DARLA ABBATIELLO

Daniel G. Hempey           7535
Law Office of Daniel G. Hempey
3175 Elua Street
Lihue, Hawaii 96766
Telephone No. (808) 823-0000
Facsimile No. (808) 632-2332
hemplaw@hawaii.rr.com

Margery S. Bronster         4750
John Hoshibata              3405
Jeannette H. Castagnetti    7211
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-5644
Facsimile No. (808) 599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net
Attorneys for Plaintiff Darla Abbatiello

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA,<br><br>    Defendants. | CIVIL NO. CV04 00562 SOM BMK<br><br>DEMAND FOR JURY TRIAL<br><br><br><br><br><br><br><br>Trial Date: May 8, 2007<br>Time:      9:00 a.m.<br>Judge:     Susan O. Mollway |

## DEMAND FOR JURY TRIAL

Plaintiff above-named, by and through her attorneys Daniel G. Hempey and Bronster Crabtree & Hoshibata, hereby demands trial by jury on all issues triable herein.

DATED: Honolulu, Hawaii, April 21, 2006.

                              /s/ John Hoshibata
                              Daniel G. Hempey
                              Margery S. Bronster
                              John Hoshibata
                              Jeannette H. Castagnetti
                              Attorneys for Plaintiff
                              DARLA ABBATIELLO

Daniel G. Hempey          7535
Law Office of Daniel G. Hempey
3175 Elua Street
Lihue, Hawaii 96766
Telephone No. (808) 823-0000
Facsimile No. (808) 632-2332
hemplaw@hawaii.rr.com

Margery S. Bronster       4750
John Hoshibata            3405
Jeannette H. Castagnetti  7211
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-5644
Facsimile No. (808) 599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net
Attorneys for Plaintiff Darla Abbatiello

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| Plaintiff, | ) DEMAND FOR JURY TRIAL |
| vs. | ) |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA, | ) |
| Defendants. | ) Trial Date: May 8, 2007<br>) Time: 9:00 a.m.<br>) Judge: Susan O. Mollway |

## DEMAND FOR JURY TRIAL

Plaintiff above-named, by and through her attorneys Daniel G. Hempey and Bronster Crabtree & Hoshibata, hereby demands trial by jury on all issues triable herein.

DATED: Honolulu, Hawaii, April 21, 2006.

                                        /s/ John Hoshibata
                                        Daniel G. Hempey
                                        Margery S. Bronster
                                        John Hoshibata
                                        Jeannette H. Castagnetti
                                        Attorneys for Plaintiff
                                        DARLA ABBATIELLO

Daniel G. Hempey          7535
Law office of Daniel G. Hempey
3175 Elua Street
Lihue, Hawaii 96766
Telephone No.:   (808) 823-0000
Facsimile No.:   (808) 632-2332
hemplaw@hawaii.rr.com

Margery S. Bronster       4750
John Hoshibata            3141
Jeannette H. Castagnetti  7211
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No.:   (808) 524-5644
Facsimile No.:   (808) 599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>　　　　　　Defendants. | ) CIVIL NO. CV04 00562 SOM BMK<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>) (Re: First Amended Complaint;<br>) Demand for Jury Trial)<br>)<br>)<br>)<br>)<br>)<br>) Trial Date: May 8, 2007<br>) Time:       9:00 a.m.<br>) Judge:      Susan O. Mollway |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses on April 21, 2006:

**Served Electronically through CM/ECF:**

BECKY T. CHESTNUT, ESQ.  
DAVID J. MINKIN, ESQ.  
    Attorneys for Defendants K.C. LUM,  
    WILFRED M. IHU, GORDON ISODA  
    and DEAN PIGAO

chestnut@m4law.com  
minkin@m4law.com  
saguibo@m4law.com

MICHAEL J. McGUIGAN, ESQ.  
    Attorney for Defendant IRVIL KAPUA

mjm@roplaw.com

CHRISTIANE L. NAKEA-TRESLER, ESQ.  
    Attorneys for Defendants  
    COUNTY OF KAUAI and  
    KAUAI POLICE DEPARTMENT

cntresler@kauai.gov

**Served by First Class Mail:**

    DANIEL G. HEMPEY, ESQ.  
    Law Office of Daniel G. Hempey  
    3175 Elua Street  
    Lihue, Hawaii 96766  
        Attorney for Plaintiff  
        DARLA ABBATIELLO

LISA W. CATALDO, ESQ.
McCorriston Miller Mukai MacKinnon LLP
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
    Attorney for Defendants
    K.C. LUM, WILFRED M. IHU,
    GORDON ISODA and DEAN PIGAO

LANI D.H. NAKAZAWA, ESQ.
Office of the County Attorney
4444 Rice Street, Suite 220
Lihue, Hawaii 96766
    Attorney for Defendants
    COUNTY OF KAUAI and
    KAUAI POLICE DEPARTMENT

CARY T. TANAKA, ESQ.
745 Fort Street, Suite 510
Honolulu, Hawaii 96813
    Attorney for Defendant
    K.C. LUM

DATED: Honolulu, Hawaii, April 21, 2006.

                        /s/ John Hoshibata
                      MARGERY S. BRONSTER
                      JOHN HOSHIBATA
                      JEANNETTE HOLMES CASTAGNETTI
                      DANIEL G. HEMPEY
                          Attorneys for Plaintiff
                          DARLA ABBATIELLO