LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY          7535
3175 Elua Street, Suite C
Lihue, Hawaii 96766
Telephone No. (808) 632-0000
Facsimile No. (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER               4750
JOHN HOSHIBATA                    3141
JEANNETTE HOLMES CASTAGNETTI   7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-5644
Facsimile No. (808)599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04 00562 SOM BMK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANTS' |
| vs. | ) | COUNTY OF KAUAI, KAUAI |
| | ) | POLICE DEPARTMENT, WILFRED |
| COUNTY OF KAUAI, KAUAI | ) | M. IHU, GORDON ISODA AND |
| POLICE DEPARTMENT, K.C. LUM, | ) | DEAN PIGAO'S MOTION TO |
| WILFRED M. IHU, GORDON | ) | AMEND AMENDED SCHEDULING |
| ISODA, DEAN PIGAO, IRVIL | ) | ORDER TO PERMIT FILING OF |
| KAPUA, | ) | DISPOSITIVE MOTIONS, FILED |

|                          | ) ON FEBRUARY 20, 2007; |
|--------------------------|--------------------------|
| Defendants.              | ) CERTIFICATE OF SERVICE |
|                          | ) |
|                          | ) Date:  February 23, 2007 |
|                          | ) Time:  9:00 a.m. |
|                          | ) Magistrate Judge: Kevin S.C. Chang |
|                          | ) |
| _____  | ) Trial Date: June 5, 2007 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, WILFRED M.
IHU, GORDON ISODA AND DEAN PIGAO'S MOTION TO AMEND
AMENDED SCHEDULING ORDER TO PERMIT FILING OF
DISPOSITIVE MOTIONS, FILED ON FEBRUARY 20, 2007**

Plaintiff Darla Abbatiello ("Plaintiff"), by and through her attorneys

Bronster Crabtree & Hoshibata and the Law Office of Daniel Hempey, files this

Memorandum in Opposition to Defendants County of Kauai, Kauai Police

Department, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion to Amend

Amended Scheduling Order to Permit Filing of Dispositive Motions filed on

February 20, 2007.

Plaintiff's memorandum in opposition is brought pursuant to Local Rules

7.4 and 7.5, and is based upon the records and files of this case.

I.    <u>INTRODUCTION</u>

Plaintiff opposes Defendants County of Kauai, Kauai Police Department,

Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion to Amend Amended

Scheduling Order to Permit Filing of Dispositive Motions filed on February 20,

2007.

II.    <u>PROCEDURAL BACKGROUND</u>

On September 14, 2004, Plaintiff filed her Complaint against the County of Kauai, Kauai Police Department, K.C. Lum, Wilfred M. Ihu, Gordon Isoda, Dean Pigao, and Irvil Kapua.  The original Rule 16 Scheduling Order was filed on February 11, 2005, and jury trial was scheduled for February 22, 2006.  An Amended Scheduling Order was filed on September 28, 2005, resulting in a new trial date of October 11, 2006.  Plaintiff moved to amend the complaint on March 3, 2006.  The motion was granted and the First Amended Complaint was filed on April 21, 2006.  A further Amended Scheduling Order was filed on April 20, 2006, resulting in a new trial date of May 8, 2007.  This last Amended Scheduling Order set the dispositive motions deadline on December 6, 2006.  Thereafter, during a status conference before Magistrate Barry M. Kurren on October 4, 2006, and upon agreement of all parties, the dispositive motions deadline was moved from December 6, 2006 to January 8, 2007.

Prior to January 8, 2007, and in reliance on that deadline, motions for summary judgment were filed by Defendants County, KPD, Ihu, Isoda and Pigao (December 12, 2006); Defendant Lum (January 4, 2007) and Plaintiff (January 8, 2007).

As of the date of this filing, the court-imposed deadline for the filing of all

dispositive motions expired over six weeks ago.  Opposition memoranda and reply

memoranda to the summary judgment motions have been filed.  One summary

judgment motion has already been argued (February 6, 2007) and ruled upon

(February 7, 2007) by Judge Mollway.

On February 16, 2007, a status conference was held with Magistrate Judge

Kevin S.C. Chang presiding.  The status conference was necessary, because all

parties and their counsel had agreed to a jury trial by Judge Chang.

At the status conference, Judge Chang ordered the following scheduling

amendments:

- Jury Selection/Trial rescheduled to June 5, 2007
- Opening statements and first witness rescheduled to June 6, 2007
- Final pretrial conference rescheduled to April 20, 2007
- Plaintiff's disclosure of treatment/medical providers to defense counsel on February 21, 2007
- Defendants to subpoena providers by February 23, 2007
- Production of remaining documents to take place on March 2, 2007
- Plaintiff's review of documents by March 7, 2007
- Redacted documents to be produced to Defendants by March 9, 2007
- Further status conference scheduled for March 14, 2007 to address redaction/scheduling issues and oral depositions that counsel intend to take
- Discovery deadline set for April 30, 2007
- "Resetting of the Settlement Conference that was set for March 5, 2007, before Judge Kurren will be addressed on February 23, 2007" ("Counsel to discuss whether Judge Kurren will continue as the settlement judge.")

*See,* Court Minutes, Document 228, filed February 16, 2007.

4

The Court did not reschedule or even discuss any deadlines that had expired, including the deadline for filing dispositive motions, which has been expired for over six weeks. Rather, the Court directed Mr. Minkin to file a motion to amend scheduling order, which was to encompass only those pending and future deadlines discussed at the status conference.[1]

Rather than filing a limited motion concerning only those deadlines articulated by the Court, Mr. Minkin apparently instructed Mr. McGuigan to file the motion on his behalf while Mr. Minkin filed his Motion to Amend Amended Scheduling Order to Permit Filing of Dispositive Motions ("Motion re Dispositive Motions"), which was not encompassed or permitted by this Court's instructions articulated during the status conference on February 16, 2007, and in its Minutes, filed February 16, 2007.

For the following reasons, the Motion re Dispositive Motions and any joinder to that motion, should be denied.

---

[1] In the Court's Minutes (Document 228 filed February 16, 2007), the Court directed that "Defendant K.C. Lum's Motion for Summary Judgment and Defendants County of Kauai, etc. Joinder in Defendant K.C. Lum's Motion for Summary Judgment set 2/20/07 before Judge Mollway is taken off calendar and will be reset. The resetting of the Settlement Conference that was set for 3/5/07 before Judge Kurren will be addressed on 2/23/07." The scheduling changes described in the Minutes, including the resetting of the above-described motion and settlement conference, were the objectives to be accomplished via the "Motion to Amend Scheduling Order" which Mr. Minkin was instructed to file.

III.   ARGUMENT

     1.   F.R.C.P. 16(b) Requires a Showing of Good Cause For Amending the Pre-trial Schedule.

F.R.C.P. 16(b), which governs the scheduling and planning of pre-trial events, states in relevant part:

> (B)   Scheduling and Planning.   Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties ... enter a scheduling order that limits the time
>     (2) to file motions ...
>     (4) modifications of the times for disclosures under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted ...
> A schedule shall not be modified except upon a showing of good cause **and** by leave of the district judge or, when authorized by local rule, by a magistrate judge.
>
> (Emphasis added.)

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).  The Ninth Circuit in the Johnson case held that, once the district court had filed a pretrial scheduling order which established a timetable for amending pleadings, Rule 16(b)'s "good cause" standards control.  Id. at 607-608.  Lack of diligence and/or carelessness "is not compatible with a finding of diligence and offers no reason for a grant of relief" under the Rule.  Id. at 609.

6

The case of <u>United States v. Boyce</u>, 148 F.Supp.2d 1069 (S.D. Cal. 2001) is particularly instructive.  In <u>Boyce</u>, the defendants filed a motion seeking leave to file a second amended answer to add a counterclaim.  The defendants sought that relief under F.R.C.P. 15(a), governing motions to amend.  However, the Court held that defendants' reliance on that rule was misplaced, because the defendants sought to amend their answer after the deadline established in the pretrial scheduling order.

> Under these circumstances [where the deadline has passed], the Boyce must first make a showing of good faith under Rule 16(b) before the Court analyzes the motion under rule 15(a). <u>Johnson v. Mammoth Recreations, Inc.</u> 975 F.2d 604, 607-608 (9th Cir. 1992); <u>Deghand v. Wal-Mart Stores, Inc</u>., 904 F.Supp. 1218, 1221 (D. Kan. 1995() ("Because the plaintiff sought leave to amend her complaint after the deadline established in the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is the Plaintiff's first hurdle.")  "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." <u>Jackson v. Laureate, Inc</u>., 186 F.R.D. 605, 607 (E.D. Cal. 1999) [*quoting* <u>Sosa v. Airprint Systems, Inc</u>., 133 F.3d 1417, 1419 (11th Cir. 1998)]...
>
> To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the Court in creating a Rule 16 scheduling order; (2) <u>that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference</u>; and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. [Internal citation omitted.] Finally, the

Ninth Circuit has stated that <u>"carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"</u>.

<u>Boyce</u>, *supra,* at 1078-1079.  Emphases added.

In the case of <u>Deshazo v. Estate of Clayton</u>, *Slip Copy*, 2006 WL 1794735 (D. Idaho 2006), the plaintiff filed a motion to modify and/or enlarge time regarding scheduling order.  The motion was filed after the deadline had passed for filing dispositive motions.  The Federal District Court denied the motion based upon F.R.C.P. 16(b).  <u>Id</u>. at 13.

Under these precedents, Defendants have not demonstrated "good cause" for their motion to amend amended scheduling order.  They could have and should have filed the dispositive motion years ago and certainly prior to the dispositive motions deadline.

2.    <u>Defendants' Motion Is Untimely</u>.

As articulated above, the deadline for the filing of dispositive motions is long past.  Defendants' Motion regarding Dispositive Motions, couched disingenuously as a "Motion to Amend Amended Scheduling Order", is nothing more than a thinly veiled attempt to open the door to an onslaught of dispositive motions that could have and should have been filed before the dispositive motions deadline of January 8, 2007.

Judge Mollway did not rule or imply that the deadline should be changed to

allow for late motions.  This Court, as well, did not rule or imply that the deadline

should be extended after the fact.  As stated above, this Court dealt only with

pending or future deadlines, not those long past.

       3.    <u>Defendants' Motion Is an Improper Backdoor Attempt to Circumvent the Dispositive Motions Deadline.</u>

Defendants County of Kauai, Kauai Police Department, Wilfred Ihu, Gordon

Isoda and Dean Pigao have filed their Motion regarding Dispositive Motions for

the sole purpose of bootstrapping their proposed "Motion to Certify a Question to

the Hawaii Supreme Court or, in the Alternative, Entitling Defendants to Judgment

on the Pleadings With Respect to Plaintiff's State Constitutional Claims" ("Motion

to Certify and for Judgment") <u>long after the deadline for the filing of dispositive</u>

<u>motions has expired</u>.

Defendants have already filed their motions for summary judgment and

motions for dismissal.  Their motions sought summary disposition of every one of

Plaintiff's claims:   her claims brought under Count I of her First Amended

Complaint (Federal Civil Rights violations), Count II (Conspiracy to Violate

Federal Civil Rights), Count III (Whistleblowers' Protection Act), Count IV

(Wrongful Termination), Count V (Negligent Supervision and/or Retention),

Count VI (Intentional Infliction of Emotional Distress), Count VII (Negligent

Infliction of Emotional Distress) and Count VIII (Violation of Hawaii State

9

Constitutional Rights).  *See* Defendants County of Kauai, Kauai Police Department, Wilfred M. Ihu, Gordon Isoda and Dean Pigao's Motion for Summary Judgment On, Or in the Alternative Dismissal of, Counts I and II of the First Amended Complaint, and Dismissal of Counts V and VII of the First Amended Complaint", Document 182, filed on December 12, 2006.  *See* Defendant K.C. Lum's Motion for Summary Judgment, Document 189, filed on January 4, 2007.[2]

Defendants could have and should have filed their proposed motion concerning the certification of a question to the Hawaii Supreme Court and their motion for judgment on the pleadings well before the January 8, 2007 deadline. The fact that they filed their all-encompassing dispositive motions before the deadline is clear proof of their ability and opportunity to make the arguments contained in their Motion to Certify and for Judgment, that they now have lost.

Plaintiff brought her Hawaii state constitutional claims in September, 2004, in her original Complaint.  Defendants have had 2-1/2 years in which to file the motion that they now seek to file long after the dispositive motions deadline and a scant 3-1/2 months prior to trial.

---

[2] Defendant County, et al.'s, motion included a prayer that the Court dismiss all state claims, in addition to those specifically identified in its caption.  Each Defendant filed joinders to each others' motions for summary judgment and/or dismissal.

4.    <u>If Defendants' Motion re Dispositive Motions is Granted, Plaintiff Will Suffer Severe Prejudice and the Interests of Justice Will Not be Served</u>.

If Defendants' motion is granted, they will file their Motion to Certify and for Judgment, which will result in justice delayed and justice denied. It is designed to and will assuredly cause an indeterminate amount of delay. The delay will cause prejudice in the prosecution of her case and will only benefit the Defendants. Witnesses may become unavailable. Evidence will become stale. Plaintiff's own medical condition will certainly become worse. The principles of judicial economy and prompt justice will be turned upside down.

IV.    <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants' Motion regarding Dispositive Motions should be denied.

DATED:  Honolulu, Hawaii, February 22, 2007.

  /s/ John Hoshibata                               
DANIEL G. HEMPEY
MARGERY S. BRONSTER
JOHN T. HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
Attorneys for Plaintiff
DARLA ABBATIELLO