IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, ) | CIVIL NO. CV04 00562 KSC |
| ) | |
|     Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | SUBSTANTIVE JOINDER |
|   vs. ) | |
| ) | |
| COUNTY OF KAUAI, KAUAI ) | |
| POLICE DEPARTMENT, K.C. LUM, ) | |
| WILFRED M. IHU, GORDON ISODA, ) | |
| DEAN PIGAO, and IRVIL KAPUA, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF SUBSTANTIVE JOINDER

    Defendant K. C. LUM hereby substantively joins in and adopts by reference the arguments set forth in Defendants COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, WILFRED M. IHU, GORDON ISODA and DEAN PIGAO's (collectively referred to as "County Defendants") Motion to Amend Amended Scheduling Order and to Permit Filing of Dispositive Motions filed herein on February 20, 2007, as well as the exhibits attached therein.

    Rule 16 of the Federal Rules of Civil Procedure states the following in pertinent part with regard to scheduling orders:

> A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

Fed. R. Civ. P. 16(b).

    In <u>Tran v. Captain Glyn, Inc.</u>, 909 F. Supp. 727 (1995), Plaintiff filed suit against the owner of a fishing boat,

claiming that he was injured while working on board the boat due to the owner's breach of duty to furnish a safe vessel. The defense filed a motion for summary judgment, followed by Plaintiff filing his cross-motion for summary judgment. Plaintiff's cross-motion was filed after the scheduled deadline to file motions. In addressing the propriety of the filing of the cross-motion, this Honorable Court, in citing to Rule 16, stated that a district judge may modify the schedule where good cause is shown. 909 F. Supp. at 731. In stating this proposition, the Court went on to state that good cause does exist when issues of subject matter jurisdiction are raised by the parties. The court went on to state that, as the defense did not demonstrate any prejudice suffered by the motion, "the interests of justice mitigate in favor of considering [Plaintiff's] motion on the merits." 909 F. Supp. at 731.

As set forth in the County Defendants' motion, good cause does exist to permit the parties to submit additional dispositive motions which, if addressed, would allow this Court to narrow the issues which would be presented at trial. In particular, at issue would be whether this Court would maintain subject matter jurisdiction with regard to claims brought directly under the Constitution of the State of Hawaii. This very issue was raised and inquired into by the Honorable Susan Mollway during a recent hearing on the County Defendants' motion for partial summary

judgment as set forth in the County Defendants' memorandum in support of their motion, as well as their supporting documentation.

By allowing the rescheduling of deadlines in the instant case, this Court would be providing all parties with a more orderly disposition of trial issues.  Moreover, the rescheduling of deadlines would also assist the parties, with the help of this Honorable Court, to maintain some semblance of order with regard to the discovery which remains herein.

This substantive joinder is brought in good faith and not as a means to harass the parties or delay the proceedings.  For the above-enunciated reasons, Defendant K.C. LUM respectfully substantively joins in the County Defendants' motion and requests that this Honorable Court grant him the same relief being prayed for by the County Defendants herein.

DATED:  Honolulu, Hawaii, February 22, 2007.

/s/ Cary T. Tanaka
CARY T. TANAKA
DIANE K. AGOR-OTAKE
Attorneys for Defendant
K.C. LUM