IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DARLA ABBATIELLO, | CIVIL NO. CV04 00562 KSC |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

In Count IV of her First Amended Complaint, filed April 21, 2006 ("First Amended Complaint"), Plaintiff purports to assert claims directly under the Constitution of the State of Hawai`i. Specifically, she alleges the actions of the Defendants "violated Plaintiff's rights secured to her by the Constitution of the state of Hawai`i, including, but not limited to, rights to freedom of speech, due process of law, equal protection of the law, and the enjoyment of her civil rights." First Amended Complaint ¶ 135. Plaintiff seeks monetary damages for these alleged deprivations of Constitutional rights. Id. ¶ 136. However, as demonstrated

below, there is no clear precedent for such claims under Hawai`i law. As the question is one of fundamental state law, the question of the existence of such claims is a question that may properly be placed for certification with the Supreme Court of the State of Hawai`i. Defendants County of Kaua`i and Kaua`i Police Department ("Defendants") therefore respectfully ask the Court to certify the following question to the Supreme Court of the State of Hawai`i:

> Does the law of the State of Hawai`i permit direct claims for damages for alleged deprivations of rights secured under the Hawai`i Constitution, without statutes implementing such claims?

In the alternative, Defendants request that the Court grant judgment on the pleadings with respect to these claims, on grounds that the relevant provisions of the Hawai`i Constitution are not self-executing, meaning that if such claims are to be recognized, it is up to the State Legislature to enact implementing legislation, which it has not done. Moreover, even if the Constitutional provisions *were* self-executing, their status as such does not translate to an automatic entitlement to monetary damages for deprivations of any attendant rights. As the establishment of a Constitutional monetary damages claim is well within the purview of the Legislature, Defendants respectfully suggest that the Court should decline to create such a claim, particularly because Hawai`i courts have not done so.

II.     APPLICABLE STANDARDS

    A.     Certification to the Hawai`i Supreme Court

Rule 13(a) of the Hawai`i Rules of Appellate Procedure provides that a federal district court may certify a question to the Hawai`i Supreme Court when the question: (1) concerns Hawai`i law; (2) which is determinative of the cause; and (3) there is no clear controlling precedent in the Hawai`i judicial decisions. See also Richardson v. City & County of Honolulu, 802 F. Supp. 326, 345 (D. Haw. 1992); Pai 'Ohana v. United States, 875 F. Supp. 680, 700 (D. Haw. 1995) (citing Robinson v. Ariyoshi, 65 Haw. 641, 658 P.2d 287 (1982), *modified in part*, 66 Haw. 528, 726 P.2d 1133 (1983)).

    B.     Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings. A motion for judgment on the pleadings under Rule 12(c) is proper when, taking all material allegations in a complaint as true and construing them in a light most favorable to the nonmoving party, the moving party demonstrates that it is entitled to judgment as a matter of law. Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) (citing Fajardo v. County of L.A., 179 F.3d 698, 699 (9th Cir. 1999) for the proposition that a motion for

judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law).

III.   ARGUMENT

      A.   The Question at Issue is Appropriate for Certification to the Hawai`i Supreme Court

The essential question with regard to Count VII of Plaintiff's First Amended Complaint, filed April 21, 2006, is whether the law of the State of Hawai`i permits direct claims for damages for alleged deprivations of rights secured under the Hawai`i Constitution, in the absence of specific constitutional provisions or statutes implementing such claims. Because the question is one of fundamental state law; because the question is dispositive of these claims; and because there is no clear state law precedent on the issue, the question is appropriate for certification the Hawai`i Supreme Court.

As observed by this Court in Richardson v. City & County of Honolulu, 802 F. Supp. 326 (D. Haw. 1992), "[t]he United States Supreme Court has consistently approved of the use of certified questions to state supreme courts when a federal court case involves an important question of state law which is both unclear under state legal precedent and would be determinative in the instant case. 802 F. Supp. at 344 (cataloguing supporting cases). The Court added that the use of state certification procedures serves to "save time, energy, and resources and helps build a cooperative judicial federalism." Id. (quoting Lehman Bros. v. Schein, 416 U.S.

386, 391 (1974)). The decision to certify a state law question to the state supreme court rests in the sound discretion of the federal district court. Id. at 345 (citing Louie v. United States, 776 F.2d 819, 824 (9th Cir. 1985)).

For a federal court to certify a question to a state supreme court, the state court must provide a specific procedure for receiving such questions. Section 602-5(2) of the Hawai`i Revised Statutes provides that the Hawai`i Supreme Court shall have jurisdiction to answer any question or proposition of law certified to it by a federal district court, if the rules of the state supreme court so provide. The Hawai`i Supreme Court has authorized certified questions pursuant to Rule 13 of the Hawai`i Rules of Appellate Procedure ("HRAP").

HRAP Rule 13(a) provides that a federal district court may certify a question to the Hawai`i Supreme Court when the question concerns Hawai`i law, is determinative of the cause, and there is no clear controlling precedent in the Hawai`i judicial decisions. See also Richardson, 802 F. Supp. at 345; Pai 'Ohana, 875 F. Supp. at 700.

Here, there can be no question that the existence of damages claims alleged to arise directly under the State Constitution is a question of Hawai`i law. The question is also fundamentally determinative of the claims in Count VII of Plaintiff's First Amended Complaint; if the question is answered in the negative, Plaintiff's claims in Count VII fall away. With respect to the third question,

although several courts have touched upon the question, there is yet no clear precedent, as repeatedly recognized by the courts.

Figueroa v. State, 61 Haw. 369, 604 P.2d 1198 (1980), appears to be the first Hawai`i case touching upon the question presented. There, the plaintiff, like Plaintiff here, attempted to assert a private right of action in damages for violations of various Constitutional rights directly under the State Constitution. The Court did not hold that a constitutional provision, even if self-executing, permitted—or did not permit—a claim of monetary damages for alleged constitutional violations. Figueroa, 61 Haw. at 382, 604 P.2d at 1206. Instead, the Court's ultimate decision in that case rested upon its refusal to interpret the constitutional provisions as a waiver of the State's sovereign immunity.

Subsequently, in 1986, the question of whether Hawai`i recognizes direct claims for damages for deprivation of rights under the State Constitution arose again in Makanui v. Department of Education, 6 Haw. App. 397, 721 P.2d 165 (1986). The Intermediate Court of Appeals in Makanui explicitly declined to decide "whether Hawaii recognizes a cause of action for damages for deprivation of rights under the state's constitution of laws," as the question was not decided in Figueroa. Makanui, 6 Haw. App. at 403 n.2, 721 P.2d at 170 n.2.

In 1988, the United States District Court for the District of Hawai`i faced the question in Mow v. Cheeseborough, 696 F. Supp. 1360 (1988), and observed that

the "Hawaii state appellate courts have yet to enunciate whether the State recognizes a cause of action for damages arising from a deprivation of rights under the Hawaii Constitution as against individuals." 696 F. Supp. at 1365. Noting that the plaintiffs had filed suit in state court, the federal court declined to decide the question, finding instead that "the disposition of this significant issue more appropriately rests within the province of the Hawaii judiciary." Id. (emphasis added).

The question arose most recently in Maizner v. State of Hawai`i, 405 F.Supp. 2d 1225 (2005), in which the Court stated that it "need not and does not here decide the substantive issue of whether Maizner's direct claim under the state constitution is cognizable." 405 F.Supp. 2d at 1240.

In the short time since Maizner, there have been no cases from any court resolving the question. Consequently, the question is appropriate for certification to the Hawai`i Supreme Court.

  B. In the Alternative, Defendants are Entitled to Judgment on the Pleadings with Respect to Plaintiff's State Constitutional Claims

    1. The Constitutional Clauses are Not Self-Executing

Although Plaintiff brings claims directly under the Constitution of the State of Hawai`i, she points to no statute or other constitutional provision implementing these purported claims. While the Constitution at Article XVI, Section 16, provides all provisions are "self-executing to the fullest extent that their respective

natures permit," this section, without more, does not permit direct claims for monetary damages for violations.

In State v. Rodriguez, 63 Haw. 412, 629 P.2d 1111 (1981), the Hawai`i Supreme Court considered the defendant's argument that Article I, section 11 of the Hawai`i Constitution was self-executing and therefore required the immediate appointment of an independent counsel to grand juries. The Court stated that a constitutional provision is self executing if it "supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law." Rodriguez, 63 Haw. at 414, 629 P.2d at 1113. The Court held that the constitutional provision's reference to compensation of the independent counsel "as provided by law" was a direction to the legislature to enact implementing legislation. Id. at 415, 629 P.2d at 1114. Consequently, the Court held that the language of Article I, section II, and the intent of the framers indicated that further implementing legislation was required to implement the amendment. Id. at 416, 629 P.2d at 1114.

Such is the case here. Plaintiff apparently relies upon Articles 4 and 5 of Section I, the Constitution's Bill of Rights. These sections, however, do not state any "rules by means of which those principles may be given the force of law," to

155696.1                              8

make them self-executing; they instead state only broad principles. Section 4 provides: "No law shall be enacted respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech or of the press or the right of the people peaceably to assemble and to petition the government for a redress of grievances." Section 5 provides: "No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry." Without more, there is no indication that the framers intended to create actions such as those Plaintiff seeks to assert here, and the Legislature has not enacted legislation to set out rules for implementation. Consequently, as it is not clear that the Constitution creates a right to bring a direct claim for damages for constitutional violations, the Court should not recognize one.

    2.    <u>Even if the Constitutional Clauses are Self-Executing, Their Status as Such Does Not Permit Money Damages</u>

As discussed above, in <u>Figueroa v. State</u>, 61 Haw. 369, 604 P.2d 1198 (1980), the plaintiffs attempted to assert damages claims, directly under the State Constitution, as Plaintiff seeks to do here. On appeal, the plaintiffs in <u>Figueroa</u> argued that with respect to those claims (deprivations of due process and freedom from cruel and unusual punishment) the self-executing clause makes available any and all accepted forms of redress, including money damages. The Court was

unpersuaded, stating, "<u>The self-executing clause only means that the rights therein established or recognized do not depend on further action in order to become operative.</u>" <u>Id.</u> (emphasis added).  While the Court's ultimate decision in that case rested upon its refusal to interpret the constitutional provisions as a waiver of the State's sovereign immunity, the Court noted that "[n]o case has construed the term 'self-executing' as allowing money damages for constitutional violations." <u>Id.</u>

Also as discussed above, subsequent courts have considered but not decided the question, leading to the reasonable conclusion that the Hawai`i Legislature has seen fit <u>not</u> to create such a cause of action.  Indeed, the Legislature has enacted the State Whistleblowers' Protection Act and scores of other statutes, too numerous to cite here, to protect the Constitutional rights of the people of Hawai`i, many of them after <u>Figueroa</u>.  <u>See, e.g.</u>, Haw. Rev. Stat. § 378-2 (prohibiting discrimination in employment based upon race sex, sexual orientation, age, religion, color, ancestry, disability, marital status, or arrest and court record); Haw. Rev. Stat. chapter 368 (establishing the Civil Rights Commission and providing for a broad range of remedies for violations); <u>id.</u> chapter 206 (providing for due process hearings for land use issues).  Yet the Legislature has enacted no statute to provide, as a state equivalent to 42 U.S.C. § 1985, a direct cause of action for damages for violations of constitutional rights.  To be sure, if the Legislature had understood the language of Articles 4 and 5 of Section I to be self-executing, there would have

been no need to draft or enact such legislation as the Hawai`i Whistleblower Protection Act or the numerous other statutes that specifically serve to protect constitutional rights.

Quite simply, the fact that the Legislature has enacted no sweeping implementing legislation, in the twenty-seven years since Figueroa, to permit direct claims for money damages for deprivations of constitutional rights, is strong evidence of the Legislature's intent that there be no right to bring direct damages claims. The absence of action by the Legislature should not be understood as an invitation to any court to legislate from the bench by recognizing previously unrecognized claims arising under the State Constitution.

In this regard, the analysis by the Michigan Supreme Court in Lewis v. State, 629 N.W.2d 868, 872 (Mich. 2001), is particularly instructive. In that case the court declined to create a claim for damages for violations of constitutional rights. The court noted the significant distinction "between a judicial decree *invalidating* unconstitutional governmental action and the adoption of judicially created doctrines that effectively serve as de facto statutory enactments to implement [the State Constitution]": "The former is classic judicial review recognized as a core judicial function since, at least, the decision in Marbury v. Madison, 1 Cranch (5 U.S.) 137 (1803). The latter is an improper usurpation of legislative authority." Lewis, 629 N.W.2d at 872. The court observed that "[t]o

155696.1                                11

fail to heed this limitation on judicial power would be to fail 'to maintain the separation between the Judiciary and the other branches . . . by ensuring that judges do not encroach upon executive or legislative authority or undertake tasks that are more properly accomplished by those branches." Id. (quoting in part Morrison v. Olson, 487 U.S. 654, 680-81 (1988)). "Accordingly, when the political branches of state government affirmatively act by adopting legislation or otherwise, we may, in keeping with the traditional judicial role, review that action to determine if it is unconstitutional. Until that time, however, we cannot go further." Id.

Here, Defendants respectfully suggest that, in the event the Court is disinclined to certify the question to the Supreme Court, the Court should hold that a damages claim for alleged deprivations of constitutional rights has not been created by Hawai`i's Constitution or its Legislature, and grant judgment on the pleadings with respect to these claims. Based upon the reasoning above, the Court should not create a claim under the State Constitution where one does not exist under state law.

IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court certify the question presented to the Hawai`i Supreme Court. In the alternative, Defendants request that the Court grant judgment on the pleadings

with respect to Plaintiff's claims for damages for alleged violations of rights under the Hawai`i Constitution, and dismiss these claims with prejudice.

DATED: Honolulu, Hawai`i, April 3, 2007.

/s/ David J. Minkin
DAVID J. MINKIN
BECKY T. CHESTNUT
KARA M.L. YOUNG

Attorneys for Defendants
COUNTY OF KAUA`I and
KAUA`I POLICE DEPARTMENT