IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04 00562 KSC |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | SUBSTANTIVE JOINDER |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF SUBSTANTIVE JOINDER

Defendant K. C. LUM hereby substantively joins in and adopts by reference the arguments set forth in Defendants County of Kauai and Kauai Police Department's Motion to Certify a Question to the Hawaii Supreme Court Or, in the Alternative, Entitling Defendants to Judgment on the Pleadings With Respect to Plaintiff's State Constitutional Claims, filed herein on April 3, 2007 ("County's Motion").

I.   DISCUSSION

　　A.   Certification to the Hawaii Supreme Court

Rule 13(a) of the Hawaii Rules of Appellate Procedure provides as follows:

> When a federal district or appellate court
> certifies to the Hawaii Supreme Court that
> there is involved in any proceeding before it
> a question concerning the law of Hawaii that
> is determinative of the cause and that there
> is no clear controlling precedent in the

>   Hawaii judicial decisions, the Hawaii Supreme
>   Court may answer the certified question by
>   written opinion.

As such, when a federal court proceeding, (1) concerns Hawaii law, (2) which is determinative of the cause, and (3) there is no clear controlling precedent in Hawaii judicial decisions concerning such law, then the federal court may certify a question to the Hawaii Supreme Court concerning the Hawaii law in question.  See Richardson v. City & County of Honolulu, 802 F.Supp. 326, 344-45 (D. Haw. 1992).

In this case, the Hawaii law in question is referenced in Count VIII of Plaintiff's First Amended Complaint, filed herein on April 21, 2006 ("First Amended Complaint").  Count VIII of the First Amended Complaint alleges violations of the rights secured under the Hawaii Constitution, including but not limited to, freedom of speech, due process of law, equal protection of the law, and the enjoyment of civil rights.  See First Amended Complaint at ¶¶134-138.  Plaintiff makes direct claims for damages based on the alleged violations of the Hawaii Constitution.  Id.

A review of Hawaii judicial decisions (as set forth in the County's Motion a pp. 6-7) indicates that there is no clear precedent concerning whether an individual may bring direct claims for damages for alleged deprivations of rights secured under the Hawaii Constitution without a specific constitutional

provision or a statute implementing such claims.  Therefore, the question proposed for certification to the Hawaii Supreme Court as set forth in the County's Motion is appropriate in this case.

    B.    Judgment on the Pleadings

If the Court denies the Defendants' request to certify the question to the Hawaii Supreme Court, Defendant K.C. Lum, requests the Court grant judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, against Plaintiff with respect to Plaintiff's claims based on the Hawaii Constitution.  See Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) ("A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law.")

Neither the Hawaii Constitution nor the Hawaii Legislature has created a direct cause of action for damages for violations of rights set forth in the Hawaii Constitution.  Although it is not specifically set forth in the First Amended Complaint, it appears Count VIII is based upon Articles 4 and 5 of Section I of the Hawaii Constitution.  First, there is no indication in these constitutional provisions that they are self-executing.  Second, assuming, arguendo, the provisions are self-executing, such status would not allow for the recovery of monetary damages.  See Figueroa v. State, 61 Haw. 369, 604 P.2d 1198 (Haw. 1980) (where the court stated: "No case has construed the term 'self-

executing' as allowing monetary damages for constitutional violations."). As such, Defendants are entitled to judgment on the pleadings with respect to Plaintiff's claims based on the Hawaii Constitution.

## II. CONCLUSION

For the above-enunciated reasons, Defendant K.C. LUM respectfully substantively joins in the County's Motion and requests that this Honorable Court grant him the same relief being prayed for by the County's Motion herein.

DATED: Honolulu, Hawaii, April 4, 2007.

/s/ Diane K. Agor-Otake
CARY T. TANAKA
DIANE K. AGOR-OTAKE
Attorneys for Defendant
K.C. LUM