IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>　　　　　Defendants. | CIVIL NO. CV04-00562 KSCC<br><br>MEMORANDUM IN SUPPORT OF SUBSTANTIVE JOINDER<br><br>Trial Date: September 5, 2007 |

## MEMORANDUM IN SUPPORT OF MOTION

Defendant IRVIL KAPUA hereby substantively joins in and adopts by reference the arguments set forth in Defendants COUNTY OF KAUAI and KAUAI POLICE DEPARTMENT's Motion to Certify a Question to the Hawaii Supreme Court or, in the Alternative, Entitling Defendants to Judgment on the Pleadings with Respect to Plaintiff's State Constitutional Claims, filed herein on April 3, 2007.

186108/04-241/MJM

I. DISCUSSION

    A. Certification to the Hawaii Supreme Court

Rule 13(a) of the Hawaii Rules of Appellate Procedure provides as follows:

> When a federal district or appellate court certifies to the Hawaii Supreme Court that there is involved in any proceeding before it a question concerning the law of Hawaii that is determinative of the cause and that there is no clear controlling precedent in the Hawaii Judicial Decisions, the Hawaii Supreme Court may answer the certified question by written opinion.

In Count VIII of the Plaintiff's First Amended Complaint (Violation of Rights Secured to Plaintiff Pursuant to the Constitution of the State of Hawaii), the Plaintiff alleges as follows:

> 134. Plaintiff realleges and hereby incorporates by reference paragraphs 1 through 133, inclusive, as if set forth in full herein.
>
> 135. The actions of Defendants as set forth above, violated Plaintiff's rights secured to her by the Constitution of the state of Hawaii, including, but not limited to, rights to freedom of speech, due process of law, equal protection of the law, and the enjoyment of her civil rights.
>
> 136. As a result of the unconstitutional deprivation of her rights by Defendants, Plaintiffs has suffered monetary damages, and severe mental and emotional distress.
>
> 137. The actions of Defendants were willful, wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

138. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

Plaintiff's claims are vague and ambiguous; however, it is clear that she is invoking the Constitution of the State of Hawaii.

On February 7, 2007, in <u>Abbatiello v. County of Kauai, et al.</u>, 2007 U.S.D. Lexis 8906, in footnote #7, Abbatiello was "urged to consider the issue of whether claims may be brought directly under the state constitution. If the state constitutional claims remain an issue, this Court may be compelled to certify that issue to the Hawaii Supreme Court." <u>See</u> excerpt of Decision attached hereto as Exhibit "A."

The Supreme Court of the United States has approved of limited use of certified questions to state supreme courts when a federal court case involves an important question of state law which is both unclear under state legal precedent and would be determinative in the instant case. <u>Virginia v. American Book Sellers Ass'n</u>, 484 U.S. 383, 393-98, 98 L.E.2d 782, 108 S.Ct. 636 (1988); <u>Bellotti v. Baird</u>, 428 U.S. 132, 150-52, 49 L.E.2d 844, 96 S.Ct. 2857 (1976); <u>Lehman Bros. v. Schein</u>, 416 U.S. 386, 389-92, 40 L.E.2d 215, 94 S.Ct. 1741 (1974); <u>Clay v. Sun Ins. Office</u>, 363 U.S. 207, 212, 404 L.E.2d 1170, 80 S.Ct. 1222 (1960).

> [Use of state certification procedures] does, of course, in the long run save time, energy, and resources and helps build cooperative judicial federalism. <u>Lehman</u>, <u>supra</u> n. 38 @ 416 U.S. 391.

3

"Although federal courts should not shirk their duty by routinely certifying questions to state supreme courts, certification under appropriate circumstances can result in significant conservation of the litigants' time and money as well as judicial resources." Richardson v. City and County of Honolulu, 802 F.Supp. 326, 344-46 (D. Haw. 1992).

CONCLUSION

For the above enunciated reasons, Defendant IRVIL KAPUA respectfully substantively joins in the County's Motion and requests that this Honorable Court grant him the same relief being prayed for by the County's Motion herein.

DATED: Honolulu, Hawaii, April 5, 2007.

_____
MICHAEL J. McGUIGAN
*Attorney for Defendant*
*IRVIL KAPU*