Search 250 Results - substantive joinder
Case 1:04-cv-00562-KSC    Document 278-4    Filed 04/05/2007    Page 1 of 2
Page 1 of 16

Source: Legal > Cases - U.S. > Federal Court Cases, Combined ⓘ
Terms: **substantive joinder** (Edit Search | Suggest Terms for My Search)

✔Select for FOCUS™ or Delivery
☐

*2007 U.S. Dist. LEXIS 8906, \**

DARLA ABBATIELLO, Plaintiff, vs. COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILDRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA, Defendants.

View the Full Docket from LexisNexis CourtLink for 1:04cv562
Civ. No. 04-00562 SOM/BMK

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

2007 U.S. Dist. LEXIS 8906

**February** 7, 2007, Decided
**February** 7, 2007, Filed

**CORE TERMS:** summary judgment, qualified immunity, joinder, protected speech, co-employee, supervisor, present motion, misconduct, wanton misconduct, wilful, police officer, workers' compensation, moving party, municipality, dispositive, retention, photograph, negligent supervision, nonmoving party, regulations, memo, sexual harassment, retaliation, memorandum, genuine, investigate, arrestees, dealer, entitled to summary judgment, public employees

**COUNSEL:** [\*1] For Darla Abbatiello, Plaintiff: Daniel G. Hempey, LEAD ATTORNEY, Lihue, HI; Jeannette H. Castagnetti, LEAD ATTORNEY, Bronster Crabtree & Hoshibata, Honolulu, HI; John T. Hoshibata, LEAD ATTORNEY, Bronster Crabtree & Hoshibata, Honolulu, HI; Margery S. Bronster, LEAD ATTORNEY, Bronster Crabtree & Hoshibata, Honolulu, HI.

For County of Kauai, Kauai Police Department, Defendant: Christiane L. Nakea-Tresler, LEAD ATTORNEY, Office of the County Attorney, Lihue, HI; David J. Minkin, LEAD ATTORNEY, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI; Lani D.H. Nakazawa, LEAD ATTORNEY, Office of the County Attorney, Lihue, HI.

For K.C. Lum, Defendant: Cary T. Tanaka, LEAD ATTORNEY, Honolulu, HI; Diane K. Agor-Otake, LEAD ATTORNEY, Honolulu, HI.

For Wilfred M. Ihu, Defendant: Becky T. Chestnut, LEAD ATTORNEY, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI; David J. Minkin, LEAD ATTORNEY, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI; Lisa W. Cataldo, LEAD ATTORNEY, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI.

For Gordon Isoda, Defendant: Allison M. Fujita, LEAD ATTORNEY, Ortiz & Katano, Honolulu, HI; Becky T. Chestnut, LEAD ATTORNEY, McCorriston Miller [\*2] Mukai MacKinnon LLP, Honolulu, HI; David J. Minkin, LEAD ATTORNEY, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI; Jonathan L. Ortiz, LEAD ATTORNEY, Ortiz & Katano, Honolulu, HI; Lisa W. Cataldo, LEAD ATTORNEY, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI; Wade J. Katano, LEAD ATTORNEY, Ortiz & Katano, Honolulu, HI.

For Dean Pigao, Defendant: Becky T. Chestnut, LEAD ATTORNEY, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI; David J. Minkin, LEAD ATTORNEY, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI; Kevin P.H. Sumida, LEAD ATTORNEY, Sumida & Tsuchiyama,

**EXHIBIT** "A"

Abbatiello provided no reason she could not have sought leave to amend earlier. With trial scheduled in just a few months, this court declines to allow a further amendment of the complaint in a case commenced in 2004.

IV. CONCLUSION.

In light of the foregoing, the court grants summary judgment on Abbatiello's claims **[*50]** for negligent supervision and retention (Count 5) and NIED (Count 7), but denies summary judgment on all other claims. This order leaves for further adjudication: (1) Count 1 for violation of Abbatiello's rights to free speech, due process, and equal protection under the United States Constitution and 42 U.S.C. § 1983; (2) Count 3 for violation of the Hawaii Whistleblowers' Protection Act; (3) Count 4 for wrongful termination; (4) Count 6 for intentional infliction of emotional distress; and (5) Count 8 for violation of Abbatiello's rights to free speech, due process, and equal protection under the Hawaii constitution. n7

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -


n7 Abbatiello is urged to consider the issue of whether claims may be brought directly under the state constitution. If the state constitutional claims remain in issue, this court may be compelled to certify that issue to the Hawaii Supreme Court.


- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In the event any party wishes to file a further dispositive motion, that party must move the trial judge to amend the scheduling **[*51]** order, as the deadline for filing dispositive motions has passed. Additionally, as stated in the July 19, 2006, Order Regarding Trial Date, the parties are reminded that the trial date, currently May 8, 2007, may not be continued without the express consent of the trial judge.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 7, 2007.

Susan Oki Mollway

United States District Judge


Source:        Legal > Cases - U.S. > Federal Court Cases, Combined
Terms:        substantive joinder  (Edit Search | Suggest Terms for My Search)
Mandatory Terms:  date from 04/04/2005
View:        Full
Date/Time:    Wednesday, April 4, 2007 - 8:09 PM EDT

 LexisNexis    About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.