IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04 00562 KSC |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI, KAUAI | ) | |
| POLICE DEPARTMENT, K.C. LUM, | ) | |
| WILFRED M. IHU, GORDON | ) | |
| ISODA, DEAN PIGAO, IRVIL | ) | |
| KAPUA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiff moves the Court to compel Defendants County of Kauai ("County") and K.C. Lum ("Lum") to produce the deposition transcript of the oral deposition of K.C. Lum taken in the matter <u>Lum v. Kauai County Council</u> *et al.*, 1:06-CV-00068-SOM-BMK  on November 28, 2006 and continuing on  November 30, 2006, January 16, 2007, January 19, 2007 and February 13, 2007.

I.    INTRODUCTION

Plaintiff Darla Abbatiello ("Abbatiello") is a public citizen and a member of the Kauai Police Department.  She is a highly-decorated officer and was the first female to be offered and assigned a position with KPD's Vice-Narcotics Division

("Vice"). Abbatiello has set forth claims which include, but are not limited to, claims that her First Amendment rights have been violated, claims that she was subjected to retaliation for exercising her First Amendment rights in reporting that a KPD officer (Defendant Irvil Kapua, "Kapua") was being paid off to protect drug dealers against warrants and arrests, and claims that she has been subjected to harassment, including, among other things, Kapua repeatedly screaming obscenities at her on KPD premises and in public,[1] intimidating her, and threatening her with physical harm and threats of violence and death against her.

The Kauai Police Department ("KPD"), County , Lum, and other County and KPD employees knew of the harassment, threats, hostile work environment, the potential for violent retribution against Abbatiello and the severe emotional distress that she was suffering from as a result of these actions and her work environment. These defendants had a duty to take affirmative actions to stop these actions and to discipline Kapua and others for subjecting Abbatiello to such horrendous conditions. These defendants, however, took no action.

The failure of Defendants, including Lum, to take any effective action to mitigate and ameliorate the harassing, threatening and violent situations described above constituted unlawful discrimination and retaliation against Abbatiello, affecting the terms, conditions, location and privileges of her employment.

---

[1] The obscenities screamed at Abbatiello included "bitch", "cunt" and "fuck".

2

II.  BACKGROUND

Abbatiello's counsel noticed and took the oral deposition of Lum on October 12, 2006.  At that time, Lum refused to answer all substantive questions, asserting his Fifth Amendment privilege against self-incrimination on the record.  *See,* Declaration of John Hoshibata and Exhibit "A", copy of the official Court Reporter's transcript of the deposition of K.C. Lum taken on October 12, 2006.

On or about February 6, 2007, Lum's counsel indicated that Lum had given deposition testimony in another civil matter[1] ("Lum v. Kauai deposition") and so was now willing to be deposed in this matter.  *See,* Declaration of John Hoshibata at paragraph 12.   Further, he indicated that Lum would waive his previously asserted Fifth Amendment privilege against self-incrimination.  *Id.*

It is significant to note that Plaintiff's counsel had to dispense with their discovery plan of deposing Lum first, followed by the administrators, supervisors and officers (of both the County and KPD) under his command.  Plaintiff's counsel had relied on a "top-down" deposition strategy in order to obtain accurate testimony from Lum without his having the benefit of reviewing other depositions.

On February 7, 2007, Plaintiff filed a Motion to Preclude the Oral Deposition of K.C. Lum.  On February 23, 2007, the Honorable Kevin S.C. Chang denied Plaintiff's motion and stated Lum's oral deposition was to commence by

---

[1] Lum v. Kauai County Council *et al.,* 1:06-CV-00068-SOM-BMK

March 16, 2007. In addition, Judge Chang re-set the deadline for responses to Plaintiff and Lum's pending motions for summary judgment to April 27, 2007 and granted Plaintiff leave to file an Amended Complaint by April 23, 2007.

In accordance with Judge Chang's ruling, Plaintiff commenced an oral deposition of Lum on March 16, 2007 ("3/16 deposition") which was scheduled via stipulation of all counsel to continue on April 13, 2007. *See,* <u>Declaration of John Hoshibata</u> at paragraph 7. During the 3/16 deposition, Lum testified that during the <u>Lum v. Kauai</u> deposition, he offered sworn testimony regarding details of the investigation conducted regarding what has come to be known as the "Fantasy Express" incident, including "lies" Lum purports were told by Plaintiff during the course of that investigation, specifically related to Lum. *See,* Exhibit "B", excerpt from the official Court Reporter's transcript of the deposition of K.C. Lum taken on March 16, 2007. In addition, it is believed that during the <u>Lum v. Kauai</u> deposition, Lum testified as to the exact circumstances of the racial discrimination and retaliation he claims he was subjected to, and the failure by the County of Kauai and others to address his complaints[2].

Lum's allegations in his Complaint are very similar to those made by Plaintiff in this matter. Specifically, both Lum and Plaintiff claim they were each

---

[2]Complaint filed by Lum alleges retaliation for whistleblowing activities, racial discrimination, civil rights violations, hostile work environment and that the County of Kauai and others failure to investigate his complaints.

subjected to retaliation and a hostile work environment after reporting misconduct, had their civil rights violated, were harassed and that their complaints went unanswered by those in authority. Lum's deposition, which spanned five days, surely contains relevant and discoverable information in this case.

In his response to Plaintiff's Motion for Summary Judgment, Lum claims that the laws against retaliation were not clearly established at the time of the retaliation suffered by Plaintiff. Yet, <u>during the same period of time</u> Plaintiff was subjected to harassment, threats of violence, retaliation and violation of her civil rights, Lum claims that he was suffering harassment, retaliation and violation of his own civil rights. It is ironic and supremely disingenuous of Lum to claim that he was subjected to a hostile work environment because of two written words[3], at the same time he ignored Abbatiello's repeated complaints that Kapua threatened her by menacing sexual slurs, gestures, screams, intimidating actions, and threats of violence.

Lum argues that he did not negligently, willfully or wantonly violate the rights of Officer Abbatiello, and he argues that Officer Abbatiello cannot prove such conduct and/or that such conduct was not actionable. However, Lum has proclaimed, in his own lawsuit, how horrible the use of comparatively innocuous

---

[3] Lum claims that being referred to as "Hop Sing" was a racial slur, was discriminatory, and entitles him to damages, including punitive damages. The slur was used in a third-party, e-mail, context, and it was not said to Lum's face.

5

language was.  Under such circumstances, it is ludicrous for him to deny and refuse to do anything about Abbatiello's claim that she was forced to work in a hostile and violent workplace environment.

The transcript of Lum's deposition testimony taken in the <u>Lum v. Kauai</u> matter is essential for Plaintiff to prosecute her claims at trial and defend her claims against Lum's pending motion for summary judgment.  In addition, Lum's testimony during the <u>Lum v. Kauai</u> deposition regarding the purportedly "lie" by Plaintiff gives rise to and support additional claims by Plaintiff which are asserted in the Second Amended Complaint which she filed pursuant to this Court's order.

III.    <u>ARGUMENT</u>

Pursuant to Rule 26 (b)(1), F.R.C.P.,  Plaintiff may obtain discovery regarding any matter which is relevant to the subject matter involved in the pending action.   Lum's deposition testimony given in the <u>Lum v. Kauai</u> matter is relevant to the instant matter. He alleges that others retaliated against him in violation of <u>his</u> civil rights while at the same time he claims he did not know (and/or did not care) that retaliation against Plaintiff was a violation of <u>her</u> civil rights.  He alleges the County did not take action on his claims of a hostile work environment while at the same time he took no action on Plaintiff's claims of a much more hostile and potentially violent  work environment.

Rule 34(b) of the F.R.C.P. provides that a "party submitting the request [for

production of documents] may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof" for production of documents.  F.R.C.P. Rule 37(a) provides that, "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery. . . ."

     Plaintiff initially requested production of Lum's deposition transcript in Plaintiff's Second Request for Production of Documents to the County of Kauai filed on February 5, 2007.  *See,* Exhibit "C", Plaintiff's Second Request for Production of Documents, dated February 5, 2007.  The County refused to produce the transcript citing privacy concerns and indicating the deposition transcript was subject to a protective order.  *See,* Exhibit "D", Defendants County of Kauai and Kauai Police Departments Response to Plaintiff's Second Request for Production of Documents.   Thereafter, during a pre-hearing conference before Judge Chang on March 14, 2007 regarding production of the transcript, Judge Change directed Plaintiff's counsel to attempt to obtain a stipulation to lift the seal.  Subsequently, Plaintiff's counsel requested a stipulation to lift the seal from counsel for the County and Lum in both the <u>Lum v. Kauai</u> and the instant matters, to no avail.  *See,* <u>Declaration of John Hoshibata</u> at paragraphs 15 and 16.   Thus far, the County and Lum have rebuffed Plaintiff's legitimate discovery request by asserting that the deposition transcript was sealed by Court order.  However, the Court did not *sua*

*sponte* seal the deposition transcript. It was sealed upon the stipulation of the parties. *See,* Exhibit "E", Stipulated Protective Order entered in Lum v. Kauai County Council *et al.,* 1:06-CV-00068-SOM-BMK. Plaintiff stands willing to execute a protective order limiting the use of the deposition transcript to this matter only and to not release it to any third party with the exception of Plaintiff's expert witness. *See,* Declaration of John Hoshibata.

IV. CONCLUSION

Plaintiff respectfully asks that the Court grant this motion and order the County and Lum to comply with Plaintiff's request and produce the transcript of K.C. Lum's deposition in Lum v. Kauai as stated herein.

DATED: Honolulu, Hawaii, April 30, 2007.

    /s/ John Hoshibata
DANIEL G. HEMPEY
MARGERY S. BRONSTER
JOHN T. HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
Attorneys for Plaintiff
DARLA ABBATIELLO