375380.1

LANI D.H. NAKAZAWA  #1818
Office of the County Attorney
County of Kaua'i
4444 Rice Street, Suite 220
Lihu'e, Kaua'i, Hawai'i  96766
Telephone No.  (808) 241-6315
Facsimile No.  (808) 241-6319

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI       #2498-0
GREGG M. USHIRODA     #5868-0
DANIEL K. OBUHANYCH   #7147-0
KAREN Y. ARIKAWA      #7684-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawai'i  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants
KAUA'I COUNTY COUNCIL,
BRYAN BAPTISTE and KAUA'I COUNTY

**LODGED** AUG 01 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG  7 2006
at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KING C. LUM,<br><br>Plaintiff,<br><br>vs.<br><br>KAUAI COUNTY COUNCIL, BRYAN BAPTISTE, individually, and in his capacity as the Mayor of Kauai County, State of Hawaii, LEON GONSALVES, SR., individually, and in his capacity as a Commissioner, Kauai Police Commission, KAUAI COUNTY, and, JOHN DOES 1-20 AND JANE DOES 1-20,<br><br>Defendants. | CIVIL NO.  06-00068 SOM BMK<br><br>STIPULATED PROTECTIVE ORDER; EXHIBIT "A"<br><br><br><br><br><br><br><br><br><br>TRIAL DATE: June 5, 2007 |

EXHIBIT  A

## **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned parties, through their respective attorneys, that the parties shall be bound by the following terms of this Stipulated Protective Order ("Stipulation"):

1. **Confidential Documents.** Any confidential document, as defined herein, produced by any party in connection with the above-entitled action, *King C. Lum v. Kauai County Council, et al.*, Civil No. 06-00068 SOM BMK (referred to as the "Civil Action"), shall be kept confidential and used solely and exclusively for the purposes of the Civil Action in accordance with the provisions of this Stipulation, and shall not be used for any other purpose whatsoever, including, without limitation, any other legal action, judicial or administrative proceeding, or any business matter or transaction, without the express and written consent of the party which produced the document.

A "Confidential Document" is any document or material designated as such by the party which produced the document and which said party believes in good faith contains confidential, proprietary and/or sensitive information. Any and all original invoices produced in response to a discovery request, pursuant to court order, or otherwise, shall be deemed and considered a Confidential Document.

Confidential Documents, other than the original invoices, shall be marked "Confidential" on the face of the document. If the opposing party believes that the document has been marked in other than good faith, the opposing party shall notify the party who classified the material to be confidential of the specific material which the opposing party seeks to have declassified and the basis for the opposing party's objection. The classifying party shall respond within a reasonable time. If the classifying party believes that the material should not be declassified, the parties shall then promptly meet and confer in good faith. If no amicable resolution is reached, the opposing party may file a motion to declassify the material with the Court and seek an <u>in camera</u> review and determination as to whether the document actually contains "confidential, proprietary and/or sensitive information of a nature requiring protection."

2. <u>Confidential Information</u>. Each and every Confidential Document produced by a party in these Civil Action, the information contained therein, any material prepared from or based upon such Confidential Document, and/or any testimony related thereto is hereby deemed "Confidential Information". Information obtained from an independent, non-confidential source shall not be deemed "Confidential Information" solely by virtue of the fact that such information appears in a Confidential Document. Any such Confidential Information shall be disclosed

or disseminated only to "Qualified Persons" as defined hereinbelow. The provisions of this Stipulation shall apply to any and all such Confidential Information.

3. <u>Restrictions on Disclosure of "Confidential" Documents To "Qualified Persons"</u>. All Confidential Documents, including those documents which are marked "Confidential", and any Confidential Information arising out of those documents, may be disclosed only to "Qualified Persons", defined as follows:

A. The parties and/or their respective current and former officers, directors, partners, principals, employees, representatives and/or agents who are assisting their counsel in these Civil Action;

B. Counsel for the parties including members of such attorneys' staff (e.g., paralegals, legal secretaries and law clerks) and copying services;

C. Translators, interpreters, experts or consultants retained by the parties in these Civil Action;

D. Deponents in this Civil Action;

E. Prospective witnesses who, in the judgment of counsel for a party, require the Confidential Information for the purpose of preparing their testimony;

F. The Court and court personnel, including court reporters and court staff needed to copy and arrange the documents;

4

G. Any mediators and/or other neutral parties mutually selected and agreed to by the parties; and

H. Court reporters, videographers or similar recording personnel selected by the parties.

4. <u>Restrictions on Use and Dissemination</u>. Qualified Persons as defined above shall not disseminate or disclose Confidential Information other than as provided for herein. Confidential Information shall not be used for any commercial, business, competitive or other purposes for any reason whatsoever, or in or for any other judicial or administrative proceedings, disputes or cases.

5. <u>Filing of Confidential Information</u>. Any party who wants to file or submit to Court any document deemed confidential as an exhibit to a motion or pleading must first file a motion for leave with the Court to file said document under seal. If a party obtains leave to file a document or exhibit deemed confidential under seal, said document or exhibit shall be filed in sealed envelopes bearing the caption of the Civil Action, a brief description of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO COURT ORDER OF (DATE) AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE UPON ORDER OF THE COURT"

6. <u>Restrictions on Copying</u>. No person shall make or permit the making of more copies of any Confidential Information than are reasonably necessary for the litigation of this Civil Action.

7. <u>Non-Disclosure Certificate</u>. Before any Qualified Person, except those referred to in sub-paragraphs 3(A), 3(B), 3(C), 3(F), 3(H), may receive Confidential Information, that Qualified Person shall agree to be bound by the provisions of this Stipulation and shall evidence such agreement by executing a copy of the Non-Disclosure Certificate attached hereto as Exhibit "A".

Counsel who disclose Confidential Information to a Qualified Person pursuant to this Paragraph shall: (1) be responsible for execution of the Non-Disclosure Certificate; (2) retain the Qualified Person's original executed Non-Disclosure Certificate; and (3) shall forward a copy of the executed Non-Disclosure Certificate to counsel of the party which originally produced the document containing and/or which gave rise to the Confidential Information. Said Qualified Person shall retain a copy of this Stipulation and his/her executed Non-Disclosure Certificate.

8. <u>Subpoenas</u>. In the event a Qualified Person is (a) served with a subpoena in another action, (b) served with a demand in another action to which that person is a party, or (c)

served with any other legal process, that seeks Confidential Information, such person shall object to its production and give prompt written notice of the receipt of such subpoena, demand or other legal process to the party which originally produced the document containing and/or which gave rise to the Confidential Information. If the person seeking access to the Confidential Information takes action against said Qualified Person to enforce the subpoena, demand or other legal process, the Qualified Person shall cooperate with the party which originally produced the document containing and/or which gave rise to the Confidential Information in resisting any efforts to obtain Confidential Information from the Qualified Person. Nothing herein shall be construed as requiring the person from whom the Confidential Information is sought or anyone else subject to this Stipulation to challenge or appeal any court order requiring production of the Confidential Information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek relief from any Court.

9. <u>Designation of Deposition Testimony</u>. The party which originally produced the document containing and/or which gave rise to the Confidential Information may designate deposition testimony or exhibits as Confidential Information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his/her testimony are to be

treated as confidential and/or by designating specific pages and lines of the deposition transcript or exhibits as Confidential Information. To maintain the confidentiality of any deposition testimony or exhibits designated as Confidential Information in accordance with the terms of this Stipulation, the party which originally produced the document containing and/or which gave rise to the Confidential Information and the court reporter who transcribes the deposition testimony may make reasonable arrangements, including but not limited to marking of transcript pages, covers or exhibits, and other measures to limit the availability of the Confidential Information to other than Qualified Persons.

    10.  <u>Attendance At Depositions</u>. No person shall attend those portions of any deposition at which Confidential Information is discussed or utilized unless such person is a Qualified Person as defined herein and has executed a copy of the Non-Disclosure Certificate attached hereto if required by this Stipulation.

    11.  <u>Return of Confidential Information</u>. Within thirty (30) days after the final determination of these Civil Action, whether by judgment, settlement or otherwise, including any appeal from a final judgment, any person who is in possession of Confidential Information shall return such Confidential Information (except for that contained in counsels' pleading

files or work product) to the party which originally produced the document containing and/or which gave rise to the Confidential Information, or to said party's counsel. Written confirmation of such return shall also be forwarded to the party which originally produced the document containing and/or which gave rise to the Confidential Information or to said party's counsel. Confidential Information contained in counsels' pleadings files or work product shall not be disclosed to any person or used for any other purpose.

12. <u>Waiver of Confidentiality</u>. Documents designated and/or marked as "Confidential Documents" may have their confidentiality designation removed only upon express written agreement of the parties.

13. <u>Hearings</u>. Prior to the use of any Confidential Document and/or Confidential Information at any hearing in this Civil Action, counsel or parties who desire to use such Confidential Document and/or Confidential Information shall take reasonable steps to afford opposing counsel the opportunity to object to disclosure of the Confidential Document and/or Confidential Information in open court.

The party which originally produced the document containing and/or which gave rise to the Confidential Information may move the Court for an order that the evidence be received <u>in</u>

<u>camera</u> or under such other conditions so as to prevent unnecessary disclosure.

14. At any time after the delivery of materials designated "Confidential", counsel who received said materials may challenge the confidential designation by providing to counsel for the producing party a written notice of such challenge. The notice shall identify: (1) the documents, transcript, and/or item of information challenged; (2) the disputed information; (3) the reason such information should not be afforded confidential treatment; and (4) the facts underlying such reasoning. In the event that counsel for the producing party does not agree to withdraw its claim of confidentiality, counsel who received said materials may file a motion with the Court seeking to remove the confidential designation of such materials pursuant to Section 1 above. The confidential status of the challenged material shall be maintained until final ruling on any application by the Court (including the final resolution of any appeal from any such ruling).

15. <u>Survival of Order</u>. This Stipulation shall survive the final conclusion of the above-captioned Civil Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Stipulation to enforce this Stipulation. This Stipulation shall be construed in accordance with Hawaii law.

16. <u>Violation of Order</u>.  All persons bound by this Stipulation are hereby notified that if this Stipulation is in any manner violated, the person or entity committing such violation shall be subject to such sanctions as the Court deems just and proper under the circumstances.

DATED: Honolulu, Hawaii, _____.

_____
CLAYTON C. IKEI, ESQ.
JERRY P.S. CHANG, ESQ.

Attorneys for Plaintiff
KING C. LUM

_____
RICHARD NAKAMURA, ESQ.
DIANE W. WONG, ESQ.
RONALD T. MICHIOKA, ESQ.

Attorneys for Defendant
LEON GONSALVES, SR.

_____
JOHN KOMEIJI
GREGG USHIRODA
DAN KO OBUHANYCH
KAREN Y. ARIKAWA

LANI D.H. NAKAZAWA

Attorneys for Defendants
KAUA'I COUNTY COUNCIL,
 BRYAN BAPTISTE and KAUA'I COUNTY

APPROVED AND SO ORDERED:

__BARRY M. KURREN    AUG   7 2006__
JUDGE OF THE ABOVE-ENTITLED COURT

<u>King C. Lum vs. Kauai County Council, Bryan Baptiste, Leon Gonsalves, Sr., and Kauai County</u>; Civil No.: 06-00068 SOM BMK; STIPULATED PROTECTIVE ORDER; EXHIBIT "A"

## NON-DISCLOSURE CERTIFICATE

I, _____, CERTIFY my understanding that confidential information and materials produced in connection with the above-entitled action by one or more parties ("Confidential Information") are being provided to me pursuant to the terms and restrictions of a Stipulated Protective Order entered by the Court on _____, 2006 ("Order"). I further certify that I have received a copy of, and have read, the Order and agree to comply with its terms. I understand that the contents and substance of any Confidential Information, and any notes or other memoranda or any other forms of information which copy or disclose such Confidential Information, shall not be disclosed to anyone other than in accordance with the Order and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of the Court for purposes of this Non-Disclosure Certificate and the Order.

_____
(Signature)

EXHIBIT "A"

1