**ORIGINAL**

CLAYTON C. IKEI
Attorneys at Law
A Law Corporation

CLAYTON C. IKEI      1260
JERRY P.S. CHANG     6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
KING C. LUM
(IN CIVIL NO. 06-00068 SOM BMK)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 07 2007

at 12 o'clock and 35 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>            Plaintiff,<br><br>     v.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA<br><br>            Defendants. | ) CIVIL NO. 04-00562 KSC ~~BMK~~<br>)<br>) KING C. LUM'S MEMORANDUM IN<br>) OPPOSITION TO PLAINTIFF'S<br>) MOTION TO COMPEL PRODUCTION OF<br>) TRANSCRIPT OF ORAL DEPOSITION<br>) OF K.C. LUM; CERTIFICATE OF<br>) SERVICE<br>)<br>) DATE:  May 10, 2007<br>) TIME:  1:30 p.m.<br>) JUDGE: Kevin S.C. Chang<br>)<br>) TRIAL DATE: September 5, 2007 |

**KING C. LUM'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF TRANSCRIPT OF ORAL DEPOSITION OF K.C. LUM**

King C. Lum ("Lum"), by and through his counsel, hereby submits his Memorandum in Opposition to Plaintiff's Motion to Compel Production of Transcript of K.C. Lum. Plaintiff seeks the production of the transcripts of the oral deposition taken by Lum

in his capacity as the Plaintiff in <u>King C. Lum v. Kauai County Council, et al.</u>, Civil No. 06-00068 SOM BMK ("<u>Lum v. Kauai</u>").

## I. INTRODUCTION

In <u>Lum v. Kauai</u>, Lum, who is the former Chief of Police for Kauai County, alleges after his appointment to the office of Police Chief, was subjected to racial slurs by Defendant Leon Gonsalves, Sr. ("Gonsalves"), a Kauai Police Commissioner, and when he voiced his opposition to the racial slur, was subjected to retaliation and a hostile work environment by Gonsalves, the individual members of the Kauai County Council and the Mayor of Kauai County.

Lum further alleges that he was subjected to adverse actions by Defendants Gonsalves, Sr., Michael H. Tresler, Kauai County Council and Doe Defendants as a result of the reporting of suspected law violations by Kauai Police officers in 1995, which action led to disciplinary action taken against the offending police officers and in 2005, which led to criminal investigations against these police officers. Lum further alleges race, national origin and reprisal discrimination in violation of 42 U.S.C. § 2000e-2 <u>et seq.</u>, Haw. Rev. Stat. § 378-2, and 42 U.S.C. § 1981.

Lum further alleges that the actions of the Defendants constitute a civil conspiracy to deprive him of his civil rights in violation of 42 U.S.C. § 1985(2)(3). Plaintiff alleges that

the actions of the Defendants violate the Hawaii Whistleblowers' Protection Act, Haw. Rev. Stat. § 378-62 that the Defendants' actions constitute a denial of due process of the law, and that the Defendants' actions are a violation of the public policy of the State of Hawaii and a breach of his employment contract.

On August 7, 2006, the parties in the Lum v. Kauai matter filed a Stipulated Protective Order ("Protective Order") to protect documents and information that the parties deemed to be "confidential." A copy of the Protective Order is attached as Exhibit "E" to Plaintiff's Motion.

In the Lum v. Kauai matter, Lum had his oral deposition taken on November 28, 2006, and continuing on November 30, 2006, January 16, 2007, January 19, 2007 and February 13, 2007. During the course of Lum's deposition, documents that are deemed "confidential" pursuant to the Protective Order were used as exhibits in his deposition, and Lum provided testimony regarding these documents. As such, the parties agreed that Lum's deposition transcript would be sealed in accordance with the Protective Order.

The Plaintiff in this matter seeks to have the County and Lum produce the transcripts of Lum's deposition testimony taken in the Lum v. Kauai matter. Lum hereby submits his opposition memorandum.

II. **ARGUMENT**

    A. **Lum's Deposition Transcripts Are Confidential under the Protective Order in the <u>Lum v. Kauai</u> Matter**

Paragraph 9 of the Protective Order states in part:

> The party which originally produced the document containing and/or which gave rise to the Confidential Information may designate deposition testimony or exhibits as Confidential Information by indicating on the record at the deposition that the testimony of the deponent or any exhibit to his/her testimony are to be treated as confidential and/or by designating specific pages and lines of the deposition transcript or exhibits as Confidential Information. . . .

As noted above, during the course of Lum's deposition, documents that are deemed "confidential" pursuant to the Protective Order were used as exhibits in his deposition and Lum provided testimony thereof. Thus, the parties agreed that Lum's deposition transcript would be sealed in accordance with the Protective Order.

Lum contends that pursuant to the Protective Order, Plaintiff is not entitled to production of Lum's deposition transcript.

    B. **Plaintiff Cannot Show Relevance or Need for Lum's Deposition Transcripts That Warrants Overriding the Protective Order**

In Plaintiff's Motion, she contends that production of Lum's deposition transcripts in the <u>Lum v. Kauai</u> matter is somehow relevant by comparing herself to Lum's claims in <u>Lum v. Kauai</u>,

because they both alleged they were subjected to a hostile work environment and reprisal for reporting misconduct.

Lum contends this matter and <u>Lum v. Kauai</u> are separate matters with different claims and defenses and different individual defendants involved. Thus, Plaintiff has not establish the relevance for Lum's deposition transcripts.

Moreover, as the Plaintiff's exhibits has shown, she has had the opportunity to depose Lum on October 12, 2006 and March 17, 2007. (<u>See</u>, Plaintiff's Motion Exs. "A," "B"). Lum would note that with respect to his deposition on October 12, 2006, the transcript reflects at the beginning that Plaintiff's counsel was advised that Lum would be invoking his Fifth Amendment Right against self-incrimination at the deposition due to a current investigation by the State of Hawaii for alleged criminal activity with regards to any matters involving the Kauai Police Department. Lum's criminal counsel represented that after the attorney general's investigation is complete, Lum would be available to and deposition at that time. (<u>See</u>, Plaintiff's Motion Ex. "A" at 6-7). The transcript would reflect that after page 8, Lum indeed invoked his Fifth Amendment right through remainder of the deposition.

Lum contends if Plaintiff believes that not properly answering her questions, the proper approach would be to bring a motion to compel by Plaintiff in this case for an order to have

5

him answer the subject question, and not seek to compel the production of five volumes of deposition testimony on another case that involves different individual defendants and has no relevance to her case. Lum believes that Plaintiff's Motion is an attempt to do an end-run on Lum's claiming of his Fifth Amendment rights and look into exhibits and Lum's testimony given in Lum v. Kauai that are protected under the Protective Order. Neither Lum, nor the defendants in Lum v. Kauai should be compelled to forgo their rights under a Court approved Protective Order so that Plaintiff can conduct a fishing expedition in a case where she is not a party.

Thus, Lum contends that Plaintiff has failed to show any relevance or need for Lum's deposition transcript that would warrant overriding the Protective Order.

### C. Alternatively, If the Court Grants Plaintiff's Motion, Lum Requests That His Deposition Transcripts Be Subject to a Protective Order to Maintain Confidentiality

Alternatively, if the Court determines to grant Plaintiff's Motion and order the production of Lum's deposition transcripts, Lum would request that the Court impose an appropriate protective order on the parties in this matter whereby Lum's deposition transcripts shall be treated as confidential among the parties and used only for the purpose of litigation on this matter.

1. **Plaintiff Should Be Required to Pay the Appropriate Fees to the Court Reporter for Copies of the Deposition Transcripts**

Also, if the Court does order the production of Lum's deposition transcripts to Plaintiff, Lum requests that it orders Plaintiff to pay the Court Reporter the appropriate fees for copies of the transcripts, as the parties in Lum v. Kauai had to pay the Court Reporter for their respective copies. See, Haw. Rev. Stat. § 606-13; Rules Governing Court Reporting in the State of Hawaii 19(b)(Official non-government transcript rates).

## III. CONCLUSION

Therefore, for the foregoing reasons, Lum requests that the Court denies Plaintiff's Motion.

DATED: Honolulu, Hawaii, May 7, 2007.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
KING C. LUM
(IN CIV. NO. 06-00068 SOM BMK)

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA<br><br>        Defendants. | ) CIVIL NO. 04-00562 KSC BMK<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties via U.S. Mail, postage prepaid on May 7, 2007:

    TO:    DANIEL G. HEMPEY, ESQ.
                3175 Elua Street, Suite C
                Lihue, Hawaii 96766

                MARGERY S. BRONSTER, ESQ.
                JOHN HOSHIBATA, ESQ.
                JEANNETTE H. CASTAGNETTI, ESQ.
                2300 Pauahi Tower
                1001 Bishop Street
                Honolulu, Hawaii 96813

                Attorneys for Plaintiff
                DARLA ABBATIELLO

                DAVID J. MINKIN, ESQ.
                BECKY T. CHESTNUT, ESQ.
                LISA W. CATALDO, ESQ.
                KARA M.L. YOUNG, ESQ.
                Five Waterfront Plaza, 4th Floor
                500 Ala Moana Blvd.
                Honolulu, Hawaii 96813

        Attorneys for Defendants
        K.C. LUM, WILFRED M. IHU,
        GORDON ISODA, and DEAN PIGAO

        ROSA V. FLORES, ESQ.
        Office of County Attorney
        4444 Rice Street, Suite 220
        Lihue, Hawaii 96766

        Attorney for Defendants
        COUNTY OF KAUAI and
        KAUAI POLICE DEPARTMENT

        CARY T. TANAKA, ESQ.
        Fort Street Tower, Suite 510
        745 Fort Street
        Honolulu, Hawaii 96813

        Attorney for Defendant and
        Third Party Plaintiff
        K.C. LUM

   Notices to parties in <u>Lum v. Kauai County Council, et al.</u>,
Civil No. 06-00068 SOM BMK:

        MATTHEW S.K. PYUN, ESQ.
        Kauai County Attorney
        Moikeha Building
        4444 Rice Street, Suite 220
        Lihue, Hawaii 96766

        JOHN T. KOMEIJI, ESQ
        GREGG M. USHIRODA, ESQ.
        Watanabe Ing & Komeiji
        999 Bishop Street, 23rd Floor
        Honolulu, Hawaii 96813

        Attorneys for Defendants
        BRYAN BAPTISTE, KAUAI COUNTY COUNCIL,
        KAUAI COUNTY and MICHAEL H. TRESLER

        RICHARD F. NAKAMURA, ESQ.
        Ayabe, Chong, Nishimoto, Sia & Nakamura
        1001 Bishop Street, Suite 2500
        Honolulu, Hawaii 96813

        Attorney for Defendant
        LEON GONSALVES, SR.

DATED: Honolulu, Hawaii, May 7, 2007.

                                                                                  _____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
KING C. LUM
(IN CIV. NO. 06-00068 SOM BMK)

3