IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | CIVIL NO. CV04-00562 SOM/BMK |
| Plaintiff, | DEFENDANT IRVIL KAPUA'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE LANGUAGE IN PLAINTIFF'S SECOND AMENDED COMPLAINT FILED HEREIN ON APRIL 23, 2007 |
| vs. | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Plaintiff alleges, among others, that Defendant Irvil Kapua ("Sergeant Kapua") was engaged in "corruption" and was paid six thousand ($6,000) in protection money. See Exhibit "A", Second Amended Complaint, filed April 23, 2007 ("Second Amended Complaint"), ¶ 26.

Plaintiff characterizes Sergeant Kapua as a "rogue cop" in her Complaint, however such a term is impertinent and scandalous under Federal Rule of Civil Procedure 12(f). Second Amended Complaint, ¶ 27.

Consequently the term should be stricken from Plaintiff's Second Amended Complaint.

## II.    STANDARD

Federal Rule of Civil Procedure 12(f) provides that:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, **impertinent**, or **scandalous matter**.

(emphasis added).

The rationale behind granting a motion to strike is to "avoid . . . prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety." Wailua Assocs. V. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 553 (D. Haw.1998) citing 5A CHARLES A. WRIGHT and ARTHUR R. MILLER, FEDERAL PRACTICE and PROCEDURE § 1382, at 715 (2d ed. 1990).  An allegation is considered "impertinent" when it is "irrelevant and could not be put into evidence between the parties." Id. at 553 citing 2A MOORE'S FEDERAL PRACTICE, § 12.21[1].  An allegation is considered "scandalous" if it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from

2

the dignity of the court." 2 JAMES WM. Moore ET AL., MOORE'S FEDERAL

PRACTICE § 12.37[3] (3d. ed. 2006).

> Also, generally:

> Motions to strike allegedly redundant, immaterial,
> impertinent or scandalous matter are not favored.
> Matter will not be stricken from a pleading unless
> it is clear that it can have no possible bearing upon
> the subject matter of the litigation; if there is any
> doubt as to whether under any contingency the
> matter may raise an issue, the motion may be
> denied.

Kailua Assocs., 183 F.R.D. at 553-554 citing 2A MOORE'S FEDERAL
PRACTICE at § 12-207-08.

## III.    ARGUMENT

Under FED R. CIV. P. 12(f) and as interpreted by case law under

this jurisdiction, the term "rogue cop" is impertinent and scandalous material

that should be stricken from Plaintiff's Amended Complaint.

### A.    The Term "Rogue Cop" is Impertinent and Should be Stricken

The term "rogue cop" should be stricken from Plaintiff's

Second Amended Complaint because of its impertinent nature.    As

previously stated, an allegation is "impertinent" when it is "irrelevant and

could not be put into evidence between the parties."    Wailua Assocs., 183

F.R.D. at 553. (citing WRIGHT and MILLER). Here, the term is not only irrelevant to the case at bar, but unlikely to be admitted into evidence.

Characterizing Sergeant Kapua as a "rogue cop" is irrelevant because the term is "not so connected with the subject matter of the suit" so as to constitute a question of law or fact. 5C WRIGHT and MILLER, §1382 at 464 (3d. ed. 2004). The crux of Plaintiff's Second Amended Complaint focuses on the specific actions of Sergeant Kapua and the response of Kauai Police Department. Describing Sergeant Kapua as a "rogue cop" is irrelevant to establishing the occurrence of those actions. Additionally, this Motion to Strike does not encompass any of Plaintiff's allegations but is limited to merely a term used to characterize Sergeant Kapua. Therefore, the allegation that Sergeant Kapua is a "rogue cop" is not so connected with the subject matter of Plaintiff's suit and thus irrelevant.

Furthermore, the characterization of Sergeant Kapua as a "rogue cop" should be found inadmissible.

Federal Rule of Evidence 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In this case, the term "rogue cop" should be excluded because the probative value would be substantially outweighed by the undue prejudice to Sergeant Kapua. Characterizing Sergeant Kapua as a "rogue cop" would immediately allow the jury to speculate that Sergeant Kapua was a dishonest cop and that he had engaged in past illicit activities sufficient to garnish such a distinction. See United States v. McDermott, 245 F.3d 133 (2d Cir. 2001)(References to witness' "clientele" unfairly prejudiced the Defendant by suggesting the witness' occupation was of a "sleazy" nature.) Similarly, "rogue cop" would be suggestive of the nature of Sergeant Kapua's occupation causing him to be unfairly prejudiced. Therefore the term should be excluded from evidence under FED R. EVID. 403.

In sum, because the term "rogue cop" is unnecessary and should be excluded from evidence, the term is impertinent and should thus be stricken from Plaintiff's Second Amended Complaint.

B.     The Term "Rogue Cop" is Scandalous and Should be Stricken

The term "rogue cop" should also be stricken as scandalous under FED R. CIV. P. 12(f). Although motions to strike or generally disfavored, the "disfavored character of Rule 12(f) is relaxed somewhat in

the context of scandalous allegations". 5C WRIGHT and MILLER, §1382 at 466-67 (3d. ed. 2004).

"Rogue cop" should be struck from the Second Amended Complaint because the term "unnecessarily reflects on the moral character" of Sergeant Kapua. 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.37[3] (3d ed. 2006). As defined by Webster's dictionary, a "rogue" is a "dishonest unprincipled person." Webster's Third New International Dictionary (3d. ed. 1961). Plaintiff's Second Amended Complaint uses the term in the context of alleging Sergeant Kapua illegally accepted six thousand dollars ($6,000). Second Amended Complaint at ¶ 26. Illegally accepting money would fit the "dishonest" definition of "rogue" thereby reflecting adversely on the morals of Sergeant Kapua.

Moreover, consistent with the District Court for the District of Hawaii in Wailua Assocs., the term is also unnecessary because Plaintiff has already demonstrated she can communicate in other ways what the term "rogue" embodies. In Wailua Assocs., the defendant sought to strike plaintiff's characterization of the defendant's conduct as "siege warfare". Id. at 556. The plaintiff argued the term was appropriate to convey that the "allegations specifically relate to [the defendant's] deliberate and unreasonable attempts to frustrate the very purpose of the Policy's appraisal

provision." Id. at 556. However, the District Court for the District of Hawaii struck the language after finding that the language was "unnecessary" because plaintiff's own argument demonstrated that it could communicate the same idea without using the phrase "siege warfare". Id. at 556.

In this case, Plaintiff has already conveyed the same idea as the term "rogue cop." Specifically, Plaintiff uses the term "corrupt[]," alleges Sergeant Kapua threatened police dispatchers with his hand gun, and alleges Sergeant Kapua illegally accepted $6,000. Second Amended Complaint at ¶¶ 26, 27, 32. Therefore, plaintiff's own allegations have demonstrated alternative means of conveying her ideas, thus making the term "rogue cop" unnecessary in Plaintiff's Second Amended Complaint.

The Southern District of New York in Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, L.L.C. is also instructive in evaluating scandalous material. 288 F. Supp. 2d 473 (S.D.N.Y. 2003). In Global View, the Southern District Court of New York struck the terms "unscrupulous" and "con artists" as scandalous after holding that the terms amounted to nothing more than "name calling" and "did not contribute to

Global View's substantive claims." [1] Id. at 481. In so holding, the Southern

District Court held that whether or not the plaintiff prevailed would depend

on whether the defendants committed the particular torts alleged and not on

whether they were "unscrupulous" people or "con artists". Id.

Similarly here, the term "rogue cop" amounts to nothing more

than mere "name calling" of Sergeant Kapua and does not contribute to

Plaintiff's claims against him. Whether Plaintiff will prevail in her suit does

not depend on whether Sergeant Kapua is a "rogue cop," but rather whether

or not the Defendants committed the actions alleged. As such, the term

"rogue cop" is unnecessary and should be stricken from Plaintiff's Second

Amended Complaint as scandalous.

     C.    The Term Should Be Stricken Because it is Prejudicial and
             Would Gain Unnecessary Notoriety.

Plaintiff's usage of the term "rogue cop" would prejudice a jury

and gain unnecessary notoriety to the case. As stated in Wailua Assocs., the

rationale behind granting a motion to strike is to avoid prejudice to a party

"by preventing a jury from seeing the offensive matter or giving the

allegation any unnecessary notoriety." 183 F.R.D. at 553 (citation omitted).

Sergeant Kapua's position as a police officer and rank as a sergeant could

---

[1] See also Budget Dress Corp. v. International Ladies' Garment Workers' Union, 25 F.R.D. 506, 508 (S.D.N.Y. 1959) (striking down the terms "strong arm men" and "racketeers" as scandalous).

gain unnecessary notoriety through media coverage thereby tainting the jury pool. Furthermore, the term "rogue cop" may also attach with it a stigma that would prejudice Sergeant Kapua in the eyes of the jury. Also, as stated previously, the term should be found prejudicial under the analysis of FED. R. EVID. 403. Hence, "rogue cop" should be stricken from Plaintiff's Second Amended Complaint to prevent prejudice to Sergeant Kapua and unnecessary notoriety to the case at bar.

## III.    CONCLUSION

Based on the foregoing, Defendant respectfully requests that the instant motion be granted and that the term "rogue cop" be stricken from Plaintiff's Second Amended Complaint.

DATED:  Honolulu, Hawaii, May 17 , 2007.

_____
MICHAEL J. McGUIGAN
*Attorney for Defendant*
*IRVIL KAPUA*