MATTHEW S.K. PYUN, JR.        663
Office of the County Attorney
4444 Rice Street, Suite 220
Līhu`e, Hawai`i 96766
Telephone: (808) 241-6315
Facsimile:  (808) 241-6319
Email: mpyun@kauai.gov

McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN            3639-0
BECKY T. CHESTNUT          7756-0
KARA M.L. YOUNG            8411-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai`i  96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
Email:  minkin@m4law.com

Attorneys for Defendants
COUNTY OF KAUA`I and
KAUA`I POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04-00562 SOM BMK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS COUNTY OF |
| | ) | KAUA`I AND KAUA`I POLICE |
| vs. | ) | DEPARTMENT'S ANSWER TO |
| | ) | SECOND AMENDED |
| COUNTY OF KAUAI, KAUAI | ) | COMPLAINT, FILED ON APRIL |
| POLICE DEPARTMENT, K.C. | ) | 23, 2007; CERTIFICATE OF |
| LUM, WILFRED M. IHU, | ) | SERVICE |

GORDON ISODA, DEAN PIGAO,  )
IRVIL KAPUA,                )
                           )   TRIAL:  SEPTEMBER 5, 2007
            Defendants.     )
_____ )

### DEFENDANTS COUNTY OF KAUA`I AND KAUA`I POLICE DEPARTMENT'S ANSWER TO SECOND AMENDED COMPLAINT, FILED ON APRIL 23, 2007

Defendants COUNTY OF KAUA`I and KAUA`I POLICE DEPARTMENT (hereinafter collectively referred to herein as "Defendants"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, hereby answer the Second Amended Complaint filed by DARLA ABBATIELLO ("Plaintiff") on April 23, 2007 (the "Amended Complaint") as follows:

FIRST DEFENSE

1.    The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

SECOND DEFENSE

2.    Defendants admit the allegations contained in Paragraphs 1, 2, 3, 4, 5, 20, 39, 60 and 89 of the Amended Complaint.

3.    Defendants deny the allegations contained in Paragraphs 41, 48, 59, 67, 70, 77, 78, 83, 90, 101, 105, 106, 107,

108, 109, 110, 113, 115, 116, 117, 118, 119, 120, 122, 123, 124,

125, 126, 127, 131, 132, 133, 135, 136, 137, 138, 140, 141, 143,

145, 146, 147, 148, 150, 151, 153, 155, 156, 157 and 158 of the

Amended Complaint.

4.    Defendants are without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations

contained in Paragraphs 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19,

21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 40,

42, 44, 50, 57, 71, 72, 73, 74, 75, 79, 80, 81, 82, 84, 85, 86, 87,

88, 91, 92, 93, 94, 95, 96, 97, 98, 99 and 100 of the Amended

Complaint, and thus, those allegations are denied.

5.    As to the allegations contained in paragraphs 8 and 9

of the Amended Complaint, Defendants state that the Amended

Complaint speaks for itself.

6.    As to the allegations contained in paragraph 37 of the

Amended Complaint, Defendants state that on or about January,

2004, certain officers were verbally informed of Plaintiff's

allegations.  As for the remaining allegations, Defendants either

deny or are without knowledge or information sufficient to form a

belief as to the truth of the allegations, and thus those allegations
are denied.

      7.  As to the allegations contained in paragraph 38 of the
Amended Complaint, Defendants admit that on or about January,
2004, Plaintiff's allegations, now in writing, were submitted to
Acting Chief Ihu.  As for the remaining allegations, Defendants
either deny or are without knowledge or information sufficient to
form a belief as to the truth of the allegations, and thus those
allegations are denied.

      8.  As to the allegations contained in paragraph 43 of the
Amended Complaint, Defendants admit that in or about late
January or early February 2004, Plaintiff's supervisor met with
Acting Chief Ihu.  Defendants deny the remaining allegations in
paragraph 43.

      9.  As to the allegations contained in paragraph 45 of the
Amended Complaint, Defendants admit that Plaintiff discussed with
Acting Chief Ihu the possibility of transferring out of the Vice unit.
As for the remaining allegations, Defendants either deny or are
without knowledge or information sufficient to form a belief as to
the truth of the allegations, and thus those allegations are denied.

10.    As to the allegations contained in paragraph 46 of the Amended Complaint, Defendants admit that Plaintiff requested in writing a transfer from the Vice unit to the Patrol Services Bureau.  As for the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

11.    As to the allegations contained in paragraph 47 of the Amended Complaint, Defendants admit that Plaintiff was transferred on approximately April 2, 2004 and that Acting Chief Ihu said that there is no such thing as a temporary transfer.  As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

12.    As to the allegations contained in paragraphs 49 and 51 of the Amended Complaint, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

13.    As to the allegations contained in paragraph 52 of the Amended Complaint, Defendants admit that the alleged corruption, threats by Kapua, and the death threat were reported

by Defendants to the F.B.I.  As for the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

14.    As to the allegations contained in paragraph 53 of the Amended Complaint, Defendants admit that on or about May 6, 2004, K.C. Lum became Acting Chief of KPD, and that on or about September 29, 2004, the Kaua`i Police Commission appointed K.C. Lum as KPD Chief of Police.

15.    As to the allegations contained in paragraph 54 of the Amended Complaint, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

16.    As to the allegations contained in paragraph 55 of the Amended Complaint, Defendants admit that Lum received a formal written reprimand in his permanent KPD personnel file in connection with the Fantasy Express investigation.  As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

17.   As to the allegations contained in paragraph 56 of the Amended Complaint, Defendants admit that on or about June 23, 2004, Plaintiff met with Acting Chief Lum and another officer in the Chief's office.  As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

18.   As to the allegations contained in paragraph 58 of the Amended Complaint, Defendants admit that Acting Assistant Chief Pigao discussed with Plaintiff her desire to avoid Defendant Kapua.  Defendants deny the remaining allegations in paragraph 58.

19.   As to the allegations contained in paragraph 61 of the Amended Complaint, Defendants admit that Abbatiello reported her missing firearm to Chief Lum in writing.  As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

20.   As to the allegations contained in paragraph 62 of the Amended Complaint, Defendants state that the Ex Parte

Temporary Restraining Order, coincidentally filed the same day as the initial Complaint in this matter, speaks for itself.

21.   As to the allegations contained in paragraph 63 of the Amended Complaint, Defendants admit that Defendant Lum received a copy of the TRO.  Defendants deny the remaining allegations in paragraph 63.

22.   As to the allegations contained in paragraph 64 of the Amended Complaint, Defendants admit that on September 14, 2004, coincidentally the same day as the initial Complaint was filed in this matter, Officer Abbatiello filed a Notice of Claim against the County of Kaua`i.  The remaining references to the Notice of Claim speak for themselves, and thus those allegations are denied to the extent an answer is required.

23.   As to the allegations contained in paragraph 65 of the Amended Complaint, Defendants admit that KPD Standards of Conduct set forth the required disciplinary action for violations of the Standards of Conduct.  Defendants are either without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, or that the remaining allegations state

legal conclusions requiring no answer, and thus those allegations
are denied to the extent an answer is required.

24.    As to the allegations contained in paragraphs 66
and 68 of the Amended Complaint, Defendants state that these
allegations are legal conclusions requiring no answer, and thus
those allegations are denied to the extent an answer is required.

25.    As to the allegations contained in paragraph 69 of
the Amended Complaint, Defendants either deny or state that the
remaining allegations state legal conclusions requiring no answer,
and thus those allegations are denied to the extent an answer is
required.

26.    As to the allegations contained in paragraph 76,
Defendants state that on or about May 2, 2005, Plaintiff
purportedly wrote her immediate supervisor about the April 24,
2005, incident and referenced all questions to her lawyers who then
wrote the Kaua`i County Police Commission on or about May 9,
2005.  As for the remaining allegations, Defendants either deny or
are without knowledge or information sufficient to form a belief as
to the truth of the allegations, and thus those allegations are
denied.

27.   As to the allegations contained in paragraph 102 of the Amended Complaint, Defendants either deny or state that the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

28.   As to the allegations contained in paragraph 103 of the Amended Complaint, Defendants state that the Complaint filed in *Lum v. Kaua`i County Council, et al.,* 1:06-CV-00068-SOM-BMK speaks for itself.   As for the remaining allegations, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

29.   As to the allegations contained in paragraph 111 of the Amended Complaint, Defendants state that the Revised Charter of the County of Kaua`i speaks for itself and the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

30.   As to the allegations contained in paragraph 112 of the Amended Complaint, Defendants state that 42 U.S.C. §§ 1983 and 1985 speak for themselves and the remaining allegations state

legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

31.    As to the allegations contained in paragraph 114 of the Amended Complaint, Defendants state that the First Amendment to the Constitution of the United States speaks for itself and the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

32.    As to the allegations contained in paragraphs 123 and 124 of the Amended Complaint, Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

33.    As to the allegations contained in paragraphs 129 and 130 of the Amended Complaint, Defendants state that Hawai`i Revised Statutes section 378-61 speaks for itself, and the remaining allegations state legal conclusions requiring no answer, and thus those allegations are denied to the extent an answer is required.

34.    As to the allegations contained in paragraphs 142 and 152 of the Amended Complaint, Defendants either deny or are

without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus those allegations are denied.

35.   In response to Paragraph 104 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 103 of the Amended Complaint as though fully set forth herein.

36.    In response to Paragraph 121 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 120 of the Amended Complaint as though fully set forth herein.

37.    In response to Paragraph 128 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 127 of the Amended Complaint as though fully set forth herein.

38.    In response to Paragraph 134 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 133 of the Amended Complaint as though fully set forth herein.

39.   In response to Paragraph 139 of the Amended Complaint, Defendants repeat and incorporate herein by reference

their above responses to Paragraphs 1 - 138 of the Amended Complaint as though fully set forth herein.

40.    In response to Paragraph 144 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 143 of the Amended Complaint as though fully set forth herein.

41.    In response to Paragraph 149 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 148 of the Amended Complaint as though fully set forth herein.

42.    In response to Paragraph 154 of the Amended Complaint, Defendants repeat and incorporate herein by reference their above responses to Paragraphs 1 - 153 of the Amended Complaint as though fully set forth herein

43.    Each and every other allegation in the Amended Complaint not expressly admitted herein is hereby denied.

<u>THIRD DEFENSE</u>

44.    Plaintiff's claims are barred, in whole or in part, because she failed to properly exhaust her applicable administrative remedies, if any.

## FOURTH DEFENSE

45.    Plaintiff has not demonstrated that her applicable administrative remedies, if any, are inadequate as required by 42 U.S.C. section 1983.

## FIFTH DEFENSE

46.    Defendants have not violated a federal right, any statutory or common law duty.

## SIXTH DEFENSE

47.    Defendants cannot be held liable under the doctrine of respondeat superior for the actions of their agents or employees under 42 U.S.C. sections 1981, 1983 and 1986.

## SEVENTH DEFENSE

48.    Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

## EIGHTH DEFENSE

49.    Defendants' acts or omissions, if any, were made with Plaintiff's knowledge and consent.

## NINTH DEFENSE

50.    Defendants' conduct was not the proximate and/or direct cause of any alleged injury or damage Plaintiff incurred.

## TENTH DEFENSE

51.    Plaintiff is precluded from recovery by reason of her own negligence, which was the sole cause or the greater cause of any alleged injury or damage.

## ELEVENTH DEFENSE

52.    Plaintiff is precluded from recovery by reason of her knowingly and voluntarily assuming the risks, which caused the alleged injury or damage.

## TWELFTH DEFENSE

53.    Plaintiff's claims are barred because the alleged injury or damage she suffered was caused by factors, persons or entities other than Defendants.

## THIRTEENTH DEFENSE

54.    If the alleged injury or damage that Plaintiff suffered was caused by employees of Defendants, said actions or inactions by said employees were outside the course and scope of their employment, and said actions or inactions were never approved nor ratified by Defendants.

## FOURTEENTH DEFENSE

55.   Defendants give notice that they may rely upon the defense of absolute or qualified immunity and/or privilege.

## FIFTEENTH DEFENSE

56.   Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Hawai`i's workers' compensation law, including Hawai`i Revised Statutes section 386-5.

## SIXTEENTH DEFENSE

57.   Defendants intend to rely upon the defense of avoidable consequences and/or failure to mitigate damages.

## SEVENTEENTH DEFENSE

58.   Plaintiff is not entitled to punitive damages.

## EIGHTEENTH DEFENSE

59.   Plaintiff's claim for punitive damages violates the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

## NINETEENTH DEFENSE

60.   Defendants are not liable for the performance or nonperformance of discretionary functions or duties.

## TWENTIETH DEFENSE

61.    Plaintiff's claims are barred, in whole or in part, by any and all applicable statutes of limitation under federal and/or state law.

## TWENTY-FIRST DEFENSE

62.    Plaintiff's recovery in this action, if any, should be reduced in accordance with Hawai`i Revised Statutes section 663-31.

## TWENTY-SECOND DEFENSE

63.    Defendants are privileged to take the actions upon which Plaintiff's Amended Complaint is based.

## TWENTY-THIRD DEFENSE

64.    The Amended Complaint fails to present a justiciable controversy between Plaintiff and Defendants.

## TWENTY-FOURTH DEFENSE

65.    Plaintiff has failed to join parties indispensable under Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH DEFENSE

66.     Statements or representations, written or oral, made by Defendants, if any, which are the basis of Plaintiff's claims, were advisory and non-binding.

## TWENTY-SIXTH DEFENSE

67.     Plaintiff is barred from maintaining this action against Defendants because Defendants' actions were justified by public necessity.

## TWENTY-SEVENTH DEFENSE

68.     Plaintiff's recovery in this action, if any, should be reduced in accordance with the doctrine of avoidable consequences.

## TWENTY-EIGHTH DEFENSE

69.     Plaintiff's injuries or damages were caused in whole or in part by a party or parties over whom Defendants had no legal control.

## TWENTY-NINTH DEFENSE

70.     Defendants assert the defense of independent and unforeseeable intervening causes, specifically unforeseeable and intentional acts or unforeseeable criminal conduct of third persons.

## THIRTIETH DEFENSE

71.    Defendants had license to take the actions upon which Plaintiff's Amended Complaint is based under Rule 8 of the Hawai`i Rules of Civil Procedure and Federal Rules of Civil Procedure.

## THIRTY-FIRST DEFENSE

72.    Plaintiff should be denied any equitable relief herein on the grounds of unclean hands.

## THIRTY-SECOND DEFENSE

73.    Statements or representations, written or oral, made by Defendants, if any, which are the basis of Plaintiff's claims, were true.

## THIRTY-THIRD DEFENSE

74.    Plaintiff is barred from maintaining this action and/or these claims based upon the doctrines of res judicata and collateral estoppel.

## THIRTY-FOURTH DEFENSE

75.   Defendants assert that Plaintiff is not entitled to an award of monetary damages for an alleged violation of the Hawai`i State Constitution.

## THIRTY-FIFTH DEFENSE

76.   Defendants hereby reserve all rights to bring and assert further defenses, claims, counter-claims, and cross-claims, as discovery and the evidence may merit, and also reserve the right to name additional parties to this action.  Furthermore, by alleging the above defenses separately and additionally, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  All such defenses are pled in the alternative and do not constitute an admission of liability or that the Plaintiff is entitled to any relief whatsoever.

## THIRTY-SIXTH DEFENSE

77.   Defendants assert that because the Amended Complaint is stated in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendants reserve the right

to assert or rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure that is supported by information or facts obtained in discovery, at trial or by other means during this case, and expressly reserve the right to amend their Answer to assert such additional affirmative defenses in the future.

WHEREFORE, Defendants pray for judgment in their favor and request that Plaintiff take nothing by way of her Second Amended Complaint and further request as follows:

A.     That the Second Amended Complaint be dismissed with prejudice against Defendants in its entirety;

B.     That Defendants be awarded their costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

C.    That Defendants be awarded such other further

relief as this Court deems just and proper.

DATED:  Honolulu, Hawai`i, May 17, 2007.


/s/ David J. Minkin
DAVID J. MINKIN
BECKY T. CHESTNUT
KARA M.L. YOUNG

Attorneys for Defendants
COUNTY OF KAUA`I and
KAUA`I POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DARLA ABBATIELLO, | CIVIL NO. CV04-00562 KSC |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct

copy of the foregoing document was duly served on the following on

this date as indicated below:

| | Electronically Via CM/ECF | U.S. Mail |
|---|---|---|
| DANIEL G. HEMPEY, ESQ.<br>Law Office of Daniel G. Hempey<br>3175 Elua Street<br>Lihue, Hawaiʻi 96766<br>and | | X |

161743.1

|  | Electronically Via CM/ECF | U.S. Mail |
|---|---|---|
| MARGERY S. BRONSTER, ESQ. | X | |

MARGERY S. BRONSTER, ESQ.
JOHN HOSHIBATA, ESQ.
Bronster Crabtree & Hoshibata
Pauahi Tower
1001 Bishop Street, Suite 2300
Honolulu, Hawai`i 96813

Attorneys for Plaintiff
DARLA ABBATIELLO

MICHAEL J. McGUIGAN, ESQ.                    X
ELMIRA TSANG, ESQ.
Pacific Guardian Center, Makai Tower
733 Bishop Street, 24th Floor
Honolulu, Hawai`i 96813

Attorneys for Defendant IRVIL KAPUA

CARY T. TANAKA, ESQ.                          X
DIANE K. AGOR-OTAKE, ESQ.
Fort Street Tower
745 Fort Street, Suite 510
Honolulu, Hawai`i 96813

Attorneys for Defendant K.C. LUM

DATED:  Honolulu, Hawai`i, May 17, 2007.


/s/ David J. Minkin
DAVID J. MINKIN
BECKY T. CHESTNUT
KARA M.L. YOUNG
Attorneys for Defendants
COUNTY OF KAUA`I and
KAUA`I POLICE DEPARTMENT

161743.1