REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

MICHAEL J. McGUIGAN     2433-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
E-mail: mjm@roplaw.com

*Attorney for Defendant*
*IRVIL KAPUA*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>            Plaintiff,<br><br>    vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>            Defendants. | CIVIL NO. CV04-00562 SOM/BMK<br><br>DEFENDANT IRVIL KAPUA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FILED HEREIN ON APRIL 23, 2007; CERTIFICATE OF SERVICE |

DEFENDANT IRVIL KAPUA'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT FILED HEREIN ON APRIL 23, 2007

COMES NOW, Defendant IRVIL KAPUA (hereinafter referred to as "Defendant Kapua"), by and through his attorneys, Reinwald O'Connor &

145131/03-105/MJM

Playdon LLP, in Answer to Plaintiff's Second Amended Complaint filed herein on April 23, 2007, alleges and avers as follows:

### FIRST DEFENSE

1.   The Second Amended Complaint fails to state a claim against Defendant Kapua upon which relief can be granted.

### SECOND DEFENSE

2.   Defendant Kapua admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 10, 11, 12, and 14 of the Second Amended Complaint.

3.   Defendant Kapua is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6, 7, 8, 9, 13, 15, 16, 17, 18, 20, 22, 23, 25, 28, 29, 30, 31, 37, 38, 39, 40, 41, 43, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 58, 59, 61, 62, 63, 64, 67, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 97, 98, 99, 100, 101, 105, 110, 111, 124, 130 and 131 of the Second Amended Complaint and on that basis denies such allegations and therefore leaves Plaintiffs to her proof.

4.   Defendant Kapua denies the allegations contained in Paragraphs 19, 21, 24, 26, 27, 32, 33, 34, 35, 36, 42, 44, 52, 56, 57, 68, 69, 102, 106, 107, 108 and 109 of the Second Amended Complaint.

5.  In response to Paragraph 60 of the Second Amended Complaint, Defendant Kapua is without knowledge or information sufficient to form a belief as to the truth that upon information and belief, KPD did not have an independent policy against workplace violence until April 29, 2004, when Acting Chief Ihu enacted KPD General Order 2004-2, regarding workplace violence and denies the remainder of the allegation contained therein.

6.  In response to Paragraphs 65 and 66 of the Second Amended Complaint, Defendant Kapua states that the Standards speak for themselves.

7.  Defendant Kapua denies the allegations contained in Paragraphs 95, 96, 103, 113, 114, 115, 116, 117, 118, 119, 120, 122, 123, 125, 126, 127, 132, 133, 135, 136, 137, 138, 140, 141, 142, 143, 145, 146, 147, 148, 150, 151, 152, 153, 155, 156, 157 and 158 of the Second Amended Complaint, in so far as those allegations pertain to him.

8.  In response to Paragraph 112 of the Second Amended Complaint, Defendant Kapua admits that Sergeant Kapua is a person.

9.  In response to Paragraph 129 of the Second Amended Complaint, Defendant Kapua states that Abbatiello's status does not derive from Haw. Rev. Statute §378-61.

10. In answering Paragraphs 104, 121, 128, 134, 139, 144, 149 and 154 of the Second Amended Complaint, Defendant Kapua restates his answers preceding this Paragraph.

11. Defendant Kapua denies any and all allegations of the Second Amended Complaint not specifically answered herein.

### THIRD DEFENSE

12. Defendant Kapua states that if Plaintiff was injured and/or damaged as alleged in the Second Amended Complaint, Plaintiff's own carelessness and/or negligence contributed to such injuries and/or damages to such an extent that Plaintiff's negligence was greater than that of Defendant Kapua and Plaintiff cannot recover against Defendant Kapua.

### FOURTH DEFENSE

13. Plaintiff's own negligence and not the alleged negligence of Defendant Kapua is the sole factor or a substantial factor in proximately causing any alleged resulting injuries and/or damages that Plaintiff may have suffered and accordingly, Plaintiff's claims are barred in whole or in part.

### FIFTH DEFENSE

14. Defendant Kapua did not violate a clearly established statutory or constitutional right of which a reasonable person would have known.

## SIXTH DEFENSE

15. The negligence of Defendant Kapua, if any, was passive and not active, and which may have furnished a condition which was merely a circumstance of any harm and not the proximate cause of the injuries and damages to Plaintiff and accordingly, Defendant Kapua is not liable.

## SEVENTH DEFENSE

16. The acts and omissions of Plaintiff and/or the acts or omissions of others which were the causes of Plaintiff's alleged injuries and/or damages were acts done beyond the control of Defendant Kapua and for which Defendant Kapua is not liable.

## EIGHTH DEFENSE

17. Punitive damages may not be awarded since such damages violate the 5th, 8th and 14th Amendments of the United States Constitution and Article One, Sections 5 and 12 of the Constitution of the State of Hawaii by punishing through vague and arbitrary standards without limits or sufficient notice, without sufficient procedural safeguards and denial of due process and equal protection of the law.

## NINTH DEFENSE

18. Defendant Kapua affirmatively pleads that no custom, policy, or practice was the moving force of any violation of the civil rights of Plaintiff.

5

## TENTH DEFENSE

19. Defendant Kapua gives notice that he intends to rely on the defense of qualified and/or immunity/good faith.

## ELEVENTH DEFENSE

20. Defendant Kapua gives notice that he intends to rely on the defense of limitation of action.

## TWELFTH DEFENSE

21. Plaintiff's claims are barred, limited and/or restricted by the exclusive remedies set forth in the applicable State of Hawaii Organization of Police Officers Collective Bargaining Union Contract.

## THIRTEENTH DEFENSE

22. Plaintiff's claims against Defendant Kapua are barred, in whole or in part, by her own fraud and misrepresentations.

## FOURTEENTH DEFENSE

23. Plaintiff's recovery in this action, if any, should be reduced or barred in accordance with Hawaii Revised Statutes Section 663-31.

## FIFTEENTH DEFENSE

24. Defendant Kapua asserts the defense of no concerted action.

## SIXTEENTH DEFENSE

25. Plaintiff failed to exhaust administrative remedies.

### SEVENTEENTH DEFENSE

26. Plaintiff's claims are barred by provisions of Hawaii Revised Statutes, Chapter 386.

### EIGHTEENTH DEFENSE

27. Plaintiff has not suffered any emotional distress compensable under the law.

### NINETEENTH DEFENSE

28. Plaintiff's claims are barred by the exclusive remedy provided for the Hawaii Revised Statutes, Chapter 378 and/or federal law.

### TWENTIETH DEFENSE

29. Plaintiff's claims are barred, in whole or in part, by the doctrine of preemption.

### TWENTY-FIRST DEFENSE

30. Plaintiff failed to mitigate her damages, if any.

### TWENTY-SECOND DEFENSE

31. Plaintiff's claims are barred by the doctrine of waiver, laches and estoppel.

### TWENTY-THIRD DEFENSE

32. Plaintiff was not unlawfully discriminated against, harassed and/or retaliated against.

## TWENTY-FOURTH DEFENSE

33. Defendant Kapua is not liable to Plaintiff for any alleged injury or damage since Plaintiff suffered no adverse effects on any term or condition of her employment.

## TWENTY-FIFTH DEFENSE

34. Any and all alleged acts were done on the basis of legitimate, non-discriminatory justifications and reasons.

## TWENTY-SIXTH DEFENSE

35. Plaintiff's recovery, if any, should be reduced in accordance with the doctrine of avoidable consequences.

## TWENTY-SEVENTH DEFENSE

36. Even if the alleged conduct occurred, which is disputed, Plaintiff failed to promptly complain or report such conduct.

## TWENTY-EIGHTH DEFENSE

37. Defendant Kapua was not negligent.

## TWENTY-NINTH DEFENSE

38. Defendant Kapua owed no duty to Plaintiff. If, however, Defendant Kapua did owe a duty to Plaintiff, any injuries and/or damages alleged by Plaintiff was not the result of a breach by Defendant Kapua of any duty of care owed.

### THIRTIETH DEFENSE

39. If Plaintiff sustained the injuries and/or damages alleged in the Second Amended Complaint, those injuries and/or damages, all or in part, were not proximately caused by Defendant Kapua and was not proximately the result of any breach by Defendant Kapua or any duty of care owed to Plaintiff.

### THIRTY-FIRST DEFENSE

40. Plaintiff's alleged injuries and/or damages were not reasonably foreseeable by Defendant Kapua.

### THIRTY-SECOND DEFENSE

41. Defendant Kapua asserts the defense of unclean hands.

### THIRTY-THIRD DEFENSE

42. Plaintiff's alleged injuries and/or damages were sustained as a result of the negligent and/or wrongful and/or illegal acts or omissions of another party or parties and not Defendant Kapua.

### THIRTY-FOURTH DEFENSE

43. Plaintiff's alleged injuries and/or damages are the result of intervening or superseding causes.

### THIRTY-FIFTH DEFENSE

44. Defendant Kapua intends to rely upon the defense that the claims alleged are barred, in whole or in part, by the bad faith of the Plaintiff.

## **THIRTY-SIXTH DEFENSE**

45. Defendant Kapua reserve all rights to assert any affirmative defenses or to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend their Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

WHEREFORE, Defendant Kapua prays for relief as follows;

1. That the Second Amended Complaint against Defendant Kapua be dismissed with prejudice.

2. Defendant Kapua be awarded his attorneys' fees and costs.

3. That Defendant Kapua be awarded such other relief that this Court may deem just and equitable in the premises.

DATED: Honolulu, Hawaii, May 17, 2007.

_____
MICHAEL J. McGUIGAN
*Attorney for Defendant*
IRVIL KAPUA