LAW OFFICES OF CARY T. TANAKA

CARY T. TANAKA          4858-0
DIANE K. AGOR-OTAKE     7751-0
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885
Facsimile:  536-8845
carytanaka@aol.com
dka@hawaii.rr.com

Attorneys for Defendant
K.C. LUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, and IRVIL KAPUA,<br><br>        Defendants. | CIVIL NO. CV04 00562 KSC<br><br>DEFENDANT K.C. LUM'S ANSWER TO SECOND AMENDED COMPLAINT FILED ON APRIL 23, 2007; DEMAND FOR TRIAL BY JURY; CERTIFICATE OF SERVICE<br><br><br><br><br>TRIAL DATE:  SEPTEMBER 5, 2007 |

DEFENDANT K.C. LUM'S ANSWER TO SECOND
AMENDED COMPLAINT FILED ON APRIL 23, 2007

Comes now Defendant K.C. LUM ("this Defendant"), by his attorneys, and, for answer to the Second Amended Complaint ("Complaint") filed herein on April 23, 2007, alleges and avers as follows:

FIRST DEFENSE:  (Failure to State a Claim)

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

SECOND DEFENSE: PARTIES:

1. Paragraphs 1 through 7 are admitted.

2. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 8 and 9.

SECOND DEFENSE: JURISDICTION AND VENUE:

3. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 2, inclusive.

4. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 10 through 12.

SECOND DEFENSE: FACTS:

5. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 12, inclusive.

6. Paragraphs 59, 60, 83, 84, 89, and 90 are denied.

7. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 13 through 58, 61 through 82, 85, 86, 88, 91 through 103, except that he:

    a. admits that Vice investigations are kept confidential as set forth in Paragraph 20; and,

  b. admits that in May of 2004, this Defendant became acting Chief of the Kauai Police Department ("KPD") and on or about September 29, 2004, the Kauai Police Commission appointed this Defendant as KPD Chief of Police as set forth in Paragraph 53; and,

  c. admits that on or about June 23, 2004, this Defendant met with a police officer in his office; and,

  d. admits that the KPD Standards of Conduct set forth required disciplinary action for violation of the Standards of Care as set forth in Paragraph 65; and,

  e. admits that this Defendant took no disciplinary action against Irvil Kapua as set forth in Paragraph 70; and,

  f. admits that a draft of the strip search policy was forwarded to the Kauai County Council for review and approval as set forth in Paragraph 88; and,

  g. admits that this Defendant's lawsuit alleges that a police commissioner called him "Hop Sing."

  h. denies that no meaningful action has been taken in either the criminal or internal investigations as set forth in Paragraph 41; and,

  i. denies that this Defendant first discovered that Officer Abbatiello had made statements regarding

Fantasy Express when he became Chief of Police as set forth in Paragraphs 41 and 42; and,

j.   denies that this Defendant failed to order any investigation regarding Officer Abbatiello's missing firearm as set forth in Paragraph 61; and,

k.   denies that this Defendant retaliated against Officer Abbatiello as set forth in Paragraph 70; and,

l.   denies that this Defendant refused to enforce a TRO which resulted in Officer Abbatiello being unable to work in the cellblock as set forth in Paragraph 97.

<u>SECOND DEFENSE: COUNT I</u>:

8.   This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 103, inclusive.

9.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 105 through 120, except that he denies the allegations set forth in Paragraphs 109, 110, 115, 116, 117, 118, 119, and 120 insofar as they may pertain to this Defendant.

<u>SECOND DEFENSE: COUNT II</u>:

10.   This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 120, inclusive.

11.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 122 through 127, except that he denies any

and all allegations of violations of the 42 U.S.C. § 1983, any participation in a conspiracy, any willful, wanton, malicious, callous and/or reckless conduct on his part, and further specifically denies that any alleged violations of the 42 U.S.C. § 1983, any participation in a conspiracy, any willful, wanton, malicious, callous and/or reckless conduct on his part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT III:

12.   This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 127, inclusive.

13.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 129 through 133, except that he denies any and all allegations of discrimination and/or retaliation on his part, and further specifically denies that any alleged discrimination and/or retaliation on his part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT IV:

14.   This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 133, inclusive.

15.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters

alleged in Paragraphs 135 through 138, except that he denies the allegations set forth in these Paragraphs insofar as they may pertain to this Defendant.

SECOND DEFENSE: COUNT V:

16. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 138, inclusive.

17. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 140 through 143, except that he denies any and all allegations of negligent, retaliatory, wanton and/or reckless conduct on his part, and further specifically denies that any alleged negligent, retaliatory, wanton and/or reckless conduct on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VI:

18. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 143, inclusive.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 145 through 148, except that he denies any and all allegations of intentional, unreasonable, willful, wanton, malicious, callous and reckless conduct on his part, and further specifically denies that any alleged intentional, unreasonable, willful, wanton, malicious, callous and reckless

conduct on his part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VII:

20. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 148, inclusive.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 150 through 153, except that he denies any and all allegations of negligent, willful, wanton and/or reckless conduct on his part, and, further specifically denies that any alleged negligent, willful, wanton and/or reckless conduct on his part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VIII:

22. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 153, inclusive.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 155 through 158, except that he denies any and all allegations of violations of constitutional rights, willful, wanton, malicious, callous and reckless conduct on his part, and further specifically denies that any alleged violations of constitutional rights, willful, wanton, malicious, callous and reckless conduct on his part was the proximate cause of the

incident(s), injuries, and/or damages as set forth in the Complaint.

THIRD DEFENSE:   (Good Faith Without Malice)

If this Defendant acted as alleged, then this Defendant acted in good faith and belief and without malice in the performance of his duties.

FOURTH DEFENSE: (Execution of Public Duty)

If Plaintiff sustained the injuries and/or damages alleged in the Complaint, those injuries and/or damages were the result of the proper execution of public duty.

FIFTH DEFENSE:   (No Official Policy, Pattern and Practice of Custom)

The acts of this Defendant did not constitute an official policy or persistent pattern and practice or custom.

SIXTH DEFENSE:   (No Causal Link)

If there is a policy, pattern and practice or custom and if there is a constitutional deprivation, there was no causal connection between the two.

SEVENTH DEFENSE:   (Lawful, Proper and Reasonable Conduct)

The conduct of this Defendant was lawful, proper and reasonable.

EIGHTH DEFENSE:   (No Malice, Wanton Neglect, Recklessness or Gross Negligence)

The conduct of this Defendant was without malice, wanton neglect, recklessness, or gross negligence.

<u>NINTH DEFENSE</u>:   (No Policy, Custom or Usage)

The Complaint fails to allege an unconstitutional policy, custom or usage.

<u>TENTH DEFENSE</u>:   (Justification)

This Defendant gives notice that he may rely on the defense of justification.

<u>ELEVENTH DEFENSE</u>:   (Failure to Mitigate Damages)

Plaintiff may have failed to mitigate her damages.

<u>TWELFTH DEFENSE</u>:   (Assumption of Risk)

Plaintiff willingly, knowingly, and/or voluntarily assumed the risk of the incident and/or any injuries or damages she may have sustained as alleged in the Complaint.

<u>THIRTEENTH DEFENSE</u>:   (Not a Substantial Factor)

This Defendant was not a substantial factor in causing the incident, injuries, and/or damages alleged in the Complaint.

<u>FOURTEENTH DEFENSE</u>:   (Laches, Waiver and/or Estoppel)

Plaintiff's claims may be barred by the operation of the doctrine(s) of laches, waiver, and/or estoppel.

<u>FIFTEENTH DEFENSE</u>:   (Failure to Name Indispensable Party)

Plaintiff may have failed to name or join certain necessary and/or indispensable party or parties to this action.

SIXTEENTH DEFENSE:   (Comparative Negligence)

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and/or damages were caused or contributed to by negligence on the part of Plaintiff.

SEVENTEENTH DEFENSE:   (Qualified Immunity)

This Defendant intends to rely upon the defense of qualified immunity.

EIGHTEENTH DEFENSE:   (Qualified Privilege)

This Defendant intends to rely upon the defense of qualified privilege.

NINETEENTH DEFENSE: (Failure To Exhaust)

Plaintiff's claims are barred, in whole or in part, because she failed to properly exhaust her applicable administrative remedies, if any.

TWENTIETH DEFENSE: (Administrative Remedies)

Plaintiff has not demonstrated that her applicable administrative remedies, if any, are inadequate as required by 42 U.S.C. Section 1983.

TWENTY-FIRST DEFENSE: (No Violation of Rights or Duties)

This Defendant has not violated a federal right, any statutory or common law duty.

TWENTY-SECOND DEFENSE: (No Respondeat Superior)

This Defendant cannot be held liable under the doctrine of respondeat superior for the actions of his agents or employees under 42 U.S.C. sections 1981, 1983 and 1986.

TWENTY-THIRD DEFENSE: (Consent)

This Defendant will rely on the defense of consent.

TWENTY-FOURTH DEFENSE: (Workers' Compensation)

Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Hawaii's workers' compensation law, including Hawaii Revised Statutes Section 386-5.

TWENTY-FIFTH DEFENSE: (No Punitive Damages)

The allegations in the Complaint do not warrant an award of punitive damages.

TWENTY-SIXTH DEFENSE: (Discretionary Function)

This Defendant is not liable for the performance or nonperformance of discretionary functions or duties.

TWENTY-SEVENTH DEFENSE: (Statute of Limitations)

Plaintiff's claims may be barred, in whole or in part, by any and all applicable statutes of limitation under federal and/or state law.

TWENTY-EIGHTH DEFENSE: (Intervening Cause)

This Defendant may rely on the defense of independent and unforeseeable intervening causes, specifically unforeseeable and

intentional acts or unforeseeable criminal conduct of third persons.

<u>TWENTY-NINTH DEFENSE</u>:  (Attorney's Fees, Costs, Interest)

Plaintiff is not entitled to an award of attorney's fees, costs of suit, and interest.

<u>THIRTIETH DEFENSE</u>:  (Reservation of Defenses)

This Defendant reserves his right to set forth further defenses which discovery may deem appropriate.

WHEREFORE, this Defendant prays that:

A.  The Complaint herein be dismissed and he be given his costs and attorney's fees;

B.  If it be determined that this Defendant and Plaintiff were negligent with respect to the events described in the Complaint, the relative and comparative degree of fault of each party be determined in accordance with Section 663-31 of the Hawaii Revised Statutes, as amended, and judgment be rendered accordingly;

C.  This Defendant be given such other and further relief as this Court deems just.

DATED:  Honolulu, Hawaii, May 17, 2007.

/s/ Cary T. Tanaka<br>
CARY T. TANAKA<br>
DIANE K. AGOR-OTAKE<br>
Attorneys for Defendant<br>
K. C. LUM