LAW OFFICES OF CARY T. TANAKA

CARY T. TANAKA        4858-0
DIANE K. AGOR-OTAKE  7751-0
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885
Facsimile:  536-8845
carytanaka@aol.com
dka@hawaii.rr.com

Attorneys for Defendant
K.C. LUM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04 00562 KSC |
| | ) | |
| Plaintiff, | ) | DEFENDANT K.C. LUM'S FIRST |
| | ) | AMENDED ANSWER TO SECOND |
| vs. | ) | AMENDED COMPLAINT FILED ON |
| | ) | APRIL 23, 2007; DEMAND FOR |
| COUNTY OF KAUAI, KAUAI | ) | TRIAL BY JURY; CERTIFICATE OF |
| POLICE DEPARTMENT, K.C. LUM, | ) | SERVICE |
| WILFRED M. IHU, GORDON ISODA, | ) | |
| DEAN PIGAO, and IRVIL KAPUA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | TRIAL DATE:  SEPTEMBER 5, 2007 |

DEFENDANT K.C. LUM'S FIRST AMENDED ANSWER TO
SECOND AMENDED COMPLAINT FILED ON APRIL 23, 2007

Comes now Defendant K.C. LUM ("this Defendant"), by his

attorneys, and, for answer to the Second Amended Complaint

("Complaint") filed herein on April 23, 2007, alleges and avers

as follows:

<u>FIRST DEFENSE</u>:   (Failure to State a Claim)

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

<u>SECOND DEFENSE: PARTIES</u>:

1.    Paragraphs 1 through 7 are admitted.

2.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 8 and 9.

<u>SECOND DEFENSE: JURISDICTION AND VENUE</u>:

3.    This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 2, inclusive.

4.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 10 through 12.

<u>SECOND DEFENSE: FACTS</u>:

5.    This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 12, inclusive.

6.    Paragraphs 59, 60, 83, 84, 87, 89, and 90 are denied.

7.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 13 through 58, 61 through 82, 85, 86, 88, 91 through 103, except that he:

a.    admits that Vice investigations are kept confidential as set forth in Paragraph 20; and,

b.    admits that in May of 2004, this Defendant became acting Chief of the Kauai Police Department ("KPD") and on or about September 29, 2004, the Kauai Police Commission appointed this Defendant as KPD Chief of Police as set forth in Paragraph 53; and,

c.    admits that on or about June 23, 2004, this Defendant met with a police officer in his office; and,

d.    admits that the KPD Standards of Conduct set forth required disciplinary action for violation of the Standards of Care as set forth in Paragraph 65; and,

e.    denies that there was no meaningful investigation as alleged in paragraph 67; and

f.    admits that this Defendant took no disciplinary action against Irvil Kapua as set forth in Paragraph 70; and,

g.    admits that a draft of the strip search policy was forwarded to the Kauai County Attorney for review and approval as set forth in Paragraph 88; and,

h.    admits that this Defendant's lawsuit alleges that a police commissioner called him "Hop Sing."

I.    denies that no meaningful action has been taken in either the criminal or internal investigations as set forth in Paragraph 41; and,

j.    denies that this Defendant first discovered that Officer Abbatiello had made statements regarding Fantasy Express when he became Chief of Police as set forth in Paragraphs 54 and 55; and,

k.    denies that this Defendant failed to order any investigation regarding Officer Abbatiello's missing firearm as set forth in Paragraph 61; and,

l.    denies that this Defendant retaliated against Officer Abbatiello as set forth in Paragraph 70; and,

m.    denies that this Defendant refused to enforce a TRO which resulted in Officer Abbatiello being unable to work in the cellblock as set forth in Paragraph 97.

SECOND DEFENSE: COUNT I:

8.    In response to Paragraph 104, this Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 103, inclusive.

9.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 105 through 120, except that he denies the allegations set forth in Paragraphs 109, 110, 115, 116, 117, 118, 119, and 120 insofar as they may pertain to this Defendant.

<u>SECOND DEFENSE: COUNT II</u>:

10.   In response to Paragraph 121, this Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 120, inclusive.

11.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 122 through 127, except that he denies any and all allegations of violations of the 42 U.S.C. § 1983, any participation in a conspiracy, any willful, wanton, malicious, callous and/or reckless conduct on his part, and further specifically denies that any alleged violations of the 42 U.S.C. § 1983, any participation in a conspiracy, any willful, wanton, malicious, callous and/or reckless conduct on his part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

<u>SECOND DEFENSE: COUNT III</u>:

12.   In response to Paragraph 128, this Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 127, inclusive.

13.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 129 through 133, except that he denies any and all allegations of discrimination and/or retaliation on his part, and further specifically denies that any alleged

discrimination and/or retaliation on his part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT IV:

14.  In response to Paragraph 134. this Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 133, inclusive.

15.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 135 through 138, except that he denies the allegations set forth in these Paragraphs insofar as they may pertain to this Defendant.

SECOND DEFENSE: COUNT V:

16.  In response to Paragraph 139, this Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 138, inclusive.

17.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 140 through 143, except that he denies any and all allegations of negligent, retaliatory, wanton and/or reckless conduct on his part, and further specifically denies that any alleged negligent, retaliatory, wanton and/or reckless conduct on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VI:

18.  In response to Paragraph 144, this Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 143, inclusive.

19.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 145 through 148, except that he denies any and all allegations of intentional, unreasonable, willful, wanton, malicious, callous and reckless conduct on his part, and further specifically denies that any alleged intentional, unreasonable, willful, wanton, malicious, callous and reckless conduct on his part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VII:

20.  In response to Paragraph 149, this Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 148, inclusive.

21.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 150 through 153, except that he denies any and all allegations of negligent, willful, wanton and/or reckless conduct on his part, and, further specifically denies that any alleged negligent, willful, wanton and/or reckless conduct on his

part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: COUNT VIII:

22.  In response to Paragraph 154, this Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 153, inclusive.

23.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 155 through 158, except that he denies any and all allegations of violations of constitutional rights, willful, wanton, malicious, callous and reckless conduct on his part, and further specifically denies that any alleged violations of constitutional rights, willful, wanton, malicious, callous and reckless conduct on his part was the proximate cause of the incident(s), injuries, and/or damages as set forth in the Complaint.

THIRD DEFENSE: ALL ALLEGATIONS

This Defendant denies any and all allegations set forth in the Complaint not specifically admitted herein.

FOURTH DEFENSE:  (Good Faith Without Malice)

If this Defendant acted as alleged, then this Defendant acted in good faith and belief and without malice in the performance of his duties.

FIFTH DEFENSE: (Execution of Public Duty)

If Plaintiff sustained the injuries and/or damages alleged

in the Complaint, those injuries and/or damages were the result

of the proper execution of public duty.

SIXTH DEFENSE:  (No Official Policy, Pattern and Practice
                  of Custom)

The acts of this Defendant did not constitute an official

policy or persistent pattern and practice or custom.

SEVENTH DEFENSE:  (No Causal Link)

If there is a policy, pattern and practice or custom and if

there is a constitutional deprivation, there was no causal

connection between the two.

EIGHTH DEFENSE:  (Lawful, Proper and Reasonable Conduct)

The conduct of this Defendant was lawful, proper and

reasonable.

NINTH DEFENSE:  (No Malice, Wanton Neglect, Recklessness or
                  Gross Negligence)

The conduct of this Defendant was without malice, wanton

neglect, recklessness, or gross negligence.

TENTH DEFENSE:  (No Policy, Custom or Usage)

The Complaint fails to allege an unconstitutional policy,

custom or usage.

ELEVENTH DEFENSE:  (Justification)

This Defendant gives notice that he may rely on the defense

of justification.

TWELFTH DEFENSE:   (Failure to Mitigate Damages)

Plaintiff may have failed to mitigate her damages.

THIRTEENTH DEFENSE:   (Assumption of Risk)

Plaintiff willingly, knowingly, and/or voluntarily assumed the risk of the incident and/or any injuries or damages she may have sustained as alleged in the Complaint.

FOURTEENTH DEFENSE:   (Not a Substantial Factor)

This Defendant was not a substantial factor in causing the incident, injuries, and/or damages alleged in the Complaint.

FIFTEENTH DEFENSE:   (Laches, Waiver and/or Estoppel)

Plaintiff's claims may be barred by the operation of the doctrine(s) of laches, waiver, and/or estoppel.

SIXTEENTH DEFENSE:   (Failure to Name Indispensable Party)

Plaintiff may have failed to name or join certain necessary and/or indispensable party or parties to this action.

SEVENTEENTH DEFENSE:   (Comparative Negligence)

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and/or damages were caused or contributed to by negligence on the part of Plaintiff.

EIGHTEENTH DEFENSE:   (Qualified Immunity)

This Defendant intends to rely upon the defense of qualified immunity.

NINETEENTH DEFENSE:  (Qualified Privilege)

     This Defendant intends to rely upon the defense of qualified privilege.

TWENTIETH DEFENSE: (Failure To Exhaust)

     Plaintiff's claims are barred, in whole or in part, because she failed to properly exhaust her applicable administrative remedies, if any.

TWENTY-FIRST DEFENSE: (Administrative Remedies)

     Plaintiff has not demonstrated that her applicable administrative remedies, if any, are inadequate as required by 42 U.S.C. Section 1983.

TWENTY-SECOND DEFENSE: (No Violation of Rights or Duties)

     This Defendant has not violated a federal right, any statutory or common law duty.

TWENTY-THIRD DEFENSE: (No Respondeat Superior)

     This Defendant cannot be held liable under the doctrine of respondeat superior for the actions of his agents or employees under 42 U.S.C. sections 1981, 1983 and 1986.

TWENTY-FOURTH DEFENSE: (Consent)

     This Defendant will rely on the defense of consent.

TWENTY-FIFTH DEFENSE: (Workers' Compensation)

     Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Hawaii's workers' compensation law, including Hawaii Revised Statutes Section 386-5.

TWENTY-SIXTH DEFENSE: (No Punitive Damages)

The allegations in the Complaint do not warrant an award of punitive damages.

TWENTY-SEVENTH DEFENSE: (Discretionary Function)

This Defendant is not liable for the performance or nonperformance of discretionary functions or duties.

TWENTY-EIGHTH DEFENSE: (Statute of Limitations)

Plaintiff's claims may be barred, in whole or in part, by any and all applicable statutes of limitation under federal and/or state law.

TWENTY-NINTH DEFENSE: (Intervening Cause)

This Defendant may rely on the defense of independent and unforeseeable intervening causes, specifically unforeseeable and intentional acts or unforeseeable criminal conduct of third persons.

THIRTIETH DEFENSE: (Attorney's Fees, Costs, Interest)

Plaintiff is not entitled to an award of attorney's fees, costs of suit, and interest.

THIRTY-FIRST DEFENSE: (Reservation of Defenses)

This Defendant reserves his right to set forth further defenses which discovery may deem appropriate.

WHEREFORE, this Defendant prays that:

A.  The Complaint herein be dismissed and he be given his costs and attorney's fees;

B.  If it be determined that this Defendant and Plaintiff were negligent with respect to the events described in the Complaint, the relative and comparative degree of fault of each party be determined in accordance with Section 663-31 of the Hawaii Revised Statutes, as amended, and judgment be rendered accordingly;

C.  This Defendant be given such other and further relief as this Court deems just.

DATED:  Honolulu, Hawaii, May 22, 2007.


                              /s/ Cary T. Tanaka
                              CARY T. TANAKA
                              DIANE K. AGOR-OTAKE
                              Attorneys for Defendant
                              K. C. LUM