IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA,<br><br>    Defendants. | CIVIL NO. CV04-00562 KSC<br><br>DEFENDANT IRVIL KAPUA'S MEMORANDUM IN SUPPORT OF MOTION FOR PERMISSION TO NAME EXPERT WITNESSES |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   INTRODUCTION

Defendant Irvil Kapua is a resident of the State of Hawaii and a Sergeant in the Kauai Police Department. On September 14, 2004, Plaintiff filed a Complaint alleging the Defendants, including Sergeant Irvil Kapua ("Defendant Kapua"), and others, conspired to violate the Plaintiff's civil rights in violation of 42 U.S.C. § 1985.

As a result of the enormity of filings and breadth of the issues involved, the Court issued multiple scheduling orders amending the trial and discovery dates. These scheduling orders include:

1. Scheduling Order, dated February 11, 2005: Jury trial to commence on February 22, 2006. Plaintiff's Rule 26(a)(2) expert witness disclosures deadline of August 22, 2005. Defendant's Rule 26(a)(2) expert witness disclosures deadline of September 21, 2005. Discovery deadline of December 23, 2005. See Exhibit ("Ex.") A at ¶¶ 1, 11, 12.

2. Amended Rule 16 Scheduling Order, dated September 28, 2005 at 2-3: Jury trial to commence on October 11, 2006. Plaintiff's Rule 26(a)(2) expert witness disclosures deadline of April 10, 2006. Defendant's Rule 26(a)(2) expert witness disclosures deadline of May 10, 2006. Discovery deadline of August 11, 2006. See Ex. B at ¶¶ 1, 11, 12.

3. Amended Rule 16 Scheduling Order, dated April 20, 2006: Jury trial to commence May 8, 2007. Plaintiff's Rule 26(a)(2) expert disclosures deadline of November 6, 2006. Defendant's Rule 26(a)(2) expert witness disclosure by December 6, 2006. Discovery deadline of March 9, 2007. See Ex. C at ¶¶ 1, 11, 12.

4. Amended Order Denying Plaintiff's Motion to Preclude Oral Deposition Testimony of Defendant K.C. Lum; Order Granting Defendant Kapua's Motion to Amend Rule 16 Scheduling Order; Order Granting County Defendants' Motion to Amend Rule 16 Scheduling Order, dated February 23, 2007: Trial date continued to September 5, 2007. "All other trial-related deadlines will also be adjusted accordingly based on the new trial date." Discovery cut-off date is July 6, 2007. See Ex. D at 5.

5. Amended Rule 16 Scheduling Order, dated February 26, 2007: Jury trial to commence on September 5, 2007. 26(a)(2) expert disclosures. Closed for Plaintiff and Defendant. Discovery deadline is July 6, 2007. See Ex. E at ¶¶ 1, 11, 12.

6. Second Amended Rule 16 Scheduling order dated May 31, 2007: Jury trial to commence on January 8, 2008. Plaintiff's Rule 26(a)(2) expert witness disclosures deadline

of July 9, 2007. Defendant's Rule 26(a)(2) expert witness disclosures deadline of August 8, 2007. Discovery deadline September 28, 2007. See Ex. F at ¶¶ 1, 11, 12.

## II.   STANDARD

Fed. R. Civ. P. 26(a)(2) states:

(A)   In addition to the disclosures required by paragraph (1), a party shall disclose to the other parties the identity of any person who may be used at trial to present evidence under Rules 702,

(B)   Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. . .

(C)   These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial . . .

Thus, generally, under the Rule 26(a)(2), parties must disclose the names of experts as well as their expert reports either by the date specified by the court or 90 days before trial.

## III. ARGUMENT

Defendant Kapua should be permitted to name expert witnesses, including the following, and provide their corresponding expert reports and testimony at trial based on this Court's prior scheduling orders and the rules governing preclusion of expert disclosures:

1. George Davis Bussey, M.D., J.D., D.F.A.P.A., C.P.E.
   George Davis, M.D., Inc.
   P.O. Box 5789
   Pinehurst, NC 28370

2. Joseph P. Rogers, Ph.D.
   98-211 Pali Momi Street, Suite 707
   Aiea, HI 96701

### A. This Court's Prior Scheduling Orders Permit the Naming of Expert Witnesses by Defendant Kapua

Based on the six (6) scheduling orders issued by this Court, the deadline for Defendants to name experts and provide their corresponding expert reports has not passed. Initially, the first Scheduling Order dated February 11, 2005 listed Defendant's Rule 26(a)(2) deadline as September 21, 2005, with a jury trial date of February 22, 2006. Ex. A at ¶¶1, 11, 12. Consequently, the following two orders which rescheduled the trial and discovery dates also adjusted the Rule 26(a)(2) dates accordingly. Ex. B at ¶¶1, 11, 12; Ex. C at ¶¶1, 11, 12. The fourth scheduling, however, rescheduled the trial date to September 5, 2007 but instead of listing the

corresponding Rule 26(a)(2) dates, stated that "[a]ll other trial-related deadlines will also be **adjusted accordingly** based on the new trial date." Ex. D at 5 (emphasis added).

However, another Scheduling Order, dated February 26, 2007, issued just three (3) days following the fourth scheduling order listed the Rule 26(a)(2) disclosures as being "Closed" for both Plaintiff and Defendants. Ex. E at ¶ 11. In the most recent scheduling conference, this Court set a new 26(a)(2) disclosures deadline of July 9, 2007 for Plaintiff and August 8, 2007 for the Defendants. Ex. F at ¶11.

Based on the past scheduling orders issued by this Court, it is clear the deadline for both parties' Rule 26(a)(2) expert disclosures was to be adjusted accordingly based on the rescheduled trial dates. The first four (4) orders adjusted the deadlines for Rule 26(a)(2) disclosures after changing the jury trial date. Only the February 26, 2007 scheduling order, issued just three (3) days after the February 23, 2007 scheduling order, does not adhere to the adjustment of the expert disclosure date. Ex. E at ¶11. If the February 26, 2007 Scheduling Order were to be read strictly, then the April 20, 2006 Scheduling Order would govern since that was the last scheduling order with expert witness disclosure deadline dates for Plaintiff and Defendant. Ex. C at ¶11; Ex. E at ¶11.

5

Under the April 20, 2006 Scheduling Order, Plaintiff's Rule 26(a)(2) disclosure deadline would be November 6, 2006, while Defendant's 26(a)(2) disclosure deadline would be December 6, 2006. Ex. C at ¶11. Clearly Plaintiff would agree that these dates should not govern since Plaintiff herself did not comply with her November 6, 2006 deadline under the April 20, 2006 Scheduling Order. The April 20, 2006 Scheduling Order stated, in part:

> **11.** Pursuant to Fed. R. Civ. P. 26(a)(2), each party shall disclose to each other party the identity **and written report** of any person who may be used at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. The disclosures pursuant to this paragraph shall be according to the following schedule:
> **a.** Plaintiff shall comply by November 6, 2006.
> **b.** Defendants shall comply by December 6, 2006.

Ex. C at ¶11 (emphasis added).

This Court's Rule 26(a)(2) disclosure deadlines are inclusive of naming experts **AND** disclosing their expert reports to opposing counsel. In this case, Plaintiff was not in compliance with this Court's April 20, 2006 Amended Rule 16 Scheduling Order because Plaintiff failed to timely provide the expert reports of her experts. Specifically, Plaintiff did not provide Defendant Kapua with the expert reports of Penny E. Harrington

6

and Daryl Mathews, M.D., Ph.D. until December 6, 2006, nor the expert report of Thomas A. Loudat, Ph.D. until December 8, 2006. See Ex. G (John Hoshibata letter to Michael J. McGuigan, dated December 6, 2006); Ex. H. at 1 (John Hoshibata letter to Michael J. McGuigan, dated December 8, 2006). Therefore, under the April 20, 2006 Scheduling Order, Plaintiff's expert reports would be excluded and potentially any testimony from her experts.

As such, in accordance with the past adjustments of the expert disclosure deadline dates, the deadline for Defendant Kapua to name expert witnesses and provide their corresponding expert reports has not passed. This is especially supported by this Court's most recent Scheduling Order, dated May 31, 2007. See Ex. F. Under this Court's May 31, 2007 scheduling order, the deadline for Defendants to disclose to Plaintiff the identity and written report of their experts is August 8, 2007. Ex. F at ¶11. A plain reading of this Order shows this disclosure deadline is not limited to any supplemental report by an already named expert witness but rather *all* Rule 26(a)(2) disclosures, including the "identity and written report of **any person** who may be used at trial to present expert evidence." Ex. F at ¶11 (emphasis added). By contrast, the applicable provision governing supplementation to expert disclosures under Rule 26(a)(2) is Rule 26(e),

7

which is not cited to by this Court in its May 31, 2007 Scheduling Order. See FED R. CIV. P. 26(e) ("Supplementation of Disclosures and Reponses"). Thus, Defendant Kapua should be permitted to name expert witnesses and provide their corresponding expert reports because the deadline for such disclosures has not passed.

Furthermore, Plaintiff did not sign her medical authorization forms until ordered to by this Court at a status conference on February 16, 2007. Ex. I at 1 (Minutes of Status Conference before J. Chang, dated February 16, 2007). Even after Defendant Kapua subpoenaed the medical records in accordance with this Court's Order, Plaintiff continued to intermittently send her medical records. This is evident via transmittal letters from Plaintiff to Carnazzo Court Reporting Company, Ltd. through May, 2007 regarding medical records to be produced. See Ex. J (John Hoshibata letter to Carnazzo, dated March 21, 2007); Ex. K (John Hoshibata letter to Carnazzo, dated March 23, 2007); Ex. L (John Hoshibata letter to Carnazzo, dated March 27, 2007); Ex. M (John Hoshibata letter to Carnazzo, dated April 3, 2007); Ex. N (John Hoshibata letter to Carnazzo, dated May 2, 2007).

Moreover, just this past May, 30, 2007, Plaintiff provided further medical records of Plaintiff. See Ex. O (Letter from John Hoshibata

8

to Michael J. McGuigan, dated May 30, 2007, and referencing Bates Numbers "A001066 to A001071"). Therefore, Plaintiff's own failures in timely providing her own medical records were the cause of Defendant's delay in naming expert witnesses. Even after they were subpoenaed, and even after the records supposedly complete, Plaintiff continued to send medical records. Based on the most recent May 30, 2007 disclosure, it is still unclear whether Defendants have received all of Plaintiff's medical records.

Indeed, the record in this case demonstrates Plaintiff's delays and reluctance to release her medical records. That Plaintiff now seeks to prevent Defendant from naming expert witnesses would be rewarding Plaintiff's own behavior in frustrating Defendant's attempts to obtain the very information needed to name expert witnesses sooner. As such, Defendant Kapua should be permitted to name expert witnesses, including Dr. Bussey and Dr. Rogers, and provide their corresponding expert reports.

### B.   The Rules Governing Expert Preclusion Would Permit Defendant to Name Expert Witnesses

Should, *arguendo*, this Court find that Defendant Kapua missed the deadline for expert disclosures, the law governing preclusion of evidence as a sanction for failing to adhere to FED R. CIV. P. 26(a) does not permit exclusion of Defendant Kapua's experts. FED R. CIV. P. 37(c)(1) provides

the Court with discretion in determining violations of FED R. CIV. P. 26(a). Rule 37 states in part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. . .

FED R. CIV. P. 37(c)(1).

> However,

> [t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is **substantially justified** or **harmless**.

Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) citing FED R. CIV. P. 37(c)(1)(emphasis added). In Yeti, the Ninth Circuit upheld the lower court's exclusion of the defendants' expert witness because the defendant failed to show a substantial justification for untimely providing the expert's report or that such failure was harmless. Id. at 1106-1107. Unlike the defendants in Yeti, Defendant Kapua has substantial justification for not naming expert witnesses earlier and any such failure was also harmless. Therefore, Defendant Kapua should not be precluded from naming expert witnesses including Dr. Bussey and Dr. Rogers at this time.

### 1.   Substantial Justification Exists for Failing to Disclose Expert Witnesses Earlier

Defendant Kapua has substantial justification for not naming expert witnesses earlier. Defendant Kapua did not name expert witnesses earlier because Defendant Kapua was awaiting Plaintiff's medical records which Defendant continued to receive through May, 2007. See Ex. N; Ex. O. It is still unclear at this point whether Defendants have even received all of Plaintiff's medical records. Indeed, Plaintiff herself prevented Defendant from obtaining the records, which the experts' testimony would be based upon, by refusing to sign a medical authorization form. See Ex. P (Defendant Irvil Kapua's Motion to Compel Plaintiff Darla Abbatiello to Produce Her Signed Medical Authorization Forms, dated April 24, 2006). In fact, this Court had to order Plaintiff to provide a list of all treatment/medical providers to Defendant. See Ex. I at 1 (Minutes of Status Conference before J. Chang, dated February 16, 2007).

Instructive to this situation is the Tenth Circuit in 103 Investors I, L.P. v. Square D. Co., in which the plaintiff untimely submitted a rebuttal expert report because defendant had failed to timely submit their expert report. 372 F.3d 1213, 1217 (10th Cir. 2004). The Investors court held that:

> plaintiff's rationalization for the untimeliness of its filed report appears to us to be perfectly adequate; quite simply, [plaintiff] could not have been expected to file a rebuttal expert report prior to the report it sought to rebut

Id. at 1217.

Similarly here, Defendant Kapua could not have been expected to name expert witnesses and submit their expert reports **prior** to receiving the necessary medical records from Plaintiff. The medical records were essential to not only determine which experts would be necessary to name, but also to provide the underlying basis for the expert reports. Plaintiff herself prevented their receipt, requiring this Court to intervene, and Plaintiff still continues to provide her medical records to Defendant. See Ex. I at 1; Ex. N; Ex. O. Thus, Defendant Kapua was substantially justified in failing to name expert witnesses earlier.

Additionally, Defendant Kapua was substantially justified based on this court's previous scheduling orders. As previously stated, except for the February 26, 2007 Scheduling Order, all prior orders accordingly adjusted the deadline for parties to file expert disclosures based on the rescheduled trial dates. Therefore, Defendant Kapua relied on this Court's continued adjustment of expert disclosure deadlines based on the continued changes of the trial date. Should Plaintiff claim Defendant Kapua

12

missed any deadline under any scheduling order, Plaintiff herself must show substantial justification and harmlessness. As previously stated, if the April 20, 2006 Scheduling Order deadlines remain effective, Plaintiff herself failed to meet her November 6, 2006 deadline for expert disclosures by not providing her expert reports until December 6 and 8, 2006. Ex. C at ¶11; Ex. G at 1, Ex. H at 1. As such, it is apparent Plaintiff and Defendant Kapua both relied on this court's continued adjustment of the expert disclosure deadlines. Therefore, Defendant Kapua was substantially justified in not disclosing expert witnesses sooner and should not be precluded from naming expert witnesses including Dr. Bussey and Dr. Rogers now.

### 2. Defendant Kapua's Failure to Disclose Expert Witnesses Was Harmless

Any failure by Defendant Kapua to disclose expert witnesses was harmless. In Yeti, the Ninth Circuit found the defendants' delay was not harmless because the defendant provided the expert report just "one month before they were to litigate a complex case." Yeti, 259 F.3d at 1107. In so holding, the Yeti court recognized that the plaintiff's ability to respond to defendant's expert would be hampered because plaintiffs would need time to depose and prepare to question the expert at trial. Id. at 1107; see also Harris v. State Compensation Insurance Fund, No. 03-56639, 2005 US.App. LEXIS 9796 at *4-5 (9th Cir. May 25, 2005)(expert testimony precluded

13

where no harmlessness existed because disclosure just eight days before trial left opposition insufficient time to depose the expert and prepare for cross-examination at trial).

Based on the Ninth Circuit's interpretation of "harmless", Defendant Kapua's failure to name expert witnesses earlier was harmless. Under this Court's May 31, 2007 Scheduling Order, the discovery deadline is not until September 28, 2007 and trial is not scheduled until January 8, 2008. Ex. F at ¶11. As such, more than six (6) full months remain until trial commences, a sharp contrast to the available time in Yeti and Harris. Given the abundance of remaining time in discovery and prior to trial, Plaintiff has considerable time to thoroughly scrutinize Defendant Kapua's expert witnesses. Sufficient time exists for Plaintiff to review the expert reports, depose the experts, and prepare any cross-examination for trial. As such, Plaintiff will suffer no harm from Defendant Kapua naming expert witnesses at this point. Therefore, Defendant Kapua should not be precluded from naming any experts including Dr. Bussey and Dr. Rogers. See Ex. Q (Curriculum Vitae of George Davis Bussey, M.D., J.D., D.F.A.P.A., C.P.E.); see Ex. R (Curriculum Vitae of Joseph P. Rogers, Ph.D.). Furthermore, counsels for the defendants are aware that Dr. Bussey will not be available until September, 2007. See Declaration of Michael J. McGuigan. However,

Dr. Rogers is available in August, 2007 to perform his initial baseline analysis for Dr. Bussey. <u>See</u> Declaration of Michael J. McGuigan.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Kapua respectfully requests this Court grant his motion to permit naming of expert witnesses, including Dr. Bussey and Dr. Rogers, in accordance with Fed. R. Civ. P. 26(a)(2).

DATED: Honolulu, Hawaii, July 9, 2007.

_____
MICHAEL J. McGUIGAN
*Attorney for Defendant*
*IRVIL KAPUA*