IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, </br></br>    Plaintiff,</br></br>vs.</br></br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PICAO, IRVIL KAPUA,</br></br>    Defendants. | ) CIVIL NO. 04-00562 KSC</br>) **AMENDED**</br>) ORDER DENYING PLAINTIFF'S</br>) MOTION TO PRECLUDE ORAL</br>) DEPOSITION TESTIMONY OF</br>) DEFENDANT K.C. LUM; ORDER</br>) GRANTING DEFENDANT KAPUA'S</br>) MOTION TO AMEND RULE 16</br>) SCHEDULING ORDER; ORDER</br>) GRANTING COUNTY</br>) DEFENDANTS' MOTION TO</br>) AMEND RULE 16 SCHEDULING</br>) ORDER</br>) |

**AMENDED**
ORDER DENYING PLAINTIFF'S MOTION TO PRECLUDE ORAL
DEPOSITION TESTIMONY OF DEFENDANT K.C. LUM; ORDER
GRANTING DEFENDANT KAPUA'S MOTION TO AMEND RULE 16
SCHEDULING ORDER; ORDER GRANTING COUNTY DEFENDANTS'
MOTION TO AMEND RULE 16 SCHEDULING ORDER

On February 7, 2007, Plaintiff Darla Abbatiello ("Plaintiff") filed a Motion to Preclude Oral Deposition Testimony of Defendant K.C. Lum. On February 20, 2007, Defendant Irvil Kapua ("Defendant Kapua") filed a Motion to Amend Rule 16 Scheduling Order Filed 4/20/06. On February 20, 2007, Defendants County of Kauai, Kauai Police Department, Wilfred Ihu,



EXHIBIT D

Gordon Isoda and Dean Piago ("County Defendants") filed a Motion to Amend Scheduling Order to Permit Filing of Dispositive Motions. Defendant K.C. Lum ("Defendant Lum") filed a Substantive Joinder to County Defendant's Motion to Amend Scheduling Order to Permit the Filing of Dispositive Motions.

The matters came on for hearing on February 23, 2007. Attorney Margery S. Bronster, Attorney John T. Hoshibata, and Attorney Daniel G. Hempey appeared on behalf of Plaintiff; Attorney David J. Minkin appeared on behalf of County Defendants; Attorney Michael J. McGuigan appeared on behalf of Defendant Irvil Kapua; Attorney Cary T. Tanaka appeared on behalf of Defendant K.C. Lum.

In Plaintiff's Motion to Preclude Oral Deposition of Defendant K.C. Lum, Plaintiff argues that the proposed deposition of Defendant Lum is an impermissible second deposition insofar as Defendants failed to seek leave pursuant to Federal Rule of Civil Procedure ("Rule") 30(2)(B). Plaintiff claims that Defendant Lum's previous assertion of his Fifth

2

Amendment privilege in his first deposition should bar him from subsequently waiving that privilege and testifying in a second deposition. Defendant County argues that it had no control over Defendant Lum's initial decision to assert his Fifth Amendment privilege. Defendant County argues that the further deposition of Defendant Lum is a continuation of the first deposition, rather than a second deposition. Defendant Lum asserts that prior to the Defendant Lum's first deposition, counsel informed Plaintiff of Defendant Lum's intention to assert the Fifth Amendment at that time.

In Doe ex. Rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1265 (9th Cir. 2000), the Ninth Circuit stated that "[t]he tension between one party's Fifth Amendment rights and the other party's right to a fair proceeding is resolved by analyzing each instance where the adverse inference was drawn, or not drawn, on a case-by-case basis under the microscope of the circumstances of that particular civil litigation" and concluded that the court should balance the interests

3

of the parties. The Court finds that a balancing test approach is also appropriate under the circumstances presented here.

After considering the written submissions and the comments of counsel, and balancing the competing interests of the parties and the particular facts and circumstances of this case, the Court DENIES Plaintiff's Motion to Preclude Oral Deposition of Defendant K.C. Lum.

First, there is no evidence that Defendant Lum asserted his constitutional right against self incrimination in bad faith or for an improper purpose. Second, it would be detrimental to Plaintiff and Defendants to prevent or limit discovery by a party of evidence relevant to claims and/or defenses based on Defendant Lum's earlier assertion of a constitutional right. Third, discovery is ongoing among the parties. Fourth, in order to mitigate some of the prejudice claimed by Plaintiff resulting from the deposition of Defendant Lum, the Court will adjust the trial date and other deadlines in this case as follows:

4

1. The trial date will be continued to September 5, 2007; the discovery cut-off will be July 6, 2007; and the dispositive motions deadline will be **April 4, 2007.** All other trial-related deadlines will also be adjusted accordingly based on the new trial date.

2. The deposition of Defendant Lum will be completed no later than March 16, 2007.

3. Plaintiff is granted leave to reopen depositions previously completed based on Defendant Lum's new deposition testimony.

4. Plaintiffs is also granted leave to file an amended complaint based on Defendant Lum's new deposition testimony. The deadline for Plaintiff to file her amended Complaint, if any, is March 23, 2007.

5. Defendant Lum's Motion for Summary Judgment will be reset to a date in early April and memoranda in opposition may be submitted after the completion of Defendant Lum's deposition.

All of the parties are reminded of their obligation to seasonably supplement their discovery responses and expert witness disclosures.

Based on the Court's ruling on Plaintiff's Motion to Preclude Oral Deposition of Defendant K.C. Lum, the Court will GRANT Defendant Kapua and Defendant County's Motions to Amend the Rule 16 Scheduling Order and the deadlines shall be adjusted as stated above herein.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 23, 2007.

   

Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 04-00562 KSC. DARLA ABBATIELLO v. COUNTY OF KAUAI, et al.; AMENDED ORDER DENYING PLAINTIFF'S MOTION TO PRECLUDE ORAL DEPOSITION TESTIMONY OF DEFENDANT K.C. LUM; ORDER GRANTING DEFENDANT KAPUA'S MOTION TO AMEND RULE 16 SCHEDULING ORDER; ORDER GRANTING COUNTY DEFENDANTS' MOTION TO AMEND RULE 16 SCHEDULING ORDER