2300 Pauahi Tower
1001 Bishop Street
Honolulu, HI 96813
Phone 808 524-5644
Fax 808 599-1881
info@bchlaw.net

A Law Corporation

# Bronster Crabtree & Hoshibata
### ATTORNEYS AT LAW

December 6, 2006

**Via Hand-Delivery**
David J. Minkin, Esq.
McCorriston Miller Mukai MacKinnon
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i   96813

**Via Fax (808) 241-6319 & U.S. Mail**
Lani D. H. Nakazawa, Esq.
Christiane L. Nakea-Tresler, Esq.
Office of the County Attorney
4444 Rice Street, Suite 220
Lihue, Hawai'i   96766

**Via Hand-Delivery**
Michael J. McGuigan, Esq.
Reinwald O'Connor & Playdon
Pacific Guardian Ctr., Makai Tower
733 Bishop Street, 24th Floor
Honolulu, Hawai'i   96813

**Via Hand-Delivery**
Cary T. Tanaka, Esq.
Fort Street Tower, Suite 510
745 Fort Street
Honolulu, Hawai'i   96813

Re:   *Abbatiello v. County of Kauai et al.*; Civil No. 04-00562 SOM BMK
United States District Court for the District of Hawaii

Dear Counsel:

Enclosed are the reports of experts Chief Penny Harrington and Darryl Matthews, M.D., Ph.D. dated December 6, 2006 concerning Darla Abbatiello.

We are planning to provide you with our economist's report as soon as possible, hopefully by this Friday, December 8th. As we advised in our letter to you dated December 1, 2006, because critical documents and testimony were not forthcoming during the 30(b)(6) depositions, especially that of Ms. Vivian Akina, we reserve the right to submit our economist's report when as soon as our expert has had a chance to review and opine.

**EXHIBIT G**

David Minkin, Esq.
Lani Nakazawa, Esq./Christiane Nakea-Tresler, Esq.
Michael McGuigan, Esq.
Cary Tanaka, Esq.
December 6, 2006
Page 2

We also reserve the right to supplement each/all of our experts' reports as discovery proceeds and more documents, facts and testimony come to light. We also reserve the right to re-depose those 30(b)(6) deponents who were either unable or unwilling to testify "completely, knowledgeably and with binding authority" on the County's and KPD's behalf.

As you are aware, the County and KPD were duty-bound "to prepare deponents by having them review prior fact witness deposition testimony as well as documents and depositions and exhibits".[1] Furthermore, "producing an unprepared witness is tantamount to a failure to appear at a deposition".[2] "Deponents were required to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore implicitly require such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition."[3]

The 30(b)(6) witnesses who could not, would not and/or did not testify about their designated areas of knowledge included, but are not limited to, deponent Akina, who did not give testimony about Plaintiffs' overtime requests and payments; deponent Tanabe, who did not give testimony about what the County and/or KPD's duties were concerning investigations of complaints of a hostile work environment and workplace violence by a County employee; deponent Tanabe, who did not give testimony about the details and status of the actions taken by the County and/or KPD in response to the specific allegations of Plaintiff's First Amended Complaint; deponent Tanabe, who did not give testimony about the disciplinary action which would result from a police officer who pleads the Fifth Amendment protection against self-incrimination; deponent Tanabe, who did not give testimony about whether former Chief K.C. Lum attended various training seminars and classes (and who has testified that he did not review the First Amended Complaint); deponent Isoda, who did not give testimony about the details and status of the actions taken by the County and/or KPD in response to the specific allegations of Plaintiff's First Amended Complaint (and who testified that he did not review

---

[1] Calzaturficio S.C.A.R.P.A.S.P.A. vs. Fabiano Shoe Lighting, Inc., 201 F.R.D. 33, 37 (D.Mass. 2001).

[2] Starlight International vs. Herlihy, 186 F.R.D. 626, 639 (D. Kansas 1999).

[3] United States vs. J.M. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996).

David Minkin, Esq.
Lani Nakazawa, Esq./Christiane Nakea-Tresler, Esq.
Michael McGuigan, Esq.
Cary Tanaka, Esq.
December 6, 2006
Page 3

the First Amended Complaint; deponent Isoda, who did not give testimony about what the County's/KPD's duties were in response to complaints of hostile work environment and/or workplace violence; and deponent Kanoho, who did not give testimony about who or what initiated the desire for a written strip search policy and who could not explain the reasons that there were two different dates on the proposed strip search policy signed by former Chief K.C. Lum.

                                         Very truly yours,

                                         John Hoshibata

cc:    Dan Hempey, Esq. (w/enclosures) (via fax & U.S. Mail)