LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY          7535
3175 Elua Street, Suite C
Lihue, Hawaii 96766
Telephone No. (808) 632-0000
Facsimile No. (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER               4750
JOHN HOSHIBATA                   3141
JEANNETTE HOLMES CASTAGNETTI    7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-5644
Facsimile No. (808)599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04 00562 SOM BMK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT |
| vs. | ) | IRVIL KAPUA'S *EX PARTE* |
| | ) | MOTION TO SHORTEN TIME FOR |
| COUNTY OF KAUAI, KAUAI | ) | HEARING ON DEFENDANT IRVIL |
| POLICE DEPARTMENT, K.C. LUM, | ) | KAPUA'S MOTION FOR |
| WILFRED M. IHU, GORDON | ) | PERMISSION TO NAME EXPERT |
| ISODA, DEAN PIGAO, IRVIL | ) | WITNESSES FILED JULY 9, 2007; |
| KAPUA, | ) | DECLARATION OF JOHN |

|  |  |
|---|---|
| Defendants. | ) HOSHIBATA;  EXHIBITS "1" - "3"; |
|  | ) CERTIFICATE OF SERVICE |
|  | ) |
|  | ) |
|  | ) Trial Date:   January 8, 2008 |
| _____ | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT IRVIL KAPUA'S EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON DEFENDANT IRVIL KAPUA'S MOTION FOR <u>PERMISSION TO NAME EXPERT WITNESSES FILED JULY 9, 2007</u>

Plaintiff Darla Abbatiello ("Plaintiff"), by and through her attorneys

Bronster Crabtree & Hoshibata and the Law Office of Daniel Hempey, files this

Memorandum in Opposition to Defendant Irvil Kapua's Ex Parte Motion to

Shorten Time for Hearing on Defendant Irvil Kapua's Motion for Permission to

Name Expert Witnesses, filed on July 9, 2007.

Plaintiff's memorandum in opposition is brought pursuant to Local Rules

7.1 *et. seq.*, and is based upon the records and files of this case.

## I.    INTRODUCTION.

Defendant Irvil Kapua ("Defendant Kapua")  has today filed a motion for

permission to name expert witnesses.  There are many persuasive and controlling

reasons why this motion should be summarily denied.  This Court is well aware

that the deadline for the naming of expert witnesses has long passed, and that none

of the defendants in this matter has ever named an expert witness.  The lack of

2

defense expert witnesses (with the exception of one William Clough, identified by Defendant K.C. Lum's counsel before the court-ordered deadline for such identification) has been acknowledged many times in status conferences and in hearings. Never once, until this extremely late date, on the eve of a two day mediation with Judge Kurren and David Fairbanks, Esq., has Defendant Kapua ever made known his belief or intention to file a motion such as this.

It is the undersigned's intention, of course, to fully oppose Defendant Kapua's motion-in-chief, for permission to name expert witnesses at this late date, in violation of this Court's and Judge Mollway's orders.

However, as we are on the eve of mediation, preparing for good faith settlement discussions, it would be totally counterproductive, to say the least, to have Defendant Kapua's motion interfere with both the spirit and the letter of the mediation order.

Therefore, Plaintiff Darla Abbatiello takes the position and respectfully requests, that this Court deny Defendant Kapua's ex parte motion for the following reasons.

## II.    THE EX PARTE MOTION TO SHORTEN TIME SHOULD BE DENIED.

1.    <u>The Court has ordered a complete stay of all discovery in the interim</u>.

In order to allow the parties to concentrate on good faith efforts to mediate

3

this matter, and to reduce the already enormous expenditures of time and effort - on counsel's part as well as the Court's - this court ordered that all discovery be stayed until after the mediation. *See,* Exhibit "1", "Minutes, Document 308", attached to the Declaration of John Hoshibata. Defendant Kapua's motion is a discovery motion, brought under Rule 26, *Federal Rules of Civil Procedure*, and other discovery rules. As such, this motion is inappropriately brought and is contrary to and in violation of, this Court's order. All pending motions have either been withdrawn or taken off calendar, so that the mediation would be paramount and further litigation expenses as well as this Court's resources, would be conserved. For a motion such as this to be filed and calendared, in spite of the parties' and this Court's interest in good faith mediation, is unbelievable.

     2.   <u>The Court ordered that all pending motions be withdrawn or stayed.</u>

     There are a two motions for summary judgment that were pending, prior to the agreement to enter into the two day mediation. After discussions among counsel and with this Court, it was decided that those motions be put off until after the mediation effort. In addition, a defense  motion to certify a question to the Hawaii Supreme Court was also withdrawn by counsel for the County of Kauai and the Kauai Police Department. Clearly, all the parties and the Court desired to make the mediation "the" priority.

3.     <u>The focus should be on the two day mediation.</u>

The two day mediation was scheduled weeks ago, and all counsel had input into who the mediators would be, when the mediation would take place, and how long it would last.  All counsel agreed to finalize and expedite the arrangement for the mediation.  Judge Kurren and Mr. Fairbanks have made themselves available to work together to do their best to get this case resolved.  It is scheduled for Thursday and Friday, July 19 and 20, 2007.

This heavy-handed attempt to sidetrack the mediation should not be countenanced.

4.     Defense counsel for K.C. Lum and for the County of Kauai and Kauai Police Department agreed that the Court ordered that only **already-named experts** would be able to update their previously submitted <u>reports based upon the remaining discovery.</u>

On or about April 30, 2007, during a status conference with this Court, there was discussion about future discovery, and whether and how the already-named experts, who had already submitted their reports, would be able to supplement their reports based upon the future discovery.  No party would be able to name new experts, since that deadline had long since  passed.  See, Exhibits "2" and "3", copies of e-mails and a copy of a letter from John Hoshibata to counsel, respectively, attached to the Declaration of John Hoshibata.

**III.   CONCLUSION**.

For the foregoing reasons, Plaintiff respectfully requests that this Court

DENY Defendant Kapua's ex parte motion to shorten time for hearing on

Defendant Kapua's motion for permission to name expert witnesses.

Plaintiff further states that she will oppose Defendant Kapua's motion for

permission to name expert witnesses, at the appropriate time, after the mediation.

DATED:  Honolulu, Hawaii, July 9, 2007.


 /s/ John Hoshibata
DANIEL G. HEMPEY
MARGERY S. BRONSTER
JOHN T. HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
Attorneys for Plaintiff
DARLA ABBATIELLO