IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, ) | CIVIL NO. CV04 00562 KSC |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | SUBSTANTIVE JOINDER |
| vs. ) | |
| ) | |
| COUNTY OF KAUAI, KAUAI ) | |
| POLICE DEPARTMENT, K.C. LUM, ) | |
| WILFRED M. IHU, GORDON ISODA, ) | |
| DEAN PIGAO, and IRVIL KAPUA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF SUBSTANTIVE JOINDER

Defendant K. C. LUM hereby substantively joins in and adopts by reference the arguments set forth in Defendant Irvil Kapua's Motion for Permission to Name Expert Witnesses, filed herein on July 9, 2007 ("Kapua's Motion").

I.  DISCUSSION

   A.  The Second Amended Rule 16 Scheduling Order, Filed Herein on May 31, 2007, Permits Defendants to Name Additional Expert Witnesses

The Second Amended Rule 16 Scheduling Order, filed herein on May 31, 2007 ("Second Amended Scheduling Order"), governs the deadlines in this case for expert disclosures.  Specifically, Section 11 of the Second Amended Scheduling Order states in relevant part:

> **11.**  Pursuant to Fed. R. Civ. P. 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert

>    evidence under Rules 702, 703, or 705 of the
>    Federal Rules of Evidence.  The disclosures
>    pursuant to this paragraph shall be according
>    to the following schedule:
>
>    **a.**   All plaintiffs shall comply by July
>          9, 2007.
>
>    **b.**   All defendants shall comply by
>          August 8, 2007.
>
>           . . .

See, Exhibit "F" to Kapua's Motion.  As the Second Amended Scheduling Order is the last scheduling order to be filed by the Court, the deadlines set forth therein should govern this case. Therefore, Defendants have until August 8, 2007, to make their expert disclosures pursuant Rule 26(a)(2), Federal Rules of Civil Procedure ("FRCP").

FRCP Rule 26(a)(2) governs expert disclosures in federal court and states in relevant part:

>    (A) In addition to the disclosures required
>    by paragraph (1), a party shall disclose to
>    other parties the identity of any person who
>    may be used at trial to present evidence
>    under Rules 702, 703, or 705 of the Federal
>    Rules of Evidence.
>
>    (B) Except as other stipulated or directed by
>    the court, this disclosure shall . . . be
>    accompanied by a written report prepared and
>    signed by the witness.
>
>           . . .
>
>    (C) These disclosures shall be made at the
>    times and in the sequence directed by the
>    court.  In the absence of other directions
>    from the court or stipulation by the parties,
>    the disclosures shall be made at least 90

>     days before the trial date or the date the
>     case is to be ready for trial[.]

Fed. R. Civ. P. 26(a)(2).  Therefore, pursuant to FRCP 26(a)(2) and the Second Amended Scheduling Order, Defendants should not be prohibited from naming additional expert witnesses in this case.

    B.   <u>Plaintiff Delayed Discovery</u>

As set forth in Kapua's Motion, much of the delay in obtaining Plaintiff's medical records resulted from Plaintiff's failure to identify her medical providers, failure to provide authorizations for release of medical information, and failure to timely provide the actual records.  Defendant Lum could not reasonably be expected to name experts to address information in Plaintiff's medical records without first reviewing the records.  As Plaintiff's own actions hampered efforts to obtain medical discovery and caused the delay in the naming of the expert witnesses set forth in Kapua's Motion, the granting of Kapua's Motion is appropriate.

    C.   The Naming of Additional Witnesses As Set Forth In Kapua's Motion Should Not Be Precluded As There Is Substantial Justification for the Additional Witnesses, <u>and Such Naming is Harmless</u>

FRCP Rule 37(c)(1) provides for sanctions against a party who fails to disclose information required by FRCP Rule 26(a).  However, the sanctions set forth in FRCP Rule 37(c)(1) do not apply when there is substantial justification for the failure to disclose, or such failure is harmless.

> A party that <u>without substantial justification</u> fails to disclose information required by Rule 26(a) . . . is not, <u>unless such failure is harmless</u>, permitted to use as evidence . . . any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1) (emphasis added).

As discussed above and set forth in Kapua's Motion, the naming of additional witnesses at this time is substantially justified as it was Plaintiff's actions which delayed Defendant Lum's, as well as the other Defendants', ability to obtain and review Plaintiff's medical records.  This consequently, caused a delay in Defendant Lum naming witnesses to address the information in such records.

In addition, any delay in the naming of the additional witnesses is harmless as the discovery deadline in this case is September 28, 2007, and trial is not scheduled to commence until January, 2008.  <u>See</u>, Second Amended Scheduling Order, section 12. Thus, Plaintiff has ample time to conduct the appropriate discovery of the additional expert witnesses and to prepare her deposition and trial examination of such witnesses.

II.  CONCLUSION

For the above-enunciated reasons, Defendant K.C. LUM respectfully substantively joins in Kapua's Motion and requests that this Honorable Court grant him the same relief being prayed for by Kapua's Motion herein.

DATED:  Honolulu, Hawaii, July 10, 2007.

                                        <u>/s/ Diane K. Agor-Otake</u>
                                        CARY T. TANAKA
                                        DIANE K. AGOR-OTAKE
                                        Attorneys for Defendant
                                        K.C. LUM