LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY          7535
3175 Elua Street, Suite C
Lihue, Hawaii 96766
Telephone No. (808) 632-0000
Facsimile No. (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER CRABTREE & HOSHIBATA
MARGERY S. BRONSTER               4750
JOHN HOSHIBATA                    3141
JEANNETTE HOLMES CASTAGNETTI   7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-5644
Facsimile No. (808)599-1881
mbronster@bchlaw.net
jhoshibata@bchlaw.net
jcastagnetti@bchlaw.net

Attorneys for Plaintiff
DARLA ABBATIELLO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLA ABBATIELLO, | ) | CIVIL NO. CV04 00562 SOM BMK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT |
| vs. | ) | IRVIL KAPUA'S MOTION FOR |
| | ) | PERMISSION TO NAME EXPERT |
| COUNTY OF KAUAI, KAUAI | ) | WITNESSES FILED JULY 9, 2007; |
| POLICE DEPARTMENT, K.C. LUM, | ) | DECLARATION OF JOHN |
| WILFRED M. IHU, GORDON | ) | HOSHIBATA;  EXHIBITS "1" - "16"; |
| ISODA, DEAN PIGAO, IRVIL | ) | CERTIFICATE OF SERVICE |
| KAPUA, | ) | |

|              | ) | Date:    August 25, 2007 |
| Defendants.  | ) | Time:    10:45 a.m. |
|              | ) | Judge:   Honorable Kevin S.C. Chang |
|              | ) | |
|              | ) | Trial Date:   January 8, 2008 |
| _____ | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT IRVIL KAPUA'S MOTION FOR PERMISSION TO <u>NAME EXPERT WITNESSES FILED JULY 9, 2007</u>

Plaintiff Darla Abbatiello ("Plaintiff"), by and through her attorneys Bronster Crabtree & Hoshibata and the Law Office of Daniel Hempey, files this Memorandum in Opposition to Defendant Irvil Kapua's Motion for Permission to Name Expert Witnesses, filed on July 9, 2007, and the separate Joinders to Defendant's Motion for Permission to Name Expert Witnesses filed by Defendant K.C. Lum on July 10, 2007 and filed by County of Kauai and Kauai Police Department on July 10, 2007.

Plaintiff's memorandum in opposition is brought pursuant to Local Rules 7.1 *et. seq.*, and is based upon the records and files of this case.

## I.    INTRODUCTION.

Defendant Irvil Kapua's ("Defendant Kapua")  motion for permission to name expert witnesses should be summarily denied.  Defendants are well aware that the deadline for the naming of expert witnesses has long passed.  Defendants had every opportunity, the same opportunities that Plaintiff had and more, to name

their experts at least after having had all of Plaintiff's expert reports a full month prior to their expert-disclosure deadlines.  On the sole basis of having not complied with the Court's clear and unambiguous deadlines for such naming, Defendants' motion and joinders ought to be denied.

Defendant Kapua's statement, in his moving papers, that "based on the six scheduling orders issued by this Court, the deadline for Defendants to name experts and provide their corresponding expert reports has not passed"[1] is outrageous.

The first scheduling order, dated February 11, 2005, did not specify deadlines for expert disclosures.  The first relevant order, concerning those deadlines is that dated April 20, 2006, *ECF* Document 112, attached as Exhibit "16".  That order makes it clear that the controlling deadline for Plaintiff's experts' disclosure was November 6, 2006.  The Defendants' experts' disclosure deadline was December 6, 2006.

For various reasons, there were delays in conducting discovery.  As a result, the parties requested and received a brief extension of time in order to obtain necessary discovery.  Discovery was, in fact, undertaken, and Plaintiff had her experts formulate opinions and their reports.

---

[1] At Section III, page 4, of Kapua's memorandum.

In the spring of 2007, the parties discussed consenting to a magistrate trial before Judge Kevin S.C. Chang.  The Minutes of the status conference which effectuated the transfer, dated February 16, 2007, continued the trial date, the pretrial conference date, and the discovery cut off.  <u>The deadline for the naming of experts and disclosure of their opinions, having already passed over a month prior, was not moved</u>.  *See, ECF* Document 232.

As a result of that status conference, the controlling deadline for Defendants' naming of experts and their production of their reports was (and is), unambiguously, January 8, 2007.  This Court ordered that "Defendants' expert disclosure [is] moved from 12/6/06 to 1/8/07".  On January 8, 2007, Defendants, with the exception of Defendant Lum, did not name any experts and did not provide any disclosures or any expert opinion.  At no time did the Defendants request that the deadline be extended.

On February 20, 2007, counsel for the County Defendants filed a "Motion to Amend Amended Scheduling Order to Permit Filing of Dispositive Motions".  That motion specifically dealt with the County's desire to file a Motion to Certify a Question to the Hawaii Supreme Court.  The County Defendants did not address any desire to extend the deadline, which had already passed, concerning the disclosure of any expert witness.

On the same date, February 20, 2007, counsel for Kapua, Mr. McGuigan, filed his "Motion to Amend Rule 16 Scheduling Order Filed April 20, 2006", along with his own declaration in support of that motion. *See, ECF* Document 233. The motion itself stated that Kapua had no objection to a shortening of time for the County's Motion to Amend the Scheduling Conference Order, and it recited the date of the hearing. Mr. McGuigan did not mention the already-passed deadline concerning experts and their disclosures. Mr. McGuigan's motion contained an exhibit, *ECF* Document 233-3[2], which recited, in detail, the items which had been discussed in a status conference with Judge Chang on February 16, 2007. The Minutes of that status conference contain numerous references to procedural changes, due to the transfer of the case from Judge Mollway to Judge Chang. Presumably, in using the document as an exhibit, Mr. McGuigan was thoroughly familiar with its contents. Nowhere in those Minutes is there any mention of the expert disclosure deadlines, although certain pending and future deadlines were addressed. *See* Exhibit "13".

Obviously, if there had been any hint of an attempt to change the experts' deadline, Plaintiff would have vehemently objected. There was not even a hint of

---

[2] The County filed its own Motion to Amend. See ECF 232 attached as Exhibit "14".

5

such an attempt, throughout this litigation, except for this last-minute ploy.

Defendant Kapua has made the additional argument that Plaintiff's naming of expert witnesses was untimely. Nothing is further from the truth. Although the Amended Rule 16 Scheduling Order filed April 20, 2006, does reflect Plaintiff's and Defendants' disclosure deadlines as November 6, 2006, and December 6, 2006, respectively, <u>those deadlines were moved as a result of a status conference with Judge Kurren on October 4, 2006.</u> *See* Exhibit "1 ", "Minutes, Document 164." The deadline for Plaintiff's expert disclosure was moved to December 6, 2006. <u>Id.</u> Accordingly, Plaintiff provided the expert reports of Chief Penny Harrington and Daryl Matthews, M.D. to Defendants on December 6, 2006. *See* Exhibit "2 ". Because of the County's and Kauai Police Department's admitted delays in obtaining necessary payroll records of Plaintiff from the County and KPD, the report of Plaintiff's expert economist Thomas Loudat, Ph.D., was provided to Defendants two days later, on December 8, 2006. *See* Exhibits "3 " and "4 ".

Pursuant to Judge Kurren's order, Defendants' deadline for expert disclosures was moved to January 8, 2007. *See* Exhibit "1". All Defendants were clearly aware of this deadline, and at least counsel for Defendant K.C. Lum timely provided the expert report of William J. Clough to Plaintiff on January 8, 2007.

6

*See* Exhibit "5".

## II.     THE RULES PERTAINING TO EXPERTS

**Fed.R.Civ. P. 26** governs the "disclosure of expert testimony".

> (2)   <u>Disclosure of Expert Testimony</u>.
> Except as otherwise stipulated or directed by the Court, this disclosure
> shall, with respect to a witness who is retained or specially employed
> to provide expert testimony in the case or whose duties as an
> employee of the party regularly involve giving expert testimony, be
> accompanied by a written report prepared and signed by the witness.
> The report shall contain a complete statement of all opinions to be
> expressed and the basis and the reasons therefor; the data or other
> information considered by the witness in forming the opinions;  any
> exhibits to be used as a summary of or support for the opinions; the
> qualifications of the witness, including a list of all publications
> authored by the witness within the preceding ten years; the
> compensation to be paid for the study and testimony; and a listing of
> any other cases in which the witness has testified as an expert at trial
> or by deposition within the preceding four years.
>> (C)   <u>These disclosures shall be made at the times and in the
>> sequence directed by the Court</u>...

(Emphasis added.)

**Local Rule 26.2** governs the scheduling of deadlines as ordered by the

Court.  **Document 164**, "MINUTES" submitted and filed by Richlyn W. Young,

courtroom manager for Judge Barry M. Kurren, stated the following:

> COURT ACTION: EP: Status Conference Re Trial Date and
> Discovery Deadline -
> New deadlines given:
> Plaintiff's expert disclosure moved from 11/6/06 to 12/6/06.
> <u>Defendants' expert disclosure moved from 12/6/06 to 1/8/07.</u>
> Plaintiff's rebuttal to defendants' expert disclosure moved from

1/04/07 to 2/5/07.

(Emphasis added) (Exhibit "1").

The reports of Plaintiffs' experts, Chief Harrington and Dr. Matthews, were hand-delivered (or, in the case of Kauai counsel, sent via fax) on December 6, 2007.  *See,* Exhibit "2".   Defendants were provided with Dr. Loudat's report two days later.  Plaintiff abided by the Court's scheduling order.

Plaintiff, however, would suffer tremendous prejudice inherent if Defendants were to be allowed to ambush her by naming expert witnesses eight months after their deadline.  If Defendants have their way, it would undoubtedly be another several months before any of their reports would be available.  Such a crass maneuver would throw off numerous key deadlines, would almost certainly result in another continuance of the trial date, and cannot be permitted.

## III.  DEFENDANT KAPUA'S ARGUMENT (AND ALL DEFENDANTS' JOINDERS) BLAMING HIS OWN LACK OF PREPARATION ON PLAINTIFF IS FRIVOLOUS

Defendant Kapua's argument that "Plaintiff's own failures in timely providing her own medical records were the cause of Defendant's naming of expert witnesses" is disingenuous at best.  Plaintiff voluntarily produced the great bulk of her then-available medical records to all Defendants on November 22, 2005, more than <u>one year</u> prior to the Defendants' deadline for disclosure of expert witnesses.

8

*See* Exhibit "6".  In addition, Plaintiff continues to periodically supplement her

production of medical records as she is required to do pursuant to FRCP 26(e)(2).

*See* Exhibits "7" through "10".   The subpoenaed medical records obtained in 2007

that Defendant Kapua asserts were "required before he could name an expert

witness" included the very <u>same records</u> that already been produced by Plaintiff in

2005 and 2006.  The records produced in 2005 were clearly sufficient to place all

Defendants on notice that Plaintiff had suffered extreme stress and emotional

distress and physical manifestations resulting from stress, as a result of

Defendants' actions and inaction.  Even a cursory review of those records by a

layperson should have confirmed the need for a defense expert in the areas of

general medicine, psychology, psychiatry and/or economics.     For any

experienced defense counsel to complain that those reports did not indicate such a

need is, indeed, both shameful and borne of last-minute desperation.

Prior to this frivolous motion, Defendant Kapua <u>never</u> asserted that Plaintiff

was inhibiting his ability to name an expert witness.   As described above, all

Defendants have known the complete and entire substance of Plaintiff's experts'

testimonies for more than seven months, and they have known the basic

information necessary to make decisions concerning defense experts for far longer

than that.  Plaintiff's experts' clearly highlighted the conduct and misconduct of

specific Defendants and specific circumstances demonstrating the liability of the Defendants in December of 2006. If any of Defendants' counsel read the experts' reports of Chief Harrington, Dr. Matthews, Dr. Loudat, and the detailed clinical notes of treating psychologist, Dr. Gerard, they were absolutely on notice of opinions which they had every opportunity to deal with in a timely manner.

Defendants' transparent and shameful attempt to blame Plaintiff for their failure to meet their well-known deadline and their duplicity in trying to conceal and excuse their own dereliction should not be countenanced.

## IV.  DEFENDANTS HAVE ACKNOWLEDGED THEIR FAILURES.

The lack of defense expert witnesses (with the exception of William J. Clough, legitimately identified by Defendant K.C. Lum's counsel[3]) has been acknowledged many times in status conferences and in hearings. Never once, until this extremely late date, on the eve of a two day mediation, has Defendant Kapua (or the County Defendants) ever made known his belief or intention to name an expert witness or file a motion such as this. The simple explanation is that they fully realized that they had missed their deadlines, decided that they did not need

_____

[3] The fact that counsel for Defendant K.C. Lum recognized his obligation to timely name an expert speaks volumes of the other Defendants' failure to follow suit. The only other possible explanation for the failures of other defense counsel is that they felt that there was no need to name expert witnesses other than the one named by Mr. Tanaka.

experts and/or acknowledged that Plaintiffs' experts could not be rebutted.

## V.    COUNSEL HAVE CONCEDED THE APPLICABILITY OF THE 1/8/07 DEADLINE

Defense counsel for Lum, the County of Kauai and KPD orally and in writing, agreed that the Court ordered that only **already-named experts** would be allowed to update their previously-submitted reports based upon the remaining discovery.  On or about April 30, 2007, during a status conference with this Court, there was discussion about future discovery, and whether and how the already-named experts, who had already submitted their reports, would be able to supplement their reports based upon the future discovery.  The Court ordered that no party would be able to name new experts, and this was acknowledged by counsel.  *See*, Exhibits "11" and "12", copies of e-mails and a copy of a letter from John Hoshibata to counsel, respectively, attached to the Declaration of John Hoshibata.

For Defendants to now come before this Court and plead otherwise is conduct which should not be tolerated, much less considered.

## VI.    CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendant Kapua's motion for permission to name expert witnesses and all joinders thereto.

11

DATED:  Honolulu, Hawaii, July 19, 2007.

   /s/ John Hoshibata

DANIEL G. HEMPEY
MARGERY S. BRONSTER
JOHN T. HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
Attorneys for Plaintiff
DARLA ABBATIELLO

12