REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

MICHAEL J. McGUIGAN      2433-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
E-mail: mjm@roplaw.com

*Attorney for Defendant*
*IRVIL KAPUA*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DARLA ABBATIELLO, | CIVIL NO. CV04-00562 KSC |
|---|---|
| Plaintiff, | DEFENDANT IRVIL KAPUA'S REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT IRVIL KAPUA'S MOTION FOR PERMISSION TO NAME EXPERT WITNESSES FILED JULY 9, 2007; DECLARATION OF MICHAEL J. MCGUIGAN; EXHIBITS "A"-"E"; CERTIFICATE OF SERVICE |
| vs. | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, K.C. LUM, WILFRED M. IHU, GORDON ISODA, DEAN PIGAO, IRVIL KAPUA, | |
| Defendants. | TRIAL DATE: January 8, 2008 |

DEFENDANT IRVIL KAPUA'S REPLY MEMORANDUM TO
PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
IRVIL KAPUA'S MOTION FOR PERMISSION TO NAME EXPERT
WITNESSES FILED JULY 9, 2007

Defendant Irvil Kapua, by and through his attorneys, Reinwald O'Connor & Playdon LLP, and herby submits this Reply Memorandum in response to Plaintiff's Memorandum in Opposition to Defendant Irvil Kapua's Motion for Permission to Name Expert Witnesses Filed July 9, 2007.

Defendant's reply memorandum is brought pursuant to Local Rules 7.1 et.seq., and is based upon the records and files of this case.

I.    INTRODUCTION

Defendant Irvil Kapua's Motion for Permission to Name Expert Witnesses ("Motion") should be granted. Based on this Court's previous and most recent scheduling orders as well as the Federal Rules of Civil Procedure and corresponding case law governing expert disclosures and expert preclusion, Defendant Kapua should be permitted to name expert witnesses.

Plaintiff fails to acknowledge this Court's continued adjustment of the Rule 26 expert disclosure deadlines based on the rescheduled trial date. Plaintiff states that the "first scheduling order, dated February 11, 2005 did not specify deadlines for expert disclosures" yet the order clearly

2

states "Plaintiff shall comply by August 22, 2005" and "Defendants shall comply by September 1, 2005." Plaintiff's Opposition ("Opp.") at 3; See Exhibit ("Ex.") A at ¶¶ 1, 11, 12. Moreover, the following Amended Rule 16 Scheduling Order, dated September 28, 2005 also contains adjusted expert disclosure deadlines based on the rescheduled trial date. Ex. B at ¶¶ 1, 11, 12.

Plaintiff argues that Defendants must have proactively requested or included such an adjustment in every motion. Opp. at 4. This may account for why Plaintiff does not acknowledge the first two scheduling orders which automatically adjusted the expert disclosure deadlines. Ex. A; Ex. B.

Plaintiff also places great weight on Defendant's "Motion to Amend Rule 16 Scheduling Order Filed April 20, 2006" and how Defendant's counsel "did not mention the already-passed deadline concerning experts and their disclosure." Opp. at 5. Once again, Plaintiff does not acknowledge this Court's continued automatic adjustment of the expert disclosure date based on the rescheduled trial date. This Court granted the Defendant's motion to amend and included, *sua sponte*, that "[a]ll other trial-related deadlines will also be adjusted accordingly based on the new trial date." Ex. C.

3

Additionally, Plaintiff argues they "abided by the Court's scheduling order", dated October 4, 2006 which states Plaintiff's expert disclosures deadline to be December 6, 2006. Opp. at 8. Yet they admit their expert report of Dr. Loudat was not provided until two days after the deadline and cited the "County's and Kauai Police Department's" delays in providing information. Opp. at 6. This is exactly the same reason why Defendant could not name expert witnesses and provide their expert reports. Plaintiff's own delays in providing her signed medical authorization form to obtain her medical records prevented Defendant making its expert disclosures. That Plaintiff relies on the same argument as Defendant yet admonishes Defendant is confusing.

II.   RULES GOVERNING EXPERT DISCLOSURES AND EXPERT PRECLUSION PERMIT NAMING OF EXPERT WITNESSES

Should Defendant Kapua have been found to miss the Rule 26 expert disclosure deadline, Rule 37 permits Defendant to name expert witnesses because Defendant's failure, if any, was substantially justified and harmless. Plaintiff fails to address or even acknowledge Rule 37's clear application and the relevant case law cited in Defendant's Motion.

    A.   Any Failure By Defendant to Name Experts Earlier was Substantially Justified Under Rule 37

4

Under Rule 37, Defendant Kapua has substantial justification for not naming expert witnesses earlier. Defendant Kapua was awaiting Plaintiff's medical records which could not be provided until Plaintiff signed her medical authorization form. Only after receiving these medical records could Defendant not only name experts but have the foundation for the Defendant's experts' reports.

Additionally, it was understood that Defendant would name experts following receipt of Plaintiff's medical records. In fact, Defendant continues to receive Plaintiff's medical records. See Ex. D.

However, Plaintiff contends that Defendant Kapua must have relied on Plaintiff's "voluntarily produced" records in naming its expert witnesses. Opp. at 8. Only through subpoenaing Plaintiff's records could Defendant guarantee it would receive Plaintiff's medical records. In fact, Plaintiff's Opposition does not even address how Defendant's experts could properly evaluate Plaintiff and produce a comprehensive expert report without her medical records. That Defendant's experts should have to rely on Plaintiff's experts' reports and Plaintiff's "voluntarily produced" records in drafting their expert report is unavailing.

    B.    Any Failure By Defendant to Name Experts Earlier was Harmless Under Rule 37

5

Plaintiff's only argument tangentially related to Rule 37 is that it would "suffer tremendous prejudice . . . by naming expert witnesses eight months after their deadline." Opp. at 8.

However, under Rule 37, harm is measured by the proximity of the expert disclosures prior to trial, and not from the date of the disclosure deadline as Plaintiff states. See Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001). Here, more than five (5) full months still exist before the trial date. There is ample time for the experts to provide their reports and for Plaintiff to evaluate them accordingly and prepare for trial.

Plaintiff does not explain or elaborate what prejudice it would suffer. Defendant fully expects to be prepared for the January 8, 2008 trial date. Plaintiff conjectures that it would be "several months before any of [Defendant's] reports would be available" yet Dr. Rogers is available this coming August and Dr. Bussey is available shortly thereafter in September. Opp. at 8.

Moreover, Plaintiff states that a review of her medical records would have "confirmed the need for a defense expert in the areas of general medicine, psychology, psychiatry and/or economics". Opp. at 9. Plaintiff's statement reflects an expectancy that Defendant would name such experts.

Therefore, they cannot now claim any surprise or prejudice now that Defendant names its expert witnesses. As such, any delay by Defendant was harmless and Defendant should be permitted to name experts now.

III.  THE MAY 31, 2007 STATUS CONFERENCE WAS THE FIRST TIME DEFENDANT'S EXPERT WITNESSES WAS DISCUSSED

Contrary to Plaintiff's contention that "the lack of defense expert witnesses . . . has been acknowledged many times in status conferences and in hearings", only until the May 31, 2007 status conference was the issue discussed in the presence of this Court. At this conference, the Court directed parties to file motions should they wish to name experts. Had Plaintiff brought up Defendant's lack of expert witnesses earlier, Defendant would have explained that experts would be named when Plaintiff's medical records were obtained. In fact, Defendant received medical records the day before the May 31, 2007 status conference in which expert reports were discussed. See Ex. D; Ex. E. Following this Court's directions, Defendant filed its Motion.

IV.  THE CURRENT DEADLINE FOR EXPERT WITNESSES DISCLSOURES IS AUGUST 8, 2007

Plaintiff incorrectly recollects that "[o]n or about April 30, 2007" a status conference occurred in which this Court "ordered that no party would be able to name new experts". Opp. at 11. On May 31, 2007,

7

the parties attended a status conference in which the Defendants discussed the need to name expert witnesses given the recent and ongoing receipt of Plaintiff's medical records. Following a discussion, the Court ordered that parties should file motions to name new expert witnesses. Plaintiff's own "Exhibit 11", in which counsel Cary T. Tanaka, stated "[m]y notes indicate that a motion needs to be filed to IDENTIFY experts not previously identified", confirms this Court's Order. Opp., Ex. 11. Pursuant to this Court's order, Defendant Kapua filed its Motion to Name Expert Witnesses.

However, that same day this Court, *sua sponte*, issued a Second Amended Scheduling Order, setting the new expert disclosure deadline of August 8, 2007 for Defendants. Ex. E. Nowhere in this Order does it state that the deadline for Defendants disclosure is limited to "filing of supplemental reports by the current expert witnesses" as Plaintiff attempts to suggest in a letter to Defendants' counsel. Opp., Ex. 12. This interpretation conflicts with the discussions that occurred at the May 31, 2007 status conference and a plain reading of the Scheduling Order. Therefore, August 8, 2007 is the current deadline for Defendant to make expert disclosures.

V.   CONCLUSION

For the foregoing reasons, Defendant Kapua respectfully requests this Court grant his motion to permit naming of expert witnesses,

8

including Dr. Bussey and Dr. Rogers, in accordance with Fed. R. Civ. P. 26(a)(2). Without expert witnesses, Defendant's defense will be prejudiced.

DATED: Honolulu, Hawaii, July 23, 2007.

_____
MICHAEL J. McGUIGAN
*Attorney for Defendant*
*IRVIL KAPUA*