LAW OFFICE OF DANIEL G. HEMPEY
DANIEL G. HEMPEY          7535
3175 Elua Street, Suite C
Lihue, Hawaii 96766
Telephone No. (808) 632-0000
Facsimile No. (808) 632-2332
hemplaw@hawaii.rr.com

BRONSTER HOSHIBATA
MARGERY S. BRONSTER          4750
JOHN HOSHIBATA               3141
JEANNETTE HOLMES CASTAGNETTI 7211
2300 Pauahi Tower
1003 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-5644
Facsimile No. (808) 599-1881
mbronster@bhhawaii.net
jhoshibata@bhhawaii.net
jcastagnetti@bhhawaii.net

Attorneys for Plaintiff DARLA ABBATIELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLA ABBATIELLO, | ) CIVIL NO. CV04 00562 SOM BMK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM IN |
| | ) OPPOSITION TO DEFENDANT |
| vs. | ) IRVIL KAPUA'S MOTION TO |
| | ) COMPEL THE INDEPENDENT |
| COUNTY OF KAUAI, KAUAI | ) MEDICAL EXAMINATION OF |
| POLICE DEPARTMENT, K.C. LUM, | ) PLAINTIFF FILED JULY 31, 2007; |
| WILFRED M. IHU, GORDON | ) CERTIFICATE OF SERVICE |
| ISODA, DEAN PIGAO, IRVIL | ) |
| KAPUA, | ) Date:   August 6, 2007 |
| | ) Time:   9:30 a.m. |
| Defendants. | ) Judge:  Honorable Kevin S.C. Chang |
| | ) (Trial Date:  January 8, 2008) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT IRVIL KAPUA'S MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF FILED JULY 31, 2007**

Plaintiff Darla Abbatiello ("Plaintiff"), by and through her attorneys Bronster Hoshibata and the Law Office of Daniel Hempey, files this Memorandum in Opposition to Defendant Irvil Kapua's Motion to Compel Independent Medical Examination of Plaintiff, filed July 31, 2007, and the joinders filed by the other Defendants on August 2, 2007.

Plaintiff's memorandum in opposition is filed pursuant to *ECF* Document No. 333 and Local Rule 7.1 *et. seq.*, and is based upon the records and files of this case.

**I.    INTRODUCTION.**

Defendant Irvil Kapua's ("Kapua") Motion to Compel Independent Medical Examination of Plaintiff ("motion to compel"), and the joinders filed by the other Defendants, should be denied. If his motion is not denied, then it should be granted only in part. This Court has permitted Kapua to name expert witnesses in this case. However, Kapua over-reaches and seeks more than that to which he is entitled.

**II.    KAPUA IS NOT ENTITLED TO MORE THAN ONE EXPERT.**

Kapua seeks to subject Plaintiff to "undergo an IME by psychiatrist George Bussey .. and clinical psychologist Joseph P. Rogers" [*sic*]. *Kapua memo* at page

2. [Emphasis added]. In reality, of course, Kapua is asking this Court to allow two different medical experts to examine Plaintiff, and this is over-reaching and not warranted.

An IME is a procedure which intrudes and interferes with, the party's right to privacy and safety. <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118; 85 S.Ct. 234, 242; 13 L.Ed.2d 152 (1964). This is especially true when the party's emotional state is fragile, as in the present case.

Kapua's entitlement to an IME is governed by Rule 35(a) of the *Federal Rules of Civil Procedure.*

> **(a) Order for Examination**. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to <u>submit to a physical or mental examination by a suitably licensed or certified examiner</u> or to produce for examination the person in the party's custody or legal control. The order may be made only on motion <u>for good cause shown</u> and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

[Emphases added.]

Even if this Court grants Kapua's motion to compel, its ruling should be limited to an IME by one expert, not two. Kapua has not demonstrated the requisite good cause for both a psychiatrist's examination <u>and</u> a psychologist's

3

examination.[1]  Rather, Kapua lumps the two together and, without explanation (much less good cause), baldly asserts that "<u>an</u> Independent Medical Examination by psychiatrist Dr. Bussey <u>and</u> clinical psychologist Dr. Rogers <u>are</u> necessary to evaluate Plaintiff's past mental and physical experiences to determine their contribution, if any, to Plaintiff's claims against Defendants" [*sic*].  Kapua obviously is looking for two bites at the apple, and he should not be allowed to have them.

In addition to his two bites at the apple, Kapua also seeks to "tag-team" Plaintiff.  He states that "an initial baseline analysis" is to be done by Dr. Rogers in August, to be followed a month later by "the IME" to be conducted by Dr. Bussey.  There is no argument made that a complete IME cannot be done by one or the other expert.  No good cause for this doubly intrusive approach is given.

Kapua acknowledges that Plaintiff's significant medical claim is her "severe mental anguish and emotional distress" [*Kapua memo* at page 5].  If Plaintiff were claiming, in addition to mental anguish and emotional distress, significant physical

---

[1] "Good cause" is a requisite for one IME, and the burden of demonstrating good cause rests with Kapua.  <u>Schlagenhauf</u>, *supra*; <u>Doe v. District of Columbia</u>, 229 F.R.D. 24, 26 (D.D.C. 2005).  As stated in <u>Schlagenhauf</u>, "it is notable, however, that .. only in Rule 34 is there Rule 35's requirement that the movant affirmatively demonstrate "good cause".  379 U.S. at 117.  *See also,* 379 U.S. at 119-120 ("Thus, under the principles discussed above, Rule 35 required that these parties make an affirmative showing that petitioner's mental or physical condition was in controversy and that there was good cause for the examinations requested.")

4

injury to, say, her spine, then it would be reasonable for Kapua to request an IME by a psychiatrist and an orthopedic surgeon. This, however, is not the case.

A third aspect of Kapua's approach which gives Kapua an unfair advantage and subjects Plaintiff to additional prejudice is the undeniable fact that the second expert will have the data, report, feedback and analysis of the first expert. The second expert will then have the opportunity and ability to correct, revise, alter and otherwise substitute his different opinion in place of that of the first expert.

The principle that, if Plaintiff names one expert in a specific area, Defendant should be similarly limited to one expert in the same area, is basic and, as discussed above, inherent in Rule 35. If Kapua is allowed a second IME or even, as his counsel may characterize it, a second part of one IME performed by two different doctors, then Plaintiff logically should be able to identify and rely upon a second psychiatric expert, beside Dr. Matthews.

### III. KAPUA'S ARGUMENT THAT DR. BUSSEY IS "UNAVAILABLE" TO CONDUCT THE IME UNTIL SEPTEMBER IS IRRELEVANT.

Part of Kapua's attempt to subject Plaintiff to two separate IMEs performed by two separate doctors appears to be based on Kapua's assertion that Dr. Bussey will not be in Hawaii until September, 2007. Because of this scheduling issue, Kapua also asks that this Court extend the expert disclosure deadline and the corresponding discovery deadline "in order to permit Dr. Bussey to examine

Plaintiff". Kapua is thus combining three separate motions into one, which should not be allowed when this case has already been marred by delay after delay.

If Dr. Bussey is not available in September, then Dr. Rogers should be conducting the IME. If Kapua believes that Dr. Bussey is the more appropriate expert to conduct the IME, then arrangements need to be made to have him perform the IME within the time constraints set by this Court.

Had Kapua heeded the Court's original deadlines for the naming of experts and related discovery, this situation would not have arisen. Kapua has put himself in a position in which this litigation is now at the mercy the schedules of untimely-named experts. Bootstrapping two examinations by different doctors simply by claiming that one of the doctors is unavailable before the Court-appointed deadline is improper, prejudicial, and will subject Plaintiff to additional and unnecessary inconvenience, intrusion and stress. As discussed above, it would also allow the second IME doctor to, in effect, correct any perceived shortcomings related to the first IME. In fact, the second IME would allow for an unfair follow-up and revision to the first IME.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendant Kapua's motion to compel the independent medical examination

of Plaintiff.  In the alternative, Plaintiff requests that this Court limit the IME to one expert.

DATED:  Honolulu, Hawaii, August 2, 2007.

    /s/ John Hoshibata
DANIEL G. HEMPEY
MARGERY S. BRONSTER
JOHN T. HOSHIBATA
JEANNETTE HOLMES CASTAGNETTI
Attorneys for Plaintiff
DARLA ABBATIELLO